IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RACHEL RAMSBOTTOM,** | : |
| **ALEXIS BOWLING,** | : |
| **JENNA HOUSTON,** | : |
| **JANE DOE #1** | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **LORIN ASHTON,** | : |
| **AMORPHOUS MUSIC, INC.,** | : |
| **BASSNECTAR TOURING, INC.,** | : |
| **REDLIGHT MANAGEMENT, INC.,** | : |
| **C3 PRESENTS, L.L.C,** | : |
| **INTERACTIVE GIVING FUND,** | : |
| **GNARLOS INDUSTRIES, LLC,** | : |
| **CARLOS DONOHUE; ABC** | : |
| **CORPORATIONS, ONE THROUGH** | : |
| **TEN (said Names Being Fictitious),** | : |
| **JOHN DOE, ONE THROUGH TEN** | : |
| **(said Names Being Fictitious)** | : |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff Jane Doe #1 hereby moves the Court for permission to proceed in this action under the pseudonym "Jane Doe #1" and to enter a protective order barring the disclosure of her true name or other information that identifies her or her family members, directly or indirectly, and requiring that any documents containing such information be redacted or filed under seal. In support of this motion, Plaintiff relies upon her supporting memorandum and the record in this case and states:

1. This case arises from the solicitation of and sexual victimization of underage Plaintiffs' who were coerced into engaging in commercial sex acts and child pornography.

2. Plaintiff Jane Doe #1 alleges that when she was seventeen (17) years old, she was targeted,

groomed and sexually exploited by EDM musician Bassnectar (true name is Lorin Ashton), who utilized his fame, shows, and organizations to engage in sexual intercourse with Plaintiff Jane Doe #1 while she was a minor.

3. With the funding and accommodation of his Bassnectar Companies, Bassnectar used his position of power to not only coerce Jane Doe #1 into having sexual intercourse with him for money and other things of value, but insisted Jane Doe #1 take sexually explicit photos of herself and send them to Bassnectar for his sexual gratification.

4. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

5. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

6. Plaintiff Jane Doe #1 fears stigmatization by the public, friends, and business associates and has substantial fear of increased humiliation, embarrassment and emotional distress if her identity is made public.

7. Because disclosure of her identity and status as a victim of trafficking and/or assault would cause severe anxiety, stress and compound the severe emotional distress already suffered, it is necessary that she be permitted to proceed in pseudonym.

8. None of the named defendants, Lorin Ashton, Amorphous Music, Inc., Bassnectar Touring, Inc., Red Light Management Inc., C3 Presents, LLC, Interactive Giving Fund ("Interactive"), Gnarlos Industries, LLC, ("Gnarlos Industries"), Carlos Donohue, ABC Corporations One Through Ten (said names being fictitious), or John Doe One Through Ten (said names being fictitious), are unaware of Plaintiff Jane Doe #1's actual identity and allowing her to proceed under pseudonym will in no way deprive them of notice of this

claim or prejudice them in any way in defending against these claims.

9. Allowing Plaintiff to to proceed under pseudonym will not interfere with the public's right to follow the proceedings, which will still be open to the public while maintaining the confidentiality of Plaintiff's identity.

WHEREFORE, for these reasons articulated herein as well as those contained in the Memorandum of Law filed in Support of the instant Motion which is incorporate herein by reference, Plaintiff Jane Doe #1 respectfully requests that this Honorable Court enter the proposed Order granting the requested relief as stated in the proposed Order that (a) permits Plaintiff Jane Doe #1 to proceed in this action under pseudonym "Jane Doe #1" and (b) bars the disclosure of Plaintiff Jane Doe #1's true name or other information that identifies her or her family members, directly or indirectly, and (c) requires that any documents containing such information be redacted or filed under seal.

/s/ Phillip Miller
Phillip Miller #006873
631 Woodland Street
Nashville, TN 37206
T: (615) 356-2000
F: (615)-242 1739
E: pmiller@seriousinjury.com

Brian Kent*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
sryan@lbk-law.com
amacmaster@lbk-law.com

*pro hac vice application pending

Date: May 7, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RACHEL RAMSBOTTOM,** | : |
| **ALEXIS BOWLING,** | : |
| **JENNA HOUSTON,** | : |
| **JANE DOE #1** | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **LORIN ASHTON,** | : |
| **AMORPHOUS MUSIC, INC.,** | : |
| **BASSNECTAR TOURING, INC.,** | : |
| **REDLIGHT MANAGEMENT, INC.,** | : |
| **C3 PRESENTS, L.L.C,** | : |
| **INTERACTIVE GIVING FUND,** | : |
| **GNARLOS INDUSTRIES, LLC,** | : |
| **CARLOS DONOHUE; ABC** | : |
| **CORPORATIONS, ONE THROUGH** | : |
| **TEN (said Names Being Fictitious),** | : |
| **JOHN DOE, ONE THROUGH TEN** | : |
| **(said Names Being Fictitious)** | : |
| Defendants. | : |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

COME NOW the Plaintiff, Jane Doe #1, by and through the undersigned counsel, and respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, to allow her to litigate this case under the Pseudonym Jane Doe #1 and to ensure the Defendants in this matter keep the Plaintiff's identity confidential during the prosecution of this lawsuit and after its conclusion. In support of the instant Motion, the Plaintiffs state as follows:

I.  **BACKGROUND**

Plaintiffs Rachel Ramsbottom and Alexis Bowling initiated this action on March 25, 2021, against entities Lorin Ashton (a/k/a "Bassnectar"), an individual, and various corporate Defendants alleging numerous

instances of emotional and sexual abuse, including human trafficking, and violations related to the manufacture and possession of child pornography in violation of laws of the United States and Tennessee. This litigation is in its infancy. *See* Doc. 1, Compl. Thereafter an Amended Complaint was filed on behalf of Plaintiffs Ramsbottom and Bowling as well as Plaintiff Jenna Houston and Plaintiff Jane Doe #1. *See* Doc. 18, First Amended Compl. Plaintiff Jane Doe #1 now formally moves to proceed anonymously.

Although, Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties," the Plaintiff in this case, a survivor of child sexual abuse and trafficking within the meaning of 18 U.S.C. § 1591, filed her case under the pseudonym "Jane Doe #1" and now formally seeks the protection of this pseudonym as previously requested in the Complaint. *See* Doc. 18, First Amended Compl. at par. 22 – 23. Accordingly, Plaintiff Jane Doe #1 moves this Honorable Court to permit her to proceed pseudonymously throughout this litigation.

It has been held that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). Plaintiff can be excused from identifying herself if the Court concludes that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## II. ARGUMENT

Generally, a complaint must identify the name of the Plaintiff. *See* Fed. R. Civ. P. 10(a). Plaintiffs are, however, permitted to proceed anonymously in certain circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005). When considering

whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *See EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). No one factor is dispositive. *See Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Furthermore, state law in Tennessee has long permitted plaintiffs to proceed anonymously. *Campbell v. Sundquist*, 926 S.W.2d 250, 253 n.1 (Tenn. App. 1996) (Doe plaintiffs challenging Tennessee's Homosexual Practices Act, which criminalizes homosexual sex, proceed anonymously for fear of social and governmental retaliation and/or prosecution); *Doe v. HCA Health Services of Tennessee, Inc.*, 46 S.W.3d 191, 194 (Tenn. 2001) ("The trial court permitted the plaintiffs to use pseudonyms because 'Mrs. Doe' is employed in a physician's office, and she feared that public disclosure of her identity might subject her employer to retaliation and/or embarrassment."); *Estate of Doe v. Vanderbilt University, Inc.*, 958 S.W.2d 117 (Tenn. App. 1997) (HIV infection case); *Doe v. State*, Dept. Of Children's Services, No. E2008-00511-COA-R3-CV, 2009 WL 17851 (Tenn. Ct. App. 2009) (Challenge to sex offender status); *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173 (Tenn. 1992) (sexual assault case); Doe v. Board of Educ. of Memphis City Schools, 799 S.W.2d 246 (Tenn. App. 1990) (sexual assault case); *Doe v. Goodwin*, 254 S.W.3d 428 (Tenn. Ct. App.

2007) (sexual assault case); *Doe v. Mama Taori's Premium Pizza*, LLC, No. M1998-00992-COA-R9-CV, 2001 WL 327906 (Tenn. Ct. App. 2001) (sexual assault case).

Additionally, federal and state courts have recognized the need for Plaintiffs in certain cases to proceed under a pseudonym in order to preserve their privacy and avoid the humiliation arising in cases involving severely sensitive personal matters. *See Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979); *Roe v. Franklin County* (10th Dist. App. 1996), 109 Ohio App. 3d 772, 673 N.E.2d 172; *Roe v. Heap* (10th Dist. App. 2004), 2004 Ohio 2504. Further, notably, the U.S. Supreme Court has authorized the use of pseudonym complaints due to the sensitive and highly private nature of the subject matter. See *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973).

Here the overwhelming balance of factors to be considered and interests at issue weigh in favor of permitting Plaintiff Jane Doe #1 to proceed anonymously. Plaintiff is concerned she will be required to disclose information "of utmost intimacy" if she is not allowed to proceed pseudonymously. Plaintiff alleges she was a minor when she was sexually abused, exploited, and trafficked. *See* Doc. 1. Because the acts involving the then underage Plaintiff as described in the Complaint are by their very nature child sex abuse and trafficking, the need for protecting the Plaintiff's true identities is even more pronounced.

In order to maintain her privacy and safety, Plaintiff should not be compelled to disclose her true identity publicly in this lawsuit. Here, Plaintiff has asserted privacy rights, such as protecting Plaintiff from being re-traumatized as a survivor of child sexual abuse and trafficking, from exposure to public ridicule and scorn, from the association of Plaintiff's name online with the sexual abuse she suffered, and safety concerns related to her assailant, that substantially outweigh the presumption of open judicial proceedings. Her particular identification information has simply been withheld so as to protect her privacy and identity in terms of the public record, and her anonymity

affords Defendants no inconvenience or prejudice whatsoever as Defendants will know her identity and will not be prevented from conducting discovery using her name. By using a pseudonym, Plaintiff is able to protect herself further trauma, harm, embarrassment, and prejudice, due to the highly private and personal matters of this case. Here, while Plaintiff Jane Doe #1 is not challenging governmental activity or disclose an intention to violate the law (factors 1 and 3 under *Doe v. Porter*) she will assuredly be compelled to disclose information "of the utmost intimacy" (factor 2) which is an extremely compelling consideration in light of her status as a childhood survivor of sexual abuse. Further, while no longer a minor today (factor 4), she was a minor at the time of the abuse alleged in the Complaint and as such that factor also weighs in favor of Plaintiff, and heavily in the overall analysis. As stated, the Defendants will suffer no prejudice should Plaintiff be permitted to proceed anonymously (additional factor 1), Plaintiff will clearly suffer harm if identified (additional factor 2), and the public interest in open access to proceedings, if any in this particular matter, will in no way be harmed (additional factor 3)

In addition, the following other factors weigh in favor of allowing Plaintiff to proceed anonymously:

    a.    Plaintiff's fear of increased embarrassment, humiliation, and stigmatization as a sexual assault victim would compound the "severe emotional damage" caused by the alleged actions of the defendants if their identities were disclosed;

    b.    the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims generally;

    c.    the potential that Plaintiff and other victims of child abuse at the hands of these Defendants may refuse to continue and/or come forward to pursue this litigation should Plaintiff be precluded from using a pseudonym; and

    d.    Plaintiff's lack of illegitimate motive.

Finally, and to reiterate, the Defendants will not be prejudiced whatsoever by Plaintiff proceeding anonymously. Plaintiff Jane Doe #1 hereby agrees to reveal their true identities to the Defendants for the limited purpose of investigating Plaintiff Jane Doe #1's claims once a protective order governing all documents containing their true names or other information (e.g. driver's license number, medical record number, etc.) that could reveal their true names is entered in this case and the appropriate time for discovery is reached in this litigation. In seeking the protection of a pseudonym, Plaintiff Jane Doe #1 simply seeks redaction of her personal identifying information from the public docket and a protective order preventing the publication of the Plaintiffs' true identities because she alleges in her Complaint that she is a victim of child sexual abuse and sex trafficking.

### III. CONCLUSION

WHEREFORE, Plaintiff Jane Doe #1 respectfully and more formally moves this Honorable Court to permit her to proceed pseudonymously throughout this litigation.

Respectfully submitted this the 29th day of April,

/s/ *Phillip Miller*
Phillip Miller, #006873
*Attorney for the Plaintiff*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
615-242-1739 fax
pmiller@seriousinjury.com

Brian Kent*
M. Stewart Ryan*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
    sryan@lbk-law.com

*pro hac vice application pending*

Date: <u>May 7, 2021</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, | : |
| ALEXIS BOWLING, | : |
| JENNA HOUSTON, | : |
| JANE DOE #1 | : |
|     Plaintiffs, | : |
| | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| LORIN ASHTON, | : |
| AMORPHOUS MUSIC, INC., | : |
| BASSNECTAR TOURING, INC., | : |
| REDLIGHT MANAGEMENT, INC., | : |
| C3 PRESENTS, L.L.C, | : |
| INTERACTIVE GIVING FUND, | : |
| GNARLOS INDUSTRIES, LLC, | : |
| CARLOS DONOHUE; ABC | : |
| CORPORATIONS, ONE THROUGH | : |
| TEN (said Names Being Fictitious), | : |
| JOHN DOE, ONE THROUGH TEN | : |
| (said Names Being Fictitious) | : |
|     Defendants. | : |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of Plaintiffs Motion for Protective Order and Leave to Proceed in Pseudonym and corresponding Memorandum and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED as follows:

(1) Plaintiff Jane Doe #1 shall proceed in pseudonym and the docket shall continue to reflect Plaintiff Jane Doe #1's name as Jane Doe #1;

(2) Plaintiff shall be referred to by her pseudonym in all depositions, pleadings and other documents related to this litigation and in all proceedings held before this Court;

(3) Plaintiff Jane Doe #1's identity shall be available to the attorneys of record and in-house counsel for the Defendants, who shall not disclose or permit disclosure thereof, except to

their law partners, associates and persons employed in the law offices of such attorneys;

(4) Each person whom Plaintiff Jane Doe #1's identity is disclosed pursuant to their Order shall agree in advance that he or she will not disclose Plaintiff Jane Doe #1's identity to any other person;

(5) In the event Defendants believe it is necessary in the defense of the claims for it to disclose Plaintiff Jane Doe #1's identity to persons other than those specified in this Order, Defendants shall communicate with Plaintiffs' counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

BY THE COURT:

_____
J.

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May 2021, I electronically filed the foregoing Plaintiffs' Motion For Leave To Proceed Under Pseudonym And For Protective Order; Plaintiffs' Memorandum Of Law In Support Of Motion For Leave To Proceed Under Pseudonym and Proposed Order with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

Russell B. Morgan
Jason C. Palmer
Rachel Sodée
BRADLEY ARANT
BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
*Attorneys for Defendant C3 Presents, L.L.C.*

Grace A. Fox
Robert A. Peal
Mark W. Lenihan
SIMS FUNK, PLC
3322 West End Avenue
Suite 200
Nashville, TN 37203
(615) 292-9335
Fax: (615) 649-8565
Email: gfox@simsfunk.com

Kimberly S. Hodde
HODDE & ASSOCIATES
40 Music Square East
Nashville, TN 37203
(615) 242-4200
Fax: (615) 242-8115
Email: kim.hodde@hoddelaw.com

Mitchell Schuster
Stacey M. Ashby
MEISTER, SEELIG & FEIN, LLP
125 Park Avenue, 7th Floor
New York, NY 10017

*Attorneys for Defendants Lorin Ashton, Amorphous Music Inc., and Bassnectar Touring, Inc.*

Bennett James Wills
Brian T. Boyd
LAW OFFICE OF BRIAN T. BOYD
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
Fax: (615) 523-2595
Email: bennett@boydlegal.com

*Attorneys for Defendant Interactive Giving Fund*

                              */s/ Phillip Miller*
                            _____
                            Phillip Miller, Esquire