IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, and ALEXIS BOWLING, JENNA HOUSTON, JANE DOE #1, <br><br> Plaintiffs, <br><br> v. <br><br> LORIN ASHTON, AMORPHOUS MUSIC, INC., BASSNECTAR TOURING, INC., REDLIGHT MANAGEMENT, INC., C3 PRESENTS, L.L.C, INTERACTIVE GIVING FUND, GNARLOS INDUSTRIES, LLC, CARLOS DONOHUE, ABC CORPORATIONS, ONE THROUGH TEN (said Names Being Fictitious), <br><br> Defendants. | CIVIL ACTION NO. 3:21-cv-00272 <br><br> JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar Defendants"), by and through their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Reconsider the Order Granting the Motion for Leave to Proceed Under Pseudonym and for Protective Order.

On Friday, May 7, 2021, Plaintiffs filed their Motion for Leave to Proceed Under Pseudonym and For Protective Order and Memorandum in Support (Dkt. 24) ("the Motion"). On Monday, May 10, 2021, before any of the defendants filed their responses, the Court granted the Motion. (Dkt. 25.) Because the Court ruled without the benefit of defendants' position[1] on this

---

[1] Plaintiffs' counsel failed to consult with defendants' counsel and state that the Motion was

important issue, the Bassnectar Defendants respectfully move the Court to reconsider its ruling pursuant Local Rule 7.01(b).

## INTRODUCTION

Plaintiff Doe attempts to use a pseudonym as both a sword and a shield. A pseudonym emboldened Plaintiff Doe to make public, inflammatory allegations of horrific conduct, including sexual abuse, human trafficking, and child pornography against the Bassnectar Defendants. The nature of those allegations makes up the sole basis for Plaintiff Doe's claim that she is entitled to proceed pseudonymously. As the Sixth Circuit has held, permitting a plaintiff to litigate anonymously is an extraordinary remedy that should rarely be granted given the public's right to open judicial proceedings. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). Plaintiff Doe is not a minor, but rather an adult who, years after the alleged incidents at issue, consciously decided to retain counsel and file serious civil claims against defendants in a public forum.

Ignoring the significant burden that Plaintiff Doe must overcome under Federal Rule of Civil Procedure Rule 10(a) to litigate anonymously, the Motion alleges in conclusory fashion that she will suffer emotional distress if forced to sue under her own name. However, Plaintiff Doe neglected to submit any admissible evidence, whether via declaration from herself (in sealed or redacted form) or affidavits from mental health professionals that could, in extraordinary circumstances, elevate her interests above that of the public or the Bassnectar Defendants. Two self-serving, and unsworn, sentences in the Motion about purported embarrassment or emotional distress does not warrant the cloak of pseudonymity.

In equal haste, Plaintiff Doe contends that the Bassnectar Defendants (and their co-

---

unopposed, as required by Local Rule 7.01. For their part, the Bassnectar Defendants have not consulted with counsel on the instant motion as a motion to reconsider is akin to a motion under Rule 59 or 60.

defendants) will not be prejudiced by her proceeding anonymously because she will confidentially reveal her identity to them. Yet it is fundamentally unfair to allow a plaintiff to litigate pseudonymously for numerous reasons. Not only do private litigants have a constitutional right to confront their accusers, the Bassnectar Defendants will also be unable to obtain discovery concerning Plaintiff Doe from non-parties, and presently unknown witnesses may never approach the Bassnectar Defendants with potentially exculpatory information because they will be unaware that Plaintiff Doe is involved with this lawsuit. An even playing field for the Bassnectar Defendants is especially warranted given the explosive nature of Plaintiff Doe's claims. Finally, Plaintiff Doe's desire for anonymity conveyed only through statements by her attorneys is at odds with her counsel's conduct of contacting the press prior to the filing of the original Complaint and publicly advertising this case in hopes of securing more clients.[2]

The Sixth Circuit has repeatedly held that permitting a plaintiff to litigate anonymously is an extraordinary remedy that should only be granted on rare occasions. The Bassnectar Defendants respectfully request that the Court reconsider its ruling.

## LEGAL STANDARD

Pursuant to Local Rule 7.01(b), each party opposing a motion shall have 14 days after service of the motion to "file a response, memorandum, affidavits and other responsive material." L.R. 7.01(b). If, however, the Court acts on the motion prior to the time permitted to respond, "the affected party may file a motion to reconsider within fourteen (14) days . . . after service of the order reflecting the action of the Judge." (*Id*.) When the affected party files a motion to

---

[2] *See* Janean Cuffee, *EDM DJ Bassnectar Accused of Sexually Abusing Minors*, THE LEGAL HERALD (May 4, 2021) *available at* https://legalherald.com/philadelphia-pa-electronic-dance-music-edm-dj-bassnectar-lorin-ashton-accused-of-sexual-assault/ (last visited May 11, 2021) ("Brian [Kent, attorney of record for Plaintiff Doe] and his firm ask any additional witnesses to step forward. If you or your child was abused or have any helpful information for the investigation, contact Brian and his law firm.").

reconsider, "[t]he prevailing party shall not respond to a motion to reconsider unless the Court orders a response." (*Id.*)

Because the Court ruled on Plaintiffs' Motion for Leave to Proceed Under Pseudonym and for Protective Order before allowing the Bassnectar Defendants an opportunity to respond, the Bassnectar Defendants are permitted to request reconsideration of the Court's Order (Dkt. 25). *See id.*; *see also Hanson v. McBride*, 337 F.R.D. 139, 145 (M.D. Tenn. 2020) ("The effect of the Local Rule [7.01(b)] is to ensure that, regardless of the speed with which the court acts, the parties will have the opportunity to enjoy the same ordinary thrust-and-parry of a motion, a response, and, if leave is granted, a reply—merely under the different formal headings of a motion, a motion to reconsider, and a response."); *Worley v. Perfect Equip. Co., LLC*, No. 3:05-0080, 2006 WL 17333, at *1 (M.D. Tenn. Jan. 3, 2006) (court reconsidered its prior decision de novo after defendant moved for reconsideration under former L.R. 8(b)(3) – the predecessor to L.R. 7.01(b) – where the court denied defendant's motion for summary judgment before giving defendant an opportunity to file a reply brief).

## **ARGUMENT**

Generally, a complaint "must name all the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. 17(a) (an action "must be prosecuted in the name of the real party in interest"). Pseudonym litigation is the exception, not the rule. *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 636 (6th Cir. 2005).

Circuit courts nationwide have uniformly held that permission to proceed pseudonymously is an extraordinary measure and interferes with the public's right to open access to the judiciary. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (party may proceed anonymously only in "exceptional cases"); *Doe v. Kamehameha Sch./Bernice Pauahi Bishop*

*Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("the common law rights of access to the courts and judicial records are not taken lightly"); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–189 (2d Cir. 2008) (Rule 10(a) "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly"); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) ("The people have a right to know who is using their courts."); *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (Rule 10(a) "serves more than administrative convenience" as it "protects the public's legitimate interest in knowing all the facts involved, including the identifies of the parties"). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Blue Cross & Blue Shield United*, 112 F.3d at 323.

The Sixth Circuit follows this national rule and recognizes that a plaintiff may only proceed under a fictitious name where the plaintiff's asserted privacy concerns "substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether the plaintiff's privacy concerns have reached the threshold of "substantial weight," the Sixth Circuit looks at the following non-exhaustive factors:

> (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child.

370 F.3d at 560.

Plaintiff Doe falls far short of this standard; in fact, Plaintiff Doe concedes that the majority of the factors are not in her favor. She then attempts to shift the presumption by arguing that the shocking nature of the allegations in her Amended Complaint justify proceeding pseudonymously and attempts to steer the Court toward three "other factors." But Plaintiff Doe cannot redeem her argument because she has not shown a significant interest in privacy – under any formulation of factors – that substantially outweigh the presumption of open judicial

proceedings in this case.

## I. Plaintiff Doe Has Not Alleged Privacy Concerns That Substantially Outweigh the Presumption of Open Judicial Proceedings.

### A. Plaintiff Doe concedes that three of the four *Porter* factors weigh against proceeding pseudonymously.

Plaintiff has conceded three of the four *Porter* factors, namely, (1) that she is **not** challenging any governmental activity (Dkt. 24 at 8); (2) that prosecuting her claims will **not** compel her to disclose any intention to violate the law (*id.*); and (3) that she is **not** a minor (*id.*).

As to the fourth factor, Plaintiff Doe is a grown adult, and not a minor. (Dkt. 24, at 8 (Plaintiff is "no longer a minor today….").) Indeed, Plaintiff is approximately twenty-six years old, and thus far removed from being a minor. (Dkt. 23, ¶ 162 (alleging that Plaintiff was seventeen years old in the Summer of 2012).) Plaintiff attempts to reframe the fourth *Porter* factor in her favor by arguing that her status as a minor "at the time of the abuse alleged in the Complaint" weighs heavily in the overall analysis of the *Porter* factors. (*Id.*) But Plaintiff Doe offers no legal authority in support of her argument. And that is because courts only recognize the special vulnerability of juvenile *plaintiffs*. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (holding that the plaintiff failed to overcome "the presumptiveness of openness in judicial proceedings" because, inter alia, he was not "a child when he filed this lawsuit"); *see also Porter*, 370 F.3d at 560 (the factor is "whether the plaintiffs *are* children") (emphasis added); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 268 (E.D. Tex. 2007) (denying pseudonym status for plaintiff because, although she was a minor at time of incidents involving a school sex club, she was nineteen years old when she filed complaint). The age of the party seeking anonymity is a "critical factor in the pseudonym determination, as courts have been readier to protect the privacy interests of minors in legal proceedings than of adults. . . . If a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Solera Capital LLC*, 18 Civ. 1769, 2019 WL 1437520, at *6 (S.D.N.Y.

March 31, 2019) (citing *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006); *Doe v. Stegall*, 653 F.2d 180, 186 (4th Cir. 1981) (recognizing that child-plaintiffs had a "special vulnerability")).

Here, Plaintiff Doe has admitted the first, third, and fourth *Porter* factors weigh in favor of her proceeding without a pseudonym. Thus, Plaintiff Doe rests her entire argument upon the disclosure of information "of the utmost intimacy."

> B.  Plaintiff Doe cannot shift the presumption in favor of open judicial proceedings simply by focusing on the shocking sexual nature of the allegations in the Amended Complaint.

Plaintiff Doe abandons the majority of the *Porter* factors and instead focuses on the inquiry into the character of the lawsuit – namely, whether prosecution of the suit will compel the plaintiff to disclose information of the utmost intimacy. Plaintiff Doe argues that prosecution of her claims will compel her to disclose information "of the utmost intimacy" because she alleges that she was sexually assaulted, a claim which Defendant Lorin Ashton vehemently denies. (Dkt. 24, at 8.) There is no dispute that allegations of sexual assault are highly sensitive. But pleading a narrative of abuse does not automatically qualify an alleged victim for pseudonym status. In focusing almost exclusively on the depravity of the allegations, Plaintiff Doe attempts to shift the presumption to the Bassnectar Defendants. If the Court were to adopt Plaintiff Doe's position, any lawsuit that alleged claims arising out of sexual-related conduct would automatically trigger identifying the plaintiff by a pseudonym. Plaintiff Doe cannot shift the burden to achieve pseudonymity based solely on the character of the allegations.

Contrary to what Plaintiff Doe argues, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. McLellan*, No. 20-5997, 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020); *see also Doe v. Weinstein*, No. 20-6240, 2020 WL 5261243, at *3 (S.D.N.Y. Sept. 3, 2020). Indeed, even where a plaintiff "was the victim of a brutal sexual assault" and "has very legitimate privacy concerns," the use of a pseudonym

has been denied. *Doe v. Shakur*, 164 F.R.D. 359, 360–361 (S.D.N.Y. 1996) (collecting civil cases denying requests by sexual assault victims to proceed anonymously); *see also Doe v. Skyline*, 375 F.Supp.3d 401, 404–405 (S.D.N.Y. 2019) (denying pseudonym status to an alleged victim of sexual assault, harassment, and discrimination); *Doe H. v. Haskell Indian Nations Univ.*, 266 F.Supp.3d 1277, 1287–1290 (D. Kan. 2017) (denying pseudonym status to student suing university following sexual assault); *Doe v. Bell Atlantic Business Sys. Servs., Inc.*, 162 F.R.D. 418 422 (D. Mass. 1995) (denying pseudonym status to victim of sexual assault who claimed she would suffer intense embarrassment and shame her traditional Chinese community).

In almost identical situations, courts have denied an alleged victim's requests to proceed with pseudonyms. For example, in *Doe v. Weinstein*, 484 F.Supp.3d 90 (S.D.N.Y. 2020), the plaintiff alleged that infamous film producer Harvey Weinstein "used his prominence in the entertainment industry to lure [her] into sex acts with him by fraud and force." *Id*. at 92. Just as here, the plaintiff asserted a claim under the Trafficking Victims Protection Act, 18 U.S.C. § 1591. Simultaneously with filing her complaint, the plaintiff moved to proceed pseudonymously. In support of her request, she stressed that she was a victim of sexual assault and contended that Weinstein would not be prejudiced because she would confidentially reveal her name to him and his counsel. *Id*. In analyzing the Second Circuit's list of factors to consider when analyzing a motion to proceed under a pseudonym, the Southern District of New York noted that although allegations of sexual assault weigh in favor of granting such a motion, "this factor is not dispositive." *Id*. at 94. Because the other factors weighed heavily against anonymity, as is the case here, the Court found that plaintiff's privacy interest was insufficient "to overcome the people's right to know who is using their courts." *Id*. at 98.

Similarly, in *Rapp v. Fowler*, No. 20-9586, 2021 WL 1738349, at *1 (S.D.N.Y. May 3,

02555379 10                                  8
Case 3:21-cv-00272   Document 27   Filed 05/11/21   Page 8 of 18 PageID #: 159

2021), plaintiff "C.D." alleged that Academy Award-winning actor Kevin Spacey Fowler sexually assaulted him when he was fourteen years old. *Id*. In support of his motion to proceed anonymously, C.D. submitted a sworn declaration in which he claimed fear of publication of his name as well as a declaration from a licensed clinical social worker and a forensic psychiatrist. *Id*. at *1-2. The two declarations from the mental health professionals stated (in conclusory fashion) that such publication would trigger post-traumatic stress disorder, anxiety, nightmares, and depression. *Id*. at *2, *5. Although the Southern District of New York stated that sexual assault allegations are the "paradigmatic example" of highly sensitive claims and favor the use of a pseudonym, the Court held that the allegations of sexual assault, standing alone, was insufficient to overcome the presumption of open judicial proceedings. *Id*. at *4, *8. Notably, the Court issued such ruling *despite* the declarations of medical professionals filed in support, which are noticeably absent here, and *after* being advised by counsel that C.D. was "emotionally unable to proceed with this action and will discontinue his claims" if the Court denied his motion to proceed by pseudonym. *Id*. at *8.

In fact, this Court requires more than bare allegations of the disclosure of intimate information to allow a plaintiff to proceed pseudonymously. For example, in *Doe #1 v. Déjà Vu Consulting Inc.*, Case No. 3:17-cv-00040, 2017 WL 3837730, at *1 (M.D. Tenn. Sept. 1, 2017) the plaintiff was an exotic dancer who sued her former employer for various hourly wage and overtime wage provisions of the Fair Labor Standards Act. In support of her motion to proceed pseudonymously, plaintiff submitted a declaration averring that: (a) she used a stage name, as defendants acknowledged was customary in the adult entertainment industry, to protect her identity from customers and potential stalkers; (b) her parents were "devout members of a Christian church" and the public identification of her as an adult entertainer would invite criticism

towards her and her family; and (c) defendants were "powerful people in the adult entertainment industry" who she feared could use knowledge of her true identity to hurt her career. *Id*. at *3. The Court found that a balance of factors weighed in favor of permitting plaintiff to proceed pseudonymously because plaintiff testified she "fears the risk of stalking and physical violence from customers," because it was undisputed that exotic dancers hide their names to reduce the risk of harassment and stalking (including cyberstalking) from "unsavory characters," and because the public's erroneous tendency to equate legal nude dancing with illegal prostitution "would invite criticism and negativity" toward her devoutly religious family. *Id*. at *4.

None of those facts are present here *nor* has Plaintiff Doe submitted any support beyond bare allegations that the disclosure of her name poses a threat to her physical well-being or the fabric of her family life. Furthermore, Plaintiff Doe's unparticularized allegations about general "embarrassment, humiliation, and stigmatization"—addressed in no more than a few sentences in a legal memorandum submitted by her lawyers—are simply insufficient to grant the relief requested. *See Roe v. Doe*, 319 F.Supp.3d 422, 428 (D.C. Dist. 2018) (recognizing that mere embarrassment and harassment is insufficient to demonstrate the sort of harm which would allow a party to proceed anonymously); *see also Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("That the plaintiff may suffer some embarrassment or economic harm is not enough. There must be a strong social interest in concealing the identity of the Plaintiff.").

Plaintiff has admitted the majority of the *Porter* factors. And the third *Porter* factor, argued without any support, does not outweigh the substantial interest in open judicial proceedings. Plaintiff Doe's request to proceed pseudonymously should be denied.

II. **Adding the Weight of Plaintiff Doe's Three "Additional Factors" Still Tips the Scales in Favor of Open Judicial Proceedings.**

Because the four *Porter* factors do not weigh (substantially or otherwise) in favor of her

Motion, Plaintiff Doe asks the Court to consider the following three additional factors which she argues support proceeding under a pseudonym: (1) the alleged lack of prejudice to the Bassnectar Defendants if Plaintiff Doe continues pseudonymously; (2) the harm to Plaintiff Doe if identified; (3) and the public's interest in open access to proceedings. (Dkt. 24, at 6, 8.) Upon closer examination, however, none of the "additional factors" justify permitting her to proceed under a pseudonym.

A. <u>Allowing Plaintiff Doe to proceed under a pseudonym would prejudice the Bassnectar Defendants.</u>

Plaintiff Doe repeatedly and incorrectly contends that defendants "would not be prejudiced whatsoever" by Plaintiff Doe proceeding anonymously. (Dkt. 24, at 8, 24.) In truth, the Bassnectar Defendants (and all defendants) would be severely prejudiced in multiple ways, as were the defendant in *Fowler*.

First, the Bassnectar Defendants' pretrial discovery would be prejudiced because Plaintiff Doe's use of a pseudonym would prevent non-parties with information about her allegations, that are helpful to the Bassnectar Defendants – but unknown to the Bassnectar Defendants – from coming forward. *See Fowler*, 2021 WL 1738349, at *7; *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."). In other words, if non-parties "do not know who this accuser is, they likely would have no way of knowing that their information would be pertinent." *Fowler*, 2021 WL 1738349, at *7. Providing Plaintiff Doe's name to defendants on a confidential basis, as Plaintiff Doe proposes (Dkt. 24, at 9) does not allay this "asymmetry in fact-gathering," especially where highly publicized cases (such as this one) "can cause unknown witnesses to surface." *Fowler*, 2021 WL 1738349, at *7.

Second, the Bassnectar Defendants, and particularly individual defendant Lorin Ashton, have suffered significant and immeasurable reputational damage from the allegations of Plaintiff Doe and her co-plaintiffs. "Information and allegations that are highly sensitive and of a personal nature can flow both ways." *Skyline*, 375 F.Supp.3d at 407. The same embarrassment and stigma of sexual assault allegations that Plaintiff Doe fears, if compelled to proceed under her real name, is already being suffered by Lorin Ashton. "It would be harder to mitigate against that stigma" if Plaintiff could remain anonymous. *Fowler*, 2021 WL 1738349, at *7.

Third, Plaintiff has voluntarily lodged serious allegations of sexual abuse, human trafficking, and child pornography against the Bassnectar Defendants. (Dkt. 23 ¶¶ 9–18.) She "has put her credibility at issue. Fairness requires that she be prepared to stand behind her charges publicly." *Shakur*, 164 F.R.D. at 361. The Bassnectar Defendants "would be placed at a serious disadvantage" if required to publicly defend themselves "while plaintiff could make her accusations from behind the cloak of anonymity." *Id.*

Fourth, given the criminal nature of the allegations asserted against the Bassnectar Defendants, they have the right to confront their accusers. *See* U.S. Const. Amend. VI; *see also Doe v Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names...This presumption is loosely related to the public's right to open courts. . . and the right of private individuals to confront their accusers.") (internal citations omitted).

Therefore, the first additional factor – the prejudice to the Bassnectar Defendants – weighs heavily in favor of open judicial proceedings, despite Plaintiff Doe's unsubstantiated assertions to the contrary.

### B.  Plaintiff Doe has not submitted any evidence that she will be prejudiced.

Plaintiff Doe also contends that she "will clearly suffer harm if identified." (Dkt. 24, at

8.) Plaintiff has not provided any evidence supporting that allegation. She has not submitted a declaration, even under seal or in redacted form. *See Fowler*, 2021 WL 1738349, at *1-2. Further, she has not submitted a declaration in any form – under seal or otherwise – from a certified mental health professional attesting to the "embarrassment" and "emotional distress" that Plaintiff Doe claims she would suffer if her identity were made public. (Dkt. 24, at 2 ¶ 6.) With respect to allegations of mental harm, the potential injury must be more than "mere embarrassment" or social stigmatization." *Weinstein*, 484 F.Supp.3d at 94. Furthermore, plaintiffs "must base their allegations of mental harm on more than just mere speculation." *Id.* (internal quotation omitted).

According to the Motion, disclosing Plaintiff Doe's identity "would cause severe anxiety, stress and compound the severe emotional distress *already suffered*" by her. (Dkt. 24, at 2 ¶ 7 (emphasis added).) Where, as here, a plaintiff alleges disclosing her name would "retrigger" psychological issues, courts have required a "link between public disclosure of plaintiff's name and the described psychological risk." *Del Rio*, 241 F.R.D. at 161. Without such a link, "[t]here is simply no way to conclude that granting … permission to proceed under [a] pseudonym[] will prevent [plaintiff] from having to revisit the traumatic events." *Id.* Here, Plaintiff Doe does not offer any declarations establishing a link, not even conclusory ones that were rejected in *Fowler*.

Therefore, the second additional factor – Plaintiff's unsupported allegations of harm untethered to proceeding without a pseudonym – also weighs in favor of open judicial proceedings.

    C.    <u>The public has a legitimate interest in this action as evidenced by Plaintiff Doe's counsel frequent public remarks regarding its content.</u>

Lastly, Plaintiff Doe claims that "the public interest in open access to proceedings, if any in this particular matter, will in no way be harmed." (Dkt. 24, at 8.) Plaintiff's claim that the public is disinterested herein is undermined by her own pleading, which alleges that Lorin Ashton

was "one of the leading artists" on the electronic dance music scene that "captured a generation" and that his "following was a cultural movement in itself." (Dkt. 23 ¶¶ 1, 4.) Indeed, *Rolling Stone* quickly reported—in less than twenty-four hours—that Plaintiff and her co-plaintiffs filed an Amended Complaint with allegations of sexual abuse and human trafficking. Daniel Kreps, *Two More Women Sue Bassnectar for Sexual Abuse, Human Trafficking*, ROLLING STONE (May 8, 2021), *available at* https://www.rollingstone.com/music/music-news/bassnectar-lawsuit-sexual-abuse-human-trafficking-1167059/ (last visited May 11, 2021). In fact, Plaintiff Doe's counsel clearly believes this matter to be of public concern as they have made at least one public plea encouraging additional potential claimants to come forward. *See*, *supra*.

In any event, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Weinstein*, 484 F.Supp.3d at 97 (internal quotation omitted). As courts have repeatedly recognized, where litigation involves "'particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication.'" *N. Jersey Media Grp. Inc. v. Doe Nos. 1 – 5*, No. 12-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). "When anyone-local or foreign-invokes the potential power and authority of a United States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown." *Doe v. Texaco*, No. C06-2820, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006).

As for Plaintiff Doe's contention that "the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims generally," the two high profile Southern District of New York cases recognized that concern, but found it was insufficient to overcome the public's legitimate interest in open court proceedings. *Weinstein*, 484 F.Supp.3d at

97; *Fowler*, 2021 WL 1738349, at *8. The *Fowler* court stated:

> Though C.D. is correct that the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly person nature.

*Fowler*, 2021 WL 1738349, at *8.

Therefore, the third additional factor – the public's interest in open judicial proceedings – also weighs in favor of open judicial proceedings. Respectfully, the Court should reconsider its ruling.

## **CONCLUSION**

For the foregoing reasons, the Bassnectar Defendants respectfully request that the Court reconsider its Order Granting Plaintiff Doe's Motion for Leave to Proceed Under Pseudonym and for Protective Order and deny Plaintiff Doe's request to proceed under a pseudonym.

Dated: May 11, 2021

Respectfully Submitted,

*/s/ Robert A. Peal*
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)

kim.hodde@hoddelaw.com

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 11th day of May, 2021:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com

Brian Kent
Laff, Whitesel, Conte & Saret, Ltd.
401 N. Michigan Avenue
Suite 1700
Chicago, IL 60611-4212
(215) 399-9255
bkent@lbk-law.com

*Counsel for Plaintiffs*

Bennett James Wills
Brian T. Boyd
Law Office of Brian T. Boyd
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
(615) 523-2595 (fax)
bennett@boydlegal.co
brian@boydlegal.co

*Attorneys for Defendant Interactive Giving Fund*

Russell B. Morgan
Jason C. Palmer
Rachel Sodée
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2311
Fax: (615) 252-6311
rmorgan@bradley.com
jpalmer@bradley.com
rsodee@bradley.com

*Counsel for Defendant C3 Presents, L.L.C.*

And served via U.S. Mail to the below parties:

>Gnarlos Industries, L.L.C.
>3337 NE 79th Ave.
>Portland, OR 97213
>
>*Defendant*
>
>Carlos Donohue
>3337 NE 79th Ave.
>Portland, OR 97213
>
>*Defendant*

*s/ Robert A. Peal*