IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RACHEL RAMSBOTTOM,** | : |
| **ALEXIS BOWLING,** | : |
| **JENNA HOUSTON,** | : |
| **JANE DOE #1** | : |
|     Plaintiffs, | : |
| | : CIVIL ACTION NO. 3:21-cv-00272 |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| **LORIN ASHTON,** | : |
| **AMORPHOUS MUSIC, INC.,** | : |
| **BASSNECTAR TOURING, INC.,** | : |
| **REDLIGHT MANAGEMENT, INC.,** | : |
| **C3 PRESENTS, L.L.C,** | : |
| **INTERACTIVE GIVING FUND,** | : |
| **GNARLOS INDUSTRIES, LLC,** | : |
| **CARLOS DONOHUE; ABC** | : |
| **CORPORATIONS, ONE THROUGH** | : |
| **TEN (said Names Being Fictitious),** | : |
| **JOHN DOE, ONE THROUGH TEN** | : |
| **(said Names Being Fictitious)** | : |
|     Defendants. | : |

**PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Plaintiff Jane Doe #1 hereby moves the Court to deny Moving Defendants Motion for Reconsideration of this Court's Order of May 10, 2021 granting Plaintiff's Motion for Leave to Proceed Anonymously and for a Protective Order. In support of this motion, Plaintiff relies upon her supporting memorandum and the record in this case and states:

    1.    Plaintiffs Rachel Ramsbottom and Alexis Bowling initiated this action on March 25, 2021, against Lorin Ashton (a/k/a "Bassnectar"), an individual, and various corporate Defendants alleging numerous instances of emotional and sexual abuse, including human trafficking, and violations related to the manufacture and possession of child pornography in violation of laws of the United States and Tennessee. This litigation is

in its infancy. *See* Doc. 1, Compl. Thereafter an Amended Complaint was filed on behalf of Plaintiffs Ramsbottom and Bowling as well as Plaintiff Jenna Houston and Plaintiff Jane Doe #1. *See* Doc. 18, First Amended Compl.

2. Concurrently with the filing of the Amended Complaint Plaintiff Jane Doe #1 filed a Motion for Leave to Proceed Under Pseudonym. On May 10, 2021, this Court granted Plaintiff Jane Doe #1's motion.

3. On May 11, 2021, Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar Defendants") sought reconsideration on of this Court's Order.

4. On May 12, 2021 Defendant Interactive Giving Fund filed a response in support of the Bassnectar Defendants' Motion for Reconsideration.

5. On May 12, 2021, this Court directed Plaintiff's to respond to Defendants Motion for Reconsideration.

6. Plaintiff Jane Doe #1 alleges that when she was seventeen (17) years old, she was targeted, groomed and sexually exploited by EDM musician Bassnectar (true name is Lorin Ashton), who utilized his fame, shows, and organizations to engage in sexual intercourse with Plaintiff Jane Doe #1 while she was a minor.

7. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

8. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

9. Plaintiff Jane Doe #1 fears stigmatization by the public, friends, and business associates and has substantial fear of increased humiliation, embarrassment and emotional distress if her identity is made public.

10. Because disclosure of her identity and status as a victim of trafficking and/or assault would cause severe anxiety, stress and compound the severe emotional distress already suffered, it is necessary that she be permitted to proceed in pseudonym.

11. Allowing Plaintiff to proceed under pseudonym will not interfere with the public's right to follow the proceedings, which will still be open to the public while maintaining the confidentiality of Plaintiff's identity.

12. There exists no colorable argument that Moving Defendants or any other Defendant will be produced should Plaintiff Jane Doe #1 be permitted to proceed anonymously.

WHEREFORE, for these reasons articulated herein as well as those contained in the Memorandum of Law filed in Support of the instant Motion which is incorporated herein by reference, Plaintiff Jane Doe #1 respectfully requests that this Honorable Court deny Moving Defendants motion.

/s/ *Phillip Miller*
Phillip Miller #006873
631 Woodland Street
Nashville, TN 37206
T: (615) 356-2000
F: (615)-242 1739
E: pmiller@seriousinjury.com

Brian Kent*
M. Stewart Ryan*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
     sryan@lbk-law.com

*admitted pro hac vice

Date: May 18, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May 2021, I electronically filed the foregoing Plaintiffs' Motion In Opposition To Defendant's Motion To Reconsider Order Granting Motion For Leave To Proceed Under Pseudonym And For Protective Order with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

>Russell B. Morgan
>Jason C. Palmer
>Rachel Sodée
>BRADLEY ARANT
>BOULT CUMMINGS LLP
>1600 Division Street, Suite 700
>Nashville, Tennessee 37203
>
>*Attorneys for Defendant C3 Presents, L.L.C.*
>
>Grace A. Fox
>Robert A. Peal
>Mark W. Lenihan
>SIMS FUNK, PLC
>3322 West End Avenue
>Suite 200
>Nashville, TN 37203
>(615) 292-9335
>Fax: (615) 649-8565
>Email: gfox@simsfunk.com
>
>Kimberly S. Hodde
>HODDE & ASSOCIATES
>40 Music Square East
>Nashville, TN 37203
>(615) 242-4200
>Fax: (615) 242-8115
>Email: kim.hodde@hoddelaw.com
>
>Mitchell Schuster
>Stacey M. Ashby
>MEISTER, SEELIG & FEIN, LLP
>125 Park Avenue, 7th Floor
>New York, NY 10017
>
>*Attorneys for Defendants Lorin Ashton, Amorphous Music Inc., and Bassnectar Touring, Inc.*

Bennett James Wills
Brian T. Boyd
LAW OFFICE OF BRIAN T. BOYD
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
Fax: (615) 523-2595
Email: bennett@boydlegal.com

*Attorneys for Defendant Interactive Giving Fund*

Paige Mills, Esq.
Ashleigh Karnell, Esq.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615-742-7770
615-742-0429 fax
PMills@bassberry.com
ashleigh.karnell@bassberry.com

*Attorneys for Defendant Red Light Management*

Also served upon the below parties via U.S. Mail:

Gnarlos Industries, L.L.C.
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

Carlos Donohue
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

          */s/ Phillip Miller*
          _____
          Phillip Miller, Esquire

| | |
|---|---|
| **RACHEL RAMSBOTTOM,** | : |
| **ALEXIS BOWLING,** | : |
| **JENNA HOUSTON,** | : |
| **JANE DOE #1** | : |
|     Plaintiffs, | : |
| | : **CIVIL ACTION NO. 3:21-cv-00272** |
| | : |
|     v. | : |
| | : **JURY TRIAL DEMANDED** |
| **LORIN ASHTON,** | : |
| **AMORPHOUS MUSIC, INC.,** | : |
| **BASSNECTAR TOURING, INC.,** | : |
| **REDLIGHT MANAGEMENT, INC.,** | : |
| **C3 PRESENTS, L.L.C,** | : |
| **INTERACTIVE GIVING FUND,** | : |
| **GNARLOS INDUSTRIES, LLC,** | : |
| **CARLOS DONOHUE; ABC** | : |
| **CORPORATIONS, ONE THROUGH** | : |
| **TEN (said Names Being Fictitious),** | : |
| **JOHN DOE, ONE THROUGH TEN** | : |
| **(said Names Being Fictitious)** | : |
|     Defendants. | : |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER[1]

COME NOW the Plaintiff, Jane Doe #1, by and through the undersigned counsel, and respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, to deny Defendant's Motion to reconsider the order to allow her to litigate this case under the Pseudonym Jane Doe #1 and to ensure the Defendants in this matter keep the Plaintiff's identity confidential during the prosecution of this lawsuit and after its conclusion. In support of the instant Response in Opposition, the Plaintiffs state as

---

[1] This Response in Opposition is directed at the Motion filed by Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar Defendants") as well as the Response in Support filed by Defendant Interactive Giving Fund.

follows:

## I. BACKGROUND

Plaintiffs Rachel Ramsbottom and Alexis Bowling initiated this action on March 25, 2021, against Lorin Ashton (a/k/a "Bassnectar"), an individual, and various corporate Defendants alleging numerous instances of emotional and sexual abuse, including human trafficking, and violations related to the manufacture and possession of child pornography in violation of laws of the United States and Tennessee. This litigation is in its infancy. *See* Doc. 1, Compl. Thereafter an Amended Complaint was filed on behalf of Plaintiffs Ramsbottom and Bowling as well as Plaintiff Jenna Houston and Plaintiff Jane Doe #1. *See* Doc. 18, First Amended Compl.

Concurrently with the filing of the Amended Complaint Plaintiff Jane Doe #1 filed a Motion for Leave to Proceed Under Pseudonym.[2] On May 10, 2021, this Court granted Plaintiff Jane Doe #1's motion.

On May 11, 2021, Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar Defendants") sought reconsideration on of this Court's Order.

On May 12, 2021 Defendant Interactive Giving Fund filed a response in support of the Bassnectar Defendants' Motion for Reconsideration.

On May 12, 2021, this Court directed Plaintiff's to respond to Defendants Motion for Reconsideration.

At bottom, Defendants' motion seems to be a ploy to do precisely what caselaw and common decency counsel against: publicly identify Plaintiff Jane Doe #1 because "she should be embarrassed too." To be clear,

---

[2] Defendants appear to express surprise that Plaintiff filed her Motion for Leave to Proceed Anonymously. They claim, inaccurately, that Plaintiff failed to consult with defendants' counsel regarding this motion. In fact, Plaintiffs' counsel consulted with counsel for the Bassnectar Defendants, Mitchell Schuster, Esq., regarding the filing of the First Amended Complaint and the fact that Jane Doe #1 would be proceeding anonymously. Indeed, the parties communicated regarding this subject multiple times. At no time did Mr. Schuster express an opposition to Jane Doe #1 proceeding anonymously o to Plaintiffs seeking relief in the form or a Motion for Leave to Proceed Anonymously at the time of the filing of the First Amended Complaint.

Jane Doe #1, and her fellow Plaintiffs, have nothing to be ashamed of. They are brave survivors of sexual abuse—who possess electronic data and other evidence to support the claims being advanced against Ashton and his corporate allies—that have chosen to pursue relief through the civil justice system. It is not until the twelfth page of their Memorandum of Law that Ashton, known for crafting music that builds to the crescendo, and his companies, get to their point: Jane Doe #1 "has voluntarily lodged serious allegations of sexual abuse, human trafficking, and child pornography against the Bassnectar Defendants. . . . The same ***embarrassment*** and ***stigma of sexual assault*** allegations that Plaintiff Doe fears, if compelled to proceed under her real name, is already being suffered by Lorin Ashton" and so she should have to suffer the "embarrassment" and "stigma of sexual assault" that Ashton and the corporations designed to support his conduct, seemingly feel. *See* Doc. 27, Defendants Memorandum of Law in Support of Motion to Reconsider at 12 (emphasis added).

Again, and to be clear, it is not Jane Doe #1 that should feel any stigma or embarrassment. That of course does not mean that those feelings, cultivated through our own society's long history of shaming survivors of sexual assault, are absent from her conscience. More precisely, however, and as articulated in the Motion for Leave to Proceed Under Pseudonym, Jane Doe #1 has chosen to seek relief in this fashion because she will necessarily be required to disclose information "of utmost intimacy," that this action—for her—jeopardizes her safety and privacy, and that she wishes to be protected from being re-traumatized as a survivor of child sexual abuse and trafficking, from exposure to public ridicule and scorn, from the association of her name online with the sexual abuse she suffered, and safety concerns related to her assailant.

As it relates to the last point, safety concerns related to her assailant, Ashton has already, sadly, forecast what he has in store for Plaintiff Jane Doe #1. In the name of discovering "unknown witnesses" Ashton and his co-defendants seemingly wish to widely and publicly broadcast Plaintiff Jane Doe #1's identity and the facts related to the sexual abuse she suffered at the hands of Ashton and his co-Defendants so as to line up supposedly adversarial witnesses. Plaintiff Jane Doe #1 has not, and has absolutely no intention to, reveal her identity publicly including through the media. Nonetheless, should Bassnectar and his corporation follow

through on their stated plan they risk subjecting Plaintiff Jane Doe #1 to very real threats, not just from Ashton and his companies, but from legions of potentially loyal fans who may, very realistically, choose to take up his call to action and subject Plaintiff Jane Doe #1 to the very "embarrassment" and "stigma" that he believes she deserves. His actions very well could subject Jane Doe #1 to dangerous forms of stalking and harassment, both online and in person. While these threats are disturbing and concerning, given Bassnectar's prior abuse and exploitation of Jane Doe #1 with the support of his companies, such an approach is not surprising. Yet Bassnectar does not seem to be bothered by that and in fact believes Jane Doe #1 has invited this by speaking up and speaking out, albeit through a pseudonym.

There is nothing legitimate about their request to publicly unmask Plaintiff, a survivor of sexual abuse when she was a minor. For these reasons, Defendants' motion should be denied.

Although, Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties," the Plaintiff in this case, a survivor of child sexual abuse and trafficking within the meaning of 18 U.S.C. § 1591, filed her case under the pseudonym "Jane Doe #1" and now formally seeks the protection of this pseudonym as previously requested in the Complaint. *See* Doc. 18, First Amended Compl. at par. 22 – 23. This Honorable Court properly granted Plaintiff's Motion to allow her to litigate this case under the Pseudonym Jane Doe #1 and to ensure the Defendants in this matter keep the Plaintiff's identity confidential during the prosecution of this lawsuit and after its conclusion. Defendant now Moves for reconsideration of that order. Plaintiff requests that this Honorable Court deny the present motion.

It has been held that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). Plaintiff can be excused from identifying herself if the Court concludes that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense" upon the plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## II. ARGUMENT

Generally, a complaint must identify the name of the Plaintiff. *See* Fed. R. Civ. P. 10(a). Plaintiffs are, however, permitted to proceed anonymously in certain circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005). When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *See EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). No one factor is dispositive. *See Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Furthermore, state law in Tennessee has long permitted plaintiffs to proceed anonymously. *Campbell v. Sundquist*, 926 S.W.2d 250, 253 n.1 (Tenn. App. 1996) (Doe plaintiffs challenging Tennessee's Homosexual Practices Act, which criminalizes homosexual sex, proceed anonymously for fear of social and governmental retaliation and/or prosecution); *Doe v. HCA Health Services of Tennessee, Inc.*, 46 S.W.3d 191, 194 (Tenn. 2001) ("The trial court permitted the plaintiffs to use pseudonyms because 'Mrs. Doe' is employed in a physician's office, and she feared that public

disclosure of her identity might subject her employer to retaliation and/or embarrassment."); *Estate of Doe v. Vanderbilt University, Inc.*, 958 S.W.2d 117 (Tenn. App. 1997) (HIV infection case); *Doe v. State*, Dept. Of Children's Services, No. E2008-00511-COA-R3-CV, 2009 WL 17851 (Tenn. Ct. App. 2009) (Challenge to sex offender status); *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173 (Tenn. 1992) (sexual assault case); Doe v. Board of Educ. of Memphis City Schools, 799 S.W.2d 246 (Tenn. App. 1990) (sexual assault case); *Doe v. Goodwin*, 254 S.W.3d 428 (Tenn. Ct. App. 2007) (sexual assault case); *Doe v. Mama Taori's Premium Pizza*, LLC, No. M1998-00992-COA-R9-CV, 2001 WL 327906 (Tenn. Ct. App. 2001) (sexual assault case).

Additionally, federal and state courts have recognized the need for Plaintiffs in certain cases to proceed under a pseudonym in order to preserve their privacy and avoid the humiliation arising in cases involving severely sensitive personal matters. *See Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979); *Roe v. Franklin County* (10th Dist. App. 1996), 109 Ohio App. 3d 772, 673 N.E.2d 172; *Roe v. Heap* (10th Dist. App. 2004), 2004 Ohio 2504. Further, notably, the U.S. Supreme Court has authorized the use of pseudonym complaints due to the sensitive and highly private nature of the subject matter. See *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973).

Here, the overwhelming balance of factors to be considered and interests at issue weigh in favor of permitting Plaintiff Jane Doe #1 to proceed anonymously. Plaintiff is concerned she will be required to disclose information "of utmost intimacy" if she is not allowed to proceed pseudonymously. Plaintiff alleges she was a minor when she was sexually abused, exploited, and trafficked. *See* Doc. 1. Because the acts involving the then underage Plaintiff as described in the Complaint are by their very nature child sex abuse and trafficking, the need for protecting the Plaintiff's true identities is even more pronounced.

**I. Plaintiff Alleges Privacy Concerns that Warrant her Proceeding Pseudonymously and Moving Defendants Have Done Nothing to Articulate Any Reason Why This Court Should Reconsider Its Order Granting Plaintiff's Motion.**

  a. <u>The Factors outlined in *Porter* weigh in favor of Plaintiff proceeding pseudonymously</u>

In order to maintain her privacy and safety, Plaintiff should not be compelled to disclose her true identity publicly in this lawsuit. Here, Plaintiff has asserted privacy rights, such as protecting Plaintiff from being re-traumatized as a survivor of child sexual abuse and trafficking, from exposure to public ridicule and scorn, from the association of Plaintiff's name online with the sexual abuse she suffered, and safety concerns related to her assailant, that substantially outweigh the presumption of open judicial proceedings. Her particular identification information has simply been withheld so as to protect her privacy and identity in terms of the public record, and her anonymity affords Defendants no inconvenience or prejudice whatsoever as Defendants will know her identity and will not be prevented from conducting discovery using her name. By using a pseudonym, Plaintiff is able to protect herself from further trauma, harm, embarrassment, and prejudice, due to the highly private and personal matters of this case.

Here, while Plaintiff Jane Doe #1 is not challenging governmental activity or disclosing an intention to violate the law (factors 1 and 3 under *Doe v. Porter*) she will assuredly be compelled to disclose information "of the utmost intimacy" (factor 2) which is an extremely compelling consideration in light of her status as a childhood survivor of sexual abuse. Further, while no longer a minor today (factor 4), she was a minor at the time of the abuse alleged in the Complaint and as such that factor also weighs in favor of Plaintiff, and heavily in the overall analysis. As stated, the Defendants will suffer no prejudice should Plaintiff be permitted to proceed anonymously (additional factor 1), Plaintiff will clearly suffer harm if identified (additional factor 2), and the public interest in open access to proceedings, if any in this particular matter, will in no way be harmed (additional factor 3).

In addition, the following other factors weigh in favor of allowing Plaintiff to proceed anonymously:

a. Plaintiff's fear of increased embarrassment, humiliation, and stigmatization as a sexual assault victim would compound the "severe emotional damage" caused by the alleged actions of the defendants if her identity was disclosed;

b. the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims generally;

c. the potential that Plaintiff and other victims of child abuse at the hands of these Defendants may refuse to continue and/or come forward to pursue this litigation should Plaintiff be precluded from using a pseudonym; and

d. Plaintiff's lack of illegitimate motive.

Moving Defendants argues that Plaintiff Doe has conceded three of the four *Porter* factors; this is a mischaracterization. Two simply do not apply. There has been no allegation challenging governmental activity, and there is no risk that Plaintiff will disclose unlawful conduct. As noted in *University of Pittsburgh,* no one factor is dispositive, and the fact that two of the four will take no part in the courts analysis certainly does not disqualify Plaintiff from proceeding pseudonymously. Moving Defendants point to cases from other jurisdictions that state mere allegations of sexual assault alone are "insufficient to overcome the presumption of open judicial proceedings." Be that as it may, Plaintiff here has gone well beyond relying merely on the fact that she alleges sexual assault as a child in her Complaint and has articulated numerous, substantial reasons for her decision to proceed anonymously.

      b. <u>Moving Defendants cite to unavailing, extra-jurisdictional authority to support their argument because it is clear that the law in the 6th Circuit and in the State of Tennessee favor allowing Plaintiff Jan Doe #1 to proceed anonymously.</u>

In their motion, Defendants repeatedly cite to cases arising outside the 6th Circuit to claim that it is almost routine for plaintiffs to be forced to proceed without a pseudonym when alleging childhood sexual abuse. Defendants turn to these other federal jurisdictions because the balance of authority in the 6th Circuit and the State of Tennessee support permitting Plaintiff Jane Doe #1 to proceed with a pseudonym. The 6th Circuit cases they do cite however, are either taken entirely out of context to suit their desired end game or in fact support Plaintiff's position.

Moving Defendants first cite to *D.E. v. John Doe*, 834 F.3d 723 (6th Cir. 2016). In *D.E.*, the plaintiff sought leave to proceed anonymously. That request was denied—and his entire suit dismissed for failure to state a claim. The case is entirely distinguishable from the one at bar. In that matter, plaintiff was not a minor either at the time of the filing of the lawsuit or at the time of the facts giving rise to the suit. He had pled guilty to a crime for which he was charged based on the facts underlying his civil rights action, and, most critically, the matter "did not require him to disclose information 'of the utmost intimacy[.]'" *Id.* At 729. Here, of course, Plaintiff Jane Doe #1 was a minor at the time of the happening of the incidents, she has never been publicly identified in relation to these claims, and the very nature of this case will require her to reveal information "of the utmost intimacy."

Defendants then misstate the facts of *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In *Porter*, cited above as it relates to the proper factors to consider when permitting a plaintiff to proceed with a pseudonym, adult plaintiffs brought suit seeking to enjoin a public-school board from allowing certain teaching of the Bible in public schools. In their memorandum of law, Defendants suggest *Porter* only applies when the plaintiff is currently a child. Nothing could be further from the truth and in fact the plaintiffs in *Porter* were adults who brought suit in support of their children.

Finally, and only toward the conclusion of their briefing after citing to numerous decisions made outside the 6th Circuit, Moving Defendant try to distinguish *Doe #1 v. Déjà Vu Consulting Inc.*, Case No. 3:17-cv-00040, 2017 WL 3837730 (M.D. Tenn. Sept. 1, 2017), an opinion essentially on point and issued by this very Court. In *Doe #1*, the plaintiff alleged that she was fearful of her identity being revealed because she worked as an exotic dancer in the sex industry. She made general allegations that she feared past or future customers learning her identity and that her family, who were devoutly religious, would also be harmed if the public learned of her work. In ordering that the plaintiff be permitted to proceed anonymously, this Court stated, "The plaintiff is not required to prove a substantial risk of serious harm by pointing to some concrete or particularized threat." *Id.* At *4. Just as in *Doe #1*, "the vast bulk of the court record [will] remain[] open to the public. The mere fact that the record will not disclose the plaintiff's true name will not impede 'public scrutiny of this case's operative issues.'" This Court's decision in *Doe #1* finally stated that, "[i]n light of the absence of prejudice to the defendants or to the public" that plaintiff was permitted to proceed anonymously. The same is true here—despite claims to the contrary by Defendants, as will be addressed below.

c. <u>Plaintiff has produced record evidence supporting her motion.</u>

Moving Defendants complained in their motion that the record was currently devoid of any support for the claims being made by Plaintiff Jane Doe #1. With the filing of this Response in Opposition, Jane Doe #1 has submitted a declaration, with her signature redacted, that states precisely the fears and concerns that she has and faces. *See* Declaration attached hereto as Exhibit "A." A copy of the declaration with Plaintiff Jane Doe #1's true signature is in the possession of counsel for Plaintiffs and will be produced upon request.

The declaration provides that Plaintiff Jane Doe #1 wishes to maintain her privacy. She understands that through the course of this lawsuit it will be necessary for her to disclose details of

her personal life that involve facts that are of the utmost intimacy. Furthermore, she will have to disclose intimate details of her life involving incidents where she did not or could not consent to sexual contact being made against her.

Jane Doe #1 further states that if her identity is disclosed, she fears that she will be re-traumatized as a survivor of child sexual abuse and trafficking, that she will be subject to public ridicule and scorn, that she will be subject to other emotional and reputational harms from the association of her name online with the sexual abuse she suffered, that her safety may be compromised through actions of her assailant including those that support him harassing and/or stalking her potentially in person and/or online. Ashton's claim that he wishes to publicize her name and account to invite adversarial witnesses against her has already caused her tremendous anxiety and only further reinforced her fears of what he and/or his companies may do with her identity should it be disclosed publicly. Lastly, she affirms that she has never identified herself publicly, through the media or otherwise, in relation to this litigation.

The reasons set forth by Jane Doe #1, now supported with a sworn declaration, are more than sufficient to support her motion.[3]

    d. <u>Allowing Plaintiff to proceed under a pseudonym will not prejudice the Bassnectar Defendants in any way.</u>

To reiterate, the Defendants will not be prejudiced whatsoever by Plaintiff proceeding anonymously. Plaintiff Jane Doe #1 has already revealed her identity to the Moving Defendants. To the extent her identity needs to be further addressed the proposed order provided with Plaintiff's motion provides that the parties should confer regarding same. Furthermore, nothing in the proposed order in fact prevents Moving Defendants from disclosing Plaintiff Jane Doe #1's identity to others

---

[3] To the extent the Court desires or deems it necessary, Jane Doe #1 can produce additional declarations from mental healthcare providers that will support her contention, now made under oath, that proceeding under her true name will cause further injury and trauma to her.

provided those other individuals agree to maintain confidentiality in consultation with counsel for Plaintiffs and/or through motion practice with the Court. And again, to the extent further or different procedures are believed by Moving Defendants to be necessary, the parties can confer related to the entry of a Protective Order. Put simply, in seeking the protection of a pseudonym, Plaintiff Jane Doe #1 simply seeks redaction of her personal identifying information from the public docket and a protective order preventing the publication of the Plaintiff's true identity because she alleges in her Complaint that she is a victim of child sexual abuse and sex trafficking and there is nothing that prejudices Defendants or anyone else as a result.

Moving Defendants make unusual claims that Plaintiff proceeding with a pseudonym somehow infringes their right to confront her as a witness. This makes little sense. Plaintiff will still be subject to discovery and a deposition, albeit while proceeding with a pseudonym if permitted by the Court.

Moving Defendants also make related arguments that permitting Plaintiff to proceed anonymously will prevent them from improperly advertising her identity and private details of the utmost intimacy related to the sexual abuse she suffered as a minor while also sparing her of the "embarrassment" and "stigma" that Moving Defendants seemingly think she deserves. The arguments are preposterous. Nothing about Plaintiff proceeding with a pseudonym prevents Moving Defendants from investigating or defending the case. Merely because Moving Defendants, and Ashton in particular, believe that Plaintiff Jane Doe #1 should be subject to ridicule and shame because she was sexually abused as a minor does not make it so and it is indeed outrageous to make such a suggestion. We have, as a society, made recent strides in recognizing, acknowledging, and hearing survivors of sexual abuse regardless of age. While progress is left to be made, Bassnectar and his companies, who purport to be on the edge of progress, plainly state that they believe Plaintiff Jane Doe #1 should be subject to embarrassment and shame for bravely making her allegations on

her behalf, the behalf of her co-Plaintiffs, and still others that exist but fear coming forward. The Bassnectar Defendants motion in this regard is a case study for why survivors hesitate to come forward. This Court should give them no quarter.

### III. **CONCLUSION**

WHEREFORE, Plaintiff Jane Doe #1 respectfully requests that this Honorable Court deny Defendant's Motion to Reconsider.

Respectfully submitted this the 18th day of May,

/s/ Phillip Miller
Phillip Miller, #006873
*Attorney for the Plaintiff*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
615-242-1739 fax
pmiller@seriousinjury.com

Brian Kent*
M. Stewart Ryan*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
     sryan@lbk-law.com

*admitted pro hac vice

Date: May 18, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of May 2021, I electronically filed the foregoing Plaintiffs' Memorandum Of Law In Opposition To Defendant's Motion To Reconsider Order Granting Motion For Leave To Proceed Under Pseudonym And For Protective Order and Exhibit "A" with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

> Russell B. Morgan
> Jason C. Palmer
> Rachel Sodée
> BRADLEY ARANT
> BOULT CUMMINGS LLP
> 1600 Division Street, Suite 700
> Nashville, Tennessee 37203
>
> *Attorneys for Defendant C3 Presents, L.L.C.*
>
> Grace A. Fox
> Robert A. Peal
> Mark W. Lenihan
> SIMS FUNK, PLC
> 3322 West End Avenue
> Suite 200
> Nashville, TN 37203
> (615) 292-9335
> Fax: (615) 649-8565
> Email: gfox@simsfunk.com
>
> Kimberly S. Hodde
> HODDE & ASSOCIATES
> 40 Music Square East
> Nashville, TN 37203
> (615) 242-4200
> Fax: (615) 242-8115
> Email: kim.hodde@hoddelaw.com
>
> Mitchell Schuster
> Stacey M. Ashby
> MEISTER, SEELIG & FEIN, LLP
> 125 Park Avenue, 7th Floor
> New York, NY 10017
>
> *Attorneys for Defendants Lorin Ashton, Amorphous Music Inc., and Bassnectar Touring, Inc.*

Bennett James Wills
Brian T. Boyd
LAW OFFICE OF BRIAN T. BOYD
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
Fax: (615) 523-2595
Email: bennett@boydlegal.com

*Attorneys for Defendant Interactive Giving Fund*

Paige Mills, Esq.
Ashleigh Karnell, Esq.
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
615-742-7770
615-742-0429 fax
PMills@bassberry.com
ashleigh.karnell@bassberry.com

*Attorneys for Defendant Red Light Management*

Also served upon the below parties via U.S. Mail:

Gnarlos Industries, L.L.C.
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

Carlos Donohue
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

           */s/ Phillip Miller*
           _____
           Phillip Miller, Esquire