# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

RACHEL RAMSBOTTOM, and )
ALEXIS BOWLING, )
JENNA HOUSTON, )
JANE DOE #1, )
)
   Plaintiffs, )
)    **CIVIL ACTION NO. 3:21-cv-00272**
   v. )
)    **JURY TRIAL DEMANDED**
LORIN ASHTON, AMORPHOUS )
MUSIC, INC., BASSNECTAR )
TOURING, INC., REDLIGHT )
MANAGEMENT, INC., C3 PRESENTS, )
L.L.C, INTERACTIVE GIVING FUND, )
GNARLOS INDUSTRIES, LLC, )
CARLOS DONOHUE, ABC )
CORPORATIONS, ONE THROUGH )
TEN (said Names Being Fictitious), )
)
   Defendants. )
)

---

## REPLY IN SUPPORT OF MOTION TO RECONSIDER THE ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

---

Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar Defendants"), by and through their attorneys, respectfully submit this memorandum of law in response to plaintiff Jane Doe #1's ("Plaintiff Doe") opposition to the Motion to Reconsider (the "Reconsideration Motion")[1] the Order Granting the Motion for Leave to Proceed Under Pseudonym and for Protective Order (the "Pseudonym Motion").

## **INTRODUCTION**

The Reconsideration Motion raises an issue of constitutional due process, the opposition to which is glaringly absent. Instead, the opposition incorrectly and disingenuously asserts that it is the Bassnectar Defendants' intention to "publicly broadcast" Plaintiff Doe's identity, with their "stated plan" of subjecting her to threats through their "call to action." This is patently false. Despite the false and malicious allegations directed at them, the Bassnectar Defendants have never publicly attacked or threatened Plaintiff Doe or the other Plaintiffs. In fact, it has been Plaintiffs (and their counsel) that have sought to publicize this action and subject the Bassnectar Defendants to potential safety issues through social media and press interviews, "asking additional witnesses to step forward"[2] and by unnecessarily inserting Mr. Ashton's full and unredacted home address in the original version of the Complaint while protecting the Plaintiffs' home addresses.

The histrionic response filed by Plaintiff Doe demonstrates exactly why the Reconsideration Motion must be granted. Plaintiff Doe's argument apparently is that the Court must accept all of the untested and salacious (in fact, false and defamatory) facts alleged in her

---

[1] While all of the Bassnectar Defendants have filed the Reconsideration Motion, such submission should not be deemed a waiver of their defense that this Court does not have personal jurisdiction over them and by this statement neither Plaintiffs, nor the Court should have an expectation that any of the Bassnectar Defendants intend to defend this action on the merits. *See Blessing v. Chandrasekhar*, 988 F.3d 889, 895 (6th Cir. 2021).

[2] *See* Janean Cuffee, *EDM DJ Bassnectar Accused of Sexually Abusing Minors*, THE LEGAL HERALD (May 4, 2021) *available at* https://legalherald.com/philadelphia-pa-electronic-dance-music-edm-dj-bassnectar-lorin-ashton-accused-of-sexual-assault/ (last visited May 11, 2021).

pseudonymously-filed Amended Complaint as Gospel, and correspondingly, the Bassnectar Defendants must conduct their investigation of witnesses only by leave of Plaintiff Doe (thereby potentially waiving any work product privilege), eliminating the effectiveness of interview timing and surprise and by wasting the Court's time with what will likely be dozens of such requests.

This dire prejudice requires more than the mere *ipse dixit* of an accuser, no matter how heinous, or libelous, the accusation. Indeed, the more despicable the accusations, the more important the need for procedural protection. The Court must consider the alternative to Plaintiff Doe's accusation that Lorin Ashton is a modern-day Rasputin, a puppet master who can only satiate his sexual desires by preying on young girls, who has been the subject of "have-you-been-injured-in-an-accident solicitations" as if he were mesothelioma; the Court must consider that Mr. Ashton may very well be, and, is in fact an artist with a true desire to effect social change through his music and by encouraging his fans—of all genders and ages—to volunteer and help humanity through service. The Court must consider whether the outrageous allegations presented in the Amended Complaint have irreparably damaged Mr. Ashton's career and livelihood, and the very fabric of his life. And as such, Plaintiff Doe should not be permitted to hide behind an alias with the express purpose of stifling Mr. Ashton's ability to investigate the matter fully and demonstrate these untruths.

Furthermore, Plaintiff Doe ignores black-letter law, both from the Sixth Circuit and federal courts nationwide, that pseudonym litigation is the *exception*, not the rule. Because most of the Sixth Circuit's factors weigh *against* allowing her to proceed anonymously, Plaintiff Doe contends those factors somehow "do not apply" (Dkt. 40, at 13) and cites to federal court cases outside of Tennessee to support her argument that "additional factors" should be considered. (*Id.*, at 10.) However, when the Reconsideration Motion cited to recent decisions from other federal courts in

virtually identical situations, Plaintiff Doe attacked (and failed to distinguish) such cases as "unavailing extra-jurisdictional authority. . . ." (*Id.*, at 13.) Hence, Plaintiff Doe inconsistently wants the Court to consider federal court decisions nationwide *only* when it suits her.

## ARGUMENT

### I. Federal Procedural Law Applies.

The Reconsideration Motion cited circuit courts decisions, from across the county, uniformly holding that pseudonym litigation is an extraordinary measure and interferes with the public's right to an open judiciary. In opposition, Plaintiff Doe neglects to distinguish those authorities, but instead attacks them as "unavailing, extra-jurisdictional authority…." (Dkt. 40, at 13.) However, the Sixth Circuit and federal courts in Tennessee routinely rely upon federal decisions from outside of the Circuit, both circuit and district court. *See, e.g., First Family Mort. Corp. of Florida v. Earnest*, 851 F.2d 843, 846 (6th Cir. 1988) (finding the reasoning of other circuit courts as "well-grounded and persuasive"); *Bluecross Blueshield of Tenn. v. Doctors Med. Ctr. of Modesto, Inc.*, No. 07-cv-180, 2008 WL 111980, at *13 (E.D. Tenn. Jan. 8, 2008) (finding as "persuasive" the reasoning of various circuit and district courts).

Simultaneously, Plaintiff Doe improperly relies upon Tennessee state law for the proposition that she should be permitted to proceed anonymously. (Dkt. 40, at 10–11.) However, "under the *Erie* doctrine, federal courts sitting in diversity apply the substantive law of the forum state and *federal procedural law*." *Biegas v. Quickaway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (emphasis added) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Accordingly, Tennessee procedural law is inapplicable and cannot serve as a basis for allowing Plaintiff Doe to proceed anonymously. *See United States v. Mott*, No. 09-cr-133, 2009 WL 5031321, at *3 (E.D. Tenn. Dec. 14, 2009) (rejecting Tennessee Rules of Criminal Procedure

3

and Tennessee Constitution as basis to suppress evidence because "federal law, not state law, applies in determining the admissibility of evidence in federal court.").

## II.    Three of the Four *Porter* Factors Indisputably Weigh Against Anonymous Litigation.

It is undisputable that three of the four *Porter* factors weigh against permitting Plaintiff Doe to proceed pseudonymously. Plaintiff Doe admits that she "is not challenging governmental activity or disclosing an intention to violate the law (factors 1 and 3 under *Doe v. Porter*)." (Dkt. 40, at 12.) To avoid the ramification thereof, Plaintiff Doe argues that those two factors "simply do not apply" and should "take no part in the court[']s analysis. . . ." (*Id.*, at 13.) That is both incorrect and nonsensical.

If, as Plaintiff Doe wants the Court to believe, *Porter* factors should be ignored simply when they weigh against the movant, the Sixth Circuit would not have expressly identified them as "considerations" in determining whether to deprive the public of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020), the plaintiff "arguably" challenged governmental activity, but the Sixth Circuit affirmed the district court's denial of the motion to proceed anonymously, because "*all four Porter factors*, *considered together*, did not establish exceptional circumstances to warrant an exemption from the general rule under Rule 10(a) that a plaintiff's complaint 'must name all the parties.'" *Id.* at *3 (emphasis added). Moreover, in *D.E. v. John Doe*, 834 F.3d 723 (6th Cir. 2016), the Sixth Circuit affirmed the denial of a motion to proceed under pseudonym because the prosecution of plaintiff's claims "did not require him to disclose information 'of the utmost intimacy' or compel him to disclose any intent to violate the law, nor was he a child when he filed this lawsuit." *Id.* at 728. Stated differently, the Sixth Circuit does not ignore the *Porter* factors as "inapplicable" when, for example, a plaintiff is not challenging governmental activity

or disclosing an intention to violate the law. To the contrary, the Sixth Circuit holds that such unsatisfied factors weigh against proceeding anonymously. To accept Plaintiff Doe's argument that the Court is to ignore inapplicable factors instead of weigh them, would mean that every plaintiff challenging a governmental activity would be able to proceed anonymously, even if that suit did not involve information "of the utmost intimacy," did not involve the disclosure of an intention to violate the law and did not involve a minor.

With respect to the fourth factor, it is undisputed that Plaintiff Doe is *not a minor* (Dkt. 40, at 12) and has been an adult for several years. (Dkt. 23 ¶ 162.) The Reconsideration Motion cited several federal court decisions holding that the age of the party seeking anonymity is the "critical" factor. *See Doe v. Solera Capital LLC*, No. 18-1769, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019) ("If a plaintiff is not a child, this factor weighs against a finding for anonymity."); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[W]e view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here").[3] Plaintiff Doe does not cite any case, from any jurisdiction, supporting her contention that her status as "a minor at the time" of the alleged conduct "weighs in favor of Plaintiff, and heavily in the overall analysis." (Dkt. 40, at 12.) Instead, Plaintiff Doe requests that the Court disregard the Sixth Circuit's holding in *D.E. v. John Doe*, 834 F.3d 723 (6th Cir. 2016), which held that the plaintiff failed to overcome "the presumptiveness of openness in judicial proceedings" because, *inter alia*, he was not "a child *when he filed this lawsuit*." *Id.* at 728 (emphasis added). In attempting to distinguish that case on the facts, Plaintiff Doe ignores the importance of the legal proposition therein – the plaintiff's *current* age is decisive of this factor.

---

[3] Tellingly, while Plaintiff Doe marginalizes the Fifth Circuit and New York federal court cases cited by the Bassnectar Defendants, she hypocritically cites cases from those jurisdictions. (Dkt. 40, at 10–11 (citing cases from E.D.N.Y. and Fifth Circuit).)

The Reconsideration Motion did not "misstate the facts of *Doe v. Porter*" (Dkt. 40, at 14) as it merely highlighted the Sixth Circuit's identification of the fourth factor — "whether the plaintiffs *are* children" — *i.e.*, present tense. 370 F.3d at 560. In any event, as Plaintiff Doe recognizes, the Sixth Circuit in *Porter* permitted adults to proceed anonymously because they filed the case "*on behalf* of very young children, to whom we grant a heightened protection." *Id.* at 561 (emphasis added); *see also K.K. v. Comer*, No. 20-cv-96, 2020 WL 8459142, at *2 (E.D. Tenn. Sept. 14, 2020) (granting motion for adults to proceed pseudonymously where they "filed suit on behalf of their minor child" and defendants stipulated to children proceeding anonymously). Of course, disclosing the parents' names would have inherently or indirectly revealed the identities of their children. Those facts are not present here because this is not a suit *on behalf* of a minor.

### III. Plaintiff Cannot Cherry-Pick Federal Legal Authority.

The Reconsideration Motion appropriately cited numerous and recent federal court cases nationwide for the proposition that sexual assault allegations (including those against high profile defendants), and allegations about embarrassment and stigmatization, by themselves, are insufficient to entitle a plaintiff to proceed pseudonymously. Unable to challenge the merits of those cases, Plaintiff Doe summarily treats them as unworthy of consideration: "Moving Defendants point to cases from other jurisdictions. . ."; "Moving Defendants cite to unavailing, extra-jurisdictional authority. . ."; "Defendants repeatedly cite to cases arising outside the 6th Circuit. . ."; and "Defendants turn to these other federal jurisdictions. . . ." (Dkt. 40, at 13–15.)

However, because the four *Porter* factors in the Sixth Circuit do not weigh (substantially or otherwise) in favor of the Pseudonym Motion, Plaintiff Doe contends that the Court can consider three "other factors." (Dkt. 40, at 10.) The *sole* legal authority cited by Plaintiff Doe for those three additional factors is from the Eastern District of New York, which is *outside* the Sixth Circuit. (*Id.*

(citing *EW v. New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003).)[4] Anyhow, Plaintiff Doe does not explain why this Court should depart from the well-reasoned (and recent) decisions in *Doe v. Weinstein*, 484 F.Supp.3d 90 (S.D.N.Y. 2020) and *Rapp v. Fowler*, No. 20-9586, 2021 WL 1738349, at *1 (S.D.N.Y. May 3, 2021), both of which involved allegations of sexual assault against high-profile defendants, or the other district court opinions cited in the Reconsideration Motion and denying permission to proceed anonymously, notwithstanding claims of sexual assault and harassment.

Although Plaintiff Doe attempts to align her case with the facts of *Doe #1 v. Déjà Vu Consulting Inc.*, Case No. 3:17-cv-00040, 2017 WL 3837730, at *1 (M.D. Tenn. Sept. 1, 2017), she does not work in the adult entertainment industry, does not use a stage name (or any pseudonym) to protect herself from "unsavory characters," does not show her career will be threatened, and has no concerns about criticism and negativity from and toward a devoutly religious family. In *Déjà Vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cty.*, 274 F.3d 377 (6th Cir. 2001), the Sixth Circuit ruled that "all sexually oriented business license and permit applicants' names and current/past residential addresses constitute protected private information and are therefore exempted from Tennessee's Open Records Act." *Id.* at 395. Thus, when, years later, the exotic dancer in *Déjà Vu Consulting* sought permission from this Court to proceed pseudonymously, it was predetermined that she was part of a protected group.

---

[4] Making Plaintiff Doe's hypocrisy worse, most of the cases from "other jurisdictions" cited in the Reconsideration are from the Southern District of New York – a sister court of the Eastern District of New York. In other words, according to Plaintiff Doe, it is proper for her to rely on one case from the Second Circuit as the *sole* legal authority for a proposition, but inappropriate for the Bassnectar Defendants to cite to *multiple* cases from the Second Circuit for another proposition.

7

**IV.    The "Additional Factors" Weigh in Favor of Open Judicial Proceedings.**

        A.    <u>The Bassnectar Defendants' Right to Mount a Defense Should Not Be Trampled.</u>

In the Reconsideration Motion, the Bassnectar Defendants detailed with legal support, the various ways in which they will be prejudiced by an anonymous plaintiff. Plaintiff Doe's response is to mock the Bassnectar Defendants' right to defend themselves against the extremely serious allegations she has publicly lodged against him. It is worth noting that on March 2, 2021, just two (2) months prior to joining this action in a brazen attempt to extract a financial payment, Plaintiff Doe wrote to Mr. Ashton that she missed him and was thinking of him. All communications between Plaintiff Doe and Mr. Ashton over their multi-year friendship were of a similar vein.[5]

Given her complete about face and obvious concern over writings that will contradict her new position, it is no wonder that Plaintiff Doe seeks an order requiring that Defendants notify Plaintiffs' counsel in advance and seek permission from them and the Court to conduct meaningful interviews. This will undoubtedly allow Plaintiff Doe the opportunity to obstruct the defense investigation by warning and preparing witnesses before the defense has access to them. Doing so guts the effectiveness of a defense investigation into Plaintiff Doe's allegations and prevents the Bassnectar Defendants from mounting a complete defense.

For instance, citing other cases involving sexual assault allegations, the Bassnectar Defendants explained that Plaintiff Doe's use of a pseudonym would preclude a non-party *unknown* witness, from *coming forward* with information beneficial to the Bassnectar Defendants. Plaintiff Doe does not explain why the Bassnectar Defendants should be deprived of that real possibility. Instead, Plaintiff Doe makes a joke of the Bassnectar Defendants' rights by using scare

---

[5] By way of example, in 2016, Plaintiff Doe wrote: "Thinking of you, so happy you're alright and I want to let you know you are loved by many. You've touched so many people's lives – directly and indirectly. I hope you know that. So much love for you."

quotes ("unknown witnesses") to question whether non-party witnesses actually exist (Dkt. 40, at 8), apparently overlooking the fact that such witnesses are, and will always be, unknown *because* Plaintiff Doe's identity is protected. Additionally, by only referring to some attempt by the Bassnectar Defendants to "line up" adversarial witnesses (*id.*), Plaintiff Doe dismisses the possibility that witnesses will *come forward*, unsolicited. While Plaintiff Doe maintains she "will still be subject to discovery and a deposition," the Bassnectar Defendants will be prevented from seeking and obtaining discovery from non-parties to use at her deposition or trial. The Bassnectar Defendants have the right to confront their accuser with all available evidence, and the Court should not countenance Plaintiff Doe's effort to use the Amended Complaint as a sword and a shield.

      B.    <u>There is No Evidence that Plaintiff Doe Will Be Prejudiced.</u>

According to Plaintiff Doe, her purported concern that the Bassnectar Defendants will locate "adversarial witnesses against her has already caused her tremendous anxiety. . . ." (Dkt. 40, at 16.) In other words, because witnesses may discredit Plaintiff Doe, the Bassnectar Defendants should not be permitted to fully defend themselves against allegations of sexual abuse, human trafficking, and child pornography. *Every* plaintiff, including in commercial cases, is nervous or anxious about evidence that will undermine their claims — that is the nature of litigation. Perhaps Plaintiff Doe's concern is based upon the fact that there is documentary evidence to conclusively refute her allegations that Mr. Ashton is the cause of her anxiety. Her own writings, which we can only assume she possesses and has shared with her attorneys, confirms that her issues for which she now seeks to hold our client financially responsible, relate to several sources and have never related to the Bassnectar Defendants.

After the Reconsideration Motion highlighted the lack of any evidence supporting Plaintiff Doe's allegations of harm, she submitted a flimsy declaration that does not provide any specifics, let alone redacted documentation thereof, even though Plaintiff Doe alleges she is a survivor of significant physical, emotional and sexual domestic abuse (none of which is attributable to Mr. Ashton). (Dkt. 40-1 ¶ 6.) Equally unavailing is the mental health professional declaration (the "Medical Declaration") submitted in support of Plaintiff Doe's anonymity request, the glaring omissions therein which should not be lost on the Court. First, despite the Court's Order to submit a declaration that supports Plaintiff Doe's stated assertion that proceeding publicly in this case will "re-traumatize" her (Dkt. 40-1 at ¶ 8), the Medical Declaration does not address *any* trauma relating to Mr. Ashton (or any of the other Defendants), let alone how Plaintiff Doe will be "*re*-traumatized*" if she cannot proceed pseudonymously. Instead, the Medical Declaration merely states that public disclosure of Plaintiff Doe's name would be "counterintuitive" to her treatment and is completely devoid of facts regarding that treatment (demonstrating the probable brief history between Plaintiff Doe and the medical declarant). The Medical Declaration does *not* state: 1) how long Plaintiff Doe has been under treatment or enrolled in the treatment program referenced therein; 2) any specific diagnosis for Plaintiff Doe; 3) any connection between Plaintiff Doe's therapy and the allegations contained in the Amended Complaint; or 4) any specified harm will result in response to a denial of Plaintiff Doe's Pseudonym Motion.

Nothing in either declaration establishes a link between the public disclosure of Plaintiff Doe's name and the risk to her. Without that causal connection, "[t]here is simply no way to conclude that granting . . . permission to proceed under [a] pseudonym[] will prevent [plaintiff] from having to revisit the traumatic events." *Doe v. Del* Rio, 241 F.R.D. 154, 161 (S.D.N.Y. 2006).

Dated: May 26, 2021                    Respectfully Submitted,

                                       *s/ Kimberly S. Hodde*

                                       Kimberly S. Hodde (BPR 20128)
                                       Hodde & Associates
                                       40 Music Square East
                                       Nashville, TN 37203
                                       (615) 242-4200
                                       (615) 242-8115 (fax)
                                       kim.hodde@hoddelaw.com

                                       Robert A. Peal (No. 25629)
                                       Mark W. Lenihan (No. 36286)
                                       Grace A. Fox (No. 37367)
                                       Sims|Funk, PLC
                                       3322 West End Ave, Suite 200
                                       Nashville, TN 37203
                                       (615) 292-9335
                                       (615) 649-8565 (fax)
                                       rpeal@simsfunk.com
                                       mlenihan@simsfunk.com
                                       gfox@simsfunk.com

                                       Mitchell Schuster
                                       Stacey M. Ashby
                                       Meister, Seelig & Fein, LLP
                                       125 Park Avenue, 7th Floor
                                       New York, NY 10017
                                       ms@msf-law.com

                                       sma@msf-law.com

                                       *Counsel for Defendant Lorin Ashton, Amorphous*
                                       *Music, Inc., and Bassnectar Touring, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 26th day of May, 2021:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com

Brian Kent
Laff, Whitesel, Conte & Saret, Ltd.
401 N. Michigan Avenue
Suite 1700
Chicago, IL 60611-4212
(215) 399-9255
bkent@lbk-law.com

*Counsel for Plaintiffs*

Russell B. Morgan
Jason C. Palmer
Rachel Sodée
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2311
Fax: (615) 252-6311
rmorgan@bradley.com
jpalmer@bradley.com
rsodee@bradley.com

*Counsel for Defendant C3 Presents, L.L.C.*

Bennett James Wills
Brian T. Boyd
Law Office of Brian T. Boyd
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
(615) 523-2595 (fax)
bennett@boydlegal.co
brian@boydlegal.co

*Attorneys for Defendant Interactive Giving Fund*

Ashleigh D. Karnell
Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7914
(615) 742-0453 (fax)
ashleigh.karnell@bassberry.com
pmills@bassberry.com

*Attorneys for Defendant Redlight Management, Inc.*

And served via U.S. Mail to the below parties:

Gnarlos Industries, L.L.C.
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

Carlos Donohue
3337 NE 79th Ave.
Portland, OR 97213

*Defendant*

*s/ Kimberly S. Hodde*