**"IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RACHEL RAMSBOTTOM et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00272** |
| | ) | **Judge Aleta A. Trauger** |
| **LORIN ASHTON et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court is the Motion to Reconsider Order Granting Plaintiff Jane Doe #1's Motion for Leave to Proceed Under Pseudonym and for Protective Order (Doc. No. 26), filed by defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc. (collectively, the "Bassnectar defendants"). For the reasons set forth herein, the Motion to Reconsider will be granted. The court will vacate the May 10, 2021 Order (Doc. No 25) and deny plaintiff Jane Doe #1's Motion for Leave to Proceed Under Pseudonym and for Protective Order (Doc. No. 24).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The original Complaint initiating this action was brought in the name of two individual plaintiffs under their own names, Rachel Ramsbottom and Alexis Bowling, on April 5, 2021, asserting claims against the Bassnectar defendants and three other affiliated entities. (Doc. No. 1.) The plaintiffs filed their First Amended Complaint ("FAC") on May 7, 2021, adding as plaintiffs Jenna Houston and, as relevant here, an individual identified only as "Jane Doe #1" (hereinafter, "Jane Doe"). (Doc. No. 23.) The FAC added several new defendants and a new cause of action as well. Like the original Complaint, the FAC asserts claims against Ashton alone under 15 U.S.C. § 1595(a) of the Trafficking Victims Protection Reauthorization Act, which provides a civil cause

of action for victims of conduct that violates18 U.S.C. § 1591(a), and under 18 U.S.C. § 2255, which provides a civil remedy for personal injuries caused by a violation of 18 U.S.C. §§ 2252 and 2252A, pertaining to the receipt and possession of child pornography. The FAC asserts a claim against all of the defendants under § 1595(a), based on their allegedly having knowingly benefitted financially from participation in a venture that they knew or should have known was engaged in sex trafficking. In addition, plaintiff Ramsbottom now brings a separate state law negligence *per se* claim against most of the defendants in connection with their allegedly knowing of and negligently, recklessly or intentionally permitting defendant Ashton's commission of aggravated statutory rape against her.

On the same day that the plaintiffs filed the FAC, they also filed Jane Doe's Motion for Leave to Proceed Under Pseudonym and for Protective Order ("Motion for Leave"). (Doc. No. 24.) In support of this motion, Jane Doe alleged that she was seventeen years old in 2012 when she was "targeted, groomed and sexually exploited" by Aston, who used his fame and position of power to coerce Jane Doe into having sexual intercourse with him in exchange for money and other things of value and insisted that she take "sexually explicit photos of herself and send them to [him] for his sexual gratification." (Doc. No. 24, at 2.) In support of her request to pursue her claims pseudonymously, Jane Doe asserts that "disclosure of her identity and status as a victim of trafficking and/or assault would cause severe anxiety, stress and compound the severe emotional distress already suffered," that the defendants are aware of her actual identity and will not be prejudiced by the court's allowing her to proceed pseudonymously, and that allowing her to proceed anonymously will not interfere with the public's right to follow the proceedings. (*Id.* at 2–3.) She argues in a supporting Memorandum that the "overwhelming balance" of the relevant factors weighs in favor of permitting her to proceed pseudonymously, in particular because she

was a minor when the events giving rise to the lawsuit occurred, even though she is no longer a minor. (*Id.* at 7.)

The plaintiff did not submit any evidentiary support for her Motion for Leave. Nonetheless, the court granted it summarily shortly after it was filed and before the time for filing a response in opposition to the motion had expired. (Doc. No. 25.) Immediately thereafter, the Bassnectar defendants filed their Motion to Reconsider and supporting Memorandum of Law (Doc. Nos. 26, 27), asking the court to reconsider its Order granting Jane Doe's motion and, instead, deny it. As Local Rule 7.01(b) does not permit a response to this type of Motion to Reconsider absent leave of court, the court entered an Order directing the plaintiffs to respond. (Doc. No. 31.) Thereafter, defendant Interactive Giving Fund filed a Response signaling its support of the Bassnectar defendants' Motion (Doc. No. 33), and the plaintiffs filed their Response in Opposition to the Motion, along with the Declaration of Jane Doe (Doc. Nos. 40, 40-1). Upon being directed by the court to file the "declaration of at least one mental health professional who is treating or has treated Jane Doe #1, which declaration shall address her assertion that proceeding publicly will 're-traumatize' her" (Doc. No. 43), the plaintiffs also submitted the sealed Declaration of Soo Lee-Samuel, MD, MA (Doc. No. 46). The Bassnectar defendants filed a Reply (Doc. No. 47), after requesting and being granted leave to do so.

## II.    STANDARD OF REVIEW

### A.    Motion to Reconsider

Under the Local Rules of Court, the court may act on any motion prior to the expiration of the time allowed for a response. L.R. 7.01(b). However, in that event, if the affected party disagrees with the court's action, it may file a motion to reconsider within fourteen days after service of that order. *Id.* That is what occurred in this case, and the result is that the court addresses the original motion *de novo*, treating the motion to reconsider as a response in opposition to the original motion

and the original movant's response as a reply. *Accord Worley v. Perfect Equip. Co., LLC*, No. 3:05-0080, 2006 WL 17333, at *1 (M.D. Tenn. Jan. 3, 2006).

> **B.      Motions to Proceed Pseudonymously**

The "general rule [is] that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)); *see also Smith v. S.E.C.*, 129 F.3d 356, 359 n.1 (6th Cir. 1997) (noting the "strong presumption that court files will be open to the public"). This rule has "constitutional overtones," as a plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment . . . ." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)) (internal quotation marks omitted); *see also Doe v Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F3d 1036, 1042 (9th Cir. 2010) ("The normal presumption . . . that parties must use their real names . . . is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." (internal citations omitted)).

The Sixth Circuit has identified a non-exhaustive list of factors courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* at 560 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether "a plaintiff's privacy interests *substantially outweigh* the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560 (emphasis added).

## III.    DISCUSSION

In this case, the defendants' Motion to Reconsider references the four factors identified by the Sixth Circuit, points out that three of the four weigh against allowing the plaintiff to proceed pseudonymously, and argues that the fourth—whether the plaintiff would be required to disclose matters of utmost intimacy in this litigation—weighs slightly in favor of the plaintiff but is not sufficient, standing alone, to warrant allowing her to proceed anonymously, particularly given that the plaintiff did not submit any admissible evidence, such as an affidavit or declaration, in support of her initial request to proceed anonymously. They also argue that they would be significantly prejudiced by being required to proceed against an anonymous plaintiff. In response, Jane Doe disagrees with the defendants' analysis but also argues that additional factors are relevant in her case, including whether the plaintiff will suffer harm if she is identified and the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. (Doc. No. 40, at 10 (citing *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).)

The court addresses each of the factors identified by the parties as relevant in this case, below. The parties also make a number of extraneous arguments that the court will address first.

### A.    Extraneous Arguments

Among other things, Jane Doe argues that "state law in Tennessee has long permitted plaintiffs to proceed anonymously." (Doc. No. 40, at 10–11 (citing cases).) The court finds that Tennessee law on this topic is simply irrelevant. The plaintiffs have brought federal claims in federal court, and the "Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship." *Am. Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 546 (6th Cir. 2014) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.

2001)). Rule 10(a) is governing, as is federal caselaw regarding when an exception to the rule applies.

Jane Doe then argues that the defendants have improperly cited "unavailing, extra-jurisdictional authority to support their argument" in order to side-step Sixth Circuit and Tennessee law that favors allowing her to proceed anonymously. The court recognizes the inconsistency of Jane Doe's position here. She herself cites to *EW v. New York Blood Center*, a case from the Eastern District of New York, in support of her argument that additional factors, aside from those specifically recognized by the Sixth Circuit, are relevant to her circumstances and weigh in her favor. Her argument is not improper, nor is it improper for the defendants to cite to, and rely upon, opinions from outside the Sixth Circuit as persuasive—even if not binding—authority.

Jane Doe also cites and relies heavily upon Rule 26, which authorizes persons from whom *discovery* is sought to move for a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A litigant's identity is not a matter subject to "discovery" in the ordinary sense of that term, and Rule 26(c) has no applicability in this particular context. However, courts have recognized that other types of protective orders, such as those requiring that documents containing sensitive information be sealed or redacted, may be appropriate as an alternative to permitting a litigant to proceed anonymously. *See, e.g.*, *Doe v. Solera Capital LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *8 (S.D.N.Y. Mar. 31, 2019) ("Sealing and redacting certain documents containing sensitive information are sufficient alternatives to anonymity and, in fact, [are] routinely done in cases involving sensitive matters."), *reconsideration denied*, No. 18 CIV 1769 (ER), 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019). To the extent the plaintiff believes that such protective orders are

warranted with respect to particular documents that may be filed in the future, she remains free to file motions requesting such protection.

Finally, the plaintiff mischaracterizes the defendants' Motion to Reconsider as effectively threatening to "widely and publicly" broadcast her name and identity (Doc. No. 40, at 8), based on the defendants' argument that their ability to conduct pretrial discovery would be prejudiced if Jane Doe is allowed to proceed pseudonymously, because it "would prevent non-parties with information about her allegations, that are helpful to the Bassnectar Defendants—but unknown to the Bassnectar Defendants—from coming forward." (Doc. No. 27, at 11.) The defendants' argument in that regard is addressed below. At this juncture, the court simply notes that the plaintiff's hyperbolic response to the argument and interpretation of it as a threat are unwarranted.

## B.      The "*Porter*" Factors

The plaintiffs here do not challenge governmental activity; the litigation will not compel Jane Doe to disclose an intention to violate the law; and Jane Doe is not a minor. These factors, therefore, weigh in favor of requiring Jane Doe to proceed under her real name.

The plaintiff attempts to argue that the first two of these factors "simply do not apply" in this case and, therefore, "will take no part in the court's analysis." (Doc. No. 40, at 13.) She is mistaken. The fact that the answer to the questions raised by these factors is "no" does not mean that the factors are irrelevant. Instead, they weigh against Jane Doe. *Accord Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (where the plaintiff sued both a government entity (school district) and individuals, finding that this factor did not weigh in favor of anonymity, because the individual defendants had "valid concerns regarding the impact of this case on their individual reputations").

The plaintiff also argues that, because she was a minor when the events giving rise to her claims occurred, this factor actually weighs "heavily" in her favor "in the overall analysis," even

though she is no longer a minor.[1] (Doc. No. 40, at 12.) This factor, however, asks whether the present litigant is particularly vulnerable because of her age. *See, e.g. D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a protective order, because, among the other factors, the plaintiff "was [not] a child when he filed this lawsuit," even though he was a minor when the events he complained of occurred); *Rose*, 240 F.R.D. at 268 (denying pseudonym status for the plaintiff, even though she was a minor at time of her involvement with a school sex club, because, among other factors, she was nineteen years old when she filed her complaint, such that "the concern that courts display for children of a tender age and their vulnerable status does not currently apply to [plaintiff]"). The court finds that the fact that the plaintiff was a minor in 2012 when the events giving rise to her claims occurred does not weigh in favor of granting her leave to proceed anonymously now. She is no longer a minor, and this factor weighs in favor of denying such leave.

The remaining *Porter* factor is whether prosecution of the suit will compel Jane Doe to disclose information of the "utmost intimacy." *Porter*, 370 F.3d at 560. Jane Doe argues that her claims involve allegations of child sexual abuse and trafficking, which courts have recognized as "highly private and personal matters" of the "utmost intimacy." (Doc. No. 40, at 12.) While courts have, indeed, recognized that allegations of sexual assault are "highly personal," "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Doe v. McLellan*, No. CV 20-5997 (GRB) (AYS), 2020 WL 7321377, at *1 (E.D.N.Y. Dec. 10, 2020) (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14 Civ. 5601(HBP), 2015 WL 7017431, *3 (S.D.N.Y. Nov. 12, 2015)); *see also Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020)

---

[1] The Amended Complaint alleges that Jane Doe was seventeen years old in the summer of 2012, making her approximately twenty-six years old now.

(recognizing that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym" (collecting cases)). This court, too, finds that, although this factor weighs in favor of the plaintiff, it is not sufficient, standing alone, to overcome the presumption in favor of the disclosure of litigants' true names, especially when the remedy of sealing specific filings of a sensitive nature is available.

## C.    Other Factors

### 1.    Prejudice to the Defendants' Right to Mount a Defense

Courts considering this factor have examined "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously," among other considerations. *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021) (citations omitted). As in *Rapp*,[2] and contrary to Jane Doe's largely conclusory assertions, the defendants have established that they would be prejudiced in each of these areas if she is allowed to proceed under a pseudonym.

First, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596–97) (Brennan, J. concurring) ("Public trials come to the attention of key witnesses unknown to the parties")); *see also Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward

---

[2] In *Rapp*, one plaintiff was identified by name and a second sought to proceed anonymously, in a suit alleging that defendant Kevin Spacey Fowler, better known as Kevin Spacey, sexually assaulted them decades ago, when Spacey was in his twenties and the plaintiffs were teenagers. *Rapp*, 2021 WL 1738349, at *1.

of their own volition to either bolster or refute a plaintiff's allegations."). By keeping Jane Doe's identity confidential while the defendants' is known, "information about only one side may thus come to light," not only prejudicing the Bassnectar defendants, but also hindering "the judicial interest in accurate fact-finding and fair adjudication." *Del Rio*, 241 F.R.D. at 159.[3]

Second, the Bassnectar defendants contend that, based simply on the nature of the plaintiffs' allegations, they—and Ashton in particular—have already suffered "immeasurable reputational damage," which will be "harder to mitigate" if the plaintiff is allowed to remain anonymous. (Doc. No. 27, at 12 (quoting *Rapp*, 2021 WL 1738349, at *7).) This consideration is not insignificant. "Information and allegations that are highly sensitive and of a personal nature can flow both ways." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019).

And third, concerns of fundamental fairness suggest that defendants are prejudiced when "required to defend [themselves] publicly before a jury while plaintiff[s] . . . make . . . accusations from behind a cloak of anonymity." *Rapp*, 2021 WL 1738349, at *7 (citation omitted). Jane Doe makes serious charges, thus putting her credibility in issue. "Fairness requires that [she] be prepared to stand behind [her] charges publicly." *Id.*

---

[3] The defendants also argue that Jane Doe's desire for anonymity is at odds with her attorney's decision to contact the press to publicly advertise this case prior to the filing of the Amended Complaint, asking for witnesses and other potential victims to come forward. (Doc. No. 27, at 3 (citing Janean Cuffee, "EDM DJ Bassnectar Accused of Sexually Abusing Minors," *The Legal Herald* (May 4, 2021) available at https://legalherald.com/philadelphia-pa-electronic-dancemusic-edm-dj-bassnectar-lorin-ashton-accused-of-sexual-assault/ (last visited May 11, 2021) ("Brian [Kent, attorney of record for Plaintiff Doe] and his firm ask any additional witnesses to step forward. If you or your child was abused or have any helpful information for the investigation, contact Brian and his law firm.")).) While this media statement was issued prior to Jane Doe's joining the suit, it reinforces the suggestion that keeping Jane Doe's name secret may hinder the defendants' ability to find unknown witnesses. It also substantiates the conclusion that the public's interest in this case is high.

The court finds that allowing Jane Doe to proceed anonymously would disadvantage the Bassnectar defendants at all stages of litigation, including settlement, discovery, and trial, make it more difficult to obtain witnesses and witness testimony, provide the defendants with less leverage in settlement negotiations, and hinder their ability to fully and adequately cross-examine Jane Doe. *Accord Skyline Autos.* 375 F. Supp. 3d. at 407. This factor weighs in favor of the defendants and against anonymity.

### 2. The Risk of Psychological and Other Harm to the Plaintiff

The court finds that psychological harm to the plaintiff is the type of injury that could justify permitting her to proceed under a pseudonym. *Accord Del Rio*, 241 F.R.D. at 161. However, plaintiffs alleging mental harm in this type of situation must "base their allegations . . . on more than just mere speculation." *Rapp*, 2021 WL 1738349, at *5 (citation omitted). More particularly, when a plaintiff claims that disclosure of her identity in litigation will "retrigger" psychiatric trauma symptoms, she must provide some "link between public disclosure of plaintiff's name and the described psychological risk"; otherwise, "[t]here is simply no way to conclude that granting . . . permission to proceed under [a] pseudonym[] will prevent [plaintiff] from having to revisit the traumatic events." *Id.* (quoting *Del Rio*, 241 F.R.D. at 161).

In *Del Rio*, for example, the court distinguished the facts before it from those in *Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999), where the plaintiff was permitted to proceed under a pseudonym. Specifically, in *Smith*,

> plaintiff's supporting medical submission . . . , based on a diagnosis of dissociative identity disorder, predicted a consequence that would specifically result from *public disclosure of plaintiff's name*: "[P]roceeding publicly would cause [plaintiff] to decompensate psychologically to a point at which she could not . . . pursue the current legal process and would suffer severe risk to her safety and to her survival."

*Del Rio*, 241 F.R.D. at 161 (quoting *Smith*, 105 F. Supp. 2d at 43).

In contrast, in *Del Rio*, the plaintiff's therapist claimed only that "it appears very likely, given [plaintiff/s] high degree of fear and reactivity, that, should her case no longer remain anonymous, . . . she will suffer a recurrence of PTSD [post-traumatic stress disorder] along with depression." *Id.* As the court observed, however, the therapist's note did not

> establish[] any link between public disclosure of plaintiff's name and the described psychological risk to Jane Doe. The therapist's opinion is explicitly based on the observation that PTSD "can be retriggered if the individual is re-exposed to the perceived threat." *Being "re-exposed" to the perceived wrong, however, is an inevitable consequence of litigation itself.* If the case goes forward, Jane Doe will be deposed, no doubt in the presence of the accused defendant; in the less certain event of trial, she will presumably testify in a public courtroom and be subjected to cross-examination. These procedures would occur whether or not the pleadings disclosed Jane Doe's true name. There is simply no way to conclude that granting plaintiffs permission to proceed under pseudonyms will prevent Jane Doe from having to revisit the traumatic events—in other words, from being "re-exposed to the perceived threat."

*Id.* (internal citations to the record omitted) (emphasis added).

In this case, the plaintiff has submitted her own Declaration in which she attests that, in addition to the sexual abuse and exploitation she allegedly suffered at the hands of defendant Ashton, the plaintiff is also the survivor of "significant physical, emotional and sexual domestic abuse." (Doe Decl., Doc. No. 40-1 ¶ 6.) Jane Doe understands that participation in this lawsuit will require her to "disclose details of [her] personal life that involve facts that are of the utmost intimacy," but she fears that, if her identity is disclosed, she will be "re-traumatized as a survivor of child sexual abuse and trafficking," resulting in "significant exacerbation" of her continued suffering, with respect to which she has been and continues to undergo therapy. (*Id.* ¶¶ 8, 10.) The court finds these assertions to be conclusory and largely speculative. Jane Doe provides no details about the symptoms she experienced in the past or continues to experience and no basis for making a connection between the disclosure of her identity and the expected exacerbation of such symptoms.

Jane Doe has also submitted the Declaration of her treating psychiatrist in support of her motion. Dr. Lee-Samuel attests that it is her "clinical and professional opinion" that requiring Jane Doe to disclose her true identity in this litigation would "be counterintuitive" to Jane Doe's treatment and "would most likely sabotage her progress thus far." (Doc. No. 46 ¶ 4.) She therefore recommends that Jane Doe not disclose her name publicly "so that she may continue her recovery progress." (*Id.*) Notably, this Declaration does not provide a specific diagnosis, offer a connection between the plaintiff's therapy and the allegations in the Amended Complaint, or identify specific harm that would result if the plaintiff's Motion for Leave is denied. It does not even state how long Jane Doe has been under Dr. Lee-Samuel's care or how long she has been enrolled in the treatment program referenced in the Declaration. The Declaration provides no sense of the severity of the plaintiff's current symptoms, nor of the "severity of any consequences" of the potential retriggering of her trauma. *Accord Rapp*, 2021 WL 1738349, at *6. More importantly, the Declaration does not provide any factual basis (such as a diagnosis or reference to actual symptoms) to support the conclusion that disclosure of Jane Doe's real name, *per se*, would cause her harm. As in *Rapp*, it is clear that the type of harm the plaintiff alleges—the retriggering of her symptoms—is just as likely to be caused by the pursuit of litigation itself.

The plaintiff also states that she fears that public disclosure of her identity will subject her to in-person and/or online stalking and harassment by Ashton's fans. (*Id.* ¶ 8.) She claims to be aware of "other individuals" who have "received threatening and harassing phone calls" following the filing of the original Complaint. (*Id.*) She further affirms that she has never identified herself publicly regarding this litigation or spoken to the media about her participation in this litigation. (*Id.* ¶ 9.) While the threat of actual danger or retaliation is a real concern and would be a factor that could justify permitting a plaintiff to proceed under a pseudonym, the plaintiff's concern in

this case appears to be speculative. Notably, three other plaintiffs are proceeding under their own names, and the defendants face their own risk of online and in-person stalking and harassment, based on the nature of the allegations in this case.

The court finds, in sum, that the Declarations submitted by Jane Doe are of limited utility and that this factor lends very little, if any, support to her request to proceed under a pseudonym.

### 3. The Public's Interest in Open Access to Proceedings

Jane Doe asserts that the public's interest in open access to judicial proceedings will not be harmed by allowing her to proceed under a pseudonym, but she offers no evidence or any real argument to support that assertion. The court finds that this factor, too, weighs in favor of the defendants.

"The public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'" *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) (quoting *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)). The public's legitimate interest in knowing litigants' identities is "magnified" when, as here, the plaintiff brings claims against a public figure. *Rapp*, 2021 WL 1738349, at *8 (S.D.N.Y. May 3, 2021); *see also Weinstein*, 2020 WL 5261243, at *6.

Jane Doe argues that there is a competing public interest in keeping the identity of those who make sexual assault allegations anonymous so that they are not deterred from vindicating their rights. She suggests that the Bassnectar defendants' assertion that plaintiffs bringing allegations of the type made in this case should be "subject to shame and embarrassment" presents a "case study for why survivors [of sexual assault] hesitate to come forward." (Doc. No. 40, at 17–18.) Insofar as Jane Doe implies that the Bassnectar defendants make improper arguments or seek to unmask Jane Doe's identity for an improper purpose, the argument is not supported by the

record. Moreover, while it is true that the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, "it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." *Rapp*, 2021 WL 1738349, at *8.

This factor weighs in favor of disclosure of the plaintiff's identity.

### D.    Weighing the Factors

The fact that the allegations in this case are of a highly personal nature, involving matters of utmost intimacy, weighs in favor of the plaintiff's anonymity. However, even if the court also presumes that the risk of psychological trauma to the plaintiff if she is required to proceed under her real name also weighs slightly in her favor, these two factors together, under the particular circumstances of this case, stacked against the other factors, do not "substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560.

## IV.    CONCLUSION

For the reasons set forth herein, the Bassnectar defendants' Motion to Reconsider (Doc. No. 26) is **GRANTED**; the May 10, 2021 Order (Doc. No 25) is **VACATED**; and plaintiff Jane Doe's Motion for Leave to Proceed Under Pseudonym and for Protective Order (Doc. No. 24) is **DENIED**. By July 12, 2012, plaintiff Jane Doe **SHALL** file a notice containing her true name. The Clerk **SHALL**, at that time, update the case caption.

It is so **ORDERED**.

 

_____
ALETA A. TRAUGER
United States District Judge