# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, JANE DOE #1 | ) ) ) ) CIVIL ACTION |
| Plaintiffs, | ) No. 3:21-cv-00272 |
| v. | ) JURY TRIAL DEMANDED |
| LORIN ASHTON, AMORPHOUS MUSIC, INC., BASSNECTAR TOURING, INC., REDLIGHT MANAGEMENT, INC., C3 PRESENTS, L.L.C., INTERACTIVE GIVING FUND, GNARLOS INDUSTRIES, LLC, : CARLOS DONOHUE; ABC : CORPORATIONS, ONE THROUGH TEN (said Names Being Fictitious), JOHN DOES, ONE THROUGH TEN (said Names Being Fictitious) Defendants. | |

## C3 PRESENTS, L.L.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

C3 Presents, L.L.C. ("C3 Presents") respectfully submits this Reply in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). The FAC fails to allege sufficient facts to support a claim, Plaintiffs' Response contradicts facts in the FAC, including the alleged secrecy of the sex-trafficking activities, while also arguing facts not in the FAC, and venue is improper in this District. As a result, C3 Presents's Motion should be granted.

**A.     PLAINTIFFS FAIL TO STATE A TVPRA CLAIM AS TO C3 PRESENTS.**

Plaintiffs' TVPRA claim should be dismissed because Plaintiffs fail to allege facts that provide a basis for asserting that C3 Presents knew or should have known that the particular

1

"venture" alleged was a sex-trafficking venture or that C3 Presents "knowingly benefited" from that participation. To satisfy the "knew or should have known" standard, "a plaintiff must allege…that the defendant knew or should have known of sex trafficking by *the particular sex-trafficking venture* in which the defendant is alleged to have participated." *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 707 (E.D. Mich. 2020). To avoid this requirement, Plaintiffs rely heavily on *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) for the argument that the "knew or should have known" standard is satisfied so long as the defendant has generalized knowledge or "abstract awareness" (Resp. in Opp. p. 19) of sex trafficking. Plaintiffs' reliance on *M.A.* is misplaced and, like the Court in *H.G.*, this Court should reject the erroneous interpretation offered by the court in *M.A.*, which *does not* reflect the majority view on the "knew or should have known" standard. *See* 489 F. Supp. 3d at 707 (expressly disagreeing with the *M.A.*'s interpretation of the standard). To adopt Plaintiffs' construction of the "knew or should have known" standard would be to "create a vehicle to ensnare conduct that the statute never contemplated"—something the Sixth Circuit has expressly warned against in interpreting the TVPRA. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016).[1]

Further, the twenty-two allegations in the FAC asserting that Plaintiffs were sworn to secrecy undermine any argument that C3 Present knew or should have known of Bassnectar's alleged sex trafficking of the Plaintiffs. (Am. Compl. ¶¶ 10, 12, 46, 53, 78, 106, 124, 125, 133, 134, 138, 148, 149, 150, 162, 163, 170, 174, 177, 179, 183, 185.) Plaintiffs now desperately

---

[1] Plaintiffs' Response in Opposition critiques C3 Presents' reliance on *Ayfare*, one of the only cases from the Sixth Circuit that analyzes TVPRA entity liability. (*See* Resp. in Opp. pp. 11–12.) *M.A.*—the case Plaintiffs' rely on most heavily—expressly stated that *Ayfare* was relevant. 425 F. Supp. 3d at 969.

2

Case 3:21-cv-00272   Document 66   Filed 07/14/21   Page 2 of 8 PageID #: 421

contradict those allegations, claiming Bassnectar engaged in "flagrant criminal activities" [sex-trafficking] that occurred in "broad daylight" and "out in the open including within the view of [C3 Presents]." (Resp. in Opp. pp. 3, 8, 19.) Plaintiffs also inappropriately and desperately include facts in their Response not alleged in the FAC, in particular allegations that minors were provided with backstage passes and hotel room keys at shows in which C3 Presents was involved. (*Id.* pp. 2–3.) Plaintiffs may not rely on or assert facts in response to a motion to dismiss not asserted in their FAC. *Reilly v. Meffe*, 6 F. Supp. 3d 760, 778 (S.D. Ohio 2014) ("[New] facts should not be considered in ruling on a 12(b)(6) motion."). To the extent the Response contradicts the facts of the FAC or assert facts not in the FAC, this Court must look to the FAC. *See Defs. of Wildlife v. Jewell*, No. 3:13-CV-698-PLR-CCS, 2015 WL 402680, at *9 (E.D. Tenn. Jan. 28, 2015).

Simply put, there is not one single fact in the FAC to support that C3 Presents "knew or should have known" of a particular sex-trafficking venture. In *M.A.*, a litany of facts supported Plaintiffs' assertion that the hotel-defendant "knew or should have known" of sex-trafficking— "desperate pleas and screams for help" by the plaintiff, signs of "obvious torture" and "physical deterioration," and visits by approximately ten men per day. 425 F. Supp. 3d at 967. In complete juxtaposition to such very outward signs of sex trafficking, the sex-trafficking alleged to have occurred here happened in private hotel rooms or at Bassnectar's private home, via text message and other secretive apps, and under the demand of complete secrecy. (Am. Compl. ¶¶ 10, 12, 46, 53, 78, 106, 124, 125, 133, 134, 138, 148, 149, 150, 162, 163, 170, 174, 177, 179, 183, 185.)

Plaintiffs also failed to demonstrate that C3 Presents "knowingly benefited" from participation in the sex-trafficking venture alleged. Plaintiffs rely on two non-binding cases for this point, but neither case supports Plaintiffs' position because of their factual dissimilarities.

3

*See M.A.*, 425 F. Supp. 3d 959[2]; *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 192 (E.D. Pa. 2020). In both cases, the moving defendant had rented hotel rooms to the alleged sex trafficker(s) that they then used for sex-trafficking purposes. *M.A.*, 425 F. Supp 3d at 965; *A.B.*, 455 F.Supp. 3d at 175. In *M.A.*, the court found "that the rental of a room constitutes a financial benefit from the trafficker sufficient to meet [the knowingly benefits] element of the § 1595(a) standard." 425 F. Supp 3d at 965. Contrary to Plaintiffs' assertion that C3 Presents raised "essentially identical arguments" as the defendants in *M.A.* (Resp. in Opp. p. 11), Plaintiffs have not alleged any form of a knowing financial benefit that is as clear as a hotel renting a hotel room to, and collecting payment from, a sex-trafficker who carries out his trafficking in that room. Instead, Plaintiffs merely allege in their Response that C3 Presents profited generally and received "intangible value" from its association with the Bassnectar brand (*Id.* p. 12)—hardly the type of "knowing benefit" held sufficient in *M.A.* and *A.B.* The FAC does even less—instead providing a threadbare recitation of the "knowingly benefitted" element without separating out C3 Presents's "knowing benefit" from that of the other defendants (none of whom are related to it).[3] (Am. Compl. ¶¶ 18, 72, 204, 209, 210.)

**B.      VENUE IS IMPROPER IN THIS COURT.**

Dismissal is also proper as Plaintiffs have failed to satisfy their burden of proving that venue is proper in this District, and justice does not require the transfer of Plaintiffs' otherwise deficient TVPRA claim against C3 Presents. *See* 28 U.S.C.A. § 1406. It is patently untrue that "a substantial part of the events or omissions giving rise to the claims asserted…occurred in [this

---

[2] Throughout the Response in Opposition, Plaintiffs' repeatedly rely on *M.A.* and emphasize that it is a case "in this very jurisdiction." (Resp in Opp. p. 11.) It is not—it is from the Southern District of Ohio. To the extent Plaintiffs attempt to argue that district court cases from the Sixth Circuit are binding on this Court, a district court in the Sixth Circuit has since explicitly disagreed with the holding and reasoning of *M.A. See H.G.*, 489 F. Supp. 3d 697.

[3] "Group pleading" concerns are not only limited to fraud context as Plaintiffs suggest. (Resp. in Opp. p. 20.) It is a fundamental rule of civil procedure that a defendant must be given fair notice of the claims against it so that it can know which factual allegations are aimed at it and the grounds upon which those allegations rest. *M.A.*, 425 F. Supp. 3d at 973 (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007)). Plaintiffs' FAC fails this elementary task.

district]." (Am. Compl. ¶ 41). The Tennessee-specific events alleged in the FAC fail to connect C3 Presents, or any of the entity defendants for that matter, to the present action in any meaningful or significant way—these events are correspondence between Bassnectar and one plaintiff (*Id.* at ¶¶ 80, 82), and three private interactions between Bassnectar and the same plaintiff. (*Id.* at ¶¶ 83–91, 94.)[4] Plaintiffs have established, at most, a tenuous connection to this judicial district through scant factual allegations involving one of four plaintiffs and one of eight named defendants—such allegations hardly qualify as a "substantial part" of the events or omissions giving rise to the TVPRA claim against C3 Presents.

C. **PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR COMPLAINT YET AGAIN.**

Plaintiffs alternatively ask this Court for a dismissal without prejudice to allow for a Second Amended Complaint. This is wholly improper because Local Rule 15.01 requires that a motion to amend provide the reasons for, and the substance of, the proposed amended complaint, in addition to providing the proposed amended pleading. Further, allowing amendment would be futile as Plaintiffs have already had the chance to amend their complaint once—and still failed to state a TVPRA claim—and Plaintiffs are not entitled to an advisory opinion. *See H.G.*, 489 F. Supp. 3d at 712 (*citing Begala v. PNC Bank, Ohio*, 214 F.3d 776, 784 (6th Cir. 2000)) (denying plaintiffs' request to amend, holding the TVPRA plaintiff was not "entitled to an advisory opinion from the Court informing [her] of the deficiencies of [her] complaint and then [yet another] opportunity to cure those deficiencies."). Consequently, Plaintiffs' requested alternative relief should be denied and C3 Presents's Motion to Dismiss should be granted.

---

[4] Plaintiffs' Response in Opposition also references its assertion in the FAC that Bassnectar engaged in a commercial sex act with Plaintiff Ramsbottom by paying her for sex at a hotel in Memphis. (Resp. in Opp. p. 21.) To the extent Plaintiffs attempt to establish proper venue in the Middle District of Tennessee by an event that occurred in Memphis, this fails as Memphis is located within the Western District of Tennessee.

Respectfully submitted,

*/s/ Russell B. Morgan*
Russell B. Morgan (BPR No. 20218)
Jason C. Palmer (BPR No. 036146)
Rachel L. Sodée (BPR. No. 038391)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2311
Fax: (615) 252-6311

*/s/ R. Scott McCullough*
R. Scott McCullough (BPR No. 19499)
MCNABB, BRAGORGOS, BURGESS & SORIN, PLLC
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Phone: (901) 624-0640
Fax: (901) 624-0650
smccullough@mbbslaw.com

*Attorneys for Defendant C3 Presents, L.L.C.*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document is being served through the Court's Electronic Filing System, or via U.S. Mail, first class postage prepaid, to all other parties on July 14, 2021:

Phillip Miller
631 Woodland Street
Nashville, TN 37206

Brian Kent
M. Stewart Ryan
Alexandria MacMaster
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107

*Attorneys for Plaintiffs*

Robert A. Peal
Mark W. Lenihan
Grace A. Fox
SIMS/FUNK, PLC
3322 West End Ave., Suite 200
Nashville, TN 37203

Kimberly S. Hodde
HODDE & ASSOCIATES
40 Music Square East
Nashville, TN 37203

Stacey M. Ashby
Mitchell Schuster
MEISTER SEELIG & FEIN LLP
125 Park Avenue, 7th Floor
New York, NY 10017

*Attorneys for Defendants Lorin Ashton,
Amorphous Music, Inc., and
Bassnectar Touring, Inc.*

Brian T. Boyd
Bennett J. Wills
LAW OFFICE OF BOYD & WILLS
214 Overlook Cir., Ste. 275
Brentwood, TN 37027

*Attorneys for Interactive Giving Fund*

Paige W. Mills
Ashley Karnell
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

*Attorneys for Red Light Management, Inc.*

Cynthia A. Sherwood
Davis Fordham Griffin
Sherwood Boutique Litigation, PLC
201 Fourth Avenue, N
Suite 1130
Nashville, TN 37219

*Attorneys for Carlos Donohue and
Gnarlos Industries, L.L.C.*

/s/ Russell B. Morgan
Russell B. Morgan