IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, JANE DOE #1<br><br>Plaintiffs,<br><br>v.<br><br>LORIN ASHTON, AMORPHOUS MUSIC, INC., BASSNECTAR TOURING, INC., REDLIGHT MANAGEMENT, INC., C3 PRESENTS, L.L.C, INTERACTIVE GIVING FUND, GNARLOS INDUSTRIES, LLC, CARLOS DONOHUE, ABC CORPORATIONS, ONE THROUGH TEN (said Names Being Fictitious), JOHN DOES, ONE THROUGH TEN (said Names Being Fictitious),<br><br>Defendants. | CIVIL ACTION NO. 3:21-cv-00272<br><br>JURY TRIAL DEMANDED |

**DEFENDANT LORIN ASHTON'S MEMORANDUM OF LAW IN SUPPORT OF HIS PARTIAL MOTION TO DISMISS COUNT IV**

Defendant Lorin Ashton ("Ashton") respectfully moves this Court to dismiss Count IV of the First Amended Complaint (the "FAC") filed against him by Plaintiff Rachel Ramsbottom ("Ramsbottom") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of his Motion, Ashton states as follows:

**INTRODUCTION**

Like much of the Amended Complaint, Count IV relies on a manufactured legal theory. Specifically, in Count IV Plaintiff Rachel Ramsbottom attempts to make out a claim for "negligent statutory rape." While this theory may make for a mildly engaging law review article, it is insufficient and improper in this lawsuit as a matter of law. The overreaching nature of this

1

claim is exceeded only by its facial untimeliness. Ramsbottom alleges a precise timeline that outlines when she allegedly discovered the connection between the harms she claims she has suffered and Ashton's alleged conduct from nearly a decade ago. Unfortunately, Ramsbottom's inclusion of such a precise timeline demonstrates that she waited until after the statute of limitations had run to file this lawsuit. In stark contrast to her precise timeline, however, Ramsbottom fails to plead facts sufficient to show a violation of the underlying statutes. As a result, Count IV should be dismissed with prejudice.

## FACTUAL ALLEGATIONS RELATING TO COUNT IV[1]

Ashton is a music artist and performer who is more widely known by his stage name – "Bassnectar." (FAC ¶ 1-2.) Ashton has a large following throughout the United States, where he performs at shows and music festivals. (*Id*. at ¶¶ 2-3.)

Ramsbottom is an adult female born on May 23, 1995. (*Id.* ¶ 19.) Ramsbottom alleges that she was contacted by Ashton via Twitter in September 2012. (*Id.* ¶ 78.) Ramsbottom alleges that Ashton provided his phone number and maintained regular communication with her until May 2013. (*Id.* ¶ 80.) Ramsbottom also alleges that Ashton "gained [her] trust" "by presenting himself as a friend and a mentor, discussing school and offering his advice." (*Id.* ¶ 82.)

Ramsbottom alleges that on or about May 3, 2013 (when Ramsbottom was twenty days away from her 18th birthday), Ashton had sex with her. (*Id.* ¶¶ 84-86.) At the time, Ashton was 35. (*Id.* ¶ 25.) Ramsbottom alleges that she began therapy sessions in 2019 and "[i]t was only after beginning therapy that [she] was able to connect the injuries and damages complained of in this complaint to what Bassnectar had done to her. . . ." (*Id.* ¶ 96.)

---

[1] The FAC's plausibly pleaded allegations are accepted as true, as Rule 12(b)(6) requires, but only for the purposes of this motion. In the event any of Ramsbottom's claims against Ashton proceed, he will demonstrate that Ramsbottom's substantive allegations are false.

2

Count IV of the FAC alleges a negligence *per se* claim against Ashton as well as other Defendants, based on this single, allegedly sexual encounter in May, 2013 for violations of the following two Tennessee statutes: Tenn. Code Ann. § 39-13-506(c) (Aggravated Statutory Rape) and Tenn. Code Ann. § 39-13-532 (Statutory Rape by an Authority Figure).

Tenn. Code Ann. § 39-13-506(c) provides that "[a]ggravated statutory rape is the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim."

Tenn. Code Ann. § 39-13-532 provides that:

> (a) Statutory rape by an authority figure is the unlawful sexual penetration of a victim by the defendant or of the defendant by the victim when: (1) The victim is at least thirteen (13) but less than eighteen (18) years of age; (2) The defendant is at least four (4) years older than the victim; and (3)(A) The defendant was, at the time of the offense, in a position of trust, or had supervisory or disciplinary power over the victim by virtue of the defendant's legal, professional, or occupational status and used the position of trust or power to accomplish the sexual penetration . . . .

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) requires the court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all of the complaint's well pleaded factual allegations as true. *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of

action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Id*. at 679. As this Court has emphasized, "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Patel v. Hughes*, No. 3:13–0701, 2014 WL 4655285, at *1 (M.D. Tenn. Sept. 16, 2014) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555). In other words, the plaintiff must show a basis for relief, not merely assert a claim for it.

Pursuant to Rule 8(c), the argument that a plaintiff's claims are barred by the applicable statute of limitations is an affirmative defense and, as the Sixth Circuit has noted, a plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) citations omitted). For this reason, a motion under Rule 12(b)(6) – which considers only the allegations in the Complaint — is the appropriate vehicle for dismissing a claim that falls outside of the relevant limitations period only when the allegations in the complaint "affirmatively show that the claim is time-barred" and that dismissing that claim under Rule 12(b)(6) is appropriate. *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." (internal citations and quotations omitted))).

Here, Plaintiff Ramsbottom's claim in Count IV against Mr. Ashton is perfectly situated for dismissal based on two, independent legal failings: first, Count IV falls outside the applicable

4

statute of limitations; and second, even if her claim were timely, Ramsbottom has not plead sufficient facts to show a violation of either of the two statutes at issue in her negligence *per se* claim as a matter of law.

## ARGUMENT

### I. Count IV of the FAC is Barred by the Applicable Statute of Limitations.

As a threshold matter, the statute of limitations that governs Ramsbottom's negligence *per se* claim has run. In general, personal injury torts, as determined by the "gravamen of the complaint," must be brought within one year of the accrual of the action. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012). When the plaintiff is a minor or incapacitated, the statute of limitations is tolled until the age of majority. Tenn. Code Ann. § 28-1-106(a). Accrual under the discovery rule occurs "not only when the plaintiff has actual knowledge of a claim but also when the plaintiff has actual knowledge of 'facts sufficient to put a reasonable person on notice that he [or she] has suffered an injury as a result of wrongful conduct.'" *Redwing*, 363 S.W.3d at 459 (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)). The latter type of accrual is referred to as "constructive notice" or "inquiry notice." *Redwing*, 363 S.W.3d at 459. As an example, the Tennessee Supreme Court has concluded that a victim of sexual abuse was on inquiry notice of his tort claims when he "knew he was abused, knew the identity of the abuser, and knew the abuser was an employee of the employer." *Id.* at 464.

Here, Ramsbottom alleges that she has "suffered substantial physical and psychological injuries and emotional distress as a result of being sexually abused, exploited and trafficked." (FAC ¶ 107.) Such personal injuries, based on the gravamen of the claim, provide a one-year statute of limitations. *See Redwing*, 363 S.W.3d at 463-64 (concluding that claims arising from alleged sexual abuse of a minor were personal injury claims subject to a one-year statute of

limitations). As a result, the statute of limitations ran on May 23, 2014, one year after she turned 18. *See id*. at 464. These facts alone are sufficient to establish a statute of limitations defense based on the face of the FAC. *See id.*; *Hunter v. Brown*, 955 S.W.2d 49, 51 (Tenn. 1997) (refusing to apply discovery rule in sexual-abuse case where victim did not have a repressed memory).

Even if the Court were to apply the more generous discovery rule, Ramsbottom's negligence *per se* claim still remains barred as a matter of law. Ramsbottom has explicitly alleged that she connected (A) her injuries and damages complained of in the FAC with (B) what she alleges Ashton did, in 2019 when she began therapy sessions. (FAC ¶ 96.) Therefore, even using this later date of accrual, Ramsbottom's negligence *per se* claim remains barred by the one-year statute of limitation because Ramsbottom did not commence this action until April 2021, a full year after the statute of limitations had run.

Because the alleged conduct that forms the basis for Ramsbottom's negligence *per se* claim falls outside the applicable statute of limitations, Count IV against Ashton should be dismissed with prejudice.

**II.    Count IV of the FAC Fails to State a Negligence *Per Se* Claim as a Matter of Law.**

Ramsbottom references two Tennessee statutes for her negligence *per se* claim. Because Ramsbottom has not sufficiently alleged facts to show violations of either of the two statutes, Ramsbottom's negligence *per se* claim should be dismissed as a matter of law.

To establish negligence *per se*: (1) "the defendant must have violated a statute or ordinance that imposes a duty or prohibition for the benefit of a person or the public"; (2) "the injured party must be within the class of persons intended to benefit from or be protected by the statute"; and (3) "the injured party must show that the negligence was the proximate cause of the injury." *Slowik v. Lambert*, No. 3:19-CV-00501-DCLC, 2021 WL 1176075, at *5 (E.D. Tenn. Mar. 29, 2021) (quoting *Shaw v. Metro. Gov't of Nashville & Davidson Cty.*, 596 S.W.3d 726,

734 (Tenn. Ct. App. 2019)). Negligence *per se* allows a "plaintiff to satisfy the breach element of a negligence action by substituting the violation of a statutorily imposed duty for the reasonable person standard." *Corvin v. Bice*, No. 1:05-CV-219, 2007 WL 776501, at *7 (E.D. Tenn. Mar. 9, 2007) (citation and quotation omitted).

Here, Ramsbottom's negligence *per se* claim fails as a matter of law because, even assuming every allegation that Ramsbottom has plead is true, she has not plead sufficient facts to show a violation of either Tenn. Code Ann. §§ 39-13-506(C) or 39-13-532, which dooms her Count IV as a matter of law.

**First,** Ramsbottom has not plead – nor can she – that Ashton has been charged or convicted of a violation of either Tenn. Code Ann. §§ 39-13-506(C) or 39-13-532. In the context of criminal statutes, this Court has affirmed that the lack of a charge or a conviction may be a dispositive basis to dismiss a negligence *per se* claim. In *Ware v. Tow Pro Custom Towing & Hauling, Inc.*, a plaintiff alleged that a towing company was negligent per se by violating Tennessee's criminal prohibition of extortion codified at Tenn. Code Ann. § 39-14-112. No. 3:04-0528, 2007 WL 108885, at *7 (M.D. Tenn. Jan. 12, 2007), *aff'd*, 289 F. App'x 852 (6th Cir. 2008). In its summary judgment motion, the defendant, a towing company, had argued that "because it has never been adjudged guilty of the crime of extortion, it cannot be liable as alleged." *Id*. Noting that "Defendant has never been charged with or convicted of the crime of extortion," the court found that "Plaintiffs cannot establish the threshold element necessary to a claim of negligence *per se*, i.e., that Defendant violated a statute or ordinance." *Id.* Where, as here, the FAC has not alleged that Ashton has been charged or convicted of a violation of either of the two statutes, Ramsbottom's negligence *per se* claim fails as a matter of law.

Second, specifically with respect to Tenn. Code Ann. § 39-13-532 (Statutory Rape by an

Authority Figure), Ramsbottom has failed to plead facts sufficient to meet one of its required elements, namely that Ashton occupied "a position of trust, or had supervisory or disciplinary power over the victim by virtue of the defendant's legal, professional, or occupational status." *Id.* § 39-13-532(3)(A).

Although the Tennessee criminal code does not define a "position of trust," Tennessee courts have relied on principles of statutory construction to determine the meaning. The Court of Criminal Appeals has provided the following guidance:

> Case law has addressed the abuse of a position of trust for the purpose of sentencing enhancement. *See* Tenn. Code Ann. § 40–35–114(16) (listing that the defendant abused a position of public or private trust as an enhancement factor that a trial court may apply in criminal sentencing). For example, our supreme court has explained that a "court must look to 'the nature of the relationship,' and whether that relationship 'promoted confidence, reliability, or faith.' A relationship which promotes confidence, reliability, or faith, usually includes a degree of vulnerability." *State v. Gutierrez*, 5 S.W.3d 641, 645 (Tenn.1999) (quoting *State v. Kissinger*, 922 S.W.2d 482, 488 (Tenn.1996)). Notably, [t]he position of parent, step-parent, babysitter, teacher, coach are but a few obvious examples. The determination of the existence of a position of trust does not depend on the length or formality of the relationship, but upon the nature of the relationship. Thus, the court should look to see whether the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith. *Kissinger*, 922 S.W.2d at 488.

*State v. McGrowder*, No. M2013-01184-CCA-R3CD, 2014 WL 4723100, at *10 (Tenn. Crim. App. Sept. 23, 2014) (internal citations and quotations omitted).

Here, Ramsbottom has only alleged that Ashton "present[ed] himself as a friend and mentor" by "offering his advice." (FAC ¶ 82.) These conclusory and barebones allegations are not sufficient to show either that Ashton occupied "a position of trust" *or* that Ashton "had supervisory or disciplinary power over [Ramsbottom] by virtue of [his] legal, professional, or occupational status." Without more, such sparse allegations are not sufficient to show a violation of Tenn. Code Ann. § 39-13-532 as a matter of law.

This is especially true in light of the type of relationships that the statute is intended to

8

protect. The statute is intended to target those predatory individuals who abuse some special relationship, such as a parent, step-parent, other relative, babysitter, teacher, or coach — not the interactions between an artist and a fan. *See, e.g.*, *State v. Mason*, No. E201900174CCAR3CD, 2020 WL 5015903, at *1 (Tenn. Crim. App. Aug. 25, 2020), *appeal denied* (Jan. 14, 2021) (defendant was stepfather to minor victim); *State v. Williams*, No. W201800924CCAR3CD, 2020 WL 211546, at *1 (Tenn. Crim. App. Jan. 14, 2020), *appeal denied* (June 5, 2020) (defendant was stepfather to minor victim); *State v. Trammell*, No. E201800382CCAR3CD, 2019 WL 6838028, at *1 (Tenn. Crim. App. Dec. 13, 2019), *appeal denied* (June 3, 2020) (defendant "was like a dad" and had formerly had a relationship with the minor's mother); *State v. Mullinicks*, No. M201800233CCAR3CD, 2019 WL 3034495, at *1 (Tenn. Crim. App. July 11, 2019), *appeal denied* (Oct. 11, 2019) (defendant was head coach of the minor victim's basketball team); *State v. Pompa*, No. M201600193CCAR3CD, 2017 WL 1014529, at *1 (Tenn. Crim. App. Mar. 15, 2017) (defendant and the minor victim's mother were married); *State v. Berkley*, No. W201500831CCAR3CD, 2016 WL 3006941, at *4 (Tenn. Crim. App. May 17, 2016) (defendant was pastor at church minor victims attended); *State v. Perry*, No. E201501227CCAR3CD, 2016 WL 2901817, at *2 (Tenn. Crim. App. May 13, 2016) (defendant was described as a "close family friend" whom the victim would spend holidays with and would spend weekends at his home); *State v. Grambling*, No. E201400248CCAR3CD, 2015 WL 603193, at *4 (Tenn. Crim. App. Feb. 12, 2015) (defendant was biological father of minor victim); *State v. McGrowder*, No. M2013-01184-CCA-R3CD, 2014 WL 4723100, at *10 (Tenn. Crim. App. Sept. 23, 2014) (defendant was training supervisor of minor victim); *State v. Russell*, No. M2013-00166-CCA-R3CD, 2014 WL 1704953, at *1 (Tenn. Crim. App. Apr. 29, 2014) (defendant was romantically involved with minor victim's foster mother); *State v. Fossett*, No. W2012-00885-CCA-R3CD, 2013 WL

2456403, at *1 (Tenn. Crim. App. June 5, 2013) (defendant was romantically involved with minor victim's aunt); *State v. Deunes-Cruz*, No. M2011-00879-CCA-R3CD, 2013 WL 59341, at *1 (Tenn. Crim. App. Jan. 7, 2013) (defendant was stepfather to minor victim); *State v. Holt*, No. E2010-02128-CCA-R3CD, 2012 WL 826523, at *1 (Tenn. Crim. App. Mar. 13, 2012) (defendant was teacher's assistant who taught the two minor victims); *State v. McBurnett*, No. M2011-00384-CCA-R3-C, 2012 WL 426683, at *1 (Tenn. Crim. App. Jan. 27, 2012) (defendant was stepfather to minor victim); *State v. Collazo*, No. M2009-02319-CCA-R3CD, 2011 WL 4529643, at *1 (Tenn. Crim. App. Sept. 29, 2011) (defendant was uncle to minor victim); *State v. Tyler*, No. M200901762CCAR3CD, 2011 WL 300145, at *1 (Tenn. Crim. App. Jan. 21, 2011) (defendant was father to minor victim); *State v. Kendall*, No. E200801587CCAR3CD, 2009 WL 2382282, at *1 (Tenn. Crim. App. Aug. 4, 2009) (defendant was uncle to minor victim).

Because Ramsbottom has not and cannot show a violation of the statutes in Count IV as a matter of law, her negligence *per se* claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Ashton respectfully requests that the Court dismiss Ramsbottom's Count IV against him with prejudice.

Dated: July 15, 2021                                Respectfully Submitted,

*s/ Robert A. Peal*
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster
Stacey M. Ashby
Meister, Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 15th day of July, 2021:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com

Brian Kent
Laff, Whitesel, Conte & Saret, Ltd.
401 N. Michigan Avenue
Suite 1700
Chicago, IL 60611-4212
(215) 399-9255
bkent@lbk-law.com

*Counsel for Plaintiffs*

Ashleigh D. Karnell
Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7914
(615) 742-0453 (fax)
ashleigh.karnell@bassberry.com
pmills@bassberry.com

*Attorneys for Defendant Redlight Management, Inc.*

Russell B. Morgan
Jason C. Palmer
Rachel Sodée
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2311
 (615) 252-6311 (fax)
rmorgan@bradley.com
jpalmer@bradley.com
rsodee@bradley.com

R. Scott McCullough
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Avenue
Sixth Floor
Memphis, TN 38103-5402
(901) 924-0640
(901) 624-0650 (fax)
smccullough@mbbslaw.com

*Counsel for Defendant C3 Presents, L.L.C.*

Cynthia A. Sherwood
Davis Fordham Griffin
Sherwood Boutique Litigation, PLC
201 Fourth Avenue, N
Suite 1130
Nashville, TN 37219
(615) 873-5670
(615) 873-5671 (fax)
cynthia@sherwoodlitigation.com
davis@sherwoodlitigation.com

*Attorneys for Defendants Gnarlos Industries, LLC and Carlos Donohue*

Bennett James Wills
Brian T. Boyd
Law Office of Brian T. Boyd
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
(615) 523-2595 (fax)
bennett@boydlegal.co
brian@boydlegal.co

*Attorneys for Defendant Interactive Giving Fund*

                                                            *s/ Robert A. Peal*