## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

RACHEL RAMSBOTTOM, )
ALEXIS BOWLING, )
JENNA HOUSTON, JANE DOE #1 )
)
    Plaintiffs, )
)     **CIVIL ACTION NO. 3:21-cv-00272**
    v. )
)     **JURY TRIAL DEMANDED**
LORIN ASHTON, AMORPHOUS )
MUSIC, INC., BASSNECTAR )
TOURING, INC., REDLIGHT )
MANAGEMENT, INC., C3 PRESENTS, )     **JUDGE ALETA A. TRAUGER**
L.L.C, INTERACTIVE GIVING FUND, )
GNARLOS INDUSTRIES, LLC, )
CARLOS DONOHUE, ABC )
CORPORATIONS, ONE THROUGH )
TEN (said Names Being Fictitious), )
JOHN DOES, ONE THROUGH TEN )
(said Names Being Fictitious), )
)
    Defendants. )
)

## LORIN ASHTON'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendant Lorin Ashton ("Ashton"), by and through his undersigned counsel, in response to the First Amended Complaint (the "Complaint") filed by Plaintiffs Rachel Ramsbottom ("Ramsbottom"), Alexis Bowling ("Bowling"), Jenna Houston ("Houston"), and Jane Doe #1 ("Doe[1]," together with Ramsbottom, Bowling, Houston, collectively, the "Plaintiffs"), files his Answer and Affirmative Defenses and states as follows:

---

[1] By Order filed June 28, 2021, Doe was required to file a notice containing her true name by July 12, 2021. (Dkt. 59.) On July 13, 2021, Doe filed a Notice of Voluntary Dismissal of Claims Related to Jane Doe #1 Only Pursuant to F.R.C.P. 41(a)(1)(A)(i) ("Doe's Dismissal Notice"). (Dkt. 65.) Notwithstanding that the effect of Doe's Dismissal Notice is that Doe is no longer a party to this action, because the operative pleading in this action is the Complaint and that Complaint, which is publicly filed, contains allegations on behalf of Doe, Ashton responds to such allegations herein.

Over the years of genuine friendships with each of the Plaintiffs, Ashton has received many communications from each of them. The following is a small sample of those unsolicited messages:

- "I just wanted to say that you're my favorite friend, you've made a HUGE impact on my life and I want to let you know you are so fucking special to me. Thank you for making me feel amazing, you're a treasure and I want to keep you in a treasure box forever." – Doe in 2015 (3 years after their friendship began);

- "My turn to be a rock for you. You've always been one for me. I'm here for you. Whatever you need. Always. …I just feel this overwhelming need to protect you right now. Even though you didn't and never did anything wrong." – Houston in 2020 (8 years after their friendship began);

- "I am truly so grateful for you and everything I have learned from you. Thank you for being such a supporter of me and I hope you realize how much I support you... I LOVE YOU LORIN ASHTON!!!!!!!!!!" – Bowling in 2018 (4 years after their friendship began);

- "I'm so sorry... I'm sure you know this but u really have to be careful on who u sleep with and open up to. Girls/women are fucking crazy. I WOULD KNOW…You don't deserve that though and I'm sorry this is happening." – Ramsbottom in 2014 (2 years after their friendship began).

Then in 2020, each Plaintiff made a complete about face, suddenly claiming to be a victim of a fictitious multi-state sex trafficking venture. This case is nothing more than an attempt by opportunistic women who have chosen to sue Ashton, his record label, managers, and even one of the charities he has contributed to, all in an attempt to frame years of friendship as trafficking so that they can exploit a statute for monetary gain.

## Introduction

1.      Denies each and every allegation asserted in Paragraph 1 of the Complaint except admits that Electronic Dance Music is popularly known as EDM and that this genre rose in popularity and that hundreds of thousands of people attend EDM events around the country.

2

2.	Denies each and every allegation asserted in paragraph 2 of the Complaint except admits the facts alleged that Ashton was born on February 16, 1978 and uses the stage name, "Bassnectar," who has performed shows and large festivals and has been showcased in large clubs and specifically refers the Court to the article cited in the footnote, the contents of which, with the exception of direct quotes from Ashton, Ashton denies as it is based on opinions and characterizations.

3.	Denies each and every allegation asserted in paragraph 3 of the Complaint except admits that Ashton has performed at "Bass Center" and "Bass Island" and specifically refers the Court to the article cited in the footnote, the contents of which, with the exception of direct quotes from Ashton, Ashton denies as it is based on opinions and characterizations.

4.	Lacks sufficient information to admit or deny the allegations asserted in paragraph 4 of the Complaint regarding the travel schedule and finances of Bassnectar fans except admits the existence of the term "Bass Heads;" admits that Bassnectar is not just a music project, but also one of "cultural and social concern;" and specifically refers the Court to the article cited in the footnote, the contents of which, with the exception of direct quotes from Ashton, Ashton denies as it is based on opinions and characterizations.

5.	Denies each and every allegation asserted in paragraph 5 of the Complaint and specifically refers the Court to the article cited in the footnote, the contents of which, with the exception of direct quotes from Ashton, Ashton denies as it is based on opinions and characterizations.

6.	Denies each and every allegation asserted in paragraph 6 of the Complaint except admits that the @bassnectar Twitter handle states that "Bassnectar is a collaborative music project, not a person," and that Ashton helped create a charity known as "BeInteractive," which would

3

work with various organizations on charitable endeavors, such as registering voters, assisting collection of food donations and would provide therapy scholarships.

7.     Denies each and every allegation asserted in paragraph 7 of the Complaint except admits the existence of the Ambassador program.

8.     Denies each and every allegation asserted in paragraph 8 of the Complaint and specifically refers the Court to the article cited in the footnote, the contents of which, Ashton denies as it is based on opinions and mischaracterizations.

9.     Denies each and every allegation asserted in paragraph 9 of the Complaint.

10.    Denies each and every allegation asserted in paragraph 10 of the Complaint.

11.    Denies each and every allegation asserted in paragraph 11 of the Complaint.

12.    Denies each and every allegation asserted in paragraph 12 of the Complaint.

13.    Denies each and every allegation asserted in paragraph 13 of the Complaint.

14.    Denies each and every allegation asserted in paragraph 14 of the Complaint.

15.    Denies each and every allegation asserted in paragraph 15 of the Complaint.

16.    Denies each and every allegation asserted in paragraph 16 of the Complaint.

17.    Denies each and every allegation asserted in paragraph 17 of the Complaint.

18.    Denies each and every allegation asserted in paragraph 18 of the Complaint.

## Parties

19.    Lacks sufficient information to admit or deny the allegations asserted in paragraph 19 of the Complaint.  To the extent a response is required, the allegations asserted in paragraph 19 of the Complaint are denied.

20.    Lacks sufficient information to admit or deny the allegations asserted in paragraph 20 of the Complaint.  To the extent a response is required, the allegations asserted in paragraph 20 of the Complaint are denied.

4

21.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 21 of the Complaint.  To the extent a response is required, the allegations asserted in paragraph 21 of the Complaint are denied.

22.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 22 of the Complaint.  Notwithstanding the foregoing, Ashton lacks sufficient information to admit or deny the allegations asserted in paragraph 22 of the Complaint regarding this plaintiff's residency and denies the remaining allegations of paragraph 22, including the "intentional and negligent acts and failures of Defendants."

23.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 23 of the Complaint.  Notwithstanding the foregoing, Ashton admits the allegations asserted in paragraph 23 of the Complaint and affirmatively states that the Motion for Leave to Proceed Anonymously and for a Protective Order filed by Plaintiff Doe was denied by Memorandum and Order of this Court filed on June 28, 2021.

24.     Denies each and every allegation asserted in paragraph 24 of the Complaint.

25.     Admits the allegations asserted in paragraph 25 of the Complaint.

26.     Denies each and every allegation asserted in paragraph 26 of the Complaint except admits that Amorphous Music, Inc. ("Amorphous") is a corporation incorporated in the State of California.

27.     Denies each and every allegation asserted in paragraph 27 of the Complaint except admits that Bassnectar Touring, Inc. ("Bassnectar Touring") is a corporation incorporated in the State of Delaware.

28.     Denies each and every allegation asserted in paragraph 28 of the Complaint.

5

29.     No response to paragraph 29 of the Complaint is necessary as it merely seeks to define certain of the defendants with a defined term and does not contain specific factual allegations asserted against Ashton.  To the extent a response is required, Ashton denies each and every allegation set forth in Paragraph 29 of the Complaint.

30.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 30 of the Complaint regarding the corporate structure of Defendant Red Light Management, L.L.C. and denies the remainder of the allegations asserted in paragraph 30 of the Complaint.

31.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 31 of the Complaint regarding the corporate structure of Defendant C3 Presents, L.L.C. and denies the remainder of the allegations asserted in paragraph 31 of the Complaint.

32.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 32 of the Complaint regarding the corporate structure of Defendant Gnarlos Industries, L.L.C. and denies the remainder of the allegations asserted in paragraph 32 of the Complaint.

33.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 33 of the Complaint regarding the corporate structure of Defendant Gnarlos Industries, L.L.C. and the residency of Carlos Donohue, except admits that Carlos Donohue is an individual adult male and denies the remainder of the allegations asserted in paragraph 33 of the Complaint.

34.     Denies each and every allegation asserted in paragraph 34 of the Complaint.

35.     Denies each and every allegation asserted in paragraph 35 of the Complaint.

36.     Denies each and every allegation asserted in paragraph 36 of the Complaint.

## **Jurisdiction**

37.     Admits the allegations asserted in paragraph 37 of the Complaint in that jurisdiction over Ashton is appropriate in this Court and denies the remaining allegations asserted in paragraph 37 of the Complaint.

38.     Admits the allegations asserted in paragraph 38 of the Complaint in that jurisdiction over Ashton is appropriate in this Court and denies the remaining allegations asserted in paragraph 38 of the Complaint.

39.     Admits the allegations asserted in paragraph 39 of the Complaint in that jurisdiction over Ashton is appropriate in this Court and denies the remaining allegations asserted in paragraph 39 of the Complaint.

40.     Admits the allegations asserted in paragraph 40 of the Complaint in that jurisdiction over Ashton is appropriate in this Court and denies the remaining allegations asserted in paragraph 40 of the Complaint.

41.     Denies each and every allegation asserted in paragraph 41 of the Complaint.

### Facts Common to All Plaintiffs[2]

42.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 42 of the Complaint.

43.     Denies each and every allegation asserted in paragraph 43 of the Complaint except admits that some or all of the Plaintiffs followed @Bassnectar on Twitter at various times but lacks sufficient information to admit or deny the allegations regarding the timeframes of when Plaintiffs followed that account.

---

[2] Paragraphs 42 through 75 of the Complaint contains allegations made on behalf of all Plaintiffs, including Doe.  Notwithstanding the fact that Doe is no longer a party pursuant to Doe's Dismissal Notice, in addition to the enumerated responses set forth below as it relates to the three remaining plaintiffs, Ashton affirmatively denies the allegations set forth in paragraphs 42 through 75 of the Complaint as they relate to Doe.

7

44.     Denies each and every allegation asserted in paragraph 44 of the Complaint except admits that Ashton occasionally communicated with fans through the @Bassnectar Twitter account.

45.     Denies each and every allegation asserted in paragraph 45 of the Complaint except admits that on occasion he communicated with Plaintiffs through direct messages, including on his personal number and email.

46.     Denies each and every allegation asserted in paragraph 46 of the Complaint except admits that Ashton was in communication with Plaintiffs.

47.     Denies each and every allegation asserted in paragraph 47 of the Complaint except admits that for theatrical and artistic purposes, Bassnectar incorporated scenes from a multitude of films, including American Beauty, in his shows.

48.     Denies each and every allegation asserted in paragraph 48 of the Complaint.

49.     Denies each and every allegation asserted in paragraph 49 of the Complaint except admits that over the many years that Ashton knew the Plaintiffs, he occasionally provided certain of the Plaintiffs concert tickets and or helped secure travel arrangements; and affirmatively states that neither the provided tickets, nor the travel arrangement assistance, were provided in exchange for, or with an expectation of, sexual relations.

50.     Denies each and every allegation asserted in paragraph 50 of the Complaint.

51.     Denies each and every allegation asserted in paragraph 51 of the Complaint.

52.     Denies each and every allegation asserted in paragraph 52 of the Complaint.

53.     Denies each and every allegation, including any and all subparts, asserted in paragraph 53 of the Complaint.

54.     Denies each and every allegation asserted in paragraph 54 of the Complaint.

55. Denies each and every allegation asserted in paragraph 55 of the Complaint.

56. Denies each and every allegation asserted in paragraph 56 of the Complaint.

57. Denies each and every allegation asserted in paragraph 57 of the Complaint.

58. Denies each and every allegation asserted in paragraph 58 of the Complaint except admits that Chris Madrigal, at times, served as the Ambassador coordinator and that Ambassadors would hand out water to concert attendees.

59. Denies each and every allegation asserted in paragraph 59 of the Complaint.

60. Denies each and every allegation asserted in paragraph 60 of the Complaint.

61. Denies each and every allegation asserted in paragraph 61 of the Complaint.

62. Denies each and every allegation asserted in paragraph 62 of the Complaint.

63. Denies each and every allegation asserted in paragraph 63 of the Complaint.

64. Denies each and every allegation asserted in paragraph 64 of the Complaint.

65. Denies each and every allegation asserted in paragraph 65 of the Complaint.

66. Denies each and every allegation asserted in paragraph 66 of the Complaint.

67. Denies each and every allegation asserted in paragraph 67 of the Complaint.

68. Denies each and every allegation asserted in paragraph 68 of the Complaint.

69. Denies each and every allegation asserted in paragraph 69 of the Complaint.

70. Denies each and every allegation asserted in paragraph 70 of the Complaint.

71. Denies each and every allegation asserted in paragraph 71 of the Complaint.

72. Denies each and every allegation asserted in paragraph 72 of the Complaint.

73. Denies each and every allegation asserted in paragraph 73 of the Complaint except admits the existence of the Instagram account titled @evidenceagainstbassnectar and affirmatively states that demonstrably false statements have appeared on this account.

9

74.     Denies each and every allegation asserted in paragraph 74 of the Complaint.

75.     Denies each and every allegation asserted in paragraph 75 of the Complaint.

**Plaintiff Rachel Ramsbottom**

76.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 76 of the Complaint except admits that at some point Ramsbottom followed the @Bassnectar Twitter account.

77.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 77 of the Complaint.

78.     Denies each and every allegation asserted in paragraph 78 of the Complaint except admits that Ramsbottom contacted the Bassnectar Twitter account and admits that Ashton was thirty-four years old in September 2012.

79.     Denies each and every allegation asserted in paragraph 79 of the Complaint except lacks sufficient information to admit or deny the allegations regarding Ramsbottom's first Bassnectar show and admits that Bassnectar played a show on December 31, 2012 in Nashville, Tennessee.

80.     Denies each and every allegation asserted in paragraph 80 of the Complaint except admits that Ramsbottom and Ashton were in communication in 2012 and 2013.

81.     Denies each and every allegation asserted in paragraph 81 of the Complaint except admits that Ramsbottom and Ashton discussed writings.

82.     Denies each and every allegation, including any and all subparts, asserted in paragraph 82 of the Complaint.

83.     Admits that Bassnectar performed at Beale Street Music Festival on May 3, 2013.

84.     Admits the allegations asserted in paragraph 84 of the Complaint.

10

85.     Denies each and every allegation asserted in paragraph 85 of the Complaint.

86.     Denies each and every allegation asserted in paragraph 86 of the Complaint.

87.     Denies each and every allegation asserted in paragraph 87 of the Complaint.

88.     Denies each and every allegation asserted in paragraph 88 of the Complaint except admits that at her request, Ramsbottom met with Ashton at the Lowe's hotel in Nashville, Tennessee following Ramsbottom's 18th birthday.

89.     Denies each and every allegation asserted in paragraph 89 of the Complaint.

90.     Denies each and every allegation asserted in paragraph 90 of the Complaint.

91.     Denies each and every allegation, including any and all subparts, asserted in paragraph 91 of the Complaint.

92.     Denies each and every allegation asserted in paragraph 92 of the Complaint.

93.     Denies each and every allegation asserted in paragraph 93 of the Complaint.

94.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 94 of the Complaint.

95.     Denies each and every allegation asserted in paragraph 95 of the Complaint except admits to periodic friendly communications between Ramsbottom and Ashton from 2012 through 2020.

96.     Lacks sufficient information to admit or deny the allegations asserted in paragraph 96 of the Complaint regarding Ramsbottom's commencement of therapy except denies that Ashton violated any federal statute upon which this Action is grounded and denies that Ramsbottom had any injuries or damages based upon Ashton's conduct.

11

97.     Denies each and every allegation asserted in paragraph 97 of the Complaint except admits that Ramsbottom informed Ashton that she was going to therapy for reasons unrelated to Ashton and denies that Ramsbottom had any injuries or damages based upon Ashton's conduct.

98.     Denies each and every allegation asserted in paragraph 98 of the Complaint except admits that Ashton communicated with Ramsbottom in 2020.

99.     Denies each and every allegation asserted in paragraph 99 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

100.     Denies each and every allegation asserted in paragraph 100 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

101.     Denies each and every allegation asserted in paragraph 101 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

102.     Denies each and every allegation asserted in paragraph 102 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

103.     Denies each and every allegation asserted in paragraph 103 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

104.     Denies each and every allegation asserted in paragraph 104 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

105. Denies each and every allegation, including all subparts, asserted in paragraph 105 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

106. Denies each and every allegation asserted in paragraph 106 of the Complaint except admits that Ashton communicated with Ramsbottom via a telephone call in 2020 wherein Ramsbottom illegally recorded the conversation in violation of California Penal Code § 632(a).

107. Denies each and every allegation asserted in paragraph 107 of the Complaint.

### Plaintiff Alexis Bowling

108. Lacks sufficient information to admit or deny the allegations asserted in paragraph 108 of the Complaint except admits that Bowling at some point followed the @Bassnectar Twitter account and Bowling initiated contact via Twitter.

109. Lacks sufficient information to admit or deny the allegations asserted in paragraph 109 of the Complaint.

110. Denies each and every allegation asserted in paragraph 110 of the Complaint except admits that the @Bassnectar twitter account would reply to some of Bowling's and other fans' tweets.

111. Denies each and every allegation asserted in paragraph 111 of the Complaint except admits Bowling requested show tickets via email, which were provided as was routinely done with friends and fans.

112. Denies each and every allegation asserted in paragraph 112 of the Complaint except admits that Bowling informed Ashton that she could not get into the Las Vegas venue.

113. Denies each and every allegation asserted in paragraph 113 of the Complaint.

13

114.     Denies each and every allegation asserted in paragraph 114 of the Complaint.

115.     Denies each and every allegation asserted in paragraph 115 of the Complaint.

116.     Denies each and every allegation asserted in paragraph 116 of the Complaint except admits that Bowling and Ashton visited in Kentucky and that Ashton was 36 years old on or around July 1, 2014.

117.     Denies each and every allegation asserted in paragraph 117 of the Complaint.

118.     Denies each and every allegation asserted in paragraph 118 of the Complaint except admits that Bowling and Ashton visited in Ohio.

119.     Denies each and every allegation asserted in paragraph 119 of the Complaint except admits that Bowling and Ashton visited in Kentucky.

120.     Denies each and every allegation asserted in paragraph 120 of the Complaint.

121.     Denies each and every allegation asserted in paragraph 121 of the Complaint.

122.     Denies each and every allegation asserted in paragraph 122 of the Complaint except admits that Bowling discussed the death of her father with Ashton.

123.     Denies each and every allegation asserted in paragraph 123 of the Complaint.

124.     Denies each and every allegation asserted in paragraph 124 of the Complaint.

125.     Denies each and every allegation asserted in paragraph 125 of the Complaint.

126.     Denies each and every allegation asserted in paragraph 126 of the Complaint except admits that Bowling and Ashton visited with each other on occasion during 2014-2016.

127.     Denies each and every allegation asserted in paragraph 127 of the Complaint except admits that Bowling visited Ashton in California.

14

128. Denies each and every allegation asserted in paragraph 128 of the Complaint except admits that Ashton gave Bowling tickets to a show, and affirmatively states that no gift or anything of value was ever provided in exchange for, or with an expectation of, sexual relations.

129. Denies each and every allegation asserted in paragraph 129 of the Complaint except admits that Bowling informed Ashton that she studied interior design.

130. Denies each and every allegation asserted in paragraph 130 of the Complaint.

131. Lacks sufficient information to admit or deny the allegations asserted in paragraph 131 of the Complaint regarding the alleged conversation between Bowling and a third party and denies the remainder of the allegations asserted in paragraph 131 of the Complaint.

132. Denies each and every allegation asserted in paragraph 132 of the Complaint except admits that Bowling visited Ashton while in California in October 2016.

133. Denies each and every allegation asserted in paragraph 133 of the Complaint.

134. Denies each and every allegation asserted in paragraph 134 of the Complaint.

135. Denies each and every allegation asserted in paragraph 135 of the Complaint.

**Plaintiff Jenna Houston**

136. Lacks sufficient information to admit or deny the allegations asserted in paragraph 136 of the Complaint except admits that at some point, Houston followed the @Bassnectar Twitter account.

137. Lacks sufficient information to admit or deny the allegations asserted in paragraph 137 of the Complaint.

138. Denies each and every allegation asserted in paragraph 138 of the Complaint except admits that Ashton occasionally communicated with fans through the @Bassnectar Twitter account.

15

139.    Denies each and every allegation asserted in paragraph 139 of the Complaint.

140.    Denies each and every allegation asserted in paragraph 140 of the Complaint except admits that Bassnectar played a show in Philadelphia, Pennsylvania in April 2012 and Ashton briefly met with Houston at her request.

141.    Denies each and every allegation asserted in paragraph 141 of the Complaint.

142.    Denies each and every allegation asserted in paragraph 142 of the Complaint.

143.    Denies each and every allegation asserted in paragraph 143 of the Complaint except that Ashton periodically shared some of his airline miles with Houston over the course of their multi-year relationship and affirmatively states that no gift or anything of value was provided in exchange for, or with an expectation of, sexual relations.

144.    Denies each and every allegation asserted in paragraph 144 of the Complaint.

145.    Denies each and every allegation asserted in paragraph 145 of the Complaint.

146.    Denies each and every allegation asserted in paragraph 146 of the Complaint.

147.    Denies each and every allegation asserted in paragraph 147 of the Complaint.

148.    Denies each and every allegation asserted in paragraph 148 of the Complaint.

149.    Denies each and every allegation asserted in paragraph 149 of the Complaint except Houston visited Ashton in California.

150.    Denies each and every allegation asserted in paragraph 150 of the Complaint.

151.    Denies each and every allegation asserted in paragraph 151 of the Complaint.

152.    Denies each and every allegation asserted in paragraph 152 of the Complaint.

153.    Denies each and every allegation asserted in paragraph 153 of the Complaint and affirmatively states that no gift or anything of value was provided in exchange for, or with an expectation of, sexual relations.

16

154.     Denies each and every allegation asserted in paragraph 154 of the Complaint and affirmatively states that no gift or anything of value was provided in exchange for, or with an expectation of, sexual relations.

155.     Denies each and every allegation asserted in paragraph 155 of the Complaint.

156.     Denies each and every allegation asserted in paragraph 156 of the Complaint.

157.     Denies each and every allegation asserted in paragraph 157 of the Complaint.

158.     Denies each and every allegation asserted in paragraph 158 of the Complaint.

159.     Denies each and every allegation asserted in paragraph 159 of the Complaint.

160.     Denies each and every allegation asserted in paragraph 160 of the Complaint.

### Plaintiff Jane Doe #1

161.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 161 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 161 of the Complaint except admits that at some point, Doe followed the @Bassnectar on Twitter account.

162.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 162 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 162 of the Complaint except admits that over their 8-year relationship, Doe and Ashton had communications over Twitter and that they had phone conversations.

163.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 163 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 163 of the Complaint except admits

17

that Ashton expressed an interest in starting a friendship with Doe and that his friendships involve mutual trust, as well as expressed a concern for his privacy given his celebrity status.

164.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 164 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 164 of the Complaint except admits that Doe and Ashton met in Chicago in August 2012.

165.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 165 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 165 of the Complaint.

166.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 166 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 166 of the Complaint.

167.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 167 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 167 of the Complaint.

168.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 168 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 168 of the Complaint.

169.     Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 169 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 169 of the Complaint.

170. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 170 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 170 of the Complaint.

171. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 171 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 171 of the Complaint.

172. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 172 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 172 of the Complaint.

173. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 173 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 173 of the Complaint except admits that Doe and Ashton briefly met in Bloomington, Illinois.

174. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 174 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 174 of the Complaint.

175. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 175 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 175 of the Complaint.

176. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 176 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 176 of the Complaint.

177. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 177 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 177 of the Complaint.

178. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 178 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 178 of the Complaint.

179. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 179 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 179 of the Complaint.

180. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 180 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 180 of the Complaint except admits that Doe and Ashton communicated over several years.

181. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 181 of the Complaint. Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 181 of the Complaint except admits that Doe often confided in Ashton about the mental distress she suffered as a result of her prior abusive relationships with her parents and boyfriends and denies that Doe had any injuries or damages based upon Ashton's conduct.

182. Due to Doe's Dismissal Notice, Doe is no longer a party to this action. As such, no response is necessary to paragraph 182 of the Complaint. Notwithstanding the foregoing, Ashton lacks sufficient information to admit or deny the allegations asserted in paragraph 182 of the Complaint regarding the veracity of the claims that Doe was involved in an abusive relationship

20

with another person except admits that Doe confided in Ashton about the mental distress she suffered as a result of a relationship (unrelated to Ashton) who was abusive towards her and denies that Doe had any injuries or damages based upon Ashton's conduct.

183.    Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 183 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 183 of the Complaint and denies that Doe had any injuries or damages based upon Ashton's conduct.

184.    Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 184 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 184 of the Complaint and denies that Doe had any injuries or damages based upon Ashton's conduct.

185.    Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 185 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 185 of the Complaint.

186.    Due to Doe's Dismissal Notice, Doe is no longer a party to this action.  As such, no response is necessary to paragraph 186 of the Complaint.  Notwithstanding the foregoing, Ashton denies each and every allegation asserted in paragraph 186 of the Complaint.

### CAUSES OF ACTION[3]

### COUNT I: CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 1591(a)
### (All Plaintiffs v. Defendant Lorin Ashton a/k/a Bassnectar)

---

[3] Paragraphs 187 through 219 of the Complaint contains allegations made on behalf of all Plaintiffs, including Doe.  Notwithstanding the fact that Doe is no longer a party pursuant to Doe's Dismissal Notice, in addition to the enumerated responses set forth below as it relates to the three remaining plaintiffs, Ashton affirmatively denies the allegations set forth in paragraphs 187 through 219 of the Complaint as they relate to Doe.

187.     Ashton repeats and re-alleges all answers set forth in paragraphs 1-186 inclusive, as though fully set forth herein, and the same are adopted by reference.

188.     Admits the allegations asserted in paragraph 188 of the Complaint in that it merely quotes 22 U.S.C. § 7102.

189.     Denies each and every allegation asserted in paragraph 189 of the Complaint.

190.     Denies each and every allegation asserted in paragraph 190 of the Complaint.

191.     Denies each and every allegation asserted in paragraph 191 of the Complaint.

192.     Denies each and every allegation asserted in paragraph 192 of the Complaint.

193.     Denies each and every allegation asserted in paragraph 193 of the Complaint.

194.     Denies each and every allegation asserted in paragraph 194 of the Complaint.

195.     Denies each and every allegation asserted in paragraph 195 of the Complaint.

196.     Denies each and every allegation asserted in paragraph 196 of the Complaint.

197.     Denies each and every allegation asserted in paragraph 197 of the Complaint.

**COUNT II: BENEFITING FROM A SEX TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, 18 U.S.C. §§ 1591 AND 1595 (All Plaintiffs and the All Defendants)**

198.     Ashton repeats and re-alleges all answers set forth in paragraphs 1-186 inclusive, as though fully set forth herein, and the same are adopted by reference.

199.     Admits the allegations asserted in paragraph 199 of the Complaint in that it merely recites the elements of 18 U.S.C. § 1591(a).

200.     Denies each and every allegation asserted in paragraph 200 of the Complaint.

201.     Denies each and every allegation asserted in paragraph 201 of the Complaint.

202.     Denies each and every allegation asserted in paragraph 202 of the Complaint.

203.     Denies each and every allegation asserted in paragraph 203 of the Complaint.

22

204.     Denies each and every allegation asserted in paragraph 204 of the Complaint.

205.     Denies each and every allegation asserted in paragraph 205 of the Complaint.

206.     Denies each and every allegation asserted in paragraph 206 of the Complaint.

207.     Denies each and every allegation asserted in paragraph 207 of the Complaint.

208.     Denies each and every allegation asserted in paragraph 208 of the Complaint.

209.     Denies each and every allegation asserted in paragraph 209 of the Complaint.

210.     Denies each and every allegation asserted in paragraph 210 of the Complaint.

211.     Denies each and every allegation asserted in paragraph 211 of the Complaint.

212.     Denies each and every allegation asserted in paragraph 212 of the Complaint.

213.     Denies each and every allegation asserted in paragraph 213 of the Complaint.

## COUNT III: RECEIPT AND POSSESSION OF CHILD PORNOGRAPHY, 18 U.S.C. § 2252 and 2252A
### (All Plaintiffs Against Defendant Lorin Ashton a/k/a Bassnectar)

214.     Ashton repeats and re-alleges all answers set forth in paragraphs 1-213 inclusive, as though fully set forth herein, and the same are adopted by reference.

215.     Denies each and every allegation asserted in paragraph 215 of the Complaint.

216.     Denies each and every allegation asserted in paragraph 216 of the Complaint.

217.     Denies each and every allegation asserted in paragraph 217 of the Complaint.

218.     Denies each and every allegation asserted in paragraph 218 of the Complaint.

219.     Denies each and every allegation asserted in paragraph 219 of the Complaint.

## COUNT IV: NEGLIGENCE *PER SE* UNDER STATE LAW[4]
### (Plaintiff Rachel Ramsbottom Against Defendants Lorin Ashton, Amorphous Music, Inc., Bassnectar Touring, Inc., Interactive Giving Fund, ABC Corporations One Through Ten (said names being fictitious) and John Doe One Through Ten (said names being fictitious))

---

[4] Ashton has filed contemporaneously a Partial Motion to Dismiss Count IV of the Amended Complaint.

23

220.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton repeats and re-alleges all answers set forth in paragraphs 1-219 inclusive, as though fully set forth herein, and the same are adopted by reference.

221.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 221 of the Complaint.

222.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 222 of the Complaint.

223.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 223 of the Complaint.

224.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 224 of the Complaint.

225.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 225 of the Complaint.

226.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 226 of the Complaint.

227.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 227 of the Complaint.

228.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 228 of the Complaint.

229.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 229 of the Complaint.

230.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 230 of the Complaint.

231.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 231 of the Complaint.

232.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 232 of the Complaint.

233.    Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 233 of the Complaint.

234.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 234 of the Complaint.

235.     Ashton has moved to dismiss Count IV and therefore no response is required to this paragraph from him.  To the extent a response is required, Ashton denies each and every allegation asserted in paragraph 235 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     As and for his First Affirmative Defense, Ashton asserts that Plaintiffs have failed to state a claim for which relief may be granted on all counts of the Complaint.

2.     As and for his Second Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred by the applicable statute of limitations.

3.     As and for his Third Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred by the doctrine of estoppel.

4.     As and for his Fourth Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred by the doctrine of laches.

5.     As and for his Fifth Affirmative Defense, Ashton asserts that Plaintiffs have suffered no damages attributable to any wrongful conduct by Defendants.  Further, Plaintiffs' claimed damages are so speculative and uncertain as to be barred as a matter of law.

6.     As and for his Sixth Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred by the doctrines of ratification, confirmation and acquiescence.

7.     As and for his Seventh Affirmative Defense, Ashton asserts that Plaintiffs are not entitled to recover any punitive damages because Defendants did not engage in any wrongful conduct, let alone wrongful conduct with malice or reckless disregard.

26

8.      As and for his Eighth Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred because the Court lacks personal jurisdiction over Defendants.

9.      As and for his Ninth Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred because of fraudulent misrepresentations.

10.     As and for his Tenth Affirmative Defense, Ashton asserts that he, at all times, acted in good faith and did not recruit, harbor, transport, provision, obtain, patronize or solicit Plaintiffs, nor did he engage in act or omission which constitutes a violation of law, as alleged in the Complaint or otherwise.

11.     As and for his Eleventh Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred because 18 USC §1591 and 18 USC §1595 are unconstitutionally vague and ambiguous as applied to Ashton and therefore violate Ashton's constitutional rights to due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and/or Tennessee Constitution, Article I, §35.

12.     As and for his Twelfth Affirmative Defense, Ashton asserts that Plaintiffs' claims are barred because 18 USC §1591 and 18 USC §1595 are unconstitutionally overbroad as applied to Ashton and therefore violate Ashton's constitutional rights pursuant to the First and Fourteenth Amendments to the United States Constitution and/or Tennessee Constitution, Article I, §19.

13.     As and for his Thirteenth Affirmative Defense, pursuant to 18 U.S.C. § 2252A(c), Ashton asserts that all materials depict an actual person, an adult, and were produced by an adult.

14.     As and for his Fourteenth Affirmative Defense, pursuant to 18 U.S.C. § 2252A(d), Ashton asserts that, *if* materials within the statutory definition of "child pornography" were ever received, Ashton: (1) possessed less than three images of child pornography; and (2) promptly and

in good faith, and without retaining or allowing any person to access an image or copy thereof, took reasonable steps to destroy each such image.

15.     As and for his Fifteenth Affirmative Defense, pursuant to 18 U.S.C. § 2252(c), Ashton asserts that, *if* materials within the statutory definition of "child pornography" were ever received, Ashton: (1) possessed less than three matters containing any visual depiction proscribed by the relevant paragraph; and (2) promptly and in good faith, and without retaining or allowing any person to access any visual depiction or a copy thereof, took reasonable steps to destroy each such image.

16.     Ashton reserves the right to amend this Answer and Affirmative Defenses to Plaintiffs' Complaint to assert any additional affirmative defenses discovered during discovery in the above-captioned matter and/or as a result of their further investigation of Plaintiffs' claims.

## PRAYER

WHEREFORE, Ashton prays:

1.     That Plaintiffs' Complaint be dismissed in its entirety with prejudice and denying all relief requested by Plaintiffs;

2.     That Ashton be awarded his costs and expenses of suit in defense of this action, including reasonable attorneys' fees; and

3.     That Ashton be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Lorin Ashton demands a jury trial on all issues properly tried by a jury.

Dated: July 15, 2021                        Respectfully Submitted,

                                            *s/ Robert. A. Peal*
                                            Robert A. Peal (No. 25629)
                                            Mark W. Lenihan (No. 36286)
                                            Grace A. Fox (No. 37367)
                                            Sims|Funk, PLC
                                            3322 West End Ave, Suite 200
                                            Nashville, TN 37203
                                            (615) 292-9335
                                            (615) 649-8565 (fax)
                                            rpeal@simsfunk.com
                                            mlenihan@simsfunk.com
                                            gfox@simsfunk.com

                                            Kimberly S. Hodde
                                            Hodde & Associates
                                            40 Music Square East
                                            Nashville, TN 37203
                                            (615) 242-4200
                                            (615) 242-8115 (fax)
                                            kim.hodde@hoddelaw.com

                                            Mitchell Schuster, Esq. (admitted *pro hac vice*)
                                            Stacey M. Ashby, Esq. (admitted *pro hac vice*)
                                            Meister Seelig & Fein, LLP
                                            125 Park Avenue, 7th Floor
                                            New York, NY 10017
                                            (212) 655-3500
                                            (212) 655-3535 (fax)
                                            ms@msf-law.com
                                            sma@msf-law.com

                                            *Counsel for Defendant Lorin Ashton, Amorphous*
                                            *Music, Inc., and Bassnectar Touring, Inc.*

29

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the

following counsel via the Court's CM/ECF system on this 15th day of July, 2021:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com

Brian Kent
Laff, Whitesel, Conte & Saret, Ltd.
401 N. Michigan Avenue
Suite 1700
Chicago, IL 60611-4212
(215) 399-9255
bkent@lbk-law.com

*Counsel for Plaintiffs*

Ashleigh D. Karnell
Paige Waldrop Mills
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7914
(615) 742-0453 (fax)
ashleigh.karnell@bassberry.com
pmills@bassberry.com

*Attorneys for Defendant Redlight Management, Inc.*

Russell B. Morgan
Jason C. Palmer
Rachel Sodée
Bradley Arant Boult Cummings LLP
1600 Division Street
Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2311
 (615) 252-6311 (fax)
rmorgan@bradley.com
jpalmer@bradley.com
rsodee@bradley.com

R. Scott McCullough
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Avenue
Sixth Floor
Memphis, TN 38103-5402
(901) 924-0640
(901) 624-0650 (fax)
smccullough@mbbslaw.com

*Counsel for Defendant C3 Presents, L.L.C.*

Cynthia A. Sherwood
Davis Fordham Griffin
Sherwood Boutique Litigation, PLC
201 Fourth Avenue, N
Suite 1130
Nashville, TN 37219
(615) 873-5670
(615) 873-5671 (fax)
cynthia@sherwoodlitigation.com
davis@sherwoodlitigation.com

*Attorneys for Defendants Gnarlos Industries, LLC and Carlos Donohue*

30

Bennett James Wills
Brian T. Boyd
Law Office of Brian T. Boyd
214 Overlook Cir.
Suite 275
Brentwood, TN 37027
(615) 861-1936
(615) 523-2595 (fax)
bennett@boydlegal.co
brian@boydlegal.co

*Attorneys for Defendant Interactive Giving
Fund*

*s/ Robert A. Peal*
