IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:21-cv-272 |
| ) | |
| v. ) | JURY TRIAL DEMAND |
| ) | |
| LORIN ASHTON, et al. ) | JUDGE ALETA A. TRAUGER |
| ) | |
| Defendants. ) | |

### INTERACTIVE GIVING FUND'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

COMES NOW, Defendant Interactive Giving Fund ("IGF") and respectfully submits this Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.[1]

IGF is not an entity or a real person. It is a donor advised fund. In other words, IGF is akin to a bank account. It is not capable of being sued, yet the consequences of not defending the lawsuit filed by the Plaintiffs could have collateral consequences against the other named defendants.

Plaintiffs' lawyers know this to be a fact as IGF's counsel has provided documents to prove that IGF is not capable of being sued. (*See*, i.e., Dkt. 58-2, Declaration of Sridharan). Based on the representations of IGF's counsel, IGF requested that Plaintiffs dismiss their claims against IGF – and filed a Motion to Dismiss on that point. (Dkt. 58). Yet, despite knowing that IGF is not an entity capable of being sued, Plaintiffs have refused to dismiss the case voluntarily.

Therefore, sanctions are appropriate because the lawsuit violates Fed. R. Civ. P. 11(b). There is no basis in law or fact to maintain the lawsuit against IGF; the factual contentions have no evidentiary support; and the Plaintiffs are needlessly increasing the cost of litigation.

---

[1] Plaintiffs have been afforded the required 21-day safe harbor period pursuant to Fed. R. Civ. P. 11(c)(2) prior to the filing of this Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

1

IGF incorporates the supporting memorandum of law, Dkt. 58, and further exhibits herein by reference.

**WHEREFORE,** Defendant IGF respectfully moves the Court to grant this Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and in doing so dismiss the First Amended Complaint against IGF, award IGF reasonable attorney's fees, and order and such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/Brian T. Boyd
Brian T. Boyd (#023521)
Bennett J. Wills (#034831)
Law Office of Boyd & Wills
214 Overlook Cir., Ste. 275
Brentwood, TN 37027
T: 615-861-1936
F: 615-523-2595
brian@boydwills.com
bennett@boydwills.com

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LR 7.01**

I HEREBY CERTIFY that at 9:00 a.m. on August 2, 2021, counsel for IGF, along with other counsel of record for various defendants, participated in a good faith conference with Plaintiffs' counsel to discuss the issues outlined in this this motion and accompanying memorandum. Plaintiffs' counsel was served with the proposed Rule 11 motion and accompanying documents on July 9, 2021. After the phone conference on August 2, 2021, Plaintiffs' counsel indicated that he would not be taking any corrective action and will oppose this motion.

/s/Brian T. Boyd
Brian T. Boyd (#023521)

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of August 2021, a copy of the foregoing Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Supporting Memorandum were served on the following parties via the Court's electronic case management system or as otherwise indicated below:

| | |
|---|---|
| Phillip Miller<br>621 Woodland St.<br>Nashville, TN 37206<br>615-356-2000<br>pmillar@seriousinjurylaw.com<br>*Counsel for Plaintiffs*<br>SERVED VIA CM/ECF | Brian Kent<br>M. Stuart Ryan<br>Alexandria MacMaster<br>1100 Ludlow St., Ste. 300<br>Philadelphia, PA 19107<br>215-399-9255<br>bkent@lbk-law.com<br>sryan@lbk-law.com<br>amacmaster@lbk-law.com<br>*Counsel for Plaintiffs*<br>SERVED VIA CM/ECF |
| Robert A. Peal<br>Mark W. Lenihan<br>Grace A. Fox<br>Sims\|Funk<br>3322 West End Ave., Ste. 200<br>Nashville, TN 37203<br>615-292-9335<br>rpeal@simsfunk.com<br>mlenihan@simsfunk.com<br>gfox@simsfunk.com<br>*Counsel for Ashton, Amorphous Music, Inc., Bassnectar Touring, Inc.*<br>SERVED VIA CM/ECF | Kimberly Hodde<br>40 Music Square East<br>Nashville, TN 37203<br>615-242-4200<br>*Counsel for Ashton, Amorphous Music, Inc., Bassnectar Touring, Inc.*<br>SERVED VIA CM/ECF |
| Russell B. Morgan<br>Jason C. Palmer<br>Rachel Sodee<br>1600 Division St., Ste. 700<br>Nashville, TN 37203<br>615-252-2311<br>morgan@bradley.com<br>*Counsel for C3 Presents, L.L.C.*<br>SERVED VIA CM/ECF | Redlight Management, LLC<br>10 E. 40th St., #22<br>New York, NY 10016<br>SERVED VIA USPS REGULAR MAIL<br><br>Ashleigh D. Karnell<br>Paige Waldrop Mills<br>Bass, Berry & Sims (Nashville Office)<br>150 Third Avenue South Suite 2800<br>Nashville, TN 37201<br>(615) 742-7914 (<br>615) 742-0453 (fax)<br>ashleigh.karnell@bassberry.com<br>pmills@bassberry.com |

| | |
|---|---|
| Stacy M. Ashby<br>Mitchell Schuster<br>125 Park Ave., 7th Fl.<br>New York, NY 10017<br>212-655-3562<br>sma@msf-law.com<br>ms@msf-law.com<br>*Counsel for Ashton, Amorphous Music, Inc., Bassnectar Touring, Inc.*<br>SERVED VIA EMAIL | Cynthia A. Sherwood<br>Davis Fordham Griffin Sherwood Boutique Litigation, PLC<br>201 Fourth Avenue, N Suite 1130<br>Nashville, TN 37219<br>(615) 873-5670 (615) 873-5671 (fax)<br>cynthia@sherwoodlitigation.com<br>davis@sherwoodlitigation.com<br>Attorneys for Defendants Gnarlos Industries, LLC and Carlos Donohue |
| | R. Scott McCullough<br>McNabb, Bragorgos, Burgess & Sorin, PLLC<br>81 Monroe Avenue Sixth Floor<br>Memphis, TN 38103-5402<br>(901) 924-0640<br>(901) 624-0650 (fax)<br>smccullough@mbbslaw.com<br><br>Counsel for Defendant C3 Presents, L.L.C. |

/s/Brian T. Boyd
Brian T. Boyd