## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, et al. | ) |
| | ) |
| *Plaintiffs,* | ) Case No. 3:21-cv-272 |
| | ) |
| v. | ) JURY TRIAL DEMAND |
| | ) |
| LORIN ASHTON, et al. | ) JUDGE ALETA A. TRAUGER |
| | ) |
| *Defendants.* | ) |

## INTERACTIVE GIVING FUND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

COMES NOW, Defendant Interactive Giving Fund ("IGF") and respectfully submits this Memorandum of Law in Support of its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

### INTRODUCTION

Beginning well before this motion, IGF made good faith attempts to apprise Plaintiffs' lawyers of the factual and legal errors of bringing this suit against IGF. A simple search of public records reveals that BeInteractive – described by Plaintiffs as the predecessor to IGF – was only formed in 2018 and then later dissolved in 2020. (See Dkt. 58-4). As such, IGF, which is not an incorporated entity but rather a fund of money to be used for charitable purposes that is administered by an unrelated third party, was not even in existence during the years at issue in the First Amended Complaint ("FAC"). Given the foregoing, IGF's counsel contacted Plaintiffs' counsel prior to IGF filing its Motion to Dismiss and voluntarily provided the documentation evidencing these indisputable facts which preclude a viable suit against IGF.

Despite being given this uncontroverted evidence, Plaintiffs decided to proceed against IGF, apparently without care that IGF does not have the capacity to be sued or that it did not even

1

exist during the allegations time period. Thus, IGF had no other alternative than to file their Motion to Dismiss resulting in unnecessarily wasting this Court's time and resources.

Plaintiffs' lawyers conduct violates Rule 11 as they failed to adequately inquire into their factual contentions as they relate to IGF. Then after being confronted with information and documentation to show that IGF is not a proper defendant in this suit, they refused to discontinue the action as against IGF. IGF does not make this motion lightly. However, the totality of Plaintiffs lawyers' conduct amounts to the exact conduct that Rule 11 was meant to deter.

## **ARGUMENT**

### I. STANDARD OF LAW

Fed R. Civ. P. 11(b) states in relevant: By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Fed. R. Civ. P. 11, "sanctions may be imposed if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). "The purpose of Rule 11

2

sanctions is to deter the abuse of the legal process." *Id.* Rule 11 "stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed." *Id.* The Sixth Circuit affords the district court "considerable deference . . . upon the review of Rule 11 sanctions." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

Rule 11 motions are measured against an "objective standard of reasonableness under the circumstances." *Merritt*, 613 F.3d at 626. Courts must not "use the wisdom of hindsight," but must instead test what was reasonable to believe at the time the pleading, motion, or other paper was submitted. *Id.* Nevertheless, the inquiry required under Rule 11 is "not a one-time obligation." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). Rather, a plaintiff must review his pleadings and modify them, when necessary, to conform to Rule 11's requirements. *Id.* at 335-36. "Failure to do so permits the district court, within its discretion, to impose sanctions against the offending litigant or attorney when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *Id.*

## II.     IGF IS NOT AN ENTITY AND AS SUCH DOES NOT HAVE THE CAPACITY TO BE SUED

IGF is simply not an entity and as such it lacks capacity to be sued. Despite knowing this fact as it was specifically stated to Plaintiffs' counsel following the filing of this case, Plaintiffs refuse to discontinue their claims against IGF.[1] On this basis alone, Plaintiffs should be sanctioned pursuant to Fed. R. Civ. P. 11.

The FAC alleges that IGF is a California corporation and a charity formerly known as "BeInteractive." (FAC ¶¶ 6, 28). The California nonprofit public benefit corporation BeInteractive was not formed until July 2018. (Sridharan Decl., Ex. A). The actions referred to in the FAC are alleged to have occurred *prior to 2018* (*i.e.*, prior to BeInteractive's existence), except for one

---

[1] These arguments have been briefed in in IGF's Motion to Dismiss (Dkt. 58), which IGF adopts and incorporates herein by reference.

3

allegation that Ashton "continued to have sex with" Plaintiff Doe until an unspecified time in "2018." (FAC ¶ 180). Even assuming BeInteractive was a defendant herein, (which it is not) the FAC fails to state a claim against that (now dissolved) entity. (See Dkt. 58-2; 58-4).

As for IGF, it is neither a corporation nor an entity formed in any jurisdiction. (Dkt. 58-2, Sridharan Decl. ¶ 6). Contrary to the FAC's allegations, IGF was not "formally known as" Be Interactive. Be Interactive was properly dissolved in 2020. (Dkt. 58-3). Instead, IGF is the name in which charitable monies are held in a section 503(c)(3) donor-advised fund maintained by Vanguard Charitable. (Dkt. 58-2, Sridharan Decl. ¶ 5). "One may not sue a name unless someone is doing business under that name, in which case the party or parties doing business may be sued individually as trading under said name or by the trade name as provided in Rule 17(b)." *In re Midwest Athletic Club*, 161 F.2d 1005, 1008 (7th Cir. 1947). Here, even assuming Ashton is alleged to be "doing business" under the name "Interactive Giving Fund," (which he is not) only he can be (and has been) sued individually. IGF cannot be sued. *See Frison v. Ryan Homes*, No. Civ. AW-04-350, 2004 WL 3327904, at *3 (D. Md. Oct. 29, 2004) (dismissing claims against "Ryan Homes" because it "is not a separate legal entity but rather merely a trade name" which "are not jural persons and cannot sue or be sued.").

In addition to Rule 11, the court may impose sanctions pursuant to its inherent power "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal quotations omitted). The Sixth Circuit has held that "'bad faith' [or 'conduct that was tantamount to bad faith'] is a requirement for the use of the district court's inherent authority." *First Bank of Marietta v. Hartford Underwriters*, 307 F.3d 501, 519 (6th Cir. 2002).

4

The corporate formality facts about IGF (and BeInteractive) could have been (and should have been) discovered by Plaintiffs' counsel prior to their filing their allegations and claims against IGF by simply looking up the corporate records on the applicable Secretary of State's websites. Because it was clear that Plaintiffs did not conduct such due diligence prior to bringing claims against IGF, IGF, through its counsel, contacted Plaintiffs' counsel to discuss the issue. (*See* **Exhibit A** hereto, a true and correct copy of the email chain between IGF's counsel and Plaintiffs' counsel). Plaintiffs' failure to conduct any prefiling investigation of the facts as it relates to IGF which would have alerted them to the fact that IGF does not have the capacity to be sued and was not in existence at the time of the allegations and their failure to voluntarily discontinue the action as against IGF in the face of those uncontroverted facts warrant Rule 11 sanctions. *See, e.g., Temple v. WISAP USA in Texas*, 152 F.R.D. 591 (D. Neb. Dec. 10, 1993) (granting a Rule 11 sanctions motion where it was found that the attorney did not make any prefiling investigation as to the corporate status of a named defendant and had ignored information post original complaint filing that conclusively established that the wrong defendant was named).

While IGF is not an entity that can be sued, it has retained counsel to defend against the Plaintiffs' claims because Plaintiffs could use their complaint, discovery tools, or even potentially be granted a default, which they could weaponize against the other defendants. Notwithstanding the foregoing, given that documentary evidence conclusively establishes that IGF cannot be sued for the claims asserted by Plaintiffs because it did not exist at the time and does not have the capacity to be sued – all of which was brought to Plaintiffs' counsel's attention – Plaintiffs' maintenance of such baseless claims against IGF can only be interpreted as bad faith. *See Merritt*, 613 F.3d at 626.

## CONCLUSION

For the reasons stated herein, Defendant IGF respectfully moves the Court to grant this Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, and in doing so dismiss the First Amended Complaint against IGF, award IGF reasonable attorney's fees, and order and such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/Brian T. Boyd
Brian T. Boyd (#023521)
Bennett J. Wills (#034831)
Law Office of Boyd & Wills
214 Overlook Cir., Ste. 275
Brentwood, TN 37027
T: 615-861-1936
F: 615-523-2595
brian@boydwills.com
bennett@boydwills.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of August 2021, a copy of the foregoing Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Supporting Memorandum were served on the following parties via the Court's electronic case management system:

| Phillip Miller<br>621 Woodland St.<br>Nashville, TN 37206<br>615-356-2000<br>pmillar@seriousinjurylaw.com<br>*Counsel for Plaintiffs*<br>SERVED VIA CM/ECF | Brian Kent<br>M. Stewart Ryan<br>Alexandria MacMaster<br>1100 Ludlow St., Ste. 300<br>Philadelphia, PA 19107<br>215-399-9255<br>bkent@lbk-law.com<br>sryan@lbk-law.com<br>amacmaster@lbk-law.com<br>*Counsel for Plaintiffs*<br>SERVED VIA CM/ECF |
|---|---|
| Robert A. Peal<br>Mark W. Lenihan<br>Grace A. Fox<br>Sims \|Funk<br>3322 West End Ave., Ste. 200 | Kimberly Hodde<br>40 Music Square East<br>Nashville, TN 37203<br>615-242-4200 |

6

| | |
|---|---|
| Nashville, TN 37203<br>615-292-9335<br>rpeal@simsfunk.com<br>mlenihan@simsfunk.com<br>gfox@simsfunk.com<br>*Counsel for Ashton, Amorphous Music, Inc.,*<br>*Bassnectar Touring, Inc.*<br>SERVED VIA CM/ECF | *Counsel for Ashton, Amorphous Music, Inc.,*<br>*Bassnectar Touring, Inc.*<br>SERVED VIA CM/ECF |
| Russell B. Morgan<br>Jason C. Palmer<br>Rachel Sodee<br>1600 Division St., Ste. 700<br>Nashville, TN 37203<br>615-252-2311<br>morgan@bradley.com<br>*Counsel for C3 Presents, L.L.C.*<br>SERVED VIA CM/ECF | Redlight Management, LLC<br>10 E. 40th St., #22<br>New York, NY 10016<br>SERVED VIA USPS REGULAR MAIL |
| Stacey M. Ashby<br>Mitchell Schuster<br>125 Park Ave., 7th Fl.<br>New York, NY 10017<br>212-655-3562<br>sma@msf-law.com<br>ms@msf-law.com<br>*Counsel for Ashton, Amorphous Music, Inc.,*<br>*Bassnectar Touring, Inc.*<br>SERVED VIA EMAIL | Ashleigh D. Karnell<br>Paige Waldop Mills<br>Bass, Berry & Sims (Nashville Office)<br>150 Third Avenue South<br>Suite 2800<br>Nashville, Tennessee 37201<br>(615) 742- 7914<br>(615) 742- 0453<br>Ashleigh.karnell@bassberry.com<br>pmills@bassberry.com |
| Cynthia A. Sherwood<br>Davis Fordam Griffin<br>Sherwood Boutique Litigation, PLLC<br>201 Fourth Avenue North<br>Suite 1130<br>Nashville, Tennessee 37219<br>(615) 873- 5670<br>(615) 873-5671<br>cynthia@sherwoodlitigation.com<br>davis@sherwoodlitigation.com<br><br>Attorneys for Defendants Gnarlos Industries,<br>LLC and Carlos Donohue | R. Scott McCullough<br>McNabb, Bragorgos, Burgess & Sorin, PLLC<br>81 Monroe Avenue Sixth Floor<br>Memphis, Tennessee 38103-5402<br>(901) 924- 0640<br>(901) 624- 0650<br>smccullough@mbbslaw.com<br><br>Counsel for Defendant C3 Presents, L.L.C. |

/s/Brian T. Boyd
Brian T. Boyd

8