IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| RACHEL RAMSBOTTOM, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) ) | No.: 3:21-CV-00272 |
| LORIN ASHTON, et al. | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## DEFENDANT RED LIGHT MANAGEMENT, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

**I.     Plaintiffs' Response[1] Did Not Address or Explain Any of the Glaring Deficiencies in Their Complaint as to Red Light.**

There are only three paragraphs in the entire First Amended Complaint ("FAC") that even mention Red Light. (¶¶ *30, 64, and 75)*. These allegations as to Red Light are either formulaic recitations of the elements of Plaintiffs' claims without any plausible factual support (s*ee ¶ 30)*[2] *or* they are internally inconsistent and contradictory, i.e. Red Light both is (¶ 64)  and is not (¶ 75)[3] a "Bassnectar Company." Formulaic and inconsistent allegations are patently insufficient. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007)( "[a] formulaic recitation of a cause of action's elements

---

[1]     Plaintiffs' Response to Red Light's Motion can be found at Dkt. 85-1 ("Response").

[2] One of these formulaic allegations is that "Red Light had a continuous business relationship with Bassnectar that enabled Bassnectar to engage in predatory behavior towards underage girls during the times that each Plaintiff was harmed." Plaintiffs are required to state plausible facts supporting this conclusory assertion, particularly since Red Light did not begin managing Bassnectar's career until 2017, when all three Plaintiffs were of majority age.

[3] Further, ¶ 75 cannot support any of Plaintiffs' claims as to Red Light because it alleges acts that occurred in 2016 and 2020. All Plaintiffs were of majority age by 2014. Accordingly, this allegation cannot support a claim that Red Light facilitated or profited from the sex trafficking of minors.

1

will not do"); *Montague v. Schofield*, No. 2:14-CV-292-RLJ, 2016 WL 3977199, at *3 (E.D. Tenn. July 19, 2016)(court need not accept inconsistent allegations as true). As such, none of the Plaintiffs' allegations regarding Red Light is entitled to a presumption of truth. *Hudik v. Fox News Network, LLC*, 512 F. Supp. 3d 816, 824, 2021 WL 62832 (M.D. Tenn. 2021)("…bare assertions, formulaic recitation of the elements, and conclusory or bald allegations" do not count toward the plaintiff's goal of showing plausibility of entitlement to relief and are not entitled to the presumption of truth.)

Aside from the three deficient allegations that do mention Red Light discussed above, the remainder of the allegations are also inconsistent,[4] cryptically refer to the acts of vague and amorphous "defendants," and do not identify which defendant performed which act. A complaint that lumps all defendants together and does not sufficiently allege who did what to whom fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant. *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), aff'd, 831 F. App'x 161 (6th Cir. 2020); *Orr, v. J. Ranck Elec, Inc.*, No. 19-13065, 2020 WL 4334961, at *5 (E.D. Mich. July 28, 2020).[5]

Given the highly publicized and salacious nature of Plaintiffs' allegations, it is all the more important that Red Light not be subjected to vague allegations that do not identify one single act

---

[4] The more than twenty allegations in the FAC that painstakingly establish that Plaintiffs hid their relationships with Bassnectar and were sworn to secrecy are fundamentally inconsistent with Plaintiffs' conclusory allegations that defendants knew or should have known of Bassnectar's alleged sex trafficking of Plaintiffs. *See* FAC ¶¶ 10, 12, 46, 53, 78, 106, 124, 125, 133, 134, 138, 148, 149, 150, 162, 163, 170, 174, 177, 179, 183, 185 (detailing the secrecy) compared to FAC at ¶¶ 30 and 209, asserting without any factual support that Red Light knew or should have known that Plaintiffs were victims of sex trafficking.

[5] Contrary to Plaintiffs' protestations (Response at 17), it is not only fraud claims that must set forth which defendant performed which act. *Courser* involved § 1983 claims for violation of procedural and substantive due process under the Fourteenth Amendment, violations of the Federal Wiretapping Act, and defamation claims. *Orr* involved claims of negligent supervision, breach of fiduciary duty, and breach of contract.

attributable to it that would support Plaintiffs' claims. Particularly where, as here, Red Light did not even manage Bassnectar's career until 2017, when all Plaintiffs were no longer minors.

**II. Plaintiffs Have Not Alleged Plausible Facts Establishing That Red Light Was Involved in a Sex Trafficking Enterprise and Received Benefits Arising From Sex Trafficking**

A claim under the "financial beneficiary prong" of the TVPRA has three elements: (1) that the defendant "knowingly benefit[ted]," (2) "from participation in a venture," (3) "which [the defendant] knew or should have known has engaged" in sex trafficking. 18 U.S.C. § 1595(a). *H.G. v. Inter-Cont'l Hotels Corp.,* 489 F. Supp. 3d 697, 704 (E.D. Mich. 2020). To satisfy the "knew or should have known" element, a plaintiff must plead facts demonstrating that the defendant knew or should have known of sex trafficking *by the particular venture in which the defendant allegedly participated. Id.*(emphasis in original); *see also Noble v. Weinstein,* 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018)("Because … liability[] cannot be established by association alone, Plaintiff must allege specific conduct that furthered the sex trafficking venture…some participation in the sex trafficking act itself must be shown."); *Geiss v. Weinstein Co. Holdings,* 383 F. Supp. 3d 156, 169 (S.D. N.Y 2019*)* ("The participation giving rise to the benefit must be participation *in a sex-trafficking venture*, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture.")(emphasis in original).

Because Plaintiffs have not and cannot allege plausible facts establishing that Red Light was involved in and received a benefit from sex trafficking, Plaintiffs rely heavily on *M.A. v. Wyndham Hotels & Resorts, Inc*. 425 F. Supp. 3d 959 (S.D. Ohio Oct. 7, 2019), for the dubious proposition that a "plaintiff need not allege knowledge of a specific or particular sex trafficking venture." Response at 9. This is clearly contrary to the weight of authority cited by Red Light in its opening brief, as well

as the authorities above. Moreover, the court in *H.G.* expressly disagreed with *M.A.*'s holding on this point. 489 F. Supp. 3d at 707.

Despite its articulation of a more relaxed (and incorrect) standard, Plaintiffs fail to apprehend that *M.A.* actually supports dismissal of Plaintiffs' claim in the case at bar. In *M.A.*, the plaintiff alleged, and the court agreed, that defendants were knowingly benefiting from the sex trafficking by renting rooms to the sex traffickers in which the illegal conduct was occurring. There is no such direct connection present or alleged here.[6] Red Light managed Bassnectar's music career and did not earn money from renting rooms in which sex trafficking occurred. Red Light was compensated by receiving a commission on Bassnectar's earnings as an entertainer. Unlike the hotel operators in *M.A.*, Red Light's compensation bore no relationship whatsoever to any alleged conduct that could possibly constitute sex trafficking.

Further, in *M.A.,* the plaintiff alleged numerous compelling facts establishing that the defendants knew or should have known about the sex trafficking--facts that are not present in this case. For example, M.A. alleged that she screamed out for help after being beaten and choked but the staff ignored her and did nothing to prevent the trafficking*;* that she was forced into sexual encounters with approximately ten men per day, and these men would enter and leave the hotel guest room in quick succession; that the trafficker often requested rooms near exit doors; that the trash cans in the rooms were filled with an extraordinary number of used condoms; that the trafficker routinely refused housekeeping services and paid with cash; that she was routinely escorted by her trafficker in view

---

[6] While hardly clear, Plaintiffs appear to allege that Bassnectar's entire career was the sex trafficking "venture" and thus any party that provided services to him--such as promoters, venues, publicists, agents, managers, lawyers, accountants, ticketing services, merchandise sellers, makeup artists and caterers—was obligated to apply some undefined level of customer vetting and supervision that would expose private sexual behavior constituting a TVPRA violation about which they "knew or should have known." Such a standard would be untenable and would subject an endless array of people and entities to suit.

4

Case 3:21-cv-00272   Document 98   Filed 08/25/21   Page 4 of 8 PageID #: 968

of the front desk; and that the trafficking was operated out of the same hotel room for multiple days and even weeks at a time. 425 F. Supp. at 967.

Here, Plaintiffs have not alleged any such facts. In fact, Plaintiffs have taken great care to describe the secrecy with which Bassnectar allegedly operated, only to conclusorily allege that Red Light, which manages entertainers and does not operate hotels, knew or should have known that sex trafficking was occurring. Even *M.A.*, with its relaxed and incorrect standard, mandates the dismissal of Plaintiffs' claims because it starkly demonstrates just how threadbare and deficient Plaintiffs' factual allegations are.

### III. Plaintiffs Should Not Be Permitted to Amend Their Complaint Because Any Amendment Would be Futile as to Red Light.

Plaintiffs should not be allowed to amend their Complaint a second time because any such amendment would be futile. As set forth in Red Light's moving papers, Red Light did not begin managing Bassnectar's career until 2017, a date by which all Plaintiffs were of majority age. Consequently, Red Light could not have participated in any sex trafficking venture involving these Plaintiffs because they were not minors during the time of Red Light's involvement. If the Court should permit Plaintiffs to amend, Red Light asserts that this Court should expressly order Plaintiffs to set forth with plausible facts how Red Light participated in a sex trafficking venture during a period in which they were minors.

### CONCLUSION

For the foregoing reasons and for the reasons set forth in its moving papers, Red Light asserts that it is entitled to a dismissal of all of Plaintiffs' claims against it.

Respectfully Submitted,

*/s/ Paige W. Mills*
Paige W. Mills (BPR #016218)
Ashleigh Karnell (BPR #036074)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
pmills@bassberry.com
akarnell@bassberry.com

*/s/ Philip Goodpasture*
Philip Goodpasture (VA Bar #25312)
Brendan O'Toole (VA Bar #71329)
Meredith Haynes (VA Bar #80163)
WILLIAMS MULLEN
200 South 10th Street
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
pgoodpasture@williamsmullen.com
botoole@williamsmullen.com
mhaynes@williamsmullen.com

*Attorneys for Defendant Red Light Management, Inc.*

**CERTIFICATE OF SERIVCE**

I hereby certify that on the 25th day of August 2021, the foregoing was filed electronically with

| | |
|---|---|
| Phillip Miller<br>631 Woodland Street<br>Nashville, TN 37206 615-356-2000<br>pmiller@seriousinjury.com<br><br>Brian Kent<br>M. Stewart Ryan<br>Alexandria MacMaster<br>LAFFEY, BUCCI & KENT, LLP<br>1100 Ludlow Street, Suite 300<br>Philadelphia, PA 19107<br>bkent@lbk-law.com<br>sryan@lbk-law.com<br>amacmaster@lbk-law.com<br><br>*Attorneys for Plaintiffs* | Russell B. Morgan<br>Jason C. Palmer<br>Rachel Sodée<br>BRADLEY ARANT<br>BOULT CUMMINGS LLP<br>1600 Division Street, Suite 700<br>Nashville, Tennessee 37203<br>rmorgan@bradley.com<br>jpalmer@bradley.com<br>rsodee@bradley.com<br><br>R. Scott McCullough<br>MCNABB, BRAGORGOS BURGESS & SORIN, PLLC<br>81 Monroe Avenue, Sixth Floor<br>Memphis, TN 38103-5402<br>smccullough@mbbslaw.com<br><br>*Attorneys for Defendant C3 Presents, L.L.C.* |

| | |
|---|---|
| Grace A. Fox<br>Robert A. Peal<br>Mark W. Lenihan<br>SIMS FUNK, PLC<br>3322 West End Avenue<br>Suite 200<br>Nashville, TN 37203<br>gfox@simsfunk.com<br>rpeal@simsfunk.com<br>mlenihan@simsfunk.com<br><br>Kimberly S. Hodde<br>HODDE & ASSOCIATES<br>40 Music Square East<br>Nashville, TN 37203<br>kim.hodde@hoddelaw.com<br><br>Mitchell Schuster<br>Stacey M. Ashby<br>MEISTER, SEELIG & FEIN, LLP<br>125 Park Avenue, 7th Floor<br>New York, NY 10017<br>ms@msf-law.com<br><br>*Attorneys for Defendants Lorin Ashton, Amorphous Music Inc., and Bassnectar Touring, Inc.* | Bennett James Wills<br>Brian T. Boyd<br>LAW OFFICE OF BRIAN T. BOYD<br>214 Overlook Cir., Suite 275<br>Brentwood, TN 37027<br>bennett@boydlegal.com<br>brian@boydwills.com<br><br>*Attorneys for Defendant Interactive Giving Fund* |
| Cynthia A. Sherwood<br>Davis F. Griffin<br>SHERWOOD BOUTIQUE LITIGATION, PLC<br>201 Fourth Avenue North, Suite 1130<br>Nashville, TN 37219<br>cynthia@sherwoodlitigation.com<br><br>*Attorneys for Defendants Carlos Donohue and Gnarlos Industries, LLC* | |

/s/ Paige W. Mills