UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, JANE DOE #1,  Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | No. 3:21-cv-00272 |
| LORIN ASHTON, AMORPHOUS MUSIC, INC., BASSNECTAR TOURING, INC., REDLIGHT MANAGEMENT, INC., C3 PRESENTS, L.L.C., INTERACTIVE GIVING FUND, GNARLOS INDUSTRIES, LLC, CARLOS DONOHUE, ABC CORPORATIONS, ONE THROUGH TEN (said Names Being Fictitious), JOHN DOES, ONE THROUGH TEN (said Names Being Fictitious),  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Trial Demanded

District Judge Aleta A. Trauger |

**DEFENDANT CARLOS DONOHUE'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

This Court should grant Defendant Carlos Donohue's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") because it fails to allege sufficient facts to support a claim and Plaintiffs' Memorandum of Law in Support of Their Response in Opposition to Defendant Carlos Donohue's Motion to Dismiss Plaintiffs' First Amended Complaint ("Response") does not change that but, instead, contradicts facts in the FAC, including the alleged secrecy of the sex trafficking activities, while also arguing facts not in the FAC; this Court does not have personal jurisdiction over Mr. Donohue; and venue is improper in this district. Consequently, Mr. Donohue's Motion should be granted.

**Discussion**

I.   **THIS COURT LACKS PERSONAL JURISDICTION OVER MR. DONOHUE.**

Plaintiffs reiterate in their Response the mistake made in their FAC by stating:

> Defendant Carolos Donohue, an individual, is an adult male and resident of Oregon. Carlos Donohue is the founder, chairman, figurehead, and chief executive of Gnarlos Industries. Carlos Donohue utilized Gnarlos Industries, LLC to arrange for, and transport young girls, including Plaintiffs, to engage in commercial sex acts with Bassnectar. Carlos Donohue had a continuous business relationship with Bassnectar that enabled Bassnectar to engage in predatory behavior toward underage girls during the times that each Plaintiff was harmed.

Doc No. 23 at ¶ 33; Doc. No. 107-2 at pp. 3-4.  Plaintiffs fail to allege a single fact concerning any contact Mr. Donohue has ever had with the state of Tennessee.

Gnarlos Industries, LLC ("Gnarlos") did not exist during all times suggested and relevant to claims in the FAC.  It is impossible for Mr. Donohue to have utilized Gnarlos in any way because it did not exist. Yet, Plaintiffs continue, despite the dismissal of Gnarlos (Doc. No. 101), to suggest the tour management business Mr. Donohue now owns somehow benefited from the actions of Bassnectar despite its nonexistence at the time of the claims in the FAC.

While Plaintiffs want each and every act undertaken by Bassnectar, including those acts that Bassnectar took in this judicial district, to also be the acts of Mr. Donohue for the purposes of the FAC, what one wants and what the law requires are very different beasts for establishing personal jurisdiction over a single defendant.  The FAC does not allege that Mr. Donohue is an agent of Bassnectar nor any fact to establish such agency.

Plaintiffs instead attempt to establish personal jurisdiction over Mr. Donohue through a misunderstanding of agency law. Bassnectar is not an agent of Mr. Donohue and his negligence can't be imputed to Mr. Donohue.  As the case cited by the Plaintiffs holds, "[t]he doctrine of respondeat superior permits the *principal* to be held liable for the negligent actions of his *agent*."

*Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432 (Tenn. 2008) (emphasis added). Plaintiffs baldly assert in their Response that Mr. Donohue is the agent of Bassnectar (Doc. No. 107-2 at p. 4), yet then nonsensically attempt to establish jurisdiction over Mr. Donohue by alleging that every act of Bassnectar, the *principal*, is the act of Mr. Donohue, the purported *agent*. (*Id*. at p. 5). The vicarious relationship supporting agency liability does not run from the principal to the agent. To suggest this Court has personal jurisdiction over Mr. Donohue via some sort of agency theory would suggest the exact opposite relationship.

Plaintiffs have alleged no facts establishing either agency or apparent agency between Mr. Donohue and Bassnectar. Instead of conceding that in their Response, wrongfully and outrageously they claim, in an attempt to support personal jurisdiction over Mr. Donohue, to have alleged that he is a "fundamental cog in Bassnectar's trafficking machine" that was "a pipeline of new and vulnerable females to victimize." Doc. No. 107-2 at p. 5. Those facts are *not* alleged in the FAC and, even if alleged, would not establish personal jurisdiction over Mr. Donohue.

Plaintiffs cannot, through some sort of misdirected agency law, impute Bassnectar's alleged solicitation of minors and sexual abuse of minors to Mr. Donohue to gain personal jurisdiction over him.

Plaintiffs should not be allowed any jurisdiction discovery because they failed to state a claim against Mr. Donohue.

## II. PLAINTIFFS FAIL TO STATE A TVPRA CLAIM AS TO CARLOS DONOHUE.

Plaintiffs have not alleged plausible facts establishing that Mr. Donohue was involved in a sex trafficking enterprise and received benefits arising from sex trafficking.

Plaintiffs' TVPRA claim should be dismissed because Plaintiffs failed to allege facts that provide a basis for asserting that Mr. Donohue knew or should have known that the particular

"venture" alleged was a sex trafficking venture or that Mr. Donohue "knowingly benefit[ed]" from that participation. A claim under the financial beneficiary prong of the TVPRA has three elements: (1) that the defendant knowingly benefited, (2) from participation in a venture, (3) which the defendant knew or should have known has engaged in sex trafficking. 18 U.S.C. § 1595(a). To satisfy the "knew or should have known" standard, "a plaintiff must allege…that the defendant knew or should have known of sex trafficking by the *particular* sex trafficking venture in which the defendant is alleged to have participated." *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 707 (E.D. Mich. 2020) (emphasis original).

To avoid this requirement, Plaintiffs rely heavily on *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) for the argument that the "knew or should have known" standard is satisfied so long as the defendant has generalized knowledge of sex trafficking by suggesting that Mr. Donohue knew or should have known Bassnectar was engaged in sex trafficking. Doc. No. 107-2 at p. 9, 13. Plaintiffs' reliance on *M.A.* is misplaced and, like the Court in *H.G.*, which does not reflect the majority view on the "knew or should have known" standard, would "create a vehicle to ensnare conduct that the statute never contemplated"—something the Sixth Circuit has expressly warned against in interpreting the TVPRA. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016).

Further, the more than twenty-two allegations in the FAC asserting that Plaintiffs were sworn to secrecy are inconsistent with any argument that Mr. Donohue knew or should have known of Bassnectar's alleged sex trafficking of the Plaintiffs, no matter how close Plaintiffs try and associate the two of them. Doc. No. 23 at ¶¶ 10, 12, 46, 53, 78, 106, 124, 125, 133, 134, 138, 148-150, 162, 170, 174, 177, 179, 183, 185. Plaintiffs then contradict those allegations in their Response, claiming Bassnectar engaged in sex trafficking in broad daylight and within the view

of Mr. Donohue. Doc. No. 107-2 at pp. 5, 15. Plaintiffs also inappropriately include facts in their Response not alleged in the FAC, in particular, allegations that minors were recruited by Mr. Donohue. *Id*. at pp. 1, 11, 15. Those allegations are absent from and directly inconsistent with the allegations in the FAC. There was no recruitment, and the named Plaintiffs were all solicited in direct private messages on Twitter by only Bassnectar, not Mr. Donohue. Doc. No. at ¶ 45. Plaintiffs may not rely on or assert facts in response to a motion to dismiss not asserted in their FAC. *Reily v. Meffe*, 6 F. Supp. 3d 760, 778 (S.D. Ohio 2014) ("[New] facts should not be considered in ruling on a 12(b)(6) motion."). To the extent the Response contradicts the facts of the FAC or asserts facts not in the FAC, this Court must look to the FAC. *See Defenders of Wildlife v. Jewell*, No. 3:13-CV-698-PLR-CS, 2015 WL 402680, at *9 (E.D. Tenn. Jan. 28, 2015).

The FAC is devoid of any facts to support the position that Mr. Donohue "knew or should have known" of a particular sex trafficking venture. In *M.A.*, a litany of facts supported the plaintiff's assertion that the hotel-defendant who rented the rooms to the traffickers knew or should have known, which included: garbage cans in the hotel rooms had "an extraordinary number of used condoms," rooms "paid for with cash," "desperate pleas and screams for help" by the plaintiff, signs of "obvious torture" and "physical deterioration," and visits by as many as ten men per day. 425 F. Supp. 3d at 967. Those facts are indicative of both sex and abuse and could support signs of sex trafficking. In this case, however, Plaintiffs fatally attempt to rely upon facts that are not indicative of sex or abuse. Those facts, which include rides to concerts, tickets to concerts, and backstage passes, are actions indicative of a tour manager's role. Doc. No. 23 at ¶¶ 111, 168, 176. With respect to any sexual allegations, Plaintiffs state in their FAC individual sexual acts in private hotel rooms or at Bassnectar's private home, via text message on his private cell phone or other secretive apps, and under the demand, and even agreement by the Plaintiffs, of absolute secrecy.

5

To suggest that the daily activities of a tour manager, such as handling transportation and tickets to concerts, are now sex trafficking is an egregious, unsupported conclusion Plaintiffs want this Court to reach with devastating and unwarranted consequences for Mr. Donohue. Plaintiffs fail to allege facts which are evidence of knowledge. They allege facts only that Mr. Donohue was familiar with doing his job as a tour manager—that is all.

Plaintiffs also failed to demonstrate that Mr. Donohue knowingly benefited from participation in the sex trafficking venture alleged. Plaintiffs rely on two non-binding cases for this point, but neither supports their actual position because the facts in the comparison cases are so dissimilar to the facts in the case at bar. *See M.A.*, 425 F.Supp. 3d 959; *A.B. v. Marriott Int'l Inc.*, 455 F. Supp. 3d 171, 192 (E.D. Pa. 2020). In both cases, the moving defendant had rented hotel rooms to the alleged sex trafficker(s) that they then used for sex trafficking purposes. *M.A.*, 425 F. Supp. 3d at 965; A.B., 455 F. Supp. 3d at 175. In *M.A.*, the court found "that the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet [the knowing benefits] element of the § 1595(a) standard." 425 F. Supp. 3d at 965. Contrary to Plaintiffs' assertion that the case at bar raises essentially identical arguments as the defendant in *M.A.* (Doc. No. 107-2 at p. 12), Plaintiffs have not alleged any form of a knowing financial benefit such as a hotel renting a hotel room to, and collecting payment from, a sex trafficker who carries out his trafficking in that room. Instead, Plaintiffs merely allege in their Response that Mr. Donohue profited generally and received value from his job as tour manager for Bassnectar. *Id*. at p. 12. The FAC only provides a blanket allegation as to all the Defendants that they knowingly benefited—it does not identify or support by facts how each Defendant knowingly benefited. Doc. No. 23 at ¶¶ 18, 72, 204, 209, 210.

### III. PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR COMPLAINT YET AGAIN.

Plaintiffs alternatively ask this Court for a dismissal without prejudice to allow for a Second Amended Complaint. This is wholly improper because Local Rule 15.01 requires that a motion to amend provide the reasons for, and the substance of, the proposed amended complaint, in addition to providing the proposed amended pleading. Further, allowing an additional amendment would be duplicitous and futile as Plaintiffs have already failed to state a TVPRA claim as to Mr. Donohue. Plaintiffs are essentially on a fishing expedition and using the amendment process to obtain more information, and in doing so cannot substantiate baseless allegations or connect Defendants to this jurisdiction. Plaintiffs are attempting to carve out an additional area of sex trafficking law using a false narrative and erroneous legal analysis. Should the Court grant this alternative relief, it would be giving Plaintiffs an advisory opinion they are not entitled to have. *See H.G.*, 489 F. Supp. 3d at 712 (citing *Begala v. PNC Bank*, Ohio, 214 F.3d 776, 784 (6th Cir. 2000)) (denying plaintiff's request to amend, holding the TVPRA plaintiff was not "entitled to an advisory opinion from the Court informing [her] complaint and then [yet another] opportunity to cure those deficiencies.") Consequently, Plaintiffs' alternative relief should be denied and Mr. Donohue's Motion to Dismiss should be granted.

### Conclusion

For all the foregoing reasons and the reasons stated in the Memorandum in Support of Defendant Carlos Donohue's Motion to Dismiss Plaintiffs' First Amended Complaint, Plaintiffs' claims against Mr. Donohue should be dismissed with prejudice.

Respectfully submitted,

**Sherwood Boutique Litigation, PLC**

By:/s/ Cynthia A. Sherwood
Cynthia A. Sherwood (BPR #20911)
201 Fourth Avenue North, Suite 1130
Nashville, TN 37219
(615) 873-5670
(615) 900-2312 (fax)
cynthia@sherwoodlitigation.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed with the Court's electronic filing system and thereby sent via email to the following:

Brian Kent, Esq.
M. Stewart Ryan, Esq.
Alexandria MacMaster-Ho, Esq.
Laffey, Bucci & Kent, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
bkent@lbk-law.com
sryan@lbk-law.com
amacmaster@lbk-law.com
*Counsel for Plaintiffs*

Phillip H. Miller, Esq.
631 Woodland Street
Nashville, TN 37206
phillip@seriousinjury.com
*Counsel for Plaintiffs*

Robert A. Peal, Esq.
Grace A. Fox, Esq.
Mark W. Lenihan, Esq.
Sims Funk, PLC
3322 West End Avenue, Suite 200
Nashville, TN 37203
rpeal@simsfunk.com
gfox@simsfunk.com
mlenihan@simsfunk.com
*Counsel for Defendants Lorin Ashton, Amorbphous Music, Inc., and Bassnectar Touring, Inc.*

Kimberly S. Hodde, Esq.
Hodde & Associates
40 Music Square East
Nashville, TN 37203
kim.hodde@hoddelaw.com
*Counsel for Defendants Lorin Ashton, Amorbphous Music, Inc., and Bassnectar Touring, Inc.*

Mitchell Schuseter, Esq.
Stacey M. Ashby, Esq.
Meister, Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
ms@msf-law.com
sma@msf-law.com
*Counsel for Defendants Lorin Ashton, Amorphous Music, Inc., and Bassnectar Touring, Inc.*

Ashleigh D. Karnell, Esq.
Paige Waldrop Mills, Esq.
Bass, Berry & Sims
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Ashleigh.karnell@bassberry.com
*Counsel for Defendant Redlight Management, Inc.*

Philip Henry Goodpasture, Esq.
Brendan D. O'Toole, Esq.
Meredith M. Haynes, Esq.
Williams Mullen
200 S. 10th Ste., Ste. 1600
Richmond, VA 23219
pgoodpasture@williamsmullen.com
botoole@williamsmullen.com
mhaynes@williamsmullen.com
*Counsel for Defendant Redlight Management, Inc.*

Jason C. Palmer, Esq.
Rachel Sodee, Esq.
Russell B. Morgan, Esq.
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203-0025
jpalmer@bradley.com
rsodee@bradley.com
rmorgan@bradley.com
*Counsel for Defendant C3 Presents, L.L.C.*

R. Scott McCullough, Esq.
McNabb, Bragorgos, Burgess & Sorin, PLLC
81 Monroe Avenue, Sixth Floor
Memphis, TN 38103-5402
smccullough@mbbslaw.com
*Counsel for Defendant C3 Presents, L.L.C.*

on this the 12th day of October, 2021.

      /s/ Cynthia A. Sherwood