IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-00272 |
| ) | Judge Aleta A. Trauger |
| LORIN ASHTON et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum, four of the five pending Motions to Dismiss currently before the court are hereby **GRANTED**, as follows:

1. The Motions to Dismiss filed separately by defendants C3 Presents, L.L.C. (Doc. No. 50) and Red Light Management, Inc.[1] (Doc. No. 63) are **GRANTED** under Rule 12(b)(6), as the Amended Complaint fails to state a colorable claim against these defendants for which relief may be granted.

2. The Motion to Dismiss filed jointly by defendants Amorphous Music, Inc. and Bassnectar Touring, Inc. (Doc. No. 70) is **GRANTED** under Rule 12(b)(2), on the grounds that the court lacks personal jurisdiction over these defendants and, alternatively, because the Amended Complaint fails to state a colorable claim against these defendants for which relief may be granted. The plaintiffs' request that they be permitted to conduct jurisdictional discovery is **DENIED** as futile and unnecessary.

---

[1] This defendant is identified as "Redlight Management, Inc." in the case caption but as "Red Light Management, Inc." in the body of the pleading and in the defendants' filings.

3. The Motion to Dismiss filed by Carlos Donohue (Doc. No. 103) is **GRANTED** on the basis that the court lacks personal jurisdiction over this defendant. The plaintiffs' request that they be permitted to conduct jurisdictional discovery as to Donohue is **DENIED** as futile and unnecessary.

With the granting of these motions, the Amended Complaint is **DISMISSED** in its entirety with respect to defendants C3 Presents, L.L.C. , Red Light Management, Inc., Amorphous Music, Inc., Bassnectar Touring, Inc., and Carlos Donohue. The only remaining defendant, therefore, is Lorin Ashton, also known as Bassnectar.

The fifth pending Motion to Dismiss (Doc. No. 67), filed by Ashton, is actually a motion for partial dismissal, as it seeks the dismissal of only one of the four claims asserted against him in the Amended Complaint: the negligence *per se* claim contained in Count IV (Doc. No. 23, at 35). The motion to dismiss this claim is **DENIED**.

The initial case management conference is **RESET** for **February 7, 2022 at 2:30 p.m**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge