IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, ) <br> ALEXIS BOWLING, ) <br> JENNA HOUSTON, JANE DOE #1 ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LORIN ASHTON, AMORPHOUS ) <br> MUSIC, INC., BASSNECTAR ) <br> TOURING, INC., REDLIGHT ) <br> MANAGEMENT, INC., C3 PRESENTS, ) <br> L.L.C, INTERACTIVE GIVING FUND, ) <br> GNARLOS INDUSTRIES, LLC, ) <br> CARLOS DONOHUE, ABC ) <br> CORPORATIONS, ONE THROUGH ) <br> TEN (said Names Being Fictitious), ) <br> JOHN DOES, ONE THROUGH TEN ) <br> (said Names Being Fictitious), ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 3:21-cv-00272 <br><br> JURY TRIAL DEMANDED <br><br> JUDGE ALETA A. TRAUGER |

**AGREED PROTOCOL FOR ESI DISCOVERY**

In accordance with Administrative Order Number 174-1 ("AO 174-1"), and pursuant to the agreement of the Plaintiff Rachel Ramsbottom, Plaintiff Alexis Bowling, Plaintiff Jenna Houston, and Defendant Lorin Ashton, as evidenced by counsel below, the following protocol shall govern ESI in this matter.

I. **General Principles**

a. Nothing in this Agreed Protocol for ESI Discovery shall supersede the provisions of any subsequent Protective or Confidentiality Order.

b. Nothing in this Agreed Protocol for ESI Discovery shall supersede the parties' discovery obligations under the Federal or Local Rules.

1

c. Nothing in this Agreed Protocol for ESI Discovery prevents the parties from agreeing on a different protocol with respect to a particular party's production or ESI obtained from a particular device. This protocol, however, shall apply in the absence of any other agreed upon protocol. If two or more parties reach an agreement with respect to a receiving party's productions or ESI responsibilities, the receiving and propounding parties shall memorialize the agreement in writing. Such a variance cannot, however, be used as evidence in a Rule 26(b)(2)(B) motion in support of an argument that the discovery requests issued by a party that did not agree to a variance are unduly burdensome or costly.

d. The parties agree that the efficient and just resolution of this matter will be furthered by mutual cooperation and transparency in responding to the parties' requests for documents, and the parties intend to promote, to the fullest extent possible, the resolution of disputes regarding the discovery of ESI without Court intervention.

e. The parties agree that any ESI that could constitute child pornography as defined by Federal Law will not be a subject of this Agreed Protocol for ESI Discovery and will be subject to a separate protocol after conferring with the Court regarding the appropriate manner in which to conduct discovery that may involve such materials.

## II. **Standard for ESI Disclosures**

Within fourteen (14) days of receipt of a requesting party's Requests for Production of Documents, the receiving party shall disclose:

a. <u>Custodians</u>: A list of the most likely custodians of relevant electronically stored information ("identified custodians") based upon the parties' knowledge of this case, documents and information requested in previously issued discovery requests, and documents and information produced this far in the litigation.

b. <u>Email Data Sources</u>: A list of email addresses and systems (*e.g.,* Exchange/Outlook, emails stored at ISPs, or cloud email providers (*e.g.,* Gmail, Yahoo), if any, likely to contain discoverable information for each custodian.

c. <u>Non-email Data Sources</u>: A list of non-email data sources (*e.g.,* shared drives, servers, personal computers, mobile devices, iPads or other similar device, WhatsApp and other messaging services etc.), if any, likely to contain discoverable ESI for each custodian.

d. <u>Anticipated Issues</u>: Notice of any problems or issues reasonably anticipated to arise in connection with e-discovery.

e. <u>Third-Party Data Sources</u>: A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Agreed Protocol for ESI Discovery and any Protective or Confidentiality Order in this litigation with the subpoena and state that the parties in the litigation have requested that third parties produce documents in accordance with the specifications set forth herein. The Issuing Party shall produce a copy to all other parties of any documents and ESI (including metadata) obtained under subpoena to a non-party.

**III.    Meet and Confer Requirements**

a. After disclosures in Section II are made, the non-disclosing party has seven (7) days to raise any objections with the disclosing party's custodians, email data sources, non-email data sources, or expected issues. The parties then have fourteen (14) days to meet and confer to resolve any disagreements on the information identified pursuant to Section II. If the parties are unable to resolve any disputes under this provision, the parties shall seek intervention of the Court in accordance with the procedures found in the Initial Case Management Order and Local Rule 37.01.

b. To the extent a discovery dispute related to ESI arises after the information exchange and agreements are reached under Section II of this Protocol, the parties shall meet and

confer. If the parties are unable to resolve any disputes under this provision, the parties shall seek intervention of the Court in accordance with the procedures found in the Initial Case Management Order and Local Rule 37.01.

IV. **Search Terms:**

    a. Pursuant to Section 6 of AO 174-1, the parties will be responsible for crafting any search terms based on the requesting parties' Requests for Production and, therefore, it is not necessary to exchange a list of specific search terms at this time. The parties, however, agree that search terms must be narrowly tailored and shall be assigned a corresponding date range. Moreover, the parties agree to discuss potential search methodologies for identifying ESI for production. To the extent the parties have a dispute regarding search methodology, the parties shall meet and confer; if the parties are unable to resolve any disputes under this provision, the parties shall prepare and file a joint written motion consistent with Local Rule 37.01(a) and 16(e).

    b. Within seven (7) days of receiving Requests for Production, the receiving party and propounding party shall meet and confer to discuss the general parameters and objectives of the Requests.

    c. A party may request an opposing party to utilize a specific search term in good faith or inquire whether a request for a specific search term was used. If the requesting and searching party are unable to reach an agreement on utilization of a specific search term, the parties shall consult Section III(b) of this Protocol.

V. **Production Format**

    a. Each document image file shall be named with a unique Bates Number in the format "XX-########" where "XX" represents the initials of the producing party followed by eight-digital sequential numbers of the page being produced (*e.g.,* LA-00000001, LA-00000002).

4

Case 3:21-cv-00272   Document 116   Filed 04/13/22   Page 4 of 10 PageID #: 1206

b. The parties shall produce documents with searchable text in TIFF format preserving the metadata, hidden text (*i.e.,* track changes, hidden columns, comments, and markups), and original formatting of the document (*i.e.,* title/subject, file name and size, and original file path) with a companion text file with OPT and DAT load files. The load files provide the beginning and ending Bates numbers and all information required to load the data in a review platform, including custodian identification.

c. Each party shall produce the following metadata associated with ESI to the extent reasonably accessible:

1. **BegBates**: Beginning Bates Number
2. **EndBates**: Ending Bates Number
3. **BegAttach**: Beginning Bates number of the first document in an attachment range
4. **EndAttach**: Ending Bates number of the last document in attachment range
5. **Custodian(s)**: Name of every Custodian of the File(s) Produced – Last Name, First Name format
6. **Author**: Author field extracted from the metadata of a non-email document
7. **From**: From field extracted from an email message
8. **To**: To or Recipient field extracted from an email message
9. **Cc**: CC or Carbon Copy field extracted from an email message
10. **BCC**: BCC or Blind Carbon Copy field extracted from an email message
11. **DateTimeRcvd**: Received date and time of an email message (mm/dd/yyyy H:MM format)
12. **DateTimeSent**: Sent date and time of an email message (mm/dd/yyyy H:MM format)
13. **DateTimeCreated**: Date and time that a file was created (mm/dd/yyyy H:MM format)
14. **DateTimeModified**: Modification date(s) and time(s) of a non-email document (mm/dd/yyyy H:MM format)
15. **Path(s):** Original File path(s) for primary and any duplicative documents
16. **Filename(s):** Original Filename(s) for primary and any duplicative documents
17. **Hash:** MD5 or SHA-1 hash value (unique file signature)

d. Unless otherwise agreed to by the parties, the only files that should be produced in native format are files not easily converted to image format, such as Excel, Access files, and

drawing files. For native files, the parties agree not to place Bates Numbers on each page, but to name each native file [XX-########].ext

e. If the parties elect to produce hard copy documents in an electronic format, a producing party shall provide Custodian and Source information upon request of the propounding party. Hard copy documents shall be scanned using Optical Character Recognition (OCR) technology. Each file shall be named with a unique Bates Number (*e.g.,* the Unique Bates Number of the first page of the corresponding TIFF or PDF). In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records.

f. If documents contain embedded objects, the parties shall extract the embedded objects as separate documents and treat them like attachments to the document to the extent reasonably possible.

g. If particular documents warrant production in a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. Prior to converting any native document, all metadata, created data or hidden content must be preserved and produced in accordance with the terms of this Agreed Protocol for ESI Discovery.

h. The parties agree not to degrade the searchability of documents as part of the document production process.

i. Nothing in this protocol shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time in accordance with the applicable rules.

### VI. Standard for Preservation of ESI

a. A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to ESI, the following provisions apply:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

### VII. Privilege Logs:

a. The parties shall exchange privilege logs thirty (30) days after the production of documents pursuant to this Agreed Protocol for ESI Discovery. Privilege logs shall comply with the legal requirements under the Federal Rules of Civil Procedure, but at a minimum shall include:

1. the type of document or tangible thing (e.g., letter or memorandum)
2. the general subject matter of the document
3. the date of the document
4. the author, sender, and recipient of the document and
5. the basis for the asserted privilege.

b. In accordance with Section 8.b. of AO 174, parties are not required to include on privilege logs any documents generated after the filing of the Complaint.

c. Electronically stored information that contains privileged information or attorney-

work product shall be immediately returned if the documents appear on their face to have been inadvertently produced, or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Rule 26(b)(5)(B) shall apply. Relatedly, pursuant to Federal Rules of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other Federal or State proceeding.

  d. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

**VIII.**   **Modification**:

  a. This Agreed Protocol for ESI Discovery may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IX.**   **Costs**:

  a. Generally, the costs of discovery shall be borne by each party. Nothing herein is intended to waive a party's rights under Fed. R. Civ. P. 26(b)(2)(B).

Dated: April 13, 2022      Respectfully Submitted,

/s/ *Robert A. Peal*
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)

Kimberly S. Hodde (No. 20128)
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)

Mitchell Schuster
Stacey M. Ashby
Meister, Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017

*Counsel for Defendant, Lorin Ashton*

/s/ Brian Kent
Brian Kent
Alexandria MacMaster
M. Stewart Ryan
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255


Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000


*Counsel for Plaintiffs*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 13th day of April, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*s/ Robert A. Peal*