IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, JANE DOE#1, <br><br>Plaintiffs, <br><br>v. <br><br>LORIN ASHTON, AMORPHOUS MUSIC, INC., BASSNECTAR TOURING, INC., REDLIGHT MANAGEMENT, INC., C3 PRESENTS, L.L.C, INTERACTIVE GIVING FUND, GNARLOS INDUSTRIES, LLC, CARLOS DONOHUE, ABC CORPORATIONS, ONE THROUGH TEN (said Names Being Fictitious), JOHN DOES, ONE THROUGH TEN (said Names Being Fictitious), <br><br>Defendants. | CIVIL ACTION NO. 3:21-cv-00272 <br><br>JURY TRIAL DEMANDED <br><br>JUDGE ALETA A. TRAUGER |

**INITIAL CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and Local Rule 16.01(f), Plaintiffs Rachel Ramsbottom, Alexis Bowling and Jenna Houston, on the one hand, and Defendant Lorin Ashton, on the other hand, submit this Joint Proposed Case Management Order.

    A.    **JURISDICTION:**    The court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

    B.    **BRIEF THEORY OF THE PARTIES:**

        1.    **Plaintiffs' Position:**

        The remaining claims in this matter are against Defendant Lorin Ashton individually. They are: Violations of the Trafficking Victim Protection

Reauthorization Act, 18 U.S.C. §§ 1591 and 1595; Receipt And Possession Of Child Pornography, 18 U.S.C. § 2252 And 2252a; Negligence *Per Se* for violating Tennessee state law, T.C.A. § 39-13-506(C), Aggravated Statutory Rape (Pertaining to Plaintiff Rachel Ramsbottom only). Plaintiffs allege that Defendant Lorin Ashton engaged in a course of conduct whereby he had sexual contact with Plaintiffs in violation of the aforementioned statutes. Plaintiffs allege that Ashton solicited and received photographs and/or videos of Plaintiffs while Plaintiffs' were under the age of eighteen (18) in violation of said statutes. Plaintiffs allege that Ashton is liable pursuant to the causes of action identified in Plaintiffs' First Amended Complaint.

**2.     Defendants' Position:**

The First Amended Complaint falsely accuses Mr. Ashton of a wide-ranging conspiracy of sex trafficking and abuse which bears no relation to reality. Plaintiffs' revisionist history that they are victims can and will be disproven. The plaintiffs are merely former romantic partners of Mr. Ashton who, in the era of the #MeToo movement, are jumping on the cancel culture bandwagon in an attempt to profit from the pressure they hoped this litigation would bring.

This is not a sex trafficking case. In reality, this case is about consensual, adult relationships in which: (1) the plaintiffs aggressively pursued Mr. Ashton; (2) their will was never overcome; (3) Mr. Ashton did not force them into prostitution, control their freedom, movement, residence, identification documents, communication abilities, access to others, or money as the courts have seen in actual sex trafficking cases; (4) while he occasionally gave plaintiffs things of value, these gifts were never given in exchange for sex as a quid pro quo (i.e., there were no commercial sex transactions); (5) Mr. Ashton never coerced or threatened them into a relationship with him or anyone else; and, (6) the plaintiffs continued to communicate with him for years following the amicable end of their romantic relationship and even continued to send him unsolicited adult pornography of themselves, including as late as 2019. The defense believes that the sex trafficking claims alleged by the plaintiffs will not survive summary judgment.

The child pornography claim should also not survive summary judgment. Mr. Ashton has never possessed child pornography, and while he did receive adult images of each plaintiff, he never solicited, nor knowingly received, any underage images. The plaintiffs made these serious, life-altering allegations without any reasonable basis for doing so.

The common law negligence per se cause of action based on aggravated statutory rape and statutory rape by an authority figure as asserted by plaintiff Rachel Ramsbottom is not viable under Tennessee law. Ms. Ramsbottom and Mr. Ashton never had sex when Ms. Ramsbottom was under the age of 18, making a statutory rape claim a factual and legal impossibility. Separately, as a performing artist, Lorin Ashton is not an "authority figure" as a matter of law. Finally, the allegations underlying this cause of action are untimely. Mr. Ashton will follow the Court's guidance and re-present this issue in summary judgment.

C. **ISSUES RESOLVED:** Jurisdiction and venue.

D. **ISSUES STILL IN DISPUTE:**

1. Liability.
2. Damages.
3. The potential terms for a protective order.

E. **INITIAL DISCLOSURES**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than May 2, 2022.

F. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before January 18, 2023. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 50 interrogatories, including subparts to be served upon each party by each party. Rule 30(a)(2)(A)(i) is expanded to allow plaintiffs fifteen (15) third-party depositions and defendant fifteen (15) third-party depositions. Nothing contained herein should be construed to prevent any party from seeking leave of Court pursuant to Rule 30(a)(2) to further expand the number of third-party depositions taken during the course of discovery.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. **MOTIONS TO AMEND:** The parties shall file all motions to amend the pleadings on or before October 31, 2022.

H. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 15, 2022. The defendants shall identify and disclose all expert witnesses and expert reports on or before December 31, 2022.

I. **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before February 28, 2023.

J. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before January 15, 2023.

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before May 1, 2023. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 30 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L. ELECTRONIC DISCOVERY:** The parties will be in a position to discuss ESI issues at the Initial Case Management Conference pursuant to Administrative Order No. 174-1.

**M. ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately three (3) weeks.

**N. TARGET TRIAL DATE:** Because of the potential complexity of the discovery process in this case, the parties request a trial setting no earlier than September 1, 2023.

It is so **ORDERED**.

                                                                                         _____
                                                                                             ALETA A. TRAUGER
                                                                                             U.S. District Judge

**SUBMITTED FOR APPROVAL:**

**Attorneys for Plaintiffs Rachel Ramsbottom,
Alexis Bowling & Jenna Houston:**


  /s/ Phillip H. Miller
Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000


LAFFEY, BUCCI & KENT, LLP
Brian Kent
M. Stewart Ryan
Alexandria MacMaster-Ho
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255


**Attorneys for Defendant Lorin Ashton:**

SIMS FUNK, PLC


  /s/ *Robert A. Peal*
Robert A. Peal
Grace A. Fox
3322 West End Avenue
Suite 200
Nashville, TN 37203
(615) 292-9335

5

HODDE & ASSOCIATES
Kimberly S. Hodde
40 Music Square East
Nashville, TN 37203
(615) 242-4200


MEISTER, SEELIG & FEIN, LLP
Mitchell Schuster
Stacey M. Ashby
125 Park Avenue
7th Floor
New York, NY 10017
(212) 655-3562