IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ET AL., | ) | |
| Plaintiffs, | ) | Civil No. 3:21-cv-00272 |
| v. | ) | JUDGE TRAUGER |
| LORIN ASHTON, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR CLARIFICATION

**COMES NOW** the Defendant, Lorin Ashton ("Defendant"), by and through his undersigned counsel, and respectfully requests that the Court clarify the Order signed and entered on September 28, 2022 (Docket Entry 122) (the "Order"). In support hereof, Defendant states as follows:

As set forth *infra*, and in an effort to avoid briefing unnecessary issues, Defendant respectfully requests an order clarifying the Court's previous Order regarding certain rulings relating to discovery made therein, such that it is clear that: (1) Defendant does not have to produce the entirety of his social media accounts; (2) Defendant does not have to produce discovery relating to the former party, Jane Doe; and (3) Defendant does not have to produce discovery relating to non-parties that are under the age of eighteen years old.[1]

---

[1] Sample request:

RFP No. 31: Any and all documents and/or communications and/or text messages and/ or emails and/or and or Twitter Direct Messages and/or WhatsApp messages and/or messages exchanged on Dropbox, Facebook, Snapchat, Instagram, Gmail, Wickr or other similar platforms and/or correspondence by any medium between you and any female individual who was under the age of eighteen at the time of said communication.

In that regard, on September 28, 2022, the Court held a telephonic conference regarding, *inter alia*, certain discovery disputes that the parties had met and conferred upon but had not reached an agreement with respect thereto. During the conference, following Defendant's counsel's objection to discovery requests seeking the entirety of Defendant's social media accounts; discovery requests relating to former party, Jane Doe; and discovery requests related to non-parties that are under the age of eighteen years old, the Court made an oral decision that agreed with Defendant's counsel's positions and ruled that Plaintiffs were precluded from seeking discovery with respect to such topics.

Subsequently, the Court entered the Order which states, in relevant part, that "the court made the following rulings":

> 5. The defendant does not have to produce social media related to communications with individuals under 18 who are no plaintiffs in this lawsuit.

The Order appears to have conflated two of the three aforementioned objectionable discovery topics and did not articulate at all the Court's oral ruling that discovery related to the former party, Jane Doe, is prohibited. While Defendant believes the Court was abundantly clear in its oral ruling on the September 28, 2022 telephone conference that Plaintiffs are precluded from taking discovery with respect to the aforementioned three topics, Defendant respectfully submits that clarification of the Order in this regard is appropriate.

On October 4, 2022, Defendant's counsel spoke to Plaintiffs' counsel pursuant to LR7.01(a)(1). Plaintiffs' counsel does not oppose the instant motion in that they agree clarification is required; however, Plaintiffs' counsels' recollection of the Court's oral ruling differs from that of the undersigned counsel. While both parties agree regarding (1) *supra*, counsel for the parties' recollection differs as to the Court's oral ruling on (2) and (3), *supra*.

**WHEREFORE**, based on the foregoing, Defendant respectfully requests that this Honorable Court enter an order clarifying that: (1) Defendant does not have to produce the entirety of his social media accounts; (2) Defendant does not have to produce discovery relating to the former party, Jane Doe; and (3) Defendant does not have to produce discovery relating to non-parties that are under the age of eighteen years old.

Respectfully Submitted,

*s/ Robert A. Peal*
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 5th day of October, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*Counsel for Plaintiffs*

*s/ Robert A. Peal*