IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ET AL., <br> Plaintiffs | |
| | CIVIL ACTION |
| | No. 3:21-cv-00272 |
| v. | JUDGE TRAUGER |
| LORIN ASHTON, | |
| Defendant. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LORIN ASHTON'S MOTION FOR CLARIFICATION

Plaintiffs, Rachel Ramsbottom, Alexis Bowling, and Jenna Houston, hereby submit by and through their counsel, Laffey, Bucci & Kent, LLP, their Response in Opposition to Defendant Lorin Ashton's Motion For Clarification and avers as follows:

On September 28, 2022, the Court held a telephonic conference regarding certain discovery disputes between the parties. On October 5, 2022, Defendant filed his Motion for Clarification. Plaintiffs agree that the Court was abundantly clear with its rulings. The Court thereafter issued a written Order addressing a number of rulings made as well as briefing on outstanding discovery issues. With respect to further briefing the Court ordered that the parties may brief "four discrete issues:"

1. Whether the plaintiffs may have discovery related to other victims who are not plaintiffs in this lawsuit.
2. Whether the prior sexual history of the plaintiffs is appropriate discovery.
3. Whether the plaintiff my seek discovery of confidentiality agreements and settlements that the defendant has made with persons who are not parties to this lawsuit.

4. Whether the plaintiffs' responses to the Requests to Admit are sufficient.

*See* Order, Doc. No. 122.

Plaintiffs agree that the Court ruled that, at this time, Plaintiff is not permitted to conduct discovery related to Defendant's social media activity (except as it relates to Plaintiffs).[1] While the Court's Order indicated that "[t]he defendant does not have to produce social media related to communications with individuals under 18 who are not plaintiffs in this lawsuit," Plaintiffs understood the Court to have ruled during the teleconference that Plaintiffs were not permitted discovery, at this time, into Defendant's social media data for individuals who are not plaintiffs in this lawsuit whether those individuals were under the age of 18 or over the age of 18. Plaintiffs understood the Court to rule in this fashion in large part because of the breadth and vagueness (as argued by Defendant) of these social media requests. When contacted regarding Defendant's intention to seek clarification, counsel for Plaintiffs agreed this is what they understood the Court to have ordered. Given the parties mutual understanding, Plaintiff's do not think it necessary to clarify the Court's Order but have no opposition to the Court doing so should the Court deem it necessary.

Defendant, however, has taken its request much farther. Defendant claims that this Court issued rulings that "(2) Defendant does not have to produce discovery relating to the former party, Jane Doe; and (3) Defendant does not have to produce discovery relating to non-parties that are under the age of eighteen years old." *See* Defendant's Motion for Clarification, Doc. No. 123 at 1. Nothing in the Order issued by the Court even remotely reflects these contentions. Defendant's contentions are not only incorrect but actually stand in direct contravention to the Court's decision

---

[1] Defendant states that Plaintiffs agreed that "Defendant does not have to produce the entirety of his social media accounts[.]" To be clear, Plaintiff agrees that the Court ruled that Defendant need to produce the entirety of his social media accounts *not relating to Plaintiffs*.

to permit the parties to brief issues relating to: "(1) Whether the plaintiffs may have discovery related to other victims who are not plaintiffs in this lawsuit" and "(3) Whether the plaintiff [may] seek discovery of confidentiality agreements and settlements that the defendant has made with persons who are not parties to this lawsuit." For example, Jane Doe #1 is an identified "other victim" of Defendant. It is illogical that the Court would permit briefing related to discovery relating to other victims but at the same time order that Defendant need not produce discovery relating to the former party, Jane Doe #1.[2] Similarly, each of the Plaintiffs and Jane Doe #1 were sexually abused when they were minors under the age of 18. Plaintiffs believe other victims exist, including those sexually abused by Defendant when they were under the age of 18. Plaintiffs further believe that Defendant engaged in confidentiality agreements and settlements with other victims. It would, again, be illogical for the Court to permit briefing on the issue of discovery relating to other victims but at the same time order that Defendant need not produce discovery relating to non-parties under the age of 18. Indeed, if the Court were to have ordered what Defendant suggests then there would be no need for further briefing on the issue of other victims or discovery surrounding confidentiality agreements and settlements.

  WHEREFORE, based on the foregoing, Plaintiffs agree that Defendant, at this time, need not produce the entirety of his social media accounts (except data relating to Plaintiffs) but disagrees that the Court ordered, stated, or even suggested that Defendant need not produce discovery relating to the former party, Jane Doe or that Defendant does not have to produce discovery relating to non- parties that are under the age of eighteen years old.

---

[2] It should be noted that Plaintiffs have already and will continue to produce discovery relating to Jane Doe #1 and her victimization by Defendant. It would be inequitable for Plaintiffs to produce such discovery but not be permitted to obtain discovery relating to her from Defendant, including documents, information, or testimony.

Respectfully submitted,

**MILLER LAW OFFICES**

By: */s/ Phillip Miller*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
615-242-1739 fax
pmiller@seriousinjury.com

**LAFFEY, BUCCI & KENT, LLP**
Brian Kent*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
 sryan@lbk-law.com
 amacmaster@lbk-law.com
*admitted pro hac vice*

Date: October 7, 2022

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 7th day of October, 2022:

Robert Peal
Mark Lenihan
Grace Fox
Sims Funk PLC
322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster (admitted pro hac vice)
Stacey Ashby (admitted pro hac vice)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

                                                */s/ Phillip Miller*
                                                Phillip Miller, Esquire