IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. 3:21-cv-00272 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| LORIN ASHTON, | ) | |
| | ) | MAGISTRATE JUDGE JEFFERY S. |
| Defendant. | ) | FRENSLEY |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---

**DEFENDANT LORIN ASHTON'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO COMPEL**

---

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND .............................................................................................. 1

   I.   PLAINTIFFS' ALLEGATIONS ................................................................................ 1

   II.  DISCOVERY REQUESTS AT-ISSUE ..................................................................... 2

      A.  INTERROGATORIES AT-ISSUE .................................................................... 3

      B.  REQUESTS FOR ADMISSION AT-ISSUE ................................................... 3

   III. MEET AND CONFER EFFORTS ........................................................................... 7

ARGUMENT ....................................................................................................................... 8

   I.   STANDARD OF REVIEW ....................................................................................... 8

   II.  FRE 412 DOES NOT PRECLUDE DISCOVERY OF THE INFORMATION SOUGHT
       BY THE AT-ISSUE REQUESTS ........................................................................... 9

      A.  THE AT-ISSUE REQUESTS SEEK INFORMATION RELEVANT TO THE
         ALLEGATIONS AND CLAIMS IN THE FAC ........................................... 12

      B.  THE AT-ISSUE REQUESTS SEEK INFORMATION RELEVANT TO PLAINTIFFS'
         ALLEGED DAMAGES ................................................................................ 16

      C.  THE AT-ISSUE REQUESTS ARE NEEDED TO ALLOW DEFENDANT TO
         PROPERLY ADDRESS THE ADMISSIBILITY OF THE SAME AT TRIAL .......... 17

      D.  ANY PREJUDICE THE AT-ISSUE REQUESTS WOULD CAUSE PLAINTIFFS IS
         MINIMAL AT THIS STAGE OF LITIGATOIN AND IS OUTWEIGHED BY THE
         PROBITIVE VALUE OF THE INFORMATION SOUGHT BY THE AT-ISSUE
         REQUESTS ................................................................................................... 18

CONCLUSION .................................................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*Barnes v. Bd. of Educ.*,
   2007 WL 1236190 (S.D. Ohio Apr. 26, 2007) ...............................................................Passim

*Chrysler Corp. v. Fedders Corp.*,
   643 F.2d 1229 (6th Cir. 1981) ......................................................................................... 8

*Doe v. Bridges to Recovery, LLC*,
   2021 WL 4690830 (C.D. Cal. May 19, 2021) ........................................................... 19

*Equal Emp. Opportunity Comm'n v. Carter Carburetor, Div. of ACF Indus., Inc.*,
   76 F.R.D. 143 (E.D. Mo. 1977) ................................................................................. 15

*Grae v. Corr. Corp. of Am.*,
   326 F.R.D. 482 (M.D. Tenn. 2018) .............................................................................. 8

*Interstate S. Packaging, LLC v. Korman*,
   2021 WL 6335379 (E.D. Tenn. Nov. 30, 2021) .......................................................... 9

*Lewis v. ACB Bus. Servs., Inc.*,
   135 F.3d 389 (6th Cir. 1998) ......................................................................................... 8

*Miller v. Sweetheart Corp.*,
   1997 WL 33153107 (N.D. GA Oct. 15, 1997) ......................................................... 18

*Moore v. Rees*,
   2007 WL 1035013 (E.D. Ky. Mar. 30, 2007) ............................................................ 9

*Moore v. Weinstein Co., LLC*,
   2011 WL 3348074 (M.D. Tenn. Aug. 3, 2011) .......................................................... 8

*Muchira v. Al-Rawaf*,
   850 F.3d 605 (4th Cir. 2017) ..................................................................................... 13

*Rhodes v. Motion Indus., Inc.*,
   2008 WL 4646110 (E.D. Tenn. Oct. 17, 2008) .................................................Passim

*S.S. v. E. Ky. Univ.*,
   532 F.3d 445 (6th Cir. 2008) ........................................................................................ 8

*Savage v. City of Lewisburg, Tenn.*,
   2014 WL 5089940 (M.D. Tenn. Oct. 9, 2014) ........................................................ 11

ii

*Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*,
2020 WL 1532323 (M.D. Tenn. Mar. 31, 2020) ................................................... 9

*Stevenson v. Gap, Inc.*,
2006 WL 8457570 (M.D. Tenn. Mar. 17, 2006) ................................................... 8

*Tenpenny v. Prime Now, LLC*,
2020 WL 12894958 (M.D. Tenn. Jan. 8, 2020)................................................... 11

*United States v. Gardner*,
2016 WL 5110191 (E.D. Mich. Sept. 21, 2016)................................................... 12

*United States v. Kalu*,
791 F.3d 1194 (10th Cir. 2015) ................................................... 13

*United States v. Mack*,
808 F.3d 1074 (6th Cir. 2015) ................................................... 12

*United States v. Taylor*,
44 F.4th 779 (8th Cir. 2022) ................................................... 12

## **Statutes**

18 U.S.C. § 1591 ...................................................Passim

18 U.S.C. § 1595 ................................................... 2

18 U.S.C. § 2252 ................................................... 2

18 U.S.C. § 2252A ................................................... 2

T.C.A. § 39-13-532 ................................................... 2

T.C.A. § 39-13-506(C) ................................................... 2

## **Rules**

Fed. R. Civ. P. 26 ...................................................Passim

Fed. R. Civ. P. 36 ................................................... 1, 9

Fed. R. Civ. P. 37 ................................................... 9

Fed. R. Evid. 401 ................................................... 8

Fed. R. Evid. 412 ...................................................Passim

iii

Local Rule 37.01 ...................................................................................................... 1

iv

Defendant, Lorin Ashton, ("Defendant"), by and through his undersigned counsel, respectfully submits this memorandum in support of his motion pursuant to Local Rule 37.01, Rule 26(c) of the Federal Rules of Civil Procedure (the "FRCP") and FRCP Rule 36, for an Order: (i) compelling each of the Plaintiffs[1] to provide substantive responses to certain requests in Defendant's First Set of Interrogatories ("Defendant's Rogs") and Defendant's First Request for Admission ("Defendant's RFAs"); and (ii) all other relief the Court deems just and proper.

## INTRODUCTION

Defendant was granted leave to file this motion in order to determine if Plaintiffs should be compelled to respond substantively to certain discovery requests, notwithstanding Plaintiffs' assertion that Rule 412 of the Federal Rules of Evidence ("FRE 412") prohibits such requests. Defendant maintains that FRE 412 should not preclude the discovery sought here. The information sought in the discovery requests at-issue is directly relevant to Plaintiffs' factual allegations, the elements to the statutes at issue, including statutory defenses, as well as to Plaintiffs' alleged damages. As such, both the plain language of FRE 412 and the relevant case law construing the same establish that Plaintiffs should be required to respond to Defendant's discovery requests. Accordingly, for the reasons stated below, Defendant respectfully requests that the Court enter an Order compelling Plaintiffs to respond substantively to the discovery responses detailed herein.

## FACTUAL BACKGROUND

### I. PLAINTIFFS' ALLEGATIONS

Defendant is a music artist and one of the leading performers in the genre known as Electronic Dance Music ("EDM"). *See* First Amended Complaint, Dkt. No. 23 ("FAC") ¶ 1-2. Defendant is more widely known by his stage name – "Bassnectar." *Id.* Defendant has a large

---

[1]     The term "Plaintiffs" collectively refers to Plaintiffs Rachel Ramsbottom ("Ramsbottom" and "RR"), Alexis Bowling ("Bowling" and "AB") and Jenna Houston ("Houston" and "JH").

following throughout the United States, where he performs shows and holds music festivals. *Id.* at ¶¶ 2-3.

The FAC alleges that Defendant, through his popularity and large following among young women, solicited and victimized Plaintiffs by entering relationships and engaging in sexual relations with them. FAC ¶¶ 10-13. Specifically, the FAC alleges that Defendant engaged in sexual relations with each of the Plaintiffs while they were minors, and that Defendant's actions constitute illegal sex trafficking in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§1591, 1595. *See generally* FAC ¶¶ 76-213. The FAC further alleges that Defendant received and possessed child pornography depicting Plaintiffs in violation of 18 U.S.C. §§ 2252, 2252A. *See generally* FAC ¶¶ 214-219. Finally, the FAC alleges that Defendant is liable to Plaintiff Ramsbottom for negligence *per se*, based on alleged violations of T.C.A. § 39-13-506(C) (Aggravated Statutory Rape) and T.C.A. § 39-13-532 (Statutory Rape by an Authority Figure). *See generally* FAC ¶¶ 220-235. Plaintiffs assert damages for "substantial physical and psychological injuries as a result of being trafficked and sexually exploited" and also "serious harm including, without limitation, physical, psychological, financial, and reputational harm." (FAC ¶¶ 197, 213, 218, 235.)

## II.  DISCOVERY REQUESTS AT-ISSUE

On April 18, 2022, Defendant served each of the Plaintiffs with Defendant's Rogs and Defendant's RFAs. Copies of Defendant's Rogs and Defendant's RFAs are attached as Exhibits A(RR), A(AB), A(JH) – B(RR), B(AB), B(JH) to the October 14, 2022, Declaration and Certification of Mitchell Schuster ("Schuster Decl."). On May 18, 2022, each of the Plaintiffs served Defendant with their respective Responses to Defendants' Rogs and Responses to Defendant's RFAs. Copies of Plaintiffs' Responses to Defendant's Rogs and Responses to Defendant's RFAs are attached as Exhibits C(RR), C(AB), C(JH) – D(RR), D(AB), D(JH) to the

Schuster Decl.  On August 11, 2022, each of the Plaintiffs served Defendant with their respective

Supplemental Responses to Defendant's RFAs.  Copies of Plaintiffs' Supplemental Responses to

Defendant's RFAs are attached as Exhibits E(RR), E(AB), E(JH) to the Schuster Decl.

## A.  INTERROGATORIES AT-ISSUE

Three interrogatories remain at issue for purposes of this motion.  The at-issue

interrogatories (the "At-Issue Rogs"), which are identical for each of the Plaintiffs, are as follows:

- Identify every occasion on which you allege that a person other than [Defendant] Solicited Pornographic pictures from you, including but not limited to, the date, time, method, and your response to such Solicitation. (Ramsbottom Rog No. 21, and Bowling and Houston Rog No. 18).

- Identify all persons with whom you have had Sexual Contact from January 1, 2010 through the present.  (Ramsbottom Rog No. 22 and Bowling and Houston Rog No. 19).

- Identify every gift or thing of value you received from each individual [identified in response to the foregoing Rog].  (Ramsbottom Rog No. 23 and Bowling and Houston Rog No. 20).

*See* Schuster Decl., Exs. A(RR), A(AB), A(JH).  Plaintiffs' response to each of these

interrogatories, which were also identical, was as follows:

> Plaintiff objects to this interrogatory to the extent it is vague, overly broad, and unduly burdensome. Plaintiff further objects the Plaintiff cannot fully respond until the entry of an appropriate Protective Order by the Court and the entry of an appropriate protocol for the handling of Child Sexual Abuse Materials. Plaintiff further objects because this Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412.

*See* Schuster Decl., Exs. C(RR), C(AB), C(JH).

## B.  REQUESTS FOR ADMISSION AT-ISSUE

With respect to the at-issue requests for admission, some of the at-issue requests are

identical and others vary from Plaintiff to Plaintiff (collectively, the "At-Issue RFAs").  For

Plaintiff Ramsbottom, the following requests for admission remain at issue:

- Admit that you have never engaged in an act of Prostitution with anyone. (Ramsbottom RFA No. 4).

- Admit that [Defendant] did not physically or otherwise force you to participate in a Sex Act with another person in exchange for something of value. (Ramsbottom RFA No. 27).

- Admit that you created Pornographic depictions of yourself. (Ramsbottom RFA No. 45).

- Admit that you have sent Pornographic depictions of yourself to people other than [Defendant]. (Ramsbottom RFA No. 46).

*See* Schuster Decl., Ex. B(RR). Plaintiff Ramsbottom responded to these requests as follows:

- Response to RFA No. 4: Objection. Plaintiff objects to this request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Denied insofar as the Request for Admission contemplates a "Commercial Sex Act" with Defendant to be considered "Prostitution."

- Response to RFA No. 27 (as supplemented): Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny.

- Response to RFA No. 45: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Admitted that answering party created Pornographic depictions of herself that were solicited by Defendant and sent to Defendant.

- Response to RFA No. 46: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot admit or deny.

*See* Schuster Decl., Exs. D(RR) and E(RR).

As for Plaintiff Bowling, the following requests for admission remain at issue:

- Admit that you have never engaged in an act of Prostitution with anyone. (Bowling RFA No. 4)

- Admit that you have sent Pornographic depictions of yourself to people other than [Defendant]. (Bowling RFA No. 46).

- Admit that you had sexual relationships with persons other than Ashton during the time period set forth in the FAC. (Bowling RFA No. 58).

4

*See* Schuster Decl., Ex. B(AB). Plaintiff Bowling provided the following responses to these requests:

- Response to RFA no. 4: Objection. Plaintiff objects to this request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Denied insofar as the Request for Admission contemplates "Commercial Sex Act" with Defendant to be considered "Prostitution."

- Response to RFA No. 46: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Admitted that answering party created Pornographic depictions of herself that were solicited by Defendant and sent to Defendant.

- Response to RFA No. 58: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny.

*See* Schuster Decl., Ex. D(AB).

Finally, with respect to Plaintiff Houston, the following requests for admission remain at issue:

- Admit that you have never engaged in an act of Prostitution with anyone. (Houston RFA No. 4)

- Admit that [Defendant] did not physically or otherwise force you to participate in a Sex Act with another person in exchange for something of value. (Houston RFA No. 27).

- Admit that you created Pornographic depictions of yourself. (Houston RFA No. 47).

- Admit that you have sent Pornographic depictions of yourself to people other than [Defendant]. (Houston RFA No. 48).

- Admit that you were engaged in at least one Commercial Sex Act with Brandon Wade. (Houston RFA No. 62).

- Admit that you engaged in Commercial Sex Acts through Seeking Arrangements. (Houston RFA No. 63).

- Admit that you advised [Defendant] that you were abused in romantic relationships with other persons as late as 2018. (Houston RFA No. 78).

*See* Schuster Decl., Ex. B(JH). Plaintiff Houston provided the following responses to these requests:

- Response to RFA No. 4.: Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Denied insofar as the Request for Admission contemplates a "Commercial Sex Act" with Defendant to be considered "Prostitution."

- Response to RFA No. 27:[2] Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Furthermore, this request is vague and ambiguous and is unintelligible as worded. The term "physical force" is undefined and the answering party therefore lacks sufficient knowledge or information to either admit or deny. Reasonable inquiry has been made but the answering party cannot readily obtain knowledge or information sufficient to admit or deny.

- Response to RFA No. 47: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny. Admitted that answering party created Pornographic depictions of herself that were solicited by Defendant and sent to Defendant.

- Response to RFA No. 48: Objection. Plaintiff objects to this Request as it seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot admit or deny.

- Response to RFA No. 62: Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot admit or deny.

- Response to RFA No. 63: Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot admit or deny.

---

[2] Plaintiff Bowling did not lodge similar objections and provided a substantive response to this RFA but unlike Plaintiff Ramsbottom, Plaintiff Houston did not supplement her response to this request despite an understanding by Defendant that she would do so. While these inconsistencies between the Plaintiffs' responses only serve to additionally highlight the impropriety of their objections, Defendant assumes that Plaintiff Houston no longer claims that she does not understand the term "physical force" and that despite her lack of supplementation here, Plaintiff Houston maintains that she does not need to provide a substantive response to RFA No. 27 based on FRE 412.

- Response to RFA No. 78: Objection. This Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot admit or deny.

*See* Schuster Decl., Ex. D(JH).

## III.    MEET AND CONFER EFFORTS

On June 17, 2022, Defendant's counsel e-mailed a letter to Plaintiffs' counsel detailing, among other things, the issues Defendant has with Plaintiffs' Responses to Defendant's Rogs and Responses to Defendant's RFAs, including Plaintiffs' FRE 412 objections to the At-Issue Rogs and At-Issue RFAs described above. Defendant's June 17, 2022, letter is attached as Exhibit F to the Schuster Decl.

On July 29, 2022, the parties conducted their first meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' responses to the At-Issue Rogs and At-Issue RFAs (collectively, the "At-Issue Requests"). Schuster Decl., ¶ 6. During the July 29th meet-and-confer, Plaintiffs agreed to supplement their response to certain of the At-Issue RFAs. Beyond those requests, Plaintiffs confirmed that they were standing on their aforementioned FRE 412 objections. *Id.* at ¶ 7.

On August 12, 2022, the parties conducted a second meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' August 11, 2022, Supplemental Responses to Defendant's RFAs. *Id.* at ¶ 9. During this second meet-and-confer the Plaintiffs confirmed that they were continuing to stand on their FRE 412 objections to the At-Issue Requests. *Id.* at ¶ 10.

On September 22, 2022, the parties conducted a third meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' FRE 412 objections to the At-Issue Requests. *Id.* at ¶ 11. The parties were unable to resolve their dispute as to as to this issue during this third meet-and-confer. *Id.* at ¶ 12.

7

On September 28, 2022, the parties participated in a telephone discovery conference with the Court in order to address all outstanding discovery issues, including the parties' disagreement over Plaintiffs' FRE 412 objections to the At-Issue Requests. *Id.* at ¶ 13. After the parties presented their respective positions regarding Plaintiffs' FRE 412 objections, the Court granted the parties leave to file the appropriate motions to resolve the dispute. *Id.* at ¶ 14. The Court's ruling was memorialized in an Order dated September 28, 2022 (Dkt. No. 122).

## ARGUMENT

### I.  STANDARD OF REVIEW

The Sixth Circuit has held that "the scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Rule 26 of the FRCP allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). It is well established that "[t]he scope of permissible discovery" under the Federal Rules of Civil Procedure "is 'traditionally quite broad[.]'" *Stevenson v. Gap, Inc.*, Civ. No. 3:05-0135, 2006 WL 8457570, at *3 (M.D. Tenn. Mar. 17, 2006) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

Under the FRCP and this Court's Local Rules, "a party may move for an order compelling disclosure or discovery, so long as that party has made a good faith effort to confer with the party failing to disclose." *Moore v. Weinstein Co., LLC*, No. 3:09-CV-166, 2011 WL 3348074, at *6 (M.D. Tenn. Aug. 3, 2011). A motion to compel discovery may be filed in several circumstances, including when a party fails to "answer an interrogatory submitted under Rule 33." Fed. R. Civ. P.

37(a)(3)(B)(iii); *see also Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. 3:17-CV-01078, 2020 WL 1532323, at *3 (M.D. Tenn**.** Mar. 31, 2020). "[A]n evasive or incomplete disclosure, answer, or response" is considered a "failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4); *see also Shufeldt*, 2020 WL 1532323 at *3 (internal citations and quotation marks omitted).

With respect to requests for admission, Rule 36 of the FRCP authorizes requests for admissions regarding "facts, the application of law to fact, or opinions about either," and may also touch on "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The party upon which a request for admission is issued may respond with: (1) an unqualified admission; (2) an unqualified denial; (3) a statement that the respondent has conducted a reasonable investigation into the substance of the request but that the information known or readily available to him or her is nonetheless insufficient to enable him or her to admit or deny the request; (4) a qualified admission which explains the need for and substance of the qualification or explanation; and (5) an objection to the request. *Interstate S. Packaging, LLC v. Korman*, No. 2:20-CV-207, 2021 WL 6335379, at *2 (E.D. Tenn. Nov. 30, 2021) (citing *Moore v. Rees*, No. 06 CV 22 KKC, 2007 WL 1035013, at *13 (E.D. Ky. Mar. 30, 2007)). Rule 36(a)(6) permits the requesting party to challenge the sufficiency of a response. "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). The party requesting that an amended answer be served bears the burden of demonstrating that the requested information is relevant. *Id.*

## II. FRE 412 DOES NOT PRECLUDE DISCOVERY OF THE INFORMATION SOUGHT BY THE AT-ISSUE REQUESTS

While it is true that FRE 412 has been construed by courts to narrow the scope of discovery into a plaintiff's past or subsequent sexual conduct or predispositions, this narrowing is not without

its limitations. Courts have consistently held that a defendant may nevertheless obtain such discovery upon a showing "that the evidence sought to be discovered would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery." *Rhodes v. Motion Indus., Inc.*, No. 1:07-CV-251, 2008 WL 4646110, at *4 (E.D. Tenn. Oct. 17, 2008) (internal quotation marks and citations omitted). Indeed, the Advisory Committee notes to Rule 412 indicate that "discovery of a victim's past sexual conduct or predispositions in civil cases . . . will . . . continue to be governed by Fed. R. Civ. P. 26." *See also Barnes v. Bd. of Educ.*, No. 2:06-CV-0532, 2007 WL 1236190, at *2 (S.D. Ohio Apr. 26, 2007) (noting the same). Moreover, FRE 412 explicitly provides that:

> In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

Fed. R. Evid. 412(b)(2).

In *Rhodes*, plaintiff was suing her former employer and others for sexual harassment. *Rhodes*, 2008 WL 4646110 at *1. Defendants sought discovery into plaintiff's childhood sexual abuse, and plaintiff objected under Rule 412. *Id.* In response, defendants filed a motion to compel, which the court granted. *Id.* In doing so, the court examined cases throughout the country that had addressed the issue before determining that "the probative value of the evidence/testimony Defendants seek from Plaintiff substantially outweighs the specified dangers addressed by Rule 412." *Id.* at *6. In particular, the court noted that such evidence was relevant to plaintiff's claims of emotional damages. *Id.*

Similarly, in *Barnes*, the minor plaintiff was suing a school district and others based on allegations of a sexual assault that occurred on school property. *Barnes*, 2007 WL 1236190 at *1. During plaintiff's deposition, her attorney, relying on Rule 412, instructed plaintiff not to answer

questions regarding sexual activity that she engaged in on dates other than the date in question. *Id.* After first noting that the instruction not to answer was, in and of itself, improper under the FRCP, the court then determined that the information sought in the questioning was relevant and discoverable, despite the restrictions of Rule 412. *Id.* at *2-3. Specifically, the court found that the requested information was relevant to "issues in the case, including the specific allegation in the complaint that she was incapable of consenting to the act in question, and including her claim for damages," and that "Rule 412 does not change that result[.]" *Id.* at *3.

Of note, the *Barnes* court first noted that Rule 412 "is a relevance rule" related to admissibility at trial and, thus, cannot form a basis for an instruction not to answer questions at a deposition. *Id.* Second, the court noted that the requested information had already been shared by plaintiff and her parents to third parties, thereby lessening any claim of embarrassment that may result from testifying about the information at a deposition. *Id.* Finally, the court noted that "unless the defendants are allowed to conduct discovery on this issue, the trial judge will never be in a position to conduct the weighing that Rule 412 contemplates, because the defendants will be unable to describe to the trial judge the nature of the evidence they would seek to introduce." *Id.* Accordingly, the court granted the defendant's motion to compel and ordered plaintiff to continue her deposition and answer the challenged questions. *Id.*; *see also See, e.g., Tenpenny v. Prime Now, LLC*, No. 3:19-CV-0420, 2020 WL 12894958, at *3 (M.D. Tenn. Jan. 8, 2020) (allowing discovery into plaintiff's relationship with coworker in sexual harassment case over plaintiff's Rule 412 objection); *Savage v. City of Lewisburg, Tenn.*, No. 1:10-0120, 2014 WL 5089940, at *2

(M.D. Tenn. Oct. 9, 2014) (admitting evidence of plaintiff's at-work romantic and sexual behavior with coworker in sexual harassment case over Rule 412 objection).

### A. THE AT-ISSUE REQUESTS SEEK INFORMATION RELEVANT TO THE ALLEGATIONS AND CLAIMS IN THE FAC

Here, the information sought in the At-Issue Requests is directly implicated by the allegations and claims contained in Plaintiffs' FAC and, as such, is discoverable over Plaintiffs' FRE 412 objections. For example, interrogatories and requests for admission asking Plaintiffs to admit to and identify instances where they engaged in prostitution or commercial sex transactions is directly relevant to the allegations and claims in this case. One of the elements that Plaintiffs must prove under 18 U.S.C. § 1591 is that "the offense was effected by means of force, threats of force, fraud, or coercion" following the Plaintiffs' attainment of the age of 18. 18 U.S.C. § 1591(b)(1); *see also, United States v. Taylor*, 44 F.4th 779, 789 (8th Cir. 2022) ("[b]ecause [alleged victim] was an adult, the government was required to prove . . . "force, fraud, coercion, or any such combination"). Coercion is defined as: (A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process. 18 U.S.C. § 1591(e)(2).

Both the TVPRA and courts construing the same have defined "serious harm'" as "any harm...that is sufficiently serious, under all of the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity to avoid incurring that harm." 18 U.S.C. § 1591(e)(5); *United States v. Mack*, 808 F.3d 1074, 1082 n.5 (6th Cir. 2015), *as amended* (Mar. 3, 2017); *United States v. Gardner*, No. 16-20135, 2016 WL 5110191, at *3 (E.D. Mich. Sept. 21, 2016). In other words, Plaintiffs here will have to demonstrate that Defendant's alleged actions were of the nature

that they would have compelled a reasonable person to perform or continue to perform the commercial sex transactions Plaintiffs have alleged in the FAC. *Muchira v. Al-Rawaf*, 850 F.3d 605, 618 (4th Cir. 2017) ("The harm or threat of harm, considered from the vantage point of a reasonable person in the place of the victim, must be sufficiently serious to *compel* that person to *remain* in her condition of servitude when she otherwise would have left.") (emphasis in original; internal quotation marks and citation omitted); *United States v. Kalu*, 791 F.3d 1194, 1212 (10th Cir. 2015) (holding that jury was properly instructed "to consider whether as a result of [defendant's actions and threats], the [victim] continued to provide labor or services where, if [defendant] had not resorted to these unlawful means, the person would have declined to perform additional labor or services") (internal quotation marks omitted).

A review of the FAC reveals that more than half of the allegations involve a commercial sex act that allegedly occurred following Plaintiffs' 18th birthdays. *See* FAC ¶¶ 88-90; 126 (at least 10 alleged instances); 127-28. Thus, for relief with respect to such alleged misconduct, Plaintiffs must prove that Defendant *forced* or *coerced* Plaintiffs into participating in commercial sex transactions in which they otherwise would not have participated had it not been for the alleged actions of Defendant. The FAC attempts to establish this required statutory element through its assertions that Defendant's alleged sex trafficking venture was accomplished through "systematic grooming,"[3] by Defendant allegedly "maintain[ing] tight control over Plaintiffs, requiring them to follow certain rules including…requiring Plaintiffs to take sexually explicit photographs of themselves and send them to Bassnectar and [acquiescing to Defendant's demand that] Plaintiffs were not allowed to have sex with anyone else…."[4]

---

[3] FAC ¶ 24.
[4] FAC ¶ 53.

Accordingly, in order to properly examine and defend against such accusations, Defendant must be permitted discovery into the compulsory and exclusive nature of such allegations, which includes discovery into whether Plaintiffs have ever engaged in acts of prostitution or commercial sexual transaction unrelated to Defendant's alleged actions. If Plaintiffs were voluntarily participating in other commercial sex transactions during the same time period in which they are alleging the Defendant was "forcing" them into commercial sex transactions, such information is highly relevant to dispelling the veracity of this litigation and "cannot be obtained except through discovery." *Rhodes*, 2008 WL 4646110, at *4.

For this same reason, Plaintiffs should be compelled to substantively respond to Defendant's At-Issue Requests regarding the creation and transmission of pornographic depictions of themselves. Plaintiffs have alleged they were *required* to take sexually explicit photographs of themselves and send them to Defendant." FAC ¶53, *see also* FAC ¶¶ 93, 120, 155. Certainly, it is germane to Defendant's defense if Plaintiffs were freely transmitting sexually explicit photographs of themselves to other individuals during the time period in question. If Plaintiffs were creating and transmitting provocative or pornographic images of themselves to third persons during the relevant period, these facts will undercut Plaintiffs' claims in the FAC that Plaintiffs were coerced by Defendant into creating and sending such images and further, will negate the implication that, but for the alleged control and domination by Defendant, Plaintiffs never would have created or sent such images. This information is essential to the defense of this action.

Similarly, Plaintiffs' allegations that they "were not allowed to have sex with anyone else but [Defendant]"[5] allows Defendant to request that Plaintiffs admit to and identify Plaintiffs' other sexual relationships during the relevant time frame in order to properly address such allegations.

---

[5] FAC ¶ 53, *see also* FAC ¶¶ 92, 152.

Defendant's alleged "control" over Plaintiffs is a material element of their TVPRA, *see* 18 U.S.C. §1591, and Defendant will be unduly prejudiced if he cannot develop a factual record to refute Plaintiffs' claims. It has long been held that "[t]he federal discovery rules are designed . . . to enable a defendant to elicit the basis for a plaintiff's allegations and to prepare defenses to the charges made." *Equal Emp. Opportunity Comm'n v. Carter Carburetor, Div. of ACF Indus., Inc.*, 76 F.R.D. 143, 144 (E.D. Mo. 1977).

Through the FAC's allegation that Plaintiffs were prohibited from having sexual relationships with others during their relationships with Defendant, Plaintiffs' have placed their sexual history during the relevant period squarely in issue on numerous fronts. First, their other sexual relationships are relevant to determine the scope of Defendant's alleged "control." For example, if Defendant truly possessed the ability to dominate Plaintiffs' sexual encounters during the relevant period (as alleged), then Plaintiffs answers should demonstrate they had no other sexual relationships during the respective at-issue time frames. Defendant denies that such control existed and has a good faith belief that Plaintiffs were engaging in relationships with others during the subject time frames. This information is both relevant and material to the litigation. Second, at least one Plaintiff, Jenna Houston, voluntarily worked as a prostitute seeking "sugar daddies" to fund her lifestyle in exchange for sex during at least a portion the timeframe alleged in the FAC. Such evidence will directly undercut the allegations of the FAC. Finally, the extent to which Plaintiffs engaged in relationships with others is relevant to their individual credibility and dispelling the overall veracity of the FAC.

Additionally, Plaintiffs Ramsbottom and Houston also should be compelled to substantively respond to RFA No. 27, which asked them to admit that *Defendant* did not physically or otherwise force them to participate in a Sex Act with another person in exchange for something

of value. Plaintiffs have failed to articulate a valid reason why Defendant is not entitled to a substantive response to whether, during the sex trafficking alleged in the FAC, Plaintiffs claim *Defendant* forced them into sexual acts with other people. In sex trafficking cases, the most common factual predicate is that the sex trafficker forced the alleged victim to engage in sexual acts with third persons. Defendant is entitled to determine the scope of allegations being made by Plaintiffs and FRE 412 does not preclude such an inquiry. Indeed, it explicitly permits it. *See* Fed. R. Evid. 412(b)(2). Plaintiffs have the burden of proving under 18 U.S.C. § 1591(b)(1) that they were forced or coerced (thereby eliminating choice) to engage in the alleged commercial sex acts with Defendant. Plaintiffs are relying on a theory of "grooming" (a subjective concept typically reserved to sex abuse of young children) to overcome their inability to prove the sex acts were forced or involuntary. Defendant should be allowed to explore that theory during discovery.

## B. THE AT-ISSUE REQUESTS SEEK INFORMATION RELEVANT TO PLAINTIFFS' ALLEGED DAMAGES

The information sought in the At-Issue Requests is also discoverable despite FRE 412 because it is relevant to the issue of damages. Plaintiffs have expressly placed their reputation into question in this action by repeatedly asserting "reputational harm" as a component of their alleged damages. *See, e.g.,* FAC ¶¶ 213, 218, 235. As noted above, FRE 412 explicitly allows for the admission of evidence related to a plaintiff's reputation when the plaintiff has put her reputation in controversy, as Plaintiffs have unquestionably done here. *See* Fed. R. Evid. 412(b)(2). Thus, Defendant's interrogatories and requests for admission asking Plaintiffs to admit to and identify pornographic depictions of themselves that they have distributed to people other than Defendant are permissible for this additional reason as they seek relevant and admissible information regarding Plaintiffs' reputation.

Similarly, RFA No. 78 propounded to Plaintiff Houston, which seeks a response to whether she advised Defendant that she was abused in other romantic relationships, is directly relevant to the issue of causation for Plaintiff Houston's alleged "physical and psychological injuries and emotional distress." FAC ¶ 160. Plaintiff Houston has alleged that her alleged injuries were caused by Defendant. *Id.* Thus, Defendant is entitled to discover other potential causes of the supposed harm that Plaintiff Houston allegedly suffered.[6] For this same reason, Defendant should be allowed discovery into Plaintiff Ramsbottom's and Plaintiff Bowling's prior and subsequent sexual activity, including, but not limited to, any prior instances of prostitution or distribution of pornographic images, to defend against those Plaintiffs' claims that Defendant was the proximate cause of their alleged "physical and psychological injuries and emotional distress." FAC ¶¶ 107 (Ramsbottom); 135 (Bowling). This information "would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery." Fed. R. Evid. 412 (Advisory Committee Notes); *see also*, *Rhodes*, 2008 WL 4646110 at *6 (noting that, because plaintiff had alleged that defendants' action had caused plaintiff to suffer "emotional distress" and a decrease in her "physical health and well-being," defendants had demonstrated that "the evidence they seek is discoverable").

### C. THE AT-ISSUE REQUESTS ARE NEEDED TO ALLOW DEFENDANT TO PROPERLY ADDRESS THE ADMISSIBILITY OF THE SAME AT TRIAL

Defendant also is entitled to the information he seeks in the At-Issue Requests because that information is necessary for Defendant to be able to establish the admissibility of such evidence

---

[6] Once again, Plaintiffs' respective responses to the RFA that this issue concerns were not consistent. Bowling RFA No. 60 requested Bowling "Admit that you told Ashton that you were in an abusive relationship with another person" to which Bowling answered "Admitted." Notwithstanding this substantive answer from Bowling with no FRE 412 objection asserted, Plaintiff Houston maintains she does not have to answer a similar RFA because of FRE 412. Thus, it appears that Plaintiffs' counsel acknowledges the inapplicability of FRE 412 here when it comes to certain Plaintiffs and selectively asserts it on behalf of other Plaintiffs.

at trial. Again, while FRE 412 does narrow the scope of discovery in certain circumstances, it is still an evidentiary rule that controls the admissibility of information at trial and not the discoverability of such information. *See Miller v. Sweetheart Corp.*, 1997 WL 33153107, at *6 (N.D. GA Oct. 15, 1997) ("As defendant correctly notes, determinations of admissibility [pursuant to FRE 412] are premature at this stage of the proceedings."); *Barnes*, 2007 WL 1236190, at *3. It is apparent from Plaintiffs' objections to the At-Issue Requests that they intend to oppose the introduction of the requested information at trial. Unless Defendant is allowed to conduct discovery on the topics implicated by the At-Issue Requests, he will be unable to establish the requisite foundation to admit such evidence at trial. *Barnes*, 2007 WL 1236190, at *3.

### D. ANY PREJUDICE THE AT-ISSUE REQUESTS WOULD CAUSE PLAINTIFFS IS MINIMAL AT THIS STAGE OF LITIGATION AND IS SUBSTANTIALLY OUTWEIGHED BY THE PROBITIVE VALUE OF THE INFORMATION SOUGHT BY THE AT-ISSUE REQUESTS

Finally, because the parties in this case have agreed to keep discovery in this matter confidential and not disclose the same to the public, any potential harm or prejudice to Plaintiffs that could arguably result from responding to the At-Issue Requests (if any) is significantly reduced. Moreover, Plaintiffs have publicized their sexual activities through their pre-suit conduct. Plaintiff Ramsbottom authorized the publication of communications such as e-mails, Twitter direct messages, and an illegally recorded phone call with Defendant on a social media platform. Both Plaintiff Ramsbottom and Plaintiff Bowling openly spoke to reporter Avery Kleinman, who then published an article on *VICE* detailing material facts pertinent to Plaintiffs' allegations. Finally, in a video (also produced by *VICE*), Plaintiff Houston admitted to being the "sugar baby" of the founder of Seeking Arrangement, Brandon Wade, and otherwise exchanging sex for things of value with Mr. Wade during the time period at issue in the FAC.[7] In light of the parties' protective

---

[7] *See VICE* Facebook: https://www.facebook.com/watch/?v=1532602866796347

order and in light of the numerous public disclosures by Plaintiffs themselves related to their sexual activity, any claimed prejudice or harm Plaintiffs may experience by responding to the At-Issue Requests is minimal, at best.

On the other hand, for the reasons described above, if Defendant is denied the information he seeks in the At-Issue Requests, he will not be able to properly address several key factual issues in this case, including the issues of coercion/force and damages. These factual issues are directly implicated by the allegations in the FAC and, as such, are the proper subject of discovery despite FRE 412. *Rhodes*, 2008 WL 4646110 at *6 ("Given the claims asserted by Plaintiff, the probative value of the evidence/testimony Defendants seek from Plaintiff substantially outweighs the specified dangers addressed by Rule 412."); *see also, Doe v. Bridges to Recovery, LLC*, No. 2:20-CV-348-SVW, 2021 WL 4690830, at *16 (C.D. Cal. May 19, 2021) (relying on *Rhodes* and allowing evidence of plaintiff's prior sexual history because the probative value of such evidence on the issue of emotional distress damages outweighed any prejudice to plaintiff). Because any claim by Plaintiffs of prejudice or harm from the At-Issue Request is significantly outweighed by the probative value of the information sought in those requests, Plaintiffs should be compelled to substantively respond to each of the At-Issue Requests.

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that this court grant its motion and enter an order compelling Plaintiffs to substantively respond to the discovery responses detailed above, and for all other relief the Court deems just and proper.

Respectfully Submitted,

_s/ Robert A. Peal_
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC

19

3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 14th day of October, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*Counsel for Plaintiffs*

s/ Robert A. Peal