# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. 3:21-cv-00272 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LORIN ASHTON, ) | |
| ) | MAGISTRATE JUDGE JEFFERY S. |
| Defendant. ) | FRENSLEY |

## DEFENDANT LORIN ASHTON'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 1

   I.   PLAINTIFFS' ALLEGATIONS ..................................................................... 1

   II.  DISCOVERY REQUESTS AT-ISSUE ......................................................... 3

   III. MEET AND CONFER EFFORTS................................................................. 4

ARGUMENT ..................................................................................................................... 5

   I.   STANDARD OF REVIEW............................................................................. 5

   II.  PLAINTIFFS SHOULD BE PRECLUDED FROM SEEKING DISCOVERY REGARDING SETTLEMENT DOCUMENTATION INVOLVING DEFENDANT AND HIS OTHER SEXUAL PARTNERS AS SUCH INFORMATION IS IRRELEVANT, PRIVATE, AND INADMISSIBLE ............................................................... 6

      A.  DEFENDANT'S SETTLEMENT DOCUMENTATION WITH OTHER SEXUAL PARTNERS IS IRRELEVANT TO THIS CASE ............................. 6

      B.  DEFENDANT'S AND HIS SEXUAL PARTNERS' RIGHTS TO PRIVACY PRECLUDE DISCOVERY OF SETTLEMENT DOCUMENTATION ........ 7

      C.  FRE 408 PRECLUDES DISCOVERY INTO DEFENDANT'S SETTLEMENT DOCUMENTATION WITH OTHER SEXUAL PARTNERS................... 10

CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

*Anwar v. Dow Chem. Co.*,
   876 F.3d 841 (6th Cir. 2017) .................................................................................... 6, 7

*Bloch v. Ribar*,
   156 F.3d 673 (6th Cir. 1998) ....................................................................................... 8

*Chrysler Corp. v. Fedders Corp.*,
   643 F.2d 1229 (6th Cir. 1981) ..................................................................................... 5

*Coleman v. American Red Cross*,
   979 F.2d 1135 (6th Cir. 1992) ..................................................................................... 6

*Doe #1 v. Red Roof Inns, Inc.*,
   2021 WL 6062493 (11th Cir. Dec. 22, 2021) .............................................................. 7

*Doe v. 1031 S. Wooster Ltd.*,
   2022 WL 121038 (S.D. Fla. Jan. 13, 2022) ................................................................. 7

*Doe v. Aramark Educ. Res., Inc.*,
   206 F.R.D. 459 (M.D. Tenn. 2002) ....................................................................Passim

*Grae v. Corr. Corp. of Am.*,
   326 F.R.D. 482 (M.D. Tenn. 2018) ............................................................................. 5

*Grant, Konvalinka & Harrison, P.C. v. United States*,
   2008 WL 4865566 (E.D. Tenn. Nov. 10, 2008) ................................................... 11, 12

*Large on behalf of Large v. Blazer*,
   2022 WL 99986 (M.D. Tenn. Jan. 10, 2022) .............................................................. 6

*Lewis v. ACB Bus. Servs., Inc.*,
   135 F.3d 389 (6th Cir. 1998) ....................................................................................... 5

*Makor v. BNSF Ry. Co.*,
   2015 WL 13358362 (C.D. Cal. Jan. 5, 2015) .............................................................. 9

*MCS Music Am., Inc. v. Yahoo!, Inc.*,
   2010 WL 11693565 (M.D. Tenn. Aug. 17, 2010) ................................................ 11, 12

*N.A.S. v. Morada-Haute Furniture Boutique LLC*,
   2022 WL 845013 (S.D. Fla. Mar. 21, 2022) .............................................................. 10

*Nix v. Sword*,
    11 F. App'x. 498 (6th Cir. 2001) ................................................................................................ 6

*Pictsweet Co. v. R.D. Offutt Co.*,
    2020 WL 12968432 (M.D. Tenn. Apr. 23, 2020) .......................................................................... 6

*Rapp v. Fowler*,
    2021 WL 5910288 (S.D.N.Y. Dec. 13, 2021) .......................................................................... 8, 9

*S.S. v. E. Ky. Univ.*,
    532 F.3d 445 (6th Cir. 2008) ........................................................................................................ 5

*Stevenson v. Gap, Inc.*,
    2006 WL 8457570 (M.D. Tenn. Mar. 17, 2006) .......................................................................... 5

*Westport Ins. Corp. v. Wilkes & McHugh, P.A.*,
    264 F.R.D. 368 (W.D. Tenn. 2009) .............................................................................................. 5

**Statutes**

18 U.S.C. § 1591 ................................................................................................................................ 2, 6

18 U.S.C. § 1595 ................................................................................................................................ 2, 6

18 U.S.C. § 2252 ...................................................................................................................................... 2

18 U.S.C. § 2252A .................................................................................................................................. 2

T.C.A. § 39-13-532 .................................................................................................................................. 2

T.C.A. § 39-13-506(C) ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 26(b) ................................................................................................................................ 5

Fed. R. Civ. P. 26(c) ....................................................................................................................... Passim

Fed. R. Evid. 401 ..................................................................................................................................... 5

Fed. R. Evid. 408 ............................................................................................................................ Passim

Local Rule 37.01 ...................................................................................................................................... 1

Defendant, Lorin Ashton ("Defendant"), by and through his undersigned counsel, respectfully submits this memorandum in support of his motion pursuant to Local Rule 37.01 and Rule 26(c) of the Federal Rules of Civil Procedure (the "FRCP") for an Order: (i) prohibiting Plaintiffs[1] from seeking discovery regarding Defendant's settlement agreements, contracts, waivers, non-disclosure agreements, confidentiality agreements, or the like with his non-party sexual partners; and (ii) all other relief the Court deems just and proper.

## INTRODUCTION

Defendant was granted leave to file this motion in order to determine if Plaintiffs should be precluded from seeking discovery regarding Defendant's settlement agreements, contracts, waivers, non-disclosure agreements, confidentiality agreements, or the like (collectively referred to herein as "settlement documentation") with his non-party sexual partners. While Plaintiffs are currently only seeking copies of such settlement documentation through their requests for production, it is anticipated that Plaintiffs will attempt to seek discovery regarding this documentation through other means. Not only is such documentation irrelevant and inadmissible, but it is also protected from disclosure under Defendant's and his non-party sexual partners' constitutional right to privacy. Accordingly, for the reasons stated below, Defendant respectfully requests that the Court enter a protective order prohibiting Plaintiffs from seeking any discovery regarding Defendant's settlement documentation with his non-party sexual partners.

## FACTUAL BACKGROUND

**I.  PLAINTIFFS' ALLEGATIONS**

Defendant is a music artist and one of the leading performers in the genre known as Electronic Dance Music ("EDM"). *See* First Amended Complaint, Dkt. No. 23 ("FAC") ¶ 1-2.

---

[1]  The term "Plaintiffs" collectively refers to Plaintiffs Rachel Ramsbottom ("Ramsbottom"), Alexis Bowling ("Bowling") and Jenna Houston ("Houston").

Defendant is more widely known by his stage name – "Bassnectar." *Id*. Defendant has a large following throughout the United States, where he performs shows and holds music festivals. *Id*. at ¶¶ 2-3.

The FAC alleges that Defendant, through his popularity and large following among young women, solicited and victimized Plaintiffs by entering relationships and engaging in sexual relations with them. FAC ¶¶ 10-13. Specifically, the FAC alleges that Defendant engaged in sexual relations with each of the Plaintiffs while they were minors, and that Defendant's actions constitute illegal sex trafficking in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§1591, 1595. *See generally* FAC ¶¶ 76-213. The FAC further alleges that Defendant received and possessed child pornography depicting Plaintiffs in violation of 18 U.S.C. §§ 2252, 2252A. *See generally* FAC ¶¶ 214-219. Finally, the FAC alleges that Defendant is liable to Plaintiff Ramsbottom for negligence *per se*, based on alleged violations of T.C.A. § 39-13-506(C) (Aggravated Statutory Rape) and T.C.A. § 39-13-532 (Statutory Rape by an Authority Figure). *See generally* FAC ¶¶ 220-235.

## II. DISCOVERY REQUESTS AT-ISSUE

On May 20, 2022, Plaintiffs served their First Set of Requests for the Production of Documents ("Plaintiffs' Doc Requests") on Defendant. Plaintiffs' Doc Requests, which comprise of one set of document requests on behalf of all three Plaintiffs, is attached as Exhibit A to the October 14, 2022 Declaration and Certification of Mitchell Schuster ("Schuster Decl."). Request No. 14 of Plaintiffs' Doc Requests seeks the following documentation:

> Any and all documents relating to any contracts and/or agreements and/or non-disclosure agreements and/or confidentiality agreements and/or waivers possessed by you and signed by and/or related in any way to any person with whom you have or have had an intimate and/or sexual relationship whether such relationship involved one or more than one occurrence of sexual contact.

*See* Schuster Decl., Ex. A at p. 9.

On June 21, 2022, Defendant served his Objections and Responses to Plaintiffs' First Set of Requests for Production ("Defendant's Responses to Doc Requests") on Plaintiffs. Defendant's Responses to Doc Requests is attached as <u>Exhibit B</u> to the Schuster Decl. Defendant responded to Request No. 14 as follows:

> In addition to his General Objections, Defendant objects to this Request on the grounds that it is not limited to any reasonable time period. Defendant further objects to this Request on the grounds that it is overbroad, harassing, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents related to "any person" with whom Defendant has or had any form of intimate or sexual contact. Defendant further objects to this Request on the grounds that the privacy interests of Defendant and/or third parties are outweighed by any legitimate interest Plaintiffs have in the information sought in this Request. Subject to and without waiving the foregoing specific objections, because Request No. 14 seeks discovery outside of the scope of Rule 26(b) in that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, Defendant will not produce any documents in response to Request No. 14.

*See* Schuster Decl., Ex. B at p. 8.

### III. **MEET AND CONFER EFFORTS**

On July 20, 2022, Plaintiffs' counsel e-mailed a letter to Defendant's counsel detailing the issues Plaintiffs had with Defendant's Responses to Doc Requests. Plaintiffs' July 20, 2022, letter is attached as <u>Exhibit C</u> to the Schuster Decl. With respect to Request No. 14, Plaintiffs raised the following concern regarding Defendant's response:

> Request for Production of Documents No. 14 seeks any documents relating to any contracts and/or agreements and/or non-disclosure agreements and/or confidentiality agreements and/or waivers possessed by Defendant and signed by and/or related in any way to any person with whom Defendant has or has had an intimate and/or sexual relationship whether such relationship involved one or more than one occurrence of sexual contact. Plaintiff's allegations revolve entirely around Defendant's pattern of abuse, trafficking and exploitation of Plaintiffs, and his methods involved therein. Documents related to efforts by Defendant to conceal his sexual liaisons from the public are clearly discoverable. Furthermore, Defendant has made numerous public statements regarding what he claims to be the caring and consensual nature of his relationships with others, including women, and the production of any documents responsive to this Request is clearly merited

to test the credibility of the statements made. Kindly provide full and complete responses, including documents, to this Request immediately.

See Schuster Decl., Ex. C at p. 3.

On July 29, 2022, the parties conducted their first meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14. Schuster Decl., ¶ 8. During the July 29th meet-and-confer, Defendant's counsel reiterated that Defendant did not believe the documents sought in Request No. 14 were relevant to the claims in the case. *Id.* at ¶ 9. Counsel further explained that the information contained in the requested documents was protected from disclosure given the private nature of the information requested and given the fact that such documents would constitute evidence of settlement discussions under Rule 408 of the Federal Rules of Evidence ("FRE 408"). *Id.* at ¶ 10.

On August 12, 2022, the parties conducted a second meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14. *Id.* at ¶ 11. During this second meet-and-confer the parties confirmed that their respective position with respect to Request No. 14 remained unchanged. *Id.* at ¶ 12.

On September 22, 2022, the parties conducted a third meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14. *Id.* at ¶ 13. The parties were unable to resolve their dispute as to Request No. 14 during this third meet-and-confer. *Id.* at ¶ 14.

Plaintiffs did not agree to withdraw or otherwise modify Request No. 14 during the parties' meet-and-confer conferences. *Id.* at ¶ 15. Thus, on September 28, 2022, the parties participated in a discovery conference with the Court in order to address all outstanding discovery issues, including the parties' disagreement over Request No. 14. *Id.* at ¶ 16. After the parties presented their respective positions regarding Request No. 14, the Court granted the parties leave to file the

appropriate motion to resolve the dispute. *Id.* at ¶ 17. The Court's ruling was memorialized in an Order dated September 28, 2022 (Dkt. No. 122).

## ARGUMENT

### I. STANDARD OF REVIEW

The Sixth Circuit has held that "the scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Rule 26 of the FRCP allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401). It is well established that "[t]he scope of permissible discovery" under the Federal Rules of Civil Procedure "is 'traditionally quite broad[.]'" *Stevenson v. Gap, Inc.*, Civ. No. 3:05-0135, 2006 WL 8457570, at *3 (M.D. Tenn. Mar. 17, 2006) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

While the scope of discovery under Rule 26 of the FRCP is broad, "a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party." *Westport Ins. Corp. v. Wilkes & McHugh, P.A.*, 264 F.R.D. 368, 370 (W.D. Tenn. 2009) (citing Fed.R.Civ.P. 26(c)). Under Rule 26(c), a party may move for a protective order to prohibit certain discovery. Fed. R. Civ. P. 26(c)(1). The Court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (1) forbidding the disclosure or discovery, (2) specifying terms, including time and place, for the disclosure or discovery, (3) prescribing a discovery method other than the one selected by the party seeking the discovery, or (4) forbidding inquiry into certain matters, or

5

limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(a)-(d); *see also Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017).

The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x. 498, 500 (6th Cir. 2001). However, a showing of the irrelevancy of the proposed discovery can satisfy the good cause requirement of Rule 26(c). *Anwar*, 876 F.3d at 854; *see also, Large on behalf of Large v. Blazer*, No. 3:20-CV-1012, 2022 WL 99986, at *2 (M.D. Tenn. Jan. 10, 2022) (granting protective order); *Pictsweet Co. v. R.D. Offutt Co.*, No. 3:19-CV-0722, 2020 WL 12968432, at *2 (M.D. Tenn. Apr. 23, 2020) (same). Thus, when a party raises an objection to the relevancy of the discovery sought in another party's discovery requests, the requesting party "must demonstrate that the requests are relevant." *Pictsweet*, 2020 WL 12968432 at *2. Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

## II. PLAINTIFFS SHOULD BE PRECLUDED FROM SEEKING DISCOVERY REGARDING SETTLEMENT DOCUMENTATION INVOLVING DEFENDANT AND HIS OTHER SEXUAL PARTNERS AS SUCH INFORMATION IS <u>IRRELEVANT, PRIVATE, AND INADMISSIBLE</u>

### A. Defendant's Settlement Documentation With Other Sexual Partners Is Irrelevant To This Case

On its face, Request No. 14 seeks all settlement documentation between Defendant and his non-party sexual partners, without regard to a relevant time period and without restriction to a relevant context. This broad category of discovery is irrelevant to Plaintiffs' claims in this action. The only claims arguably implicated by the information sought in Request No. 14 are Plaintiffs' claims under the TVPRA. Claims under Section 1591 of the TVPRA require proof of the alleged means employed by a defendant to recruit, entice, or otherwise coerce ***a plaintiff*** into a commercial sex act. *See generally* 18 U.S.C. § 1591. As for Plaintiffs' claims under 18 U.S.C. § 1595, the elements of that claim are as follows: "the defendant (1) knowingly benefited (2) from taking part

in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA *as to the plaintiff*, and (4) that the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*." *Doe v. 1031 S. Wooster Ltd.*, No. 21-80873-CIV, 2022 WL 121038, at *3 (S.D. Fla. Jan. 13, 2022) (emphasis added) (quoting *Doe #1 v. Red Roof Inns, Inc.*, 20-11764, 2021 WL 6062493, at *1 (11th Cir. Dec. 22, 2021)).

Thus, the only settlement documentation arguably relevant to the elements of Plaintiffs' TVPRA claims is documentation involving **Plaintiffs**. Indeed, Plaintiffs admitted as much in their July 20, 2022 letter from counsel, wherein they attempt to justify Request No. 14 by claiming "Plaintiff's allegations revolve entirely around Defendant's pattern of abuse, trafficking and exploitation *of Plaintiffs*, and his methods involved therein." Schuster Decl., Ex. C (emphasis added). However, none of the Plaintiffs have alleged that they signed a contract, settlement agreement, non-disclosure agreement, confidentiality agreement, waiver, or the like regarding their sexual activity with Defendant. Moreover, Request No. 14 is not limited to Plaintiffs. Quite the opposite. It is focused entirely on Defendant's sexual relations with non-parties and, thus, is irrelevant to Plaintiffs' TVPRA claims.

The irrelevancy of the documents sought in Request No. 14 is, in and of itself, is sufficient reason for the Court to grant Defendant's motion for a protective order. *See Anwar*, 876 F.3d at 854.

### B. DEFENDANT'S AND HIS SEXUAL PARTNERS' RIGHTS TO PRIVACY PRECLUDE DISCOVERY OF SETTLEMENT DOCUMENTATION

Even if the Court determines the settlement documentation sought in Request No. 14 has some relevancy to Plaintiffs' claims in this matter, the Court should nevertheless preclude the disclosure of this information because such information is protected by both Defendant's and his

sexual partners' constitutional rights to privacy. The Sixth Circuit has long recognized that "sexuality and choices about sex, in turn, are interests of an intimate nature which define significant portions of our personhood" and, as such, such information is "highly personal and private." *Bloch v. Ribar*, 156 F.3d 673, 685 (6th Cir. 1998). This so-called "right to privacy" means that "private sexual matters warrant[] constitutional protection against public dissemination." *Id.* This right to privacy regarding one's sexual choice is widely recognized under federal law. *See id.* (collecting cases from other jurisdictions). Relying on this right to privacy, courts in other jurisdictions have granted protective orders under Rule 26(c)(1) in similar circumstances. *See, e.g., Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 5910288, at *2 (S.D.N.Y. Dec. 13, 2021).

In *Rapp*, which was a case involving claims of sexual assault, plaintiff sought to question defendant regarding "intimate details of [defendant's] romantic and sexual life over a span of many years and, most particularly, about the identities of his partners. [Plaintiff] admittedly hope[d] to find evidence of prior acts that could be used against defendant." *Id.* at *1. In response, the defendant sought a protective order precluding the plaintiff from, among other things, inquiring into the identity of his non-party sexual partners. *Id.*

The court granted the motion, in part, and in doing so noted that both the defendant's and his non-party sexual partners' rights to privacy weighed heavily in its decision. First, the court noted that defendant was justified in his assertion that "any consensual behavior is no one's business but his own and that of his partners." *Id.* at *2. Next, the court noted that "the interests of non-parties weigh heavily in the balance here [because] persons who may have had private, consensual relations and relationships with [defendant] and who do not wish to be identified to, much less questioned by, total strangers are entitled to substantial consideration." *Id.* Finally, the

court reasoned that "[i]t is doubtful . . . that [plaintiff] would be seriously handicapped in pursuing his claim here in the absence of the sort of discovery that he seeks despite some serious cost to legitimate interests of others." *Id.*

After balancing the various interests of the parties and the non-party sexual partners, the court entered a protective order barring plaintiff from inquiring about defendant's prior sexual or romantic encounters with non-parties unless that encounter had been disclosed by the non-party or otherwise been made public and, in any event, involved allegations that the encounter was not consensual. *Id.* at *3. In support of this restriction, the court explicitly noted that the defendant and the non-party partners "have substantial privacy interests in their most intimate personal relationships that outweigh any legitimate interest of the plaintiff in pursuing those matters." *Id.*

Here, the very nature of the settlement documentation sought by Plaintiffs in Request No. 14 would result in the disclosure of the identity of Defendant's sexual partners and the details regarding their sexual encounters. This "highly personal and private" information is precisely the type of information that Defendant's and his sexual partner's rights to privacy protect from public disclosure. *See, e.g., Makor v. BNSF Ry. Co.*, No. EDCV14671VAPSPX, 2015 WL 13358362, at *2 (C.D. Cal. Jan. 5, 2015) (denying requesting party's motion to compel other party to disclose the identity of non-requesting party's former sexual partner because the privacy interest of the former partner outweighed any legitimate interest the requesting party may have in such information).

Accordingly, the Court should grant Defendant's motion and enter a protective order precluding Plaintiffs from seeking discovery into any settlement documentation between Defendant and his non-party sexual partners for this additional reason.

9

Case 3:21-cv-00272   Document 130   Filed 10/14/22   Page 13 of 18 PageID #: 1535

### C. FRE 408 PRECLUDES DISCOVERY INTO DEFENDANT'S SETTLEMENT DOCUMENTATION WITH OTHER SEXUAL PARTNERS

Finally, Plaintiffs are not entitled to discovery regarding Defendant's settlement documentation with his sexual partners because such agreements are inadmissible under FRE 408, which prohibits the admission of evidence regarding a settlement. *See generally* Fed. R. Evid. 408. FRE 408 not only precludes disclosure of formalized and signed settlement agreements, but it also protects against disclosure the negotiation, offer, acceptance, rejection, or attempts to resolve any dispute or claim. Fed. R. Evid. 408(a). The rule also encompasses agreements that are in the nature of settlement agreements, such as waivers, confidentiality agreement, and non-disclosure agreements. *See, e.g., N.A.S. v. Morada-Haute Furniture Boutique LLC,* No. 20-24676-CIV, 2022 WL 845013, at *4 (S.D. Fla. Mar. 21, 2022) (finding that non-disclosure agreements are covered by FRE 408). While FRE 408 relates to the admissibility of evidence at trial, as this Court has noted, "the question of the admissibility of the settlement agreements at trial is the central question in the determination of whether or not the settlement agreements . . . are indeed discoverable." *Doe v. Aramark Educ. Res., Inc.,* 206 F.R.D. 459, 461 (M.D. Tenn. 2002).

In *Aramark*, plaintiff brought claims against the defendant day care center for claims of vicarious liability and negligence stemming from multiple acts of sexual abuse of minor students committed by one of its teachers. *Aramark*, 206 F.R.D. at 461. The plaintiff sought disclosure of various settlement agreements that the day care center had reached in related cases. *Id.* Plaintiff asserted that the settlement agreements were relevant and admissible for several reasons, including for impeachment, proof of notice, and proof of a continuing pattern of behavior. *Id.* at 462. The court disagreed.

The court found that it was "clear . . . that [p]laintiff's sole interest in discovering the [settlement agreement] is to offer this evidence at trial as proof of [defendant's] liability in those

settled cases and by inference in this case." *Id.* Continuing, the court noted that "[p]laintiffs' arguments that the [settlement agreements] are admissible for impeachment and . . . on the issues of notice and continuing pattern of conduct are in reality arguments that the agreements are admissible to show that sexual abuse occurred in the settled cases and [defendant] was liable for the abuse." *Id.* at 462-63. Since "the use of settlement evidence for this purpose is at the very core of what Rule 408 and the policies behind it prohibit," the court ordered that there would be "no production or discovery whatsoever of any of these settlement agreements." *Id.* at 463-64; *see also MCS Music Am., Inc. v. Yahoo!, Inc.*, No. 3-09-0597, 2010 WL 11693565, at *6 (M.D. Tenn. Aug. 17, 2010) ("Since under [*Aramark*] admissibility and discoverability are intertwined, the Court cannot parse out use of the settlement agreements prohibited under Rule 408 from use that could lead to admissible evidence. The reason the defendants are interested in any division of the settlement proceeds is to establish valuation, which is the very essence of the prohibition of Rule 408 against use of a settlement agreement to show liability."); *Grant, Konvalinka & Harrison v. United States*, No. 1:07-CV-88, 2008 WL 4865571, at *2 (E.D. Tenn. June 27, 2008), *aff'd sub nom. Grant, Konvalinka & Harrison, P.C. v. United States*, No. 1:07-CV-88, 2008 WL 4865566 (E.D. Tenn. Nov. 10, 2008) (denying motion to compel discovery regarding settlement negotiations and resulting agreement based, in part, on FRE 408 because "the entire category of discovery . . . cannot be admitted for substantive purposes" and, thus, is not "reasonably calculated to lead to the discovery of evidence which can be admitted at trial").

Here, Plaintiffs have admitted that the reason they seek the settlement documentation requested in Request No. 14 is for the purpose of establishing Defendant's alleged "pattern of abuse, trafficking and exploitation of Plaintiffs." Schuster Decl., Ex. A. These allegations go to the heart of liability in this case and, thus, FRE 408 precludes use of the settlement documentation

11

for this purpose. Plaintiffs' additional assertion that discovery regarding the settlement documentation is permitted to "test the credibility" of Defendant's alleged public statements is a red herring, as Plaintiffs have failed to provide any case law that would support such an exception to inadmissibility under FRE 408. *See id.*

Under the holdings of *Aramark*, *MCS Music*, and *Grant, Konvalinka & Harrison*, Plaintiffs are not entitled to discovery regarding any settlement documentation between Defendant and non-parties. Thus, the Court should grant Defendant's motion and enter a protective order barring all such discovery.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this court grant its motion and enter a protective order barring Plaintiffs from seeking discovery regarding Defendant's settlement agreements, contracts, waivers, non-disclosure agreements, confidentiality agreements, or the like with his non-party sexual partners, and for all other relief the Court deems just and proper.

Respectfully Submitted,

 *s/ Robert A. Peal*
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200

(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 14th day of October, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*Counsel for Plaintiffs*

*s/ Robert A. Peal*