# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RACHEL RAMSBOTTOM, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO. 3:21-cv-00272** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LORIN ASHTON,** | ) | |
| | ) | **MAGISTRATE JUDGE JEFFERY S.** |
| **Defendant.** | ) | **FRENSLEY** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION AND CERTIFICATION OF MITCHELL SCHUSTER
## IN SUPPORT OF DEFENDANT LORIN ASHTON'S
## MOTION FOR A PROTECTIVE ORDER

I, Mitchell Schuster, make the following declaration under penalty of perjury:

1.      I am a partner at the law firm of Meister Seelig & Fein ("MSF"), co-counsel for Defendant Lorin Ashton ("Defendant") in this action and submit this Declaration in support of Defendant's Motion for a Protective Order prohibiting Plaintiffs from seeking discovery regarding Defendant's settlement agreements, contracts, waivers, non-disclosure agreements, confidentiality agreements, or the like with his non-party sexual partners and all other relief the Court deems just and proper.

2.      I make this Declaration based on my own personal knowledge. If called to do so, I could and would testify competently to the facts stated herein.

3.      On May 20, 2022, Plaintiffs served their First Set of Requests for the Production of Documents ("Plaintiffs' Doc Requests") on Defendant, which comprised of one set of 110 document requests on behalf of all three Plaintiffs. (Attached as **Exhibit A** is a true and correct copy of Plaintiffs' Doc Requests).

4.      Request No. 14 of Plaintiffs' Doc Requests seeks the following documentation:

> Any and all documents relating to any contracts and/or agreements
> and/or non-disclosure agreements and/or confidentiality agreements
> and/or waivers possessed by you and signed by and/or related in any
> way to any person with whom you have or have had an intimate and/or
> sexual relationship whether such relationship involved one or more than one
> occurrence of sexual contact.

5.      On June 21, 2022, Defendant served his Objections and Responses to Plaintiffs' First Set of Requests for Production ("Defendant's Responses to Doc Requests") on Plaintiffs. (Attached as **Exhibit B** is a true and correct copy of Defendant's Responses to Doc Requests).

6.      Defendant responded to Request No 14 as follows:

> In addition to his General Objections, Defendant objects to this Request on
> The grounds that it is not limited to any reasonable time period. Defendant

Further objects to this Request on the grounds that it is overbroad, harassing, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents related to "any person" with whom Defendant has or had any form of intimate or sexual contact. Defendant further objects to this Request on the grounds that the privacy interests of Defendant and/or third parties are outweighed by any legitimate interest Plaintiffs have in the information sought in this Request. Subject to and without waiving the foregoing specific objections, because Response No. 14 seeks discovery outside of the scope of Rule 26(b) in that it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case, Defendant will not produce any documents in response to Request No. 14.

7. On July 20, 2022, Plaintiffs' counsel e-mailed a letter to Defendant's counsel detailing the issues Plaintiffs had with Defendant's Responses to Doc Requests. (Attached as **Exhibit C** is a true and correct copy of Plaintiffs' counsel e-mailed July 20, 2022 letter).

8. On July 29, 2022, the parties conducted their first meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14.

9. During the July 29th meet-and-confer, Defendant's counsel reiterated that Defendant did not believe the documents sought in Request No. 14 were relevant to the claims in the case.

10. Counsel further explained that the information contained in the requested documents was protected from disclosure given the private nature of the information requested and given the fact that such documents would constitute evidence of settlement discussions under Rule 408 of the Federal Rules of Evidence ("FRE 408").

11. On August 12, 2022, the parties conducted a second meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14.

12. During this second meet-and-confer the parties confirmed that their respective position with respect to Request No. 14 remained unchanged.

13.    On September 22, 2022, the parties conducted a third meet-and-confer conference to discuss various outstanding discovery issues, including Plaintiffs' Request No. 14.

14.    The parties were unable to resolve their dispute as to Request No. 14 during this third meet-and-confer.

15.    Plaintiffs did not agree to withdraw or otherwise modify Request No. 14 during the parties' meet-and-confer conferences.

16.    Thus, on September 28, 2022, the parties participated in a discovery conference with the Court in order to address all outstanding discovery issues, including the parties' disagreement over Request No. 14.

17.    After the parties presented their respective positions regarding Request No. 14, the Court granted the parties leave to file the appropriate motion to resolve the dispute and referred the motion to Magistrate Judge Jeffery S. Frensley for disposition.

18.    The Court's ruling was memorialized in an Order dated September 28, 2022 (Dkt. No. 122).

Dated: October 14, 2022

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
sma@msf-law.com

Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335

4

rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
kim.hodde@hoddelaw.com

*Counsel for Defendant Lorin Ashton*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 14th day of October, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*Counsel for Plaintiffs*

s/ Robert A. Peal