IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSE

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, | ) ) ) | CIVIL ACTION NO. 3:21-cv-00272 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | JUDGE ALETA A. TRAUGER |
| LORIN ASHTON, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37

Pursuant to Federal Rule of Civil Procedure 37 and the Court's Order dated September 28, 2022, Plaintiffs Rachel Ramsbottom, Alexis Bowling, and Jenna Houston hereby move the Court for an Order compelling Defendant Lorin Ashton to respond to Plaintiffs' Production Requests related to (1) discovery related to other victims who are not parties to this lawsuit and (2) confidentiality and settlement agreements related to other victims. [See Docket No. 122]. In support thereof, Plaintiffs aver as follows:

### I. PROCEDURAL HISTORY

On May 20, 2022, Pursuant to Rules 26(b)(1) and Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs propounded Interrogatories and Requests for Production of Documents upon Defendant Ashton.

Plaintiffs sought information and documents related to other victims who are not parties to this lawsuit. Specifically, Plaintiffs sought the following Requests for Production:

REQUEST NO. 32: Any communication, or documents evidencing communications, between you and any other individual with whom you had sexual contact when that individual was under the age of eighteen (18) whether the age of that individual was known to you at that time of the sexual contact or has become known to you at some time after the sexual contact occurred.

REQUEST NO. 37: Any photo, video, depiction, or any other recording depicting any individual who, at the time the photo, video, depiction, or other recording was created, was under the age of eighteen (18) at the time the photo, video, depiction, or any other recording was created whether the age of that individual depicted was known to you at that time the depiction was created or has become known to you at some time after the sexual contact occurred.

REQUEST NO. 110: Any communication from any other person requesting, demanding, or asking you to delete any sexually explicit depiction. *See* Exhibit A, Defendant Lorin Ashton's Objections and Responses to Plaintiffs First Set of Requests for Production of Documents.

Defendant objected to each of these requests and did not supply any responsive documents. Importantly, Defendant did not deny the existence of materials responsive to these requests but rather objected to producing those materials he does possess. Plaintiffs also sought similar information by way of Interrogatory in Plaintiff Rachel Ramsbottom's First Set of Interrogatories:

INTERROGATORY NO. 13: Identify the name and address of any individual with whom you had any sexual contact with from the years of 2007 to the present if the sexual contact occurred at a time when such individual was under the age of eighteen (18).

INTERROGATORY NO. 14: For any individual(s) identified in the preceding Interrogatory state whether you are aware that sexual contact occurred when the individual(s) were under the age of eighteen (18) whether this information was known to you at the time or you have since come to know this information. *See* Exhibit B, Defendant Lorin Ashton's Objections and Responses to Plaintiff Rachel Ramsbottom's First Set of Interrogatories.

Defendant objected to each of these requests and did not supply any responsive documents. Importantly, Defendant did not deny the existence of materials responsive to these requests but rather objected to producing those materials he does possess.

Plaintiffs have further sought discovery related to another victim identified as "Jane Doe #1."[1] Plaintiffs have asked for discovery related to Jane Doe #1 in Requests for Production Nos. 7, 18, 22, 26, 36, and 45. *See* Exhibit A. Defendant refused to supply a response beyond objections to each and every question related to Jane Doe #1.

Related to discovery pertaining to other victims, Plaintiffs have also sought discovery related to confidentiality and settlement agreements related to other alleged victims of Defendant through the following Request for Production and Interrogatories:

> REQUEST NO. 14: Any and all documents relating to any contracts and/or agreements and/or non-disclosure agreements and/or confidentiality agreements and/or waivers possessed by you and signed by and/or related in any way to any person with whom you have or have had an intimate and/or sexual relationship whether such relationship involved one or more than one occurrence of sexual contact. *See* Exhibit A.
>
> INTERROGATORY NO. 22: Identify any civil actions or criminal actions against you, as well as any government investigations potentially unlawful conduct by you. For each action or investigation, provide:
>
> > a. The entity, parties, or attorneys conducting the action or investigation;
> >
> > b. The nature of alleged misconduct by you; and
> >
> > c. The identity of the accuser.
>
> INTERROGATORY NO. 23: Identify any claims of sexual harassment, sexual abuse, or sexual misconduct wherein you have reached any form of settlement with an individual accusing you of such sexual harassment, sexual abuse, or sexual misconduct. For any such settlement identify:
>
> > a. the parties involved; and
> >
> > b. the dollar amount of any such settlement.
>
> INTERROGATORY NO. 24: Identify all persons and/or entities known or believed by you to have custody of any/all records relating to civil and criminal actions

---

[1] For purposes of this motion, Plaintiffs will refer to the individual as Jane Doe #1 and redact her name in each of the referenced Requests for Production and Interrogatories with the finalization of the Protective Order pending. Defendant is aware of the individual's identity. Jane Doe #1 had initially been joined in this matter with the filing of Plaintiff's First Amended Complaint but subsequently withdrew her claims.

against you regarding any allegation of sexual harassment, sexual assault or sexual misconduct. *See* Exhibit B.

Defendant did not provide any information in Response to these interrogatories, nor did he supply any documents in response to the Request for Production. Importantly, Defendant did not deny the existence of materials responsive to these requests but rather objected to producing those materials he does possess.

Defendant failed to adequately respond to these requests as required by the Federal Rules of Civil Procedure with boilerplate objections and a refusal to produce responsive documents which he possesses.

After several telephonic meet and confers between the parties addressing the above discovery Interrogatories and Requests for Production, this discovery dispute followed. On September 28, 2022, after a telephonic conference with the parties, the Court issued its September 28, 2022, Order, with a number of discovery rulings, including that: "[t]he defendant does not have to produce social media related to communications with individuals under 18 who are not plaintiffs in this lawsuit." [Doc. No. 122, p. 1]. The Court also permitted briefing on certain outstanding issues regarding discovery, including: "[w]hether the plaintiffs may have discovery related to other victims who are not plaintiffs in this lawsuit," and "whether the plaintiffs may seek discovery of confidentiality agreements and settlements that the defendant has made with persons who are not parties to this lawsuit." [Id., p. 2] On October 5, 2022, Defendant filed a motion seeking clarification of the Court's September 28, 2022, Order, which is currently pending. [Docket No. 123]. Despite the Defendant's motion seeking clarification, Plaintiffs aver that this matter is ripe for review and seek an Order compelling Defendant to respond to Plaintiffs' discovery requests as stated herein.

## II. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery requests which are appropriate for a party to propound:

> Parties may obtain discovery regarding ***any nonprivileged matter*** that is relevant to ***any party's claim or defense*** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). The Federal Rules of Civil Procedure make clear that discoverability is a broader concept than admissibility: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). The broad standard applied under Rule 26(b) is that the requested information must be "relevant to any party's claim or defense and proportional to the needs of the case." Jones v. Johnson, No. 18-2252 (6th Cir. Jan. 9, 2020); see also Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500-01 (6th Cir. 1970) ("The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.") In the discovery context, "[r]elevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." Mailhoit v. Home Depot U.S.A. Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012).

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, within this broad scope of discovery, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Rule 34(b) provides for the discovery of documents and tangible items where they are described to the other party with "reasonable particularity." Fed. R. Civ. P. 34(b). "The test for reasonable particularity is whether the request places a party upon 'reasonable notice of what is called for and what is not.'" Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 436 (N.D. Ill. 2004) (quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408,

412 (M.D.N.C. 1992)); see also Regan-Touhy v. Walgreen Co.,526 F.3d 641, 649-50 (10th Cir. 2008).

Where a discovery request has been properly made and a party has failed to respond or responds in an incomplete manner, the party may seek an order compelling the other party's response to the request. Fed. R. Civ. P. 37(a)(2)-(4). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." Gruenbaum v. Werner Enters., Inc., 270 F.R.D. 298, 302 (S.D. Ohio 2010). "At least where the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information." Berryman v. Supervalu Holdings, Inc., 2008 WL 4934007 (S.D. Ohio Nov. 28, 2008). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. Sept. 29, 2008).

### III. LEGAL ARGUMENT

**DEFENDANT ASHTON SHOULD BE COMPELLED TO RESPOND TO DISCOVERY REQUESTS RELATED TO OTHER VICTIMS WHO ARE NOT PLAINTIFFS TO THIS LAWSUIT.**

Defendant Ashton should be compelled to respond to Plaintiffs' discovery requests related to other victims who are not parties to this lawsuit, including Jane Doe #1. As identified above, Plaintiffs are specifically seeking responses in this category to Request for Production of Documents Nos. 7, 18, 22, 26, 32, 36, 37, 45, and 110 and Plaintiff Rachel Ramsbottom's First Set of Interrogatories Nos. 13 and 14. The Court's initial inquiry into relevance of discovery of other victims of Defendant is simple: "[t]he scope of examination permitted under Rule 26(b) is

broader than that permitted at trial." Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500-01 (6th Cir. 1970). Moreover, the question is whether the discovery covers items that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b), "[r]elevance for discovery purposes is extremely broad." Trimbur v. Norfolk Southern Corp., No. 2:13-cv-0160, 2015 WL 235219, at *2 (S.D. Ohio Jan. 16, 2015) (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998)). The term "relevant" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

First, there are no privacy concerns with respect to the discovery of information related to other victims. To the extent that public disclosure of victim identity is a concern, Plaintiffs agree that victims who are not Plaintiffs to this action should not have their identities publicly disclosed. This can be easily achieved under the terms of the protective order which will be entered in this case. Additionally, it would be illogical to allow Ashton to assert any privacy right on the behalf of another person he has victimized. Plaintiffs' willingness to protect the identities of Ashton's victims who are not Plaintiffs to this lawsuit renders any privacy concern regarding other victims who are not Plaintiffs to this lawsuit moot.

Plaintiffs are prosecuting civil claims of benefitting from a sex trafficking venture against Defendant Ashton pursuant to 18 U.S.C. 1591 and 1595. [First Amended Complaint, ¶¶187-213]. Plaintiffs will demonstrate that, inter alia, it was Ashton's pattern and practice to use the channels and instrumentalities of interstate commerce and his considerable influence and resources to entice and recruit minor female fans into coercive and exploitative commercial sex acts. [See First Amended Complaint, ¶ 203]. This will necessarily involve what the Defendant knew regarding

other victims, which has the potential to disclose victim information regarding non-Plaintiffs. This evidence is discoverable to demonstrate not just Defendant's pattern and practice but his knowledge and notice of conduct that violates the statutes at issue. It also goes to demonstrate the foreseeability of harm and damages that he would cause Plaintiffs as a result of his conduct with others.

Similarly, the claims at issue here involve the alleged production, possession, and dissemination of child pornography. Just as with the allegations of sex trafficking, Defendant's pattern and practice of producing, possessing, or disseminating images or data that constitute child pornography involving others is clearly discoverable for the same reasons as outlined immediately above.

Additionally, it is anticipated that Defendant will seek to disclaim any knowledge that the Plaintiffs were minors at the time that he unlawfully trafficked them across interstate lines to coerce them into commercial sex acts and/or elicited child pornography from them. [See Complaint, Count III]. Information in Defendant's possession, including pertaining to a known, identified victim who is not named as a Plaintiff (Jane Doe #1) is necessary to rebut this anticipated defense. Doe v. Cabell Cnty. Bd. of Educ., 3:21-cv-00031 (S.D.W. Va. Jan. 31, 2022) (Information is discoverable under Rule 26 to contradict a party's argument in its claim or defense).

These Requests do not seek to embark on the oft-cited proverbial "fishing expedition," rather, the Requests describe the items to be produced with "reasonable particularity" such that Defendant Ashton "has reasonable notice of what is called for and what is not." Bruggeman ex rel., 219 F.R.D. at 436. Plaintiffs are not required to prove the existence of the relevant information or documents prior to requesting it under Rule 34: "[T]he Federal Rules of Civil Procedure do not require a party to prove the existence of relevant material before requesting it." Gaske v. Crabcake

Factory Seafood House, LLC, 2021 WL 5326465, Civil 1:18-cv-02630-JMC (D. Md. July 28, 2021). Nonetheless, Defendant Ashton himself has proven the existence of these materials by refusing to produce the materials in response to proper discovery requests, as opposed to stating and verifying that responsive materials or information simply does not exist.

The materials and information at issue are also discoverable under Federal Rule of Evidence 404. While F.R.E. 404 deals with the *admissibility*, not discoverability, of evidence, in order for Plaintiffs to eventually advance arguments under F.R.E. 404 at the time of trial, Plaintiffs must first have discovery on these issues. First, the discovery sought by Plaintiffs will be admissible under F.R.E. 404(a). While this part of the Rule typically is used to prohibit evidence, the exceptions enumerated are applicable to civil cases, especially cases involving allegations like the instant matter. For example, in Crumpton v. Confederation Life Ins. Co., 672 F.2d 1248 (5th Cir. 1982), the Rule was invoked to allow character evidence related to the decedent of the plaintiff, who had been shot after allegedly raping a woman. Id. at 1250 – 51. In that case the plaintiff sought insurance proceeds of a life insurance policy belonging to the decedent. Id. In Crumpton the trial court admitted evidence of the decedent's character to show that he acted in conformity with his character on the night in question based on evidence of past conduct. Id. at 1253. Put differently, when the context of a civil case is more akin to a typical criminal case (such as one involving allegations of rape, sexual assault/abuse, or other criminal/quasi-criminal conduct) character evidence of the "accused" will be admissible. Id; Carson v. Polley, 689 F.2d 562, 575 – 76 (5th Cir. 1982); Bolton v. Tesoro Petroleum Corp., 871 F.2d 1266, 1277 (5th Cir. 1989). Because this evidence is potentially admissible at trial, it is certainly discoverable.

This same evidence will also be admissible pursuant to F.R.E. 404(b) and is therefore, at a minimum, discoverable. This Rule of Evidence provides that evidence of other acts, here the

victimization of other individuals in a similar fashion to Plaintiffs, will be admissible to prove, inter alia, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Here, for the reasons outlined above, evidence of Defendant's victimization of other individuals goes to knowledge and intent as well as absence of mistake. As it relates to the latter, discovery on these issues must be had to rebut claims that Defendant was simply mistaken in his belief that Plaintiffs were of age at the time he was sexually abusing and exploiting them.

Another rationale absent from the non-exhaustive list of permissible uses in F.R.E. 404(b) is the doctrine of chances. The "doctrine of chances" is a theory of statistical probability that instructs "highly unusual events are highly unlikely to repeat themselves; 'the recurrence of a similar result . . . tends to establish . . . the presence of the normal, i.e. criminal, intent accompanying such an act. . . .'" United States v. York, 933 F.2d 1343, 1350 (7th Cir. 1991). "The man who wins the lottery once is envied; the one who wins it twice is investigated." Id. Here, evidence of Defendant's criminal or even quasi-criminal misconduct is discoverable so that Plaintiffs may advance evidence at trial demonstrating the improbability that Defendant has simply been the victim of unfortunate happenstance by being accused of sexual abuse and misconduct, including the production, possession, and/or dissemination of child pornography, involving multiple minor females.

It should also be noted that Plaintiffs have already and will continue to produce discovery relating to Jane Doe #1 and her victimization by Defendant. It would be inequitable for Plaintiffs to produce such discovery but not be permitted to obtain discovery relating to her from Defendant, including documents, information, or testimony.

Additionally, Plaintiffs' Requests call for production of documents relevant to the Plaintiffs' claims and Ashton's anticipated defenses, they are proportional to the discovery needs

of this sex trafficking case involving minor victims, and they are designed to produce relevant evidence under Federal Rules of Civil Procedure 26(b).[2]

Because Plaintiffs have shown relevance for the purposes of discovery, the burden now shifts to Defendant Ashton to show some reason why the discovery should not be produced. See Vickers v. General Motors Corp., 2008 WL 4600997, *2 (W.D. Tenn. Sept. 29, 2008) ("When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm."). Defendant Ashton cannot show that he will suffer any undue burden or harm from the limited disclosures contained in Plaintiffs' requests. Accordingly, Plaintiffs respectfully request the Court to compel Defendant to respond fully to these Requests to Produce discovery and answer Interrogatories related to other potential victims.

## THE COURT SHOULD COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS RELATED TO CONFIDENTIALITY AND SETTLEMENT AGREEMENTS WITH OTHER VICTIMS OF DEFENDANT.

Next, Plaintiffs move the Court to compel Defendant to fully respond to Plaintiffs' Request for Production of Documents related to confidentiality and settlement agreements Defendant

---

[2] Plaintiffs acknowledge that the Court has made certain rulings based on discovery requests made pertaining to social media. Plaintiffs must note here that the Court's ruling on this issue may implicate the Court's ruling on social media as there may be, at a minimum, certain specific communications evidencing Defendant's victimization of other persons contained within his social media data. "Generally, social media content, even where designated as non-public, is neither privileged nor protected by any right of privacy (beyond, of course, the protections any litigant enjoys under FRCP 26(g))." Voe v. Roman Catholic Archbishop of Portland in Oregon, No. 3:13-cv-01016-SB, 2015WL 12669899, at *2 (D. Or. Mar. 10, 2015). Plaintiffs understand the Court's ruling on social media discovery to be, at least in part, related to the breadth or vagueness of the Requests at issue. Subject to the Court's ruling on discovery pertaining to other victims, discovery related to tailored and narrow discovery requests for social media data and/or content may be warranted. Although courts "are reluctant to compel an all-encompassing social media request" social media requests that are limited to content that is relevant to a party's claim or defense have been consistently upheld. Doe v. Cabell Cnty. Bd. of Educ., 3:21-cv-00031 (S.D.W. Va. Jan. 31, 2022) (citing Ye v. Cliff Veissman, Inc., 2016 WL 950948 (2016) (N.D. Ill. 2016)); Tompkins v. Detroit Metro Airport, 278 F.R.D. 387, 388 (E.D. Mich. 2012) (recognizing that relevant social media information, including that designated as private, is not privileged, or otherwise shielded from discovery).

Ashton may have entered into with other victims of Defendant who are not parties to this lawsuit. Plaintiffs are entitled to this discovery because such agreements are not privileged, and Plaintiffs are entitled to their disclosure under Rule 26(b) and pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Requests to Produce Confidentiality agreements ("NDAs") and settlement agreements between Defendant and other victims of his sex trafficking scheme on or around the same time as the allegations in Plaintiffs' Complaint are relevant and proportional considering the evidence that will be adduced for Plaintiffs' claims of sex trafficking and solicitation of child pornography in Counts I through III of Plaintiffs' First Amended Complaint. First, such agreements are not privileged, and courts within the Sixth Circuit have compelled the disclosure of settlement agreements in many contexts, including when an agreement contains a confidentiality provision. American Guar. and Liab. Ins. Co. v. CTA Acoustics, Inc., No. 05-80-KKC, 2007 WL 1099620, at *4 (E.D. Ky. April 10, 2007) ("the confidential settlement agreement is not privileged . . . [and] is not protected from discovery simply because it has been denominated 'confidential' by the parties" thereto); see also Oberthaler v. Ameristep Corp., 2010 WL 1506908 (N.D. Ohio April 13, 2010) ("[A] general concern for protecting confidential information does not equate to privilege."); See also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980-81 (6th Cir. 2003) (noting that a confidentiality privilege generally applies to the *substance* of communications made during negotiations that result in a confidential settlement agreement but failing to extend this privilege to the terms of the final agreement). And "litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality." Gardiner v. Kelowna Flightcraft, Ltd., No. 2:10-cv-947, 2011 WL 1990564, at *1 (S.D. Ohio May 23, 2011)) (quoting Oberthaler v. Ameristep Corp., No. 5:08-cv-1613, 2010

WL 1506908, at *1 (N.D. Ohio Apr. 13, 2010)). Although the "settlement privilege" protects settlement *negotiations* from discovery, this does not extend to the terms of the final agreement. See Wagner v. Mastiffs, 2013 WL 2096655, at *8 No. 2:08-cv-431 (S.D. Ohio May 14, 2013) (Noting that courts within the Sixth Circuit have compelled the disclosure of settlement agreements even where the parties have deemed them "confidential" because "courts have not been persuaded by any claim of confidentiality as grounds for precluding the disclosure of a settlement agreement." Id. at *8 ("[A]greements are not protected from discovery simply because they have been denominated 'confidential' by the parties. . . [A] general concern for protecting confidential information does not equate to privilege").

Thus, the inquiry before the Court is once again framed under Rule 26(b) of the Federal Rules of Civil Procedure, whether it is "relevant to the claim or defense of any party" under Fed. R. Civ. P. 26(b)(1). Id. at *8. As noted above, the Federal Rules of Civil Procedure authorize extremely broad discovery into matters that may lead to admissible evidence. United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976) cert. denied. 430 U.S. 945 (1977); see also Maresco v. Evans Chemetics, 964 F.2d 106 (2d Cir. 1992) (Noting that the scope of discovery under Rule 26(b) is very broad). Viewed within this lens, it is clear that Plaintiffs are entitled to discover these settlement agreements, including NDAs involving other minor sex trafficking victims of Defendant Ashton. Notably, these agreements are not sought "for their own sake," See Doe v. Aramark Educational Resources, Inc., 206 F.R.D. 459 (M.D. Tenn. 2002), rather, the agreements are highly likely to lead to the discovery of relevant and/or admissible evidence with independent probative value because of Defendant's alleged sex trafficking scheme involving many of his minor fans, including Plaintiffs. [First Amended Complaint, Docket No. 23, Counts

I-III]. This is true for the same reasons as outlined in the section of this Memorandum dealing with discovery pertaining to other victims.

In this lawsuit, Plaintiffs have averred that the use of NDAs (both written and, "verbal" NDAs) and monetary settlements were an integral part of Defendant Ashton's human trafficking plan and design involving minor victims, including the Plaintiffs. See, e.g. First Amended Complaint, Docket No. 23, ¶ 179 ("Bassnectar/Ashton told Jane Doe #1 that she had signed a 'verbal non-disclosure agreement' that prohibited her from telling anyone about the sexual nature of their interactions."). The threat of NDAs, including Defendant Ashton's assertion to minor victims that a "verbal NDA" prohibits them as victims from coming forward with their claims, demonstrates that discovery related to these NDA agreements, both written and verbal, are relevant and necessary and this Request is relevant and proportional to Plaintiffs' claims of sex trafficking against Defendant Ashton.

To the extent that Defendant claims that such information will violate privacy of non-parties to the suit, this concern is cured by the pending Protective Order that will be in place. Counsel for Plaintiffs and Defendant are in agreement that a Protective Order is appropriate for this case and can potentially be utilized for discovery related to NDAs and similar agreements.

Accordingly, Plaintiffs respectfully request the Court compel Defendant Ashton's full and complete response to Plaintiffs' Request for Production of Documents No. 14 and answers to Plaintiff Rachel Ramsbottom's First Set of Interrogatories Nos. 22, 23, and 24.

## IV. CONCLUSION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs move this Honorable Court to compel Defendant to fully respond to their discovery requests related to relevant social media content, fully produce all NDAs and settlement agreements he has entered into with other

victims who are not Plaintiffs to this lawsuit, and respond to Plaintiffs' requests regarding relevant information about other victims who were sexually trafficked by Defendant. For the reasons stated herein, Plaintiffs respectfully request the Court to grant their Motion to Compel, and compel Defendant to fully respond to Plaintiffs' Requests to Produce without further objection.

Respectfully submitted,

**LAFFEY, BUCCI & KENT, LLP**

By: /s/ Brian D. Kent
Brian Kent*
M. Stewart Ryan*
Alexandria MacMaster*
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): bkent@lbk-law.com
sryan@lbk-law.com
amacmaster@lbk-law.com
*admitted pro hac vice*

**MILLER LAW OFFICES**

Phillip Miller, #006873
*Attorney for the Plaintiff*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
pmiller@seriousinjury.com

Date: October 14, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSE

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, | ) ) ) | CIVIL ACTION NO. 3:21-cv-00272 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JUDGE ALETA A. TRAUGER |
| LORIN ASHTON, | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATION

I, Brian D. Kent, counsel for Plaintiffs, hereby certify pursuant to Fed. R. Civ. P. 37(a)(1) that the parties have in good faith conferred or attempted to confer with counsel for the Defendant in an effort to obtain the discovery without Court action.

                      Respectfully submitted,

                      **LAFFEY, BUCCI & KENT, LLP**

    By:    */s/ Brian D. Kent*
                    Brian Kent*
                    LAFFEY, BUCCI & KENT, LLP
                    1100 Ludlow Street, Suite 300
                    Philadelphia, PA 19107
                    (T): (215) 399-9255
                    (E): bkent@lbk-law.com
                    **admitted pro hac vice*

Date: October 14, 2022

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 14th day of October, 2022:

Robert Peal
Mark Lenihan
Grace Fox
Sims Funk PLC
322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster (*admitted pro hac vice*)
Stacey Ashby (*admitted pro hac vice*)
Meister Seeling & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

/s/ Brian D. Kent
Brian D. Kent, Esquire

# EXHIBIT "A"

# Filed Under Seal

# EXHIBIT "B"

# Filed Under Seal