IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ET AL., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil No. 3:21-cv-00272 ) Judge Trauger |
| LORIN ASHTON, | ) ) |
| Defendant. | ) |

**O R D E R**

The defendant has filed a Motion for Clarification (Doc. No. 123), to which the plaintiffs have filed a Response (Doc. No. 124), and in connection with which the defendant has filed a Motion for Leave to File a Reply in Support of Motion to Clarify (Doc. No. 125). The motion to file the reply is hereby GRANTED. The Motion for Clarification is hereby GRANTED as well. The court hereby provides the clarification requested:

1. The defendant need not produce at this time social media related to communications with individuals who are not plaintiffs in this lawsuit, no matter their age.

2. Whether the defendant must produce discovery related to former party Jane Doe will be decided by the Magistrate Judge pursuant to the first item listed as a permitted discovery motion in the court's prior Order. (Doc. No. 122 at 2). In truth, the court's copious notes of the lengthy telephone conference reflect no specific references to discovery related to dismissed party Jane Doe, and the court recalls no such specific discussion. However, she clearly classifies as someone who is not a party to this lawsuit.

3. The plaintiffs asserted in the telephone conference that they were entitled to all communications that the defendant had, going back to 2012, with any individual under the age of 18. The court ruled that that was a "fishing expedition" and would not be granted at this time. However, this discovery may be sought, in part, in a permitted motion for "discovery related to other victims who are not plaintiffs in this lawsuit." Of course, any communications by the defendant with any of the party plaintiffs in this case that took place when the plaintiff was under 18 must be produced.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge