IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL RAMSBOTTOM, ) <br> ALEXIS BOWLING, ) <br> JENNA HOUSTON, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> LORIN ASHTON, ) <br>  ) <br> Defendant. ) <br>  ) | CIVIL ACTION NO. 3:21-cv-00272 <br><br> JURY TRIAL DEMANDED |

**LORIN ASHTON'S REPLY IN FURTHERANCE OF HIS MOTION TO CLARIFY**

Defendant Lorin Ashton ("Ashton") respectfully files this Reply in support of his Motion to Clarify. Again, Ashton seeks to clarify that certain oral rulings made by the Court during the telephonic discovery dispute teleconference are controlling, which is unclear from the Court's Order. (*See* Dkt. 122.) As the parties agree regarding the prohibition on a production of the entirety of Ashton's social media accounts,[1] this reply will focus on (1) Plaintiffs' unbounded request for all communications, in any format and made at any time, between Ashton and a female under the age of eighteen and (2) discovery regarding dismissed Plaintiff Jane Doe.

(1) Ashton respectfully requests the Court to clarify, as it ruled during the call, that Plaintiffs' overly-broad request for all communications, in any medium and timeframe, between Ashton and any female under the age of eighteen, is improper.

The Court correctly recognized during the discovery conference call that Plaintiffs' blanket request for all communications Ashton made with any female under the age of eighteen is an

---

[1] Plaintiffs correctly point out the Court's ruling that social media contacts between Ashton and Plaintiffs is fair game and subject to discovery, which was implied but not stated clearly in Ashton's Motion. This, of course, is an academic point at this time, as Ashton has already produced all relevant social media discovery between Plaintiffs and Ashton.

inappropriate fishing expedition. For example, Plaintiffs transmitted a request for production stating,

> RFP No. 31: Any and all documents and/or communications and/or text messages and/ or emails and/or and or Twitter Direct Messages and/or WhatsApp messages and/or messages exchanged on Dropbox, Facebook, Snapchat, Instagram, Gmail, Wickr or other similar platforms and/or correspondence by any medium between you and any female individual who was under the age of eighteen at the time of said communication.

This request has no temporal limitations and would encompass, for example, a birthday card Ashton sent to a niece, a valentine he sent to a classmate while he was in high school, or a greeting or response to a fan, of which there are thousands.

For the same reasons the Court prohibited the wholesale production of Ashton's social media accounts, the Court, during the call, prohibited the overly-broad and improper requests for all communications whatsoever. While the scope of discovery under Rule 26 is broad, "a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party." *Westport Ins. Corp. v. Wilkes & McHugh, P.A.*, 264 F.R.D. 368, 370 (W.D. Tenn. 2009) (citing Fed.R.Civ.P. 26(c)). Plaintiffs' Response makes no real effort to argue that the Court ruled otherwise, but instead makes some irrelevant noises about "other victims." (*See* Resp. at 3.) The problem with that argument is (1) the discovery requests at issue make no such distinction; and (2) the Court's Order already properly directs the parties to brief "[w]hether the plaintiffs may have discovery related to other victims who are not plaintiffs in this lawsuit." (*See* Order of Sep. 28, 2022, Dkt. 122, at 2.) Plaintiffs' fishing expedition is improper, as the Court mentioned during the call; and thus, Ashton requests an Order clarifying this issue.

(2) <u>Ashton respectfully requests the Court to clarify, as it ruled during the call, that Plaintiffs' discovery requests regarding dismissed party "Jane Doe" are improper.</u>

Similarly, the Court was painstakingly clear during the call that discovery into dismissed

party "Jane Doe"[2] is irrelevant. Under Federal Rule of Civil Procedure 26(b)(1), Parties may obtain discovery regarding any nonprivileged matter that is relevant to any ***party's*** claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). While the scope of discovery is generally broad, discovery must pertain to a *party's* claims or defenses. *See Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 274 (6th Cir. 2021) (affirming denial of a motion to compel discovery requests for information that "would not have supported [plaintiff's] theories of liability."). So a plaintiff may not seek discovery into "claims or defenses that have been stricken" from the case. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In short, this Court has stated that "under the plain language of Rule 26(b)(1), discovery that relates to dismissed or stricken claims is not relevant." *Flexider USA Corp. v. Richmond*, No. 3:19-0764, 2021 WL 6496809, at *4 (M.D. Tenn. Mar. 8, 2021) (citing *Atlas Industrial Contractors LLC v. In2Gro Technologies LLC*, No. 2:19-cv-2705, 2020 WL 1815718, at *4 (S.D. Ohio Apr. 10, 2020)). And courts regularly hold that discovery into dismissed claims or the claims and defenses of dismissed parties is impermissible under Rule 26(b)(1). *See A.S. by Next Friend Reid v. Shelby Cty. Bd. of Educ.*, No. 219CV02056JTFCGC, 2021 WL 6884915, at *2 (W.D. Tenn. Sept. 13, 2021) (holding that certain requested documents were only relevant to dismissed claims of another plaintiff and therefore not discoverable); *see also In re BofI Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2021 WL 1812822, at *7 (S.D. Cal. May 6, 2021) (stating that "If a

---

[2] Ashton refers to this individual by the pseudonym out of respect for her apparent wishes for privacy. As the Court may recall, Jane Doe was prohibited from prosecuting the suit under a pseudonym, (Dkt. 59), and, as a result, she chose to voluntarily dismiss all claims, (Dkt. 65.) By referring to Jane Doe by her pseudonym, Ashton makes no waiver of his objection to her proceeding as a pseudonymous plaintiff. Ashton will point out, however, that at least the appearance of conflict exists between Jane Doe's seeming desire for anonymity and her attorneys' desire to litigate her claims *in absentia* in order to obtain discovery not otherwise available to Plaintiffs.

court has dismissed one of several claims in a complaint, discovery into topics relevant only to that dismissed claim is no more permissible than if it had been the sole claim raised and the case were dismissed outright"); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2017 WL 2889501, at *1 (S.D.N.Y. July 6, 2017) (holding that information relevant to dismissed claims "is not subject to discovery"); *Kopperl v. Bain*, No. 3:09 CV 1754 CSH, 2014 WL 1761956, at *1 (D. Conn. May 1, 2014) (stating that "judges in this district, as well as in other districts, have refused to allow parties to pursue discovery regarding claims that previously have been dismissed" and collecting cases); *Walker v. Ryan*, No. CV-10-1408-PHX-JWS, 2012 WL 1599984, at *2–3 (D. Ariz. May 7, 2012) (denying motion to compel discovery regarding parties and claims previously dismissed from the case); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 6 (D.D.C. 2007) (denying a motion to compel with respect to discovery requests regarding dismissed claims); *Chan v. City of Chicago*, No. 91-C-4671, 1992 WL 170561, at *3 (N.D. Ill. July 16, 1992) (stating that "plaintiff's discovery requests that are relevant only to dismissed claims should be denied" and denying discovery requests pertinent only to dismissed claims).

Plaintiffs' Response attempts to evade the obvious result here, by conflating "[w]hether the plaintiffs may have discovery related to other victims who are not plaintiffs in this lawsuit," (*see* Order of Sep. 28, 2022, Dkt. 122, at 2), with whether the plaintiffs may have discovery into dismissed party, Jane Doe. When making its oral ruling as to Jane Doe on the call, the Court was aware of Jane Doe's claims of victimhood made in the Amended Complaint. During the telephonic hearing, Plaintiffs' counsel gave a presentation to the Court that, based on the fact they had allegedly produced discovery as to "other victims," they should be entitled to discovery on such "other victims."

Following the telephonic hearing, counsel for the parties discussed this specific issue further. Defendant's counsel asked for clarification regarding Plaintiffs' presentation and specifically sought the identity of the "other victims" that Plaintiffs had allegedly produced discovery relevant thereto. Plaintiffs' counsel clarified that he was referring only to Jane Doe and not to any other purported victims. As this is clearly not what was represented to the Court during the telephonic hearing, Defendant's counsel informed counsel for Plaintiffs that the hearing presentation certainly gave the impression that these alleged "other victims" were just that—"other," that is to say, persons other than those mentioned in the Amended Complaint, *i.e.*, beyond Jane Doe. (*See* Amended Compl., Dkt 23.)

While Ashton contests the discoverability of these alleged "other victims," he agrees that the Court set that matter for briefing. However, it is clear from the parties' follow up conversation about the Court's rulings (and their latest filing) that, notwithstanding the Court's oral rulings, Plaintiffs continue to seek discovery relating to Jane Doe and, perhaps, to "other [purported] victims," which have not been previously disclosed to Defendant. Defendant seeks clarification that Plaintiffs cannot circumvent the Court's ruling as to Jane Doe merely by characterizing her as an alleged "other" victim, which was rather obvious from the claims she made and then voluntarily dismissed. Further, given the misleading presentation by Plaintiffs' counsel as to the prior production of discovery related to "other victims," and the Court's clear oral ruling that discovery related to the dismissed Jane Doe shall not be taken, Defendant respectfully submits that, in addition to clarifying that the Defendant does not have to produce the entirety of his social media accounts, the Order should also clarify that Defendant does not have to produce discovery relating to former party, Jane Doe, and does not have to produce discovery relating to non-parties that are under the age of eighteen years old.

Dated: October 11, 2022   Respectfully Submitted,

/s/ Robert A. Peal
Robert A. Peal (No. 25629)
Mark W. Lenihan (No. 36286)
Grace A. Fox (No. 37367)
Sims|Funk, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster, Esq. (admitted *pro hac vice*)
Stacey M. Ashby, Esq. (admitted *pro hac vice*)
Meister Seelig & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 11th day of October, 2022:

Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000
phillip@seriousinjury.com

Alexandria MacMaster
M. Stewart Ryan
Brian Kent
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255
amacmaster@lbk-law.com
sryan@lbk-law.com
bkent@lbk-law.com

*Counsel for Plaintiffs*

                                               *s/ Robert A. Peal*