# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

RACHEL RAMSBOTTOM, ALEXIS )
BOWLING, JENNA HOUSTON, )          CIVIL ACTION NO. 3:21-cv-00272
                          )
  Plaintiffs,             )
                          )          JURY TRIAL DEMANDED
       v.                 )
                          )
LORIN ASHTON,             )          JUDGE ALETA A. TRAUGER
                          )
  Defendant.              )

---

## STIPULATED PROTECTIVE ORDER

## 1. PROTECTIVE ORDER

1.1. <u>Purposes and Limitations</u>.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than for use in this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2. <u>Good Cause Statement</u>.

This action is likely to involve production of personal and/or private material, and sensitive business information and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the litigation of this action is warranted. Such personal and/or private material may consist of, among other things, personal identifying information ("PII"), sexually explicit images (i.e., videos, photographs, etc.) or other information

implicating the privacy rights of the Plaintiffs, Defendant and other individuals. Such sensitive business information and/or proprietary information may consist of, among other things: trade secrets, confidential business or financial information; information regarding confidential business practices, policies and procedures, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), proprietary information or materials, or information which may be privileged or otherwise protected from disclosure under applicable law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1.   <u>Action</u>: this pending federal lawsuit, *Ramsbottom et al. v. Ashton, et al.*, Civil Action No. 3:21-cv-00272 (M.D. Tenn.).

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection

under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    <u>"CONFIDENTIAL - EXPLICIT" Items</u>: natively produced videos, thumbnails, and images depicting pornography, sexually explicit content, and/or nudity.

2.5.    <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

2.6.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL - EXPLICIT."

2.7.    <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10.    <u>Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are assisting a law firm which has appeared on behalf of that Party, and includes support staff, but only on a need-to-know basis for purposes of litigating this Action and for no other purpose.

2.11. <u>Party</u>: any Party to this Action, including all of the Party's agents, representatives, or other persons acting or purporting to act on behalf of the Party..

2.12. <u>Privileged Material</u>: any Discovery Material that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including without limitation, the attorney-client privilege, or the work product privilege.

2.13. <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – EXPLICIT," including all copies, electronic images, duplicates, extracts, summaries, or descriptions that contain information obtained from any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – EXPLICIT."

2.16. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all

copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

5.1.1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.1.2. Mass, indiscriminate, or routinized designations are prohibited.

5.1.3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order (*see, e.g.*, sections 5.2.1 and 5.2.2 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

5.2.1.  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material.

5.2.2.  A Party or Non-Party that makes original documents, items, or tangible things available for inspection need not designate them for protection until after the inspecting Party has indicated which documents, items, or tangible things it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – EXPLICIT." After the inspecting Party has identified the documents, items, or tangible things it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend or "CONFIDENTIAL - EXPLICIT" legend to each page or item that contains Protected Material.

5.2.3.  For testimony given in depositions that the Designating Party may either:

5.2.3.1. identify the Discovery Material on the record, before the close of the deposition all protected testimony; or

5.2.3.2. designate the entirety of the testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the obligation to identify specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

5.2.4. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL - EXPLICIT." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2.5. For each designation of "CONFIDENTIAL," the Producing Party shall provide an index for said designation identifying specifically the Bates numbers designated "CONFIDENTIAL."

5.2.6. For each designation of "CONFIDENTIAL - EXPLICIT" the Producing Party shall provide an index for said designation identifying specifically the Bates numbers designated CONFIDENTIAL - EXPLICIT."

5.3. <u>Inadvertent Failure to Designate</u>.

An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely, written assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Meet and Confer</u>. A party may object to the designation of particular materials as "CONFIDENTIAL" or "CONFIDENTIAL – EXPLICIT" by giving written notice to the designating party. The written notice shall identify the information to which the objection is made and the basis of the objection. The parties must then meet and confer in good faith within seven (7) days of receipt of the written notice. The designating party must respond to the challenge within five (5) days after the meet and confer.

6.2 <u>Judicial Intervention</u>. If the objecting party and the designating party cannot resolve the objection, then within ten (10) days following the designating party's response to the challenge, the designating party shall file an appropriate motion requesting that the Court determine whether the disputed information constitutes confidential material under the terms of this Agreed Protective Order. If such a motion is timely filed, the disputed information shall be treated with the same level of protection to which it is entitled under the Producing Party's designation under the terms of this Agreed Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the person designating the information as "CONFIDENTIAL" or "CONFIDENTIAL – EXPLICIT" shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for litigating, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. In the event other actions are filed by Counsel in this Action, asserting the same or similar legal claims against the same or some of the Defendants as in this Action, the Parties agree to discuss the coordination of discovery as appropriate to avoid unnecessary duplication of effort. Unless otherwise agreed, when the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below ("FINAL DISPOSITION").

7.2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.3. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7.3.1. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

7.3.2. the Parties;

7.3.3.  the employees and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.4.  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.5.  the Court and its personnel;

7.3.6.  Court reporters and their staff;

7.3.7.  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.3.8.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.3.9.  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; or

7.3.10. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4.   <u>Disclosure of "CONFIDENTIAL- EXPLICIT" material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Receiving Party may disclose any item designated as "CONFIDENTIAL - EXPLICIT" to any individual listed under section 7.3. Further, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may also disclose, to the extent the Receiving Party reasonably and in good faith believes it is allowed or required by state or federal law or regulation to disclose Protected Material, any item designated "CONFIDENTIAL - EXPLICIT" to:

7.4.1.  the National Center for Missing and Exploited Children (NCMEC); and

7.4.2.  a state or federal law enforcement agency.

7.4.3.  Any disclosure made pursuant to this paragraph to any state or federal law enforcement agency must also be disclosed to NCMEC.

7.5.   The Receiving Party will simultaneously provide notice to the Designating Party of any disclosure made pursuant to paragraph 7.4. Such notice shall describe the item(s) disclosed with reference to the Bates number or range. Any disclosure made pursuant to paragraph 7.4 will be accompanied by a copy of this Order advising the recipient that the material was produced subject to it.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    8.1.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

        8.1.1.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        8.1.2.    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

        8.1.3.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    8.2.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1. The terms of this Order are applicable to information and items produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL - EXPLICIT." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's protected information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

9.2.1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

9.2.2. promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.2.3. make the information requested available for inspection by the Non-Party, if requested.

9.3. If the Party or Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or cause the deletion of all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.2.  The inadvertent production of privileged or work-product protected documents, electronically stored information ("ESI") or information is not on its own a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or

information, and shall inform the Producing Party of the beginning Bates number of the document or, if no Bates number is available, shall otherwise inform the Producing Party of the information.

11.3.  Any Party or Non-Party that inadvertently discloses or produces a Document, ESI, or information that it considers privileged or otherwise protected from discovery will, promptly upon discovery of the disclosure or production, give notice to the Receiving Party, identifying the document, ESI, or information in question; the asserted privilege or protection; and the grounds therefor.

11.4.  Upon receipt of notice of the assertion of privilege or protection over produced documents, ESI, or information, the Receiving Party will:

11.4.1. to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party or Non-Party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the Parties or the Court; and

11.4.2. to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the Producing Party or Non-Party that it has returned or destroyed the applicable document(s), ESI, and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

11.5.  In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the Producing Party may promptly seek resolution of the matter in

accordance with Court's Local Rules and the Federal Rules of Civil Procedure, including by seeking *in camera* review.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. No Party waives any other right it currently would have.

12.3. <u>Filing Protected Material</u>. To eliminate or minimize the need for filing under seal, the Party seeking to file Protected Material ("Filing Party"), when possible, at least five (5) business days before filing, must provide a copy of the Protected Material to be filed to the Designating Party. The Designating Party, within three (3) business days of receiving the Protected Material, must inform the Filing Party if the documents can be redacted to avoid filing under seal. If the document cannot be suitably redacted by agreement, the Filing Party must move for a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Filing Party may file the information in the public record unless otherwise instructed by the Court.

12.4. The filing of any videos, thumbnails, or images regardless of format that have been reported to the National Center for Missing and Exploited Children or other appropriate authorities or that either Party or their counsel believe for any reason should be subject to heightened protections will be governed by a protocol that the Parties and the Court are working to establish.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days thereof, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies (including in digital format), abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 herein.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

**APPROVED FOR ENTRY:**

**ATTORNEYS FOR DEFENDANT LORIN ASHTON:**

*s/ Robert A. Peal*
Robert A. Peal
Grace A. Fox
SIMS|FUNK, PLC.
3322 West End Avenue
Suite 200
Nashville, TN 37203
(615) 292-9335

Kimberly S. Hodde
HODDE & ASSOCIATES
40 Music Square East
Nashville, TN 37203
(615) 242-4200

Mitchell Schuster
Stacey M. Ashby
MEISTER, SEELIG & FEIN, LLP
125 Park Avenue
7th Floor
New York, NY 10017
(212) 655-3500

**ATTORNEYS FOR PLAINTIFFS:**

*s/ M. Stewart Ryan*
Phillip H. Miller
631 Woodland Street
Nashville, TN 37206
(615) 356-2000

Brian Kent
M. Stewart Ryan
Alexandria MacMaster-Ho
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
(215) 399-9255