# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|   |   |   |
|---|---|---|
| **RACHEL RAMSBOTTOM et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:21-cv-00272** |
| | ) | **Judge Aleta A. Trauger** |
| **LORIN ASHTON,** | ) | |
| | ) | **Magistrate Judge Jeffrey S.** |
| **Defendant.** | ) | **Frensley** |

## MEMORANDUM

Before the court are two separate motions (Doc. Nos. 163, 165) filed by the defendant, seeking review of three nondispositive Orders issued by the Magistrate Judge (Doc. Nos. 150, 151, 152), respectively (1) granting in part and denying in part the defendant's Motion to Compel (Doc. No. 126); (2) granting in part and denying in part the plaintiffs' Motion to Compel (Doc. No. 133); and (3) denying the defendant's Motion for a Protective Order (Doc. No. 129). For the reasons set forth herein, the first Order (Doc. No. 150) will be reversed in part, insofar as it barred the discovery of any evidence related to the plaintiffs' sexual histories under Federal Rule of Evidence 412, and otherwise affirmed as modified. The second Order (Doc. No. 151) will be affirmed as modified; and the third Order (Doc. No. 152) will be affirmed in its entirety.

## I.    STANDARD OF REVIEW

While a *de novo* standard of review applies to objections to a magistrate judge's ruling on a dispositive matter, this court's review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial

matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "A finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

Review under this standard "provides considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)) (internal quotation marks omitted). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is typically warranted only if that discretion is abused. *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II.    BACKGROUND

In the First Amended Complaint ("FAC"), the three remaining plaintiffs allege generally that the defendant, a popular musician, knowingly engaged in conduct with each of the plaintiffs—both while they were minors and, at least for some period of time, after they reached the age of majority—that constituted illegal sex trafficking in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591, for which the plaintiffs bring claims for civil damages under 18 U.S.C. § 1595. (*See generally* Doc. No. 23 ¶¶ 76–160, 187–213.) The plaintiffs

also allege that they are victims of the defendant's violations of 18 U.S.C. §§ 2252 and 2252A, prohibiting the receipt and possession of child pornography, for which they bring a civil cause of action for actual and/or statutory damages under 18 U.S.C. § 2255. (Doc. No. 23 ¶¶ 214–19.)Plaintiff Rachel Ramsbottom also asserts a claim under Tennessee law for negligence *per se*, based on the defendant's alleged violations of state criminal statutes prohibiting aggravated statutory rape (Tenn. Code Ann. § 39-13-506(C)) and aggravated rape by an authority figure (Tenn. Code Ann. § 39-13-532), by engaging in sexual activity with her when she was seventeen years old and the defendant was thirty-four. (Doc. No. 23 ¶¶ 220–25.)

The plaintiffs allege that, as a result of the defendant's actions, they have suffered "substantial physical and psychological injuries and emotional distress as a result of being sexually abused, exploited and trafficked (*Id.* ¶¶ 107, 135, 160.) In addition, they assert that the defendant's conduct caused them "reputational harm." (*Id.* ¶¶ 213, 218, 235.) They seek compensatory damages, including the cost of past and future medical expenses, loss of wages and earning capacity, non-economic damages, and punitive damages, as well as attorney's fees. (*Id.* at 38–39.)

The defendant denies the plaintiffs' factual allegations, disclaims liability, and asserts that this lawsuit amounts to "nothing more than an attempt by opportunistic women who have chosen to sue Ashton . . . in an attempt to frame years of friendship as trafficking so that they can exploit a statute for monetary gain." (Doc. No. 69, at 2.)

## III.   DEFENDANT'S MOTION TO COMPEL (DOC. NO. 126)

### A.   The Motion to Compel

The defendant seeks to compel the plaintiffs to answer certain interrogatories and requests for admissions ("RFAs") served on them. With respect to each of the discovery requests at issue, the plaintiffs responded that the information sought was inadmissible under Federal Rule of Evidence 412. As discussed in greater detail below, Rule 412 generally makes inadmissible at a

civil or criminal proceeding "involving alleged sexual misconduct" evidence "offered to prove that a victim engaged in other sexual behavior" or "offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). In civil cases, however, the court "may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). Similarly, "evidence of a victim's reputation" is admissible "only if the victim has placed it in controversy." *Id.*

The interrogatory questions at issue, an identical set of which was served on each plaintiff, asked each to:

- Identify every occasion on which you allege that a person other than [the defendant] Solicited Pornographic pictures from you, including but not limited to, the date, time, method, and your response to such Solicitation. (Ramsbottom Interrog. No. 21; Bowling and Houston Interrog. No. 18.)

- Identify all persons with whom you have had Sexual Contact from January 1, 2010 through the present. (Ramsbottom Interrog. No. 22; Bowling and Houston Interrog. No. 19.)

- Identify every gift or thing of value you received from each individual [identified in response to the foregoing interrogatory]. (Ramsbottom Interrog. No. 23; Bowling and Houston Interrog. No. 20.)

(*See* Doc. No. 127, at 8 (citing Doc. Nos. 128-1, -2, -3).) The plaintiffs all answered each of these interrogatories in identical fashion, as follows:

Plaintiff objects to this interrogatory to the extent it is vague, overly broad, and unduly burdensome. Plaintiff further objects the Plaintiff cannot fully respond until the entry of an appropriate Protective Order by the Court and the entry of an appropriate protocol for the handling of Child Sexual Abuse Materials. Plaintiff further objects because this Request seeks information that is not admissible pursuant to Federal Rule of Evidence 412.

(Doc. Nos. 128-7,[1] -8, -9.)

The plaintiffs did not respond identically to the defendant's requests for admission, but each responded (as relevant here), with respect to each request still at issue, that the request "seeks information that is not admissible pursuant to Federal Rule of Evidence 412 and therefore answering party cannot fully admit or deny." (*See, e.g.*, Doc. No. 128-12, Ramsbottom Resp. to RFA ¶ 27.)

The RFAs served on Ramsbottom that remain at issue are as follows:

     4.     Admit that you have never engaged in an act of Prostitution with anyone.

. . . .

     27.     Admit that [the defendant] did not physically or otherwise force you to participate in a Sex Act with another person in exchange for something of value.

. . . .

     45.     Admit that you created Pornographic depictions of yourself.

     46.     Admit that you have sent Pornographic depictions of yourself to people other than [the defendant].

(Doc. No. 128-6; *see also* Doc. No. 128-12 (Ramsbottom Resps. to RFAs), 128-15 (Supp. Resps. to RFAs).)

The RFAs served on Bowling that remain at issue are as follows:

     4.     Admit that you have never engaged in an act of Prostitution with anyone.

. . . .

     46.     Admit that you have sent Pornographic depictions of yourself to people other than [the defendant].

---

[1] Bowling's response omits the reference to a protective order and protocol for the handling of child sexual abuse materials but is otherwise identical and contains the same objection based on Rule 412. (Doc. No. 128-7.)

. . . .

     58.     Admit that you had sexual relationships with persons other than [the defendant] during the time period set forth in the FAC.

(Doc. No. 128-4; *see also* Doc. Nos. 128-10 (Bowling Resps. to RFAs), 128-13 (Bowling Supp. Resps. to RFAs).)

     The following RFAs served on Houston remain at issue:

     4.     Admit that you have never engaged in an act of Prostitution with anyone.

. . . .

     27.     Admit that [the defendant] did not physically or otherwise force you to participate in a Sex Act with another person in exchange for something of value.

. . . .

     47.     Admit that you created Pornographic depictions of yourself.

     48.     Admit that you have sent Pornographic depictions of yourself to people other than [the defendant].

. . . .

     62.     Admit that you were engaged in at least one Commercial Sex Act with Brandon Wade.

     63.     Admit that you engaged in Commercial Sex Acts through Seeking Arrangements.

. . . .

     78.     Admit that you advised [the defendant] that you were abused in romantic relationships with other persons as late as 2018.

(Doc. No. 128-5; *see also* Doc. Nos. 128-11 (Houston Resps. to RFAs), 128-14 (Houston Supp. Resps. to RFAs).)

     After proceeding through all the preliminary procedural requirements, the defendant filed his Motion to Compel complete answers to the above-referenced discovery requests, arguing that Rule 412 does not preclude discovery of the information sought in the identified requests, because

the information is relevant to the factual allegations and claims in the FAC and to the plaintiffs' alleged damages.

### B.     The Motion for Review

The Magistrate Judge issued an Order setting forth the standards for applying Rule 412 in the discovery context and denying the defendant's Motion to Compel, except insofar as he sought to compel Houston to respond to RFA No. 78. The Magistrate Judge agreed that the question of whether Houston has suffered abuse in other relationships is relevant to her damages. Otherwise, however, the Magistrate Judge found that the other requests "implicate the intent of Rule 412: protecting the privacy of alleged victims and preventing the injection of impermissible stereotyping into the determination of sex offense cases." (Doc. No. 150, at 9.)

The defendant has filed a Motion for Review of that determination, along with a supporting Memorandum, in which he again argues that Rule 412 is not so restrictive as the Magistrate Judge finds and that the Magistrate Judge erred as a matter of fact and law in (1) failing to consider the probative value of the information sought or to weigh such probative value against the possible prejudice, and instead focusing on the fact that the information requested was not related to the defendant's own conduct; and (2) repeatedly and improperly relying on the standard for admitting Rule 412 evidence in criminal trials rather than civil proceedings. (*See* Doc. No. 127.)

The plaintiffs respond that the defendant has failed to show that the Magistrate Judge's Order constitutes an abuse of discretion. (Doc. No. 143.) Among other things, they argue that, to the contrary, the Magistrate Judge reasonably exercised his discretion to conclude, under the correct standards, that Rule 412 shields the plaintiffs from providing the requested information. They also argue that it was proper for the court to "rely upon criminal federal district and Sixth Circuit cases interpreting § 1591 *et seq.* and § 2252 and § 2252A, the federal statutes underlying Plaintiffs' claims of sex trafficking and solicitation of child pornography against [the defendant]

that contain both criminal and civil penalties for violators." (Doc. No. 176, at 19.) They argue that the defendant has not provided precedent from the Sixth Circuit or elsewhere that found a victim's sexual history to be discoverable in a civil proceeding under § 1595 or § 2255. And finally, they contend that they have not placed their reputations at issue in this case.

### C. Discussion

#### 1. Legal Standards

A ruling limiting the scope of discovery is "within the sound discretion of the trial court." *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Federal Rule of Civil Procedure 26 generally permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Thus, a determination of what is relevant can only be made with reference to the elements of "any party's claim or defense," Fed. R. Civ. P. 26(b)(1), which would encompass damages claims. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

If a party fails to provide a proper or complete response, Rule 37 authorizes the filing of a motion to compel the discovery. Fed. R. Civ. P. 37(a). Conversely, Rule 26(c) authorizes the issuance of a protective order "forbidding the disclosure or discovery," among other possible remedies, upon a finding of good cause that such an order is necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

While the scope of discovery under Rule 26 is "traditionally quite broad," *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)), when a plaintiff asserts any type of claim based on sexual misconduct, the parameters of discovery have long been narrowed by the courts' interest in guarding against attempts to "harass, intimidate, and discourage the plaintiff in her efforts to

prosecute her cause." *T.C. on Behalf of S.C. v. Metro. Gov't*, No. 3:17-CV-01098, 2018 WL 3348728, at *8 (M.D. Tenn. July 9, 2018) (quoting *Priest v. Rotary*, 98 F.R.D. 755, 761 (N.D. Cal. 1983)). This interest is reflected in Rule 412, which, as set forth above, presumptively bars the admission of "evidence offered to prove that a victim engaged in other sexual behavior and "evidence offered to prove a victim's sexual predisposition" in proceedings involving alleged sexual misconduct. Fed. R. Evid. 412(a). The Sixth Circuit recognizes that Rule 412 and similar state "rape shield laws" reflect a determination that evidence of sexual activity is frequently "of dubious probative value and relevance" and can be "highly embarrassing and prejudicial." *Bell v. Harrison*, 670 F.2d 656, 658 (6th Cir. 1982). Thus, under Rule 412, evidence of past sexual conduct is admissible in the context of a civil case only if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed. R. Evid. 412(b)(2).

On its face, Rule 412 is an evidentiary rule that addresses the *admissibility* of evidence, not its *discovery*. The advisory committee notes, however, recognize that, "[i]n order not to undermine the rationale of Rule 412, . . . courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality." Fed. R. Evid. 412 advisory committee's note to 1994 amendment. To that end, the advisory committee's notes direct that "[c]ourts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." *Id.* "Courts now routinely recognize that Rule 412 limits the scope of discovery into a litigant's sexual history in a civil action." *T.C.*, 2018 WL 3348728, at *8 (collecting cases). *But*

*see Barnes v. Bd. of Educ.*, No. 2:06-CV-0532, 2007 WL 1236190, at *3 (S.D. Ohio Apr. 26, 2007) ("In the Court's view, Rule 412 does not change [the] result in this case. . . . [T]he Court notes that Rule 412 is a relevance rule that pertains specifically to the admission of evidence at trial.").

### 2. Whether the Magistrate Judge Abused His Discretion

The Magistrate Judge's Order in this case correctly sets forth the law governing discovery disputes generally and implicating Rule 412 specifically. The court finds, however, that the Magistrate Judge abused his discretion by denying the motion (for the most part) without conducting any real inquiry into the relevance of the defendant's requests in *this particular case*, considering the plaintiffs' specific substantive claims and damages claims and the defendant's potential defenses. In addition, the Magistrate Judge's reliance on the application of Rule 412 in criminal cases (while nonetheless correctly articulating the standard that governs its application in civil proceedings) is unwarranted, as the relevant elements of the claims in criminal and civil cases are dissimilar, particularly insofar as a civil cause of action requires a plaintiff to prove, not only that the defendant engaged in unlawful (or tortious) conduct, but that she suffered damages resulting from it. The Magistrate Judge barred discovery without conducting any analysis of the probative value of the evidence sought.

Here, the defendant argues persuasively that evidence of the plaintiffs' sexual history is relevant both to the plaintiffs' substantive claims under §§ 1591 and 1595 and to their damages claims. In particular, to the extent that the plaintiffs seek to prove that they were victims of sex trafficking after they attained the age of majority, they will have to prove that the offense was "effected by means of force, threats of force, fraud, or coercion." 18 U.S.C. § 1591(b)(1). The defendant argues that, "[i]f Plaintiffs were voluntarily participating in other commercial sex transactions during the same time period in which [the defendant was allegedly] 'forcing' them into commercial sex transactions, such information is highly relevant to dispelling the veracity" of

their claims and "cannot be obtained except through discovery." (Doc. No. 127, at 14 (citing *Rhodes v. Motion Indus., Inc.*, No. 1:07-CV-251, 2008 WL 4646110, at *4 (E.D. Tenn. Oct. 17, 2008)).) Likewise, the defendant argues that, because the plaintiffs allege that he "required" them to take and send to him sexually explicit photographs of themselves and did not "allow" them to have sex with anyone other than him, he should be entitled to inquire whether they were sending similar photographs to others or engaged in sexual relationships with others, because the defendant's alleged "control" over the plaintiffs is a "material element of their TVPRA [claims]." (*Id.* at 19–20.) The defendant also argues that the interrogatories are relevant to the plaintiffs' damages claims, particularly insofar as they claim "reputational harm," as well as emotional harm arising from the defendant's conduct.

Despite concluding that the interrogatories and requests generally seek evidence that is relevant in this case, the court finds that some of them are clearly overly broad. In particular, the interrogatory requesting information regarding "every gift or thing of value" received from all individuals with whom the plaintiffs have had sexual contact from January 2010—approximately two years before each of them encountered the defendant—through the present, as currently phrased, would require the plaintiffs to identify every birthday gift, Valentine's gift, and Christmas present received from every romantic or sexual partner they have ever associated with. This request will be limited, for now, to require the plaintiffs to identify "every gift or thing of value you received from each individual in exchange for sexual contact of any kind."

The interrogatory requesting the identity of *all* individuals with whom the plaintiffs have had sexual contact from January 2010 through the present also appears to be overly broad. For now, at least, this interrogatory will be narrowed as follows. The plaintiffs should provide the number of individuals with whom they had sexual contact of any kind from 2010 until they reached

the age of majority and the number of individuals with whom they have had sexual contact of any kind from the date of their eighteenth birthday to the present. If the plaintiffs received any gift or thing of value from any individual in exchange for sexual contact of any kind, the plaintiffs must identify, not only the gift or thing of value, but also the individual from whom it was received. This information has obvious relevance to the plaintiffs' claims of mental and emotional harm as well as to their claims of reputational harm. To the extent the plaintiffs contend that they were coerced into continuing to engage in commercial sex acts after they turned eighteen, this information is also relevant to their substantive claims under §§ 1591 and 1595.

The defendant also requests that the plaintiffs identify all other occasions in which someone other than the defendant solicited pornographic images from them, and their responses to such requests. As the plaintiffs note, their claims under 18 U.S.C. § 2255 pertain only to child pornography, while this request extends to conduct before and after they reached the age of majority. The court nonetheless finds that the requested information is relevant to the plaintiffs' damages claims—and is at least potentially more probative than prejudicial.

The related RFAs likewise seek information that has direct relevance to the plaintiffs' substantive claims, particularly on the issue of coercion, and to their damages claims. Even though evidence of coercion will only be relevant insofar as the plaintiffs' claims relate to conduct that occurred after they turned eighteen, the plaintiffs' sexual experience and conduct before they turned eighteen will potentially be relevant to their damages claims.[2] In addition, the court notes

---

[2] The FAC does not detail the precise nature or source of the plaintiffs' mental and emotional harm or reputational harm, but the court can envision damages involving sexual dysfunction in later life, resulting in either indiscriminate sexual behavior or extreme reticence in engaging in any type of sexual or emotional relationship with others. Similarly, the plaintiffs' sexual history may reveal something about their susceptibility to coercion and manipulation. In a case claiming social and mental health damages arising from an allegedly coercive and

that the Magistrate Judge failed to recognize that Interrogatory No. 27, which asks the plaintiffs to admit that the *defendant* did not physically or otherwise force the plaintiffs to participate in a sex act with another person in exchange for something of value, pertains directly to their claims against the defendant, and the plaintiffs have not articulated a valid reason why the defendant would not be entitled to discover that information.

The court, in short, upon consideration of the entirety of the circumstances, "is left with the definite and firm conviction," *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000), that the Magistrate Judge erred in denying the defendant's Motion to Compel without directly considering the relevance of the discovery sought to the particular claims at issue in this case. The court will, therefore, set aside that part of the Order (Doc. No. 150) denying in part the Motion to Compel and will instead grant the motion in its entirety, except as modified as set forth above.

To be clear, a protective order guarding the sensitive information sought in discovery from public disclosure is already in place, and the court's conclusion that information pertaining to the plaintiffs' sexual histories is discoverable will not necessarily lead to the conclusion that it is admissible under Rule 412 (or otherwise).

## IV. ORDERS GRANTING PLAINTIFFS' MOTION TO COMPEL (DOC. NO. 133) AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (DOC. NO. 145)

In their Motion to Compel (Doc. No. 133), the plaintiffs seek a court order requiring the defendant to respond to certain interrogatories and requests for production of documents ("RFPs") relating to other "victims" of the defendant's misconduct who are not parties to this lawsuit,

---

manipulative sexual relationship (rather than, for example, mere sexual harassment), the plaintiffs should be prepared to expect that their sexual history might become relevant.

including former plaintiff Jane Doe #1, as well as to interrogatories and RFPs relating to confidentiality and settlement agreements the defendant entered into with any such victims. Specifically, the plaintiffs promulgated the following RFPs and interrogatories regarding the identity of, and communications with, other minors with whom the defendant engaged in a sexual relationship:

> REQUEST NO. 32: Any communication, or documents evidencing communications, between you and any other individual with whom you had sexual contact when that individual was under the age of eighteen (18) whether the age of that individual was known to you at that time of the sexual contact or has become known to you at some time after the sexual contact occurred.

> REQUEST NO. 37: Any photo, video, depiction, or any other recording depicting any individual who, at the time the photo, video, depiction, or other recording was created, was under the age of eighteen (18) at the time the photo, video, depiction, or any other recording was created whether the age of that individual depicted was known to you at that time the depiction was created or has become known to you at some time after the sexual contact occurred.

> REQUEST NO. 110: Any communication from any other person requesting, demanding, or asking you to delete any sexually explicit depiction.

(Doc. No. 135, at 2; *see also* Doc. No. 141-3.[3])

> INTERROGATORY NO. 13: Identify the name and address of any individual with whom you had any sexual contact . . . from the years of 2007 to the present if the sexual contact occurred at a time when such individual was under the age of eighteen (18).

> INTERROGATORY NO. 14: For any individual(s) identified in the preceding Interrogatory state whether you are aware that sexual contact occurred when the individual(s) were under the age of eighteen (18) whether this information was known to you at the time or you have since come to know this information.

(Doc. No. 135, at 2; *see also* Doc. Nos. 141-4.) According to the plaintiffs, the defendant objected

---

[3] The plaintiffs' Motion to Compel refers to the defendant's responses to the plaintiffs' interrogatories and RFPs as exhibits to their motion, and they apparently intended to file them, as indicated by their Motion for Leave to File Certain Exhibits Under Seal and supporting Memorandum. (Doc. No. 132.) The court granted this motion (Doc. No. 149), but the plaintiffs apparently never filed the referenced documents and did not attach them as exhibits to the Motion for Leave. The defendant, however, produced these documents. (Doc. Nos. 141-1 through 141-4.)

to each of these RFPs and interrogatories without denying the existence of responsive materials or supplying any responsive information or documents. (Doc. Nos. 141-3, 141-4.)

In addition, the plaintiffs promulgated RFPs and interrogatories relating to confidentiality and settlement agreements the defendant entered into with other alleged "victims" of the defendant, as follows:

> REQUEST NO. 14: Any and all documents relating to any contracts and/or agreements and/or non-disclosure agreements and/or confidentiality agreements and/or waivers possessed by you and signed by and/or related in any way to any person with whom you have or have had an intimate and/or sexual relationship whether such relationship involved one or more than one occurrence of sexual contact.

> INTERROGATORY NO. 22: Identify any civil actions or criminal actions against you, as well as any government investigations [concerning] potentially unlawful conduct by you. For each action or investigation, provide:

> > a. The entity, parties, or attorneys conducting the action or investigation;

> > b. The nature of alleged misconduct by you; and

> > c. The identity of the accuser.

> INTERROGATORY NO. 23: Identify any claims of sexual harassment, sexual abuse, or sexual misconduct wherein you have reached any form of settlement with an individual accusing you of such sexual harassment, sexual abuse, or sexual misconduct. For any such settlement identify:

> > a. the parties involved; and

> > b. the dollar amount of any such settlement.

> INTERROGATORY NO. 24: Identify all persons and/or entities known or believed by you to have custody of any/all records relating to civil and criminal actions against you regarding any allegation of sexual harassment, sexual assault or sexual misconduct.

(Doc. No. 135, at 2–3; *see also* Doc. Nos. 141-3, 141-4.) Again, the defendant did not provide any information in response to these interrogatories or supply any documents in response to the RFP and, instead, responded with boilerplate objections. (*See* Doc. Nos. 141-3, 141-4.)

The plaintiffs contend that the requested discovery is relevant to their allegations that the

defendant engaged in a pattern and practice of using his "considerable influence and resources to entice and recruit minor female fans into coercive and exploitative commercial sex acts" and that he did so with knowledge and notice that his conduct violated the law. (Doc. No. 135, at 7–8.) They argue that the defendant's receipt and possession of sexually explicit images from other underage girls is relevant for the same reasons and also relevant to his anticipated defense that he did not know the girls from whom he obtained sexually graphic photographs—including the plaintiffs—were minors when he "unlawfully trafficked them across interstate lines to coerce them into commercial sex acts and/or elicited child pornography from them." (*Id.* at 8.)[4]

The plaintiffs also state that they propounded a number of discovery requests for information related to Jane Doe #1, specifically the items set forth in their RFP Nos. 7, 18, 22, 26, 36, and 45. They contend that they are producing discovery relating to Jane Doe #1 and that it would be "inequitable for Plaintiffs to produce such discovery but not to be permitted to obtain discovery relating to her from Defendant." (Doc. No. 135, at 10.)

The defendant argues in response to the plaintiffs' Motion to Compel that (1) the plaintiffs have not adequately articulated the discovery they seek to compel; (2) only the defendant's relationship with the named plaintiffs is relevant to prove the substantive elements of their claims, particularly because the plaintiffs' "beneficiary liability" theory under § 1591 is no longer viable, in light of the dismissal of all other defendants in this case, without which their allegations of a

---

[4] The plaintiffs, absurdly, also argue that the evidence may be admissible as character evidence of the accused under Federal Rule of Evidence 404(a). It is not. Federal Rule of Evidence 404(a)(1) bars the admission of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). "[I]n a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404 advisory committee's note to 2006 amendments. The 2006 amendments, in fact, were intended to "resolve[] the dispute in the case law over whether the exceptions in subdivisions (a)(1) and (2) permit the circumstantial use of character evidence in civil cases." *Id.*

"pattern of conduct" are not relevant; (3) discovery regarding Jane Doe #1 is not permissible for the same reason, as Jane Doe #1 is no longer a party to this case; (4) character evidence to prove that a person acted in conformity with a character trait is never admissible under Rule 404 in a civil case; (5) settlement documentation between the defendant and non-party sexual partners has no possible relevance to the plaintiffs' claims under §§ 1591 and 1595 or §§ 2252, 2252A, and 2255; (6) the privacy rights of the defendant and non-parties preclude disclosure of the requested discovery; and (7) the settlement documentation the plaintiffs seek is inadmissible at trial and should be barred from discovery under Rule 408.

At the same time that the parties filed their Motions to Compel, following a telephone conference with the undersigned, the defendant also filed a Motion for a Protective Order and supporting Memorandum (Doc. Nos. 129, 130), seeking to bar discovery related to settlement documentation between the defendant and other sexual partners,[5] asserting largely the same reasons as those raised in opposition to the plaintiffs' Motion to Compel.

The Magistrate Judge entered an Order granting in part and denying in part the plaintiffs' Motion to Compel. Specifically, the court found the contested RFPs and interrogatories pertaining to other alleged victims generally relevant to the claims and defenses asserted in this case, but the Order limited Request No. 110 to communications from minors, such that the request should be construed as asking for "Any communication from any person under the age of eighteen requesting, demanding, or asking you to delete any sexually explicit depiction." (Doc. No. 151, at 10.) The court also found that any privacy concerns could be addressed through the use of a protective order and that the defendant had not argued, much less shown, that production of the

---

[5] The defendant defines "settlement documentation" in his Motion for a Protective Order as "settlement agreements, contracts, waivers, non-disclosure agreements, confidentiality agreements, [and] the like." (Doc. No. 129, at 2.)

requested discovery was unduly burdensome or disproportionate to the needs of the case.

Regarding the requests specifically pertaining to Jane Doe #1, however, the Magistrate Judge found that the information relating to Jane Doe #1

> is relevant to the extent it is responsive to any of Plaintiffs' discovery requests that refer to "any individual" (or contain similar language). In other words, information related to Jane Doe #1 must be produced only if it is otherwise responsive to a discovery request that is generally applicable, for the same reasons discussed above.

(Doc. No. 151, at 14.) The Magistrate Judge therefore denied the plaintiffs' motion, insofar as it seeks to compel answers to the plaintiffs' RFP Nos. 7, 18, 22, 26, 36, and 45, requesting documents related only to the defendant's communications with Jane Doe #1. (Doc. No. 151, at 14.)

Finally, regarding the plaintiffs' requests for settlement agreements and confidentiality agreements between the defendant and non-parties, the Magistrate Judge found that, insofar as these agreements "involve individuals who were minors at the time of the alleged sexual contact, evidence of other confidentiality or settlement agreements with non-parties is relevant to Plaintiffs' claims," including claims that the defendant targeted minors and used his fame and resources to recruit and coerce underage girls into commercial sex acts (*see* Doc. No. 23 ¶¶ 16, 191, 202), and that the evidence was relevant to the plaintiffs' claims for punitive damages, insofar as it might establish the defendant's knowledge of the elements of the alleged torts. (Doc. No. 151, at 17.) The Magistrate Judge also found that the defendant had not established that production of the requested discovery would be unduly burdensome or that the information was otherwise not discoverable under the Federal Rules.

Regarding the defendant's argument that the documents requested are inadmissible and undiscoverable under Rule 408, the Magistrate Judge stated simply:

> As previously discussed, information need not be admissible to be discoverable, and the Court need not and does not decide at this stage whether any information produced in response to the requests would be admissible at trial, whether pursuant to any rule of evidence or under any theory of liability. Mr. Ashton has not

established that the information sought is undiscoverable under the Federal Rules.

(Doc. No. 151, at 18.)

The Order denying the defendant's Motion for a Protective Order cross-referenced the Order granting, in relevant part, the plaintiffs' Motion to Compel:

> The Court has already addressed the discovery requests at issue, finding that such requests, as modified by the Court, seek information that is relevant and discoverable. The Court also found that [the defendant's] privacy and that of any non-parties can be adequately safeguarded by an appropriate protective order. For the same reasons previously discussed, the Court finds that [the defendant] has not met his burden to demonstrate good cause for the issuance of a protective order with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought[.]"

(Doc. No. 152, at 1 (quoting *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir 2001)) (internal record citations omitted).)

In his Motion for Review and supporting Memorandum (Doc. Nos. 165, 166), the defendant maintains that those portions of the Orders granting the plaintiffs' Motion to Compel and denying his Motion for a Protective Order should be reversed as "clearly erroneous and contrary to established law." (Doc. No. 16, at 7.) The defendant largely reiterates the same arguments made in response to the plaintiffs' Motion to Compel: that the information regarding other individuals, including Jane Doe #1, is not relevant to the plaintiffs' substantive claims that the defendant wrongfully engaged *the plaintiffs* in commercial sex acts and induced them to send him pornographic images of themselves when they were minors, nor relevant to his affirmative defenses; that the Magistrate Judge failed to consider the privacy rights of the defendant and non-parties; and that the ruling as to the discoverability of settlement documentation is contrary to established law and Federal Rule of Evidence 408.

Regarding the discovery requests pertaining to the defendant's communications with other minors generally, the defendant has not shown that the Magistrate Judge abused his discretion in permitting the discovery. Specifically with respect to Interrogatory 110, the court agrees with the Magistrate Judge that the request should be modified but further clarifies that, instead of requiring the defendant to produce "[a]ny communication from any person <u>under the age of eighteen</u> requesting, demanding, or asking you to delete any sexually explicit depiction," the defendant is required to produce "any communication from any person requesting, demanding, or asking you to delete any sexually explicit depiction of such person <u>created when that person was under the age of eighteen</u>."

Regarding the plaintiffs' requests for settlement agreements and confidentiality agreements, the court notes, first, that the plaintiffs' relevance arguments in their Memorandum in support of their Motion to Compel are limited to agreements with "other minor sex trafficking victims of Defendant." (Doc. No. 135, at 13; *see id.* ("[T]he agreements are highly likely to lead to the discovery of relevant and/or admissible evidence with independent probative value because of Defendant's alleged sex trafficking scheme involving many of his minor fans, including Plaintiffs."); *see id.* at 14 ("In this lawsuit, Plaintiffs have averred that the use of [nondisclosure agreements] . . . and monetary settlements were an integral part of Defendant Ashton's human trafficking plan and design involving minor victims, including the Plaintiffs.").) Based on the plaintiffs' arguments, the Magistrate Judge made an express finding that such settlement agreements were relevant only "to the extent that they involve individuals who were *minors* at the time of the alleged sexual contact." (Doc. No. 151, at 17 (emphasis added).) Although the Magistrate Judge did not expressly thus limit the requests for discovery of settlement documents, the court construes the Order as imposing such a limitation, and the plaintiffs have not opposed it.

In any event, the Order addressing the plaintiffs' Motion to Compel gives somewhat short shrift to the defendant's argument that the settlement documents are both inadmissible *and* nondiscoverable under Rule 408, in which he cites and relies on *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459 (M.D. Tenn. 2002) (Wiseman, S.J.), and other decisions relying on it. In *Aramark*, Judge Wiseman held that settlement agreements the defendant had entered into with claimants making claims similar to those in the case before it were neither admissible nor discoverable, citing the version of Federal Rule of Civil Procedure 26(b)(1) in effect at that time. *Id.* at 464. That is, the court concluded that the settlement agreements sought in that case were not admissible for the purposes for which the plaintiffs intended to use them, and the plaintiffs also failed to show that the settlement agreements were "reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting Fed. R. Civ. P. 26(b)(1) (2000)). Other cases have continued to cite *Aramark* for the same proposition. *See, e.g.*, *MCS Music Am., Inc. v. Yahoo!, Inc.*, No. 3-09-0597, 2010 WL 11693565, at *6 (M.D. Tenn. Aug. 17, 2010); *Grant, Konvalinka & Harrison v. United States*, No. 1:07-CV-88, 2008 WL 4865571, at *3–4 (E.D. Tenn. June 27, 2008), *aff'd sub nom. Grant, Konvalinka & Harrison, P.C. v. United States*, No. 1:07-CV-88, 2008 WL 4865566 (E.D. Tenn. Nov. 10, 2008)

Rule 26, however, was amended in 2015 to remove the "provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence'" Fed. R. Civ. P. Rule 26 advisory committee's note to 2015 amendment. Following the amendment, the "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." *Id.* Rule 26(b)(1) now states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information

within this scope of discovery need not be admissible in evidence to be discoverable."

The Sixth Circuit has never held that settlement agreements, *per se*, are privileged and thus exempt from discovery. Rather, it has held that settlement communications and negotiations engaged in prior to the finalization of a settlement agreement are privileged. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981, 982 (6th Cir. 2003) (noting the "strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations" and concluding, based on "[t]he public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, . . . that a settlement privilege should exist, and that the district court did not abuse its discretion in refusing to allow discovery"). In the wake of *Goodyear*, numerous courts have recognized that its reasoning did not extend to cover settlement agreements. *See, e.g.*, *Oberthaler v. Ameristep Corp.*, No. 5:08-cv-1613, 2010 WL 1506908, at *1 (N.D. Ohio April 13, 2010) ("[I]n *Goodyear*, the Court recognized a difference between settlement communications and the settlement agreement itself. The *Goodyear* opinion, however, applies only to settlement communications. . . . Thus, the confidential settlement agreements are not privileged." (internal citations omitted)); *Westlake Vinyls, Inc. v. Goodrich Corp.*, No. 5:03-cv-00240-R, 2007 WL 1959168, at *3 (W.D. Ky. June 29, 2007) (citing *Goodyear* as "hold[ing] that communications made in furtherance of settlement negotiations are not discoverable" but recognizing that its "ruling is thus quite limited" and did not extend to "finalized settlement agreements"); *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp. 2d 623, 629 (N.D. Ohio 2004) (citing *Goodyear* as holding that the existence of a settlement and its terms are generally not privileged).

The court, therefore, finds that the Magistrate Judge did not err as a matter of law in finding that the plaintiffs had established the relevance of any prior settlement agreements and

confidentiality agreements related to minor non-parties, irrespective of whether such evidence will ultimately be admissible at trial. Likewise, the Magistrate Judge did not abuse his discretion in directing the defendant to produce the requested documents (again, apparently limited to agreements with non-parties who were minors at the time of the conduct covered by the agreements) subject to a protective order that safeguards the identities of non-parties. (Doc. No. 151, at 12.) The Order will, therefore, be affirmed. [6]

For the same reasons, the court will also uphold the Magistrate Judge's denial of the defendant's Motion for a Protective Order, subject to the limitations set out in the Order. (*See* Doc. No. 152, at 1 (noting that the Magistrate Judge had already found that the plaintiffs' requests, "as modified by the Court," seek discoverable information).)

Again, the conclusion that the information and documents that the plaintiffs seek to compel are discoverable will not necessarily mean that they are admissible in evidence. The court makes no ruling in that regard. Further, to the extent the parties believe that the sensitive information at issue here is not already covered by the existing protective order, the parties must ensure that additional measures of protection are implemented as necessary.

## V.     CONCLUSION

For the reasons set forth herein, the Magistrate Judge's Order (Doc. No. 150) granting in part and denying in part the defendant's Motion to Compel (Doc. No. 126) will be reversed insofar as it relied on Rule 412 to deny the defendant's requests for information relating to the plaintiffs' sexual history and otherwise affirmed, except as modified herein; the Order (Doc. No. 151)

---

[6] Although RFP No. 110 requests "[a]ny and all documents *relating*" to settlement agreements and confidentiality agreements and thus may be construed as requesting documents reflecting settlement *negotiations*, the plaintiffs do not appear to maintain that they are entitled to any documents relating to settlement negotiations. In any event, such documents are privileged and, as such, exempt from discovery under *Goodyear*, as discussed above.

granting in part and denying in part the plaintiffs' Motion to Compel (Doc. No. 133) will be affirmed as modified; and the Order (Doc. No. 152) denying the defendant's Motion for a Protective Order (Doc. No. 129) will be affirmed.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge