IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSE

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, | ) ) ) | CIVIL ACTION NO. 3:21-cv-00272 |
| Plaintiffs, | ) ) | (JURY TRIAL DEMANDED) |
| v. | ) ) ) | JUDGE ALETA A. TRAUGER |
| LORIN ASHTON, | ) ) ) | MAGISTRATE JUDGE JEFFREY S. FRENSLEY |
| Defendant. | ) ) | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs Rachel Ramsbottom, Alexis Bowling, and Jenna Houston (collectively "Plaintiffs") hereby submit this Motion for Reconsideration of the Discovery Order [Doc. 188, 189] reversing the Magistrate Judge's Order [Doc. 150] which barred the discovery of any evidence related to the Plaintiffs' sexual histories under Federal Rule of Evidence 412. For the reasons set forth in the accompanying Memorandum in Support, Plaintiffs respectfully request for this Court to reconsider its Discovery Order as it relates to evidence concerning the Plaintiffs' sexual histories under Federal Rule of Evidence 412 and affirm the Magistrate Judge's Order barring discovery that would otherwise violate Federal Rule of Evidence 412.

LAFFEY, BUCCI & KENT, LLP

_____
Brian D. Kent, Esquire

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNEESSE

| | | |
|---|---|---|
| **RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON,** | ) ) ) | **CIVIL ACTION NO. 3:21-cv-00272** |
| **Plaintiffs,** | ) ) ) | **(JURY TRIAL DEMANDED)** |
| **v.** | ) ) ) ) | **JUDGE ALETA A. TRAUGER** |
| **LORIN ASHTON,** | ) ) ) | **MAGISTRATE JUDGE JEFFREY S. FRENSLEY** |
| **Defendant.** | ) ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs Rachel Ramsbottom, Alexis Bowling, and Jenna Houston (collectively "Plaintiffs") hereby submit this Memorandum in Support of Their Motion for Reconsideration of the Discovery Order [Doc. 188, 189] reversing the Magistrate Judge's Order [Doc. 150] which barred the discovery of any evidence related to the Plaintiffs' sexual histories under Federal Rule of Evidence 412.

### I. RELEVANT FACTUAL HISTORY

Plaintiffs were all minors of either sixteen or seventeen years of age when Defendant Lorin Ashton (also known by his stage name "Bassnectar") began his sexual contact and grooming of each Plaintiff, collectively spanning the time period from 2012 until around 2016. [Doc. No. 23, ¶¶ 78, 94, 110, 126, 132, 138, 157]. Although Plaintiffs' claims are distinct, Ashton's sexual exploitation of the teenaged minors followed a starkly similar pattern with each Plaintiff: Ashton

would use his @Bassnectar Twitter platform to directly message young female fans – always clearly under the age of eighteen based on their social media profiles – and eventually, after grooming with texts, promises, and secret (read: encrypted) messages, would solicit these minors for sexually-explicit depictions of themselves and would solicit the minors for sexual purposes, after promising and delivering cash payments, concert tickets, and other goods and services of monetary value. [*Id*., ¶ 10] Through methods of undue influence and by abusing his position, Ashton entered into sexually exploitative arrangements with each minor Plaintiff, swearing each to secrecy about the exploitation that Ashton knew was illegal due to each Plaintiff's status as a minor. True to form, once Plaintiffs Ramsbottom and Houston reached the age of majority, Ashton ended the exploitative arrangement and ceased asking for sexual photographs of Plaintiffs.[1]

Plaintiff Ramsbottom was seventeen years old and a senior in high school and Ashton was thirty-four years old when Ashton contacted Ramsbottom directly through a private message on Twitter using the @Bassnectar Twitter handle. [Doc. No. 23, ¶¶ 76-107]. Ramsbottom alleges that during near-daily messaging when Ramsbottom was a minor, Ashton directed Ramsbottom – with knowledge that she was a minor – to take sexually explicit photographs of herself and send them to him, and she complied. [*Id*.]. The Complaint alleges that prior to Ramsbottom's eighteenth birthday, Ashton solicited Ramsbottom to his hotel rooms in Memphis and Nashville for the purpose of commercial sex. [Doc. No. 23, ¶¶ 76-107]. Shortly after Ramsbottom turned eighteen, Ashton ceased soliciting Ramsbottom for these commercial sexual purposes.[2] [*Id*.]. Thus, for the majority of the allegations in Plaintiff Ramsbottom's Complaint, Ramsbottom was a minor.

---

[1] Ashton's exploitative arrangement with Ms. Bowling ended in October 2016, when she was twenty. But for Plaintiffs Ramsbottom and Houston, the sexually exploitative arrangement ended shortly after they turned eighteen.
[2] Ashton ceased his exploitative sexual relationship with Ramsbottom in November 2013, not quite five months after Plaintiff Ramsbottom turned eighteen.

Plaintiff Alexis Bowling was only sixteen when Defendant Ashton, then thirty-five years old and using the @Bassnectar Twitter account, began to send Bowling private messages. [*Id.*, ¶¶ 108-135]. Ashton solicited Bowling to hotels in Las Vegas, Lexington, Kentucky, Cincinnati, Ohio, and Covington, Kentucky, for commercial sex purposes, all while Bowling was under the age of eighteen. [*Id.*, ¶¶ 114-118]. And on numerous occasions while Bowling was a minor, Ashton directed Bowling to take and send him sexually explicit photographs of herself while naked, and she complied. [*Id.*, ¶ 120]. Ashton continued with this pattern until October 2016, two years after Bowling had turned eighteen. [*Id.*, ¶ 132]. The majority of actionable allegations concerning Bowling occurred in hotels in Nevada, Kentucky, and Ohio, and occurred when Ashton solicited pictures from Bowling when she was a minor; however, the exploitative arrangement continued until October 2016. [*Id.*].

After initial contact when Plaintiff Jenna Houston was only sixteen years old, and after months of texting and grooming, Ashton lured Houston to a hotel in Philadelphia and engaged in commercial sexual intercourse with Houston with the knowledge that Houston was only sixteen years old (and Ashton was thirty-four years old). Over the course of 2014-2016, while Houston was underage for most of that time period, Ashton booked and paid for flights for Houston, paid her travel expenses, and plied her with concert tickets and cash, all while engaging in sexual intercourse with Houston with the knowledge that Houston was underage. On multiple occasions, Ashton solicited Houston to take sexually explicit depictions of herself to send to Ashton, while Houston was a minor, and Houston complied. [*Id.*, ¶¶ 155-156]. Ashton ended the exploitative arrangement after Ms. Houston graduated high school and turned eighteen, and no longer solicited sexually explicit images of Plaintiff Houston. [*Id.*, ¶ 157].

As a condition of the unlawful and exploitative arrangements, Ashton mandated that each Plaintiff conceal their contact with him and agree to be hidden from the public. [*Id*., ¶ 12]. Ashton required each Plaintiff to download Wickr and other encryption communication services, services used for encrypting messages, non-traceable communications, and the ability to detect screenshotting, for the majority of their communications and for the transmission of depictions of themselves as minors in sexual settings. [*Id*., ¶ 115, 170]. Each Plaintiff alleges that Defendant Ashton ended the trafficking and solicitation scheme shortly after she reached the age of eighteen. [*Id*., ¶¶ 94, 132, 157].

## II. **PROCEDURAL HISTORY**

Plaintiffs are prosecuting claims against Defendant Ashton pursuant to the Trafficking Victim Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591, 1595 (Count I) and for receiving and possessing child pornography, in violation of 18 U.S.C. § 2252 and § 2252A (Count III). [*Id*., pp. 32-35]. In Count IV, Ms. Ramsbottom brings additional claims of negligence *per se* based on aggravated statutory rape in violation of T.C.A. § 393-13-506(C). [*Id*. pp. 35-38].

Ashton propounded upon Plaintiffs Interrogatories and Requests for Admission that seek broad and sweeping information related to Plaintiffs' sexual histories, behaviors, and predisposition from when they were minors and thereafter that are entirely unrelated to Plaintiffs' sex trafficking and child pornography claims against Defendant Ashton. [Doc No. 128-1 through 128-6].

The Magistrate Judge's nondispositive Order denied Ashton's motion to compel in part, but granted the motion to compel regarding a Request for Admission sent to Plaintiff Houston which the Court found sought relevant information because the information sought was related to Defendant Ashton:

> 78. Admit that you advised Ashton that you were abused in romantic relationships with other persons as late as 2018.

[Doc. No. 150; 128-5, p. 20]. The Order reasoned that this Discovery Request was properly discoverable because it seeks information related to Plaintiff Houston's claim that Ashton's sexual misconduct caused her psychological and emotional distress and that its probative value substantially outweighs the danger of harm to Ms. Houston [Doc. No. 150, p. 9], but that the other requests for discovery were of such low probative value/and the risk of harm to Plaintiffs so high, that the other requests for information failed the FRE 412 balancing test. Thus, the Magistrate Court granted Ashton's Motion to Compel, in part, and Denied the Motion to Compel, in part. [Doc. No. 150]. Defendant then filed a Motion for Review of Magistrate Judge's Order [Doc. 163, 165].

Upon review, this Court found the Magistrate Judge abused his discretion by denying Defendant's motion to compel (for the most part) without conducting any real inquiry into the relevance of the defendant's requests in this particular case. [Doc. 188]. In brief, this Court noted that the Defendant argued persuasively that evidence of the Plaintiffs' sexual history is relevant to both the substantive claims and damages. Moreover, the requested interrogatories were found to be relevant to the Plaintiffs' damages claims, insofar as they claim reputational harm, as well as emotional harm; this determination was made although Plaintiffs have not alleged to put their reputations at issue at any point. After engaging in the above FRE 412 analysis, the Magistrate Judge was found to have erred in denying the Defendant's Motion to Compel without, respectfully, directly considering the relevance of discovery sought to particular claims at issue.

### III. **STANDARD OF REVIEW**

#### 1. **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not explicitly permit a motion for reconsideration; however, courts "may look to . . . [Rule] 59(e)." *Norris v. Tenn.*, No. 3:20-cv-00701, 2020 WL 6685543, at *1 (M.D. Tenn. Nov. 12, 2020) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1705-08 (2020)). Generally, "a motion to reconsider must be based on one of the grounds available for motions to alter or amend judgment or on a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in litigating the underlying motion and that would result in a different disposition." *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 3:20-cv-00374, 2020 WL 6589659, 2020 U.S. Dist. LEXIS 211968, at *3 (M.D. Tenn. Sep. 28, 2020). Therefore, under Rule 59(e), courts may alter or amend a final judgment in only a few, limited circumstances where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id*.

Relief under Rule 59(e) is an "extraordinary remedy" with an "exacting standard." Memphis A. Phillip Randolph Inst., 2020 U.S. Dist. LEXIS 211968, at *4 (citing *Heithcock v. Tenn. Dept. of Children's Servs.*, No. 3:14-cv-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015)). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *McGruder v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn.*, No. 3:17-cv-01547, 2020 WL 4586171, at *2 (M.D. Tenn. Aug. 10, 2020) (internal citation and quotation omitted); *see also*, *Memphis A. Phillip Randolph Inst.*, 2020 U.S. Dist. LEXIS 211968, at *3 (citing *Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-cv-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019)).

IV. **ARGUMENT**

It is Plaintiffs' position that the Magistrate Judge's nondispositive Order properly relied upon Fed. R. Civ. P. 26, and correctly exercised the Court's discretion to limit the scope of

discovery (but compel other discovery) by applying the shield of FRE 412 to bar discovery into Plaintiffs' alleged predispositions and/or sexual histories, including alleged "pornography" that others may have solicited from Plaintiffs when they were minors. By reversing the Magistrate Judge's nondispositive Order, in part, and instead permitting Defendant to explore Plaintiffs' sexual predispositions and sexual histories even while they were minors, contrary to the tenants of FRE 412, this Court erred as a matter of law and reconsidering said Order is necessary to prevent manifest injustice.

As discussed in the underlying briefing, FRE 412, or the federal "rape shield" law, acts to limit the scope of discovery in this matter and applies to criminal and civil sex offense cases to limit information regarding a victim's sexual behavior or predisposition. *Averett v. Hardy*, Civil Action 3:19-CV-00116-BJB (W.D. Ky. July 22, 2021). In civil cases, a court may only admit evidence offered to prove a victim's other sexual behavior or sexual predisposition "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." FRE 412(b)(2). Alleged victims are clearly shielded by the protections of FRE 412, as the definition of "victim" includes an alleged victim. FRE 412(d).

The Congressional policy underlying FRE 412 – which "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process" – applies with equal force to victims participating in cases in both the criminal context and the civil context, although consideration of a criminal Defendant's additional constitutional rights are an added consideration in the criminal context.[3] Fed. R. Evid. 412, 1994

---

[3] Any evidence of sexual behavior or predisposition of a victim is considered so sensitive that it requires an *in camera* hearing in both civil and criminal matters, with the victim and parties present, prior to its admission:

Advisory Committee Notes. "By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in *legal proceedings* against alleged offenders." *Id.* (emphasis added).

The policies underlying FRE 412 apply with even stronger force when the requested information involves the sexual history and sexual dispositions of **minors**, as they do in this instance. *United States v. Ogden*, 685 F.3d 600, 606 (6th Cir. 2012) (Finding Rule 412's protections "especially important" for underage victims,) *see also United States v. Jackson*, 627 F. App'x 460 (6th Cir. 2015) (Stating that the interest in excluding evidence under the rape-shield law is particularly high when the victims are minors).

Given this background of FRE 412, the instant Order has erred as a matter of law and should be reconsidered to prevent manifest injustice. Primarily, this Court did not conduct the balancing test, unlike the Magistrate Judge, to determine whether the information sought by the Defendant was more probative than prejudicial. A plain reading of the Magistrate Judge's order found that "[t[he probative value of this information is low, as the requests all seek information that is unrelated to Mr. Ashton's own alleged conduct" and balancing the low probative value of the information sought with "the intent of Rule 412: protecting the privacy of alleged victims and preventing the injection of impermissible stereotyping into the determination of a sex offense case." [Doc 150]. In so holding, the Magistrate Judge found the *T.C.* Court's reasoning persuasive in this regard, quoting: "Rule 412 reflects a determination that 'prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial' and can be 'used to

---

(1) Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

Fed. R. Evid. 412(c)(1)(2).

harass the prosecuting victim.'" *T.C. ex rel. S.C.,* 2018 U.S. Dist. LEXIS 113517, at *24 (quoting *Bell v. Harrison*, 670 F.2d 656, 658 (6th Cir. 1982).

Comparatively, this Court did not conduct such a balancing test and instead vacillates on the merits of allowing this prejudicial discovery to proceed, stating the requested information is "at least potentially more probative than prejudicial" or certain information "will potentially be relevant to their damages claims." This Court did not make a finding that the probative value of the discovery being sought substantially outweighed the danger of harm to Plaintiffs nor did it truly weigh the prejudice that would befall Plaintiffs based on the mere discovery of their sexual history, including even just the number of individuals with whom they may have had consensual sexual relationships with. This Court did not balance how, or come to any definitive conclusion that, the information is definitively more probative than prejudicial, except to restate Defendant's own arguments for why the information should be made subject of discovery. Notably, the discovery being sought would pertain to Plaintiffs' other sexual partners, rather than their alleged assailant, Defendant Ashton. Rather than utilize FRE 412 to protect Plaintiffs from undue embarrassment and harassment, the Order instead tailors Defendant's discovery requests to Plaintiffs to extract this sensitive and embarrassing information that has nothing to do with Defendant Ashton. FRE 412, the rape shield, should apply in full force; to disregard the exacting standard of discovery under FRE 412 is a clear error of law that must be reconsidered.

The Order also notes that "a protective order guarding the sensitive information sought in discovery from public disclosure is already in place" as an apparent justification for permitting the Defendant to delve into Plaintiffs' sexual histories. Notably, the Plaintiffs in this case do not have the benefit of proceeding anonymously and instead are named Plaintiffs. Any detail of their private lives will be tied to them specifically and with certainty. Further, the existing protective order that

is in place has not stopped details from this high-profile case against a celebrity musician from spreading across the internet or other public forums. Within hours of the Order being released, it was posted to the website Reddit for the world to comment and speculate on resulting in prejudice to Plaintiffs and calling for this Courts reconsideration.

In fact, the instant Order states that although "the court's conclusion that information pertaining to the plaintiffs' sexual histories is discoverable will not necessarily lead to the conclusion that it is admissible under Rule 412 (or otherwise)." However, by issuing such an Order, this Court cannot un-ring the bell, and its harmful reverberations and repercussions will echo throughout the whole discovery process and trial. Moreover, because Plaintiffs filed this suit in their true names there is a higher risk of prejudice to them. While a protective order is intended to protect the parties from some scrutiny from the public, it is not absolute, as has already been seen in this case.

By contravening the protections of FRE 412 and allowing the Defendant to engage in a fishing expedition into his victim's private lives, not only are the Plaintiffs' going to be re-victimized by their assailant, but possibly the world at large who will be privy to the most private aspects of Plaintiffs' lives. Such a holding is a clear error of law and will allow for manifest injustice to further prejudice Plaintiffs.

Finally, the Court erred as a matter of law by refusing to acknowledge the Plaintiffs' status as minors at the time they were first abused and trafficked by Defendant and how that important factual distinction intersects with FRE 412. The Magistrate Judge properly recognized that the Sixth Circuit has held that the protections afforded under Rule 412 apply with strong force in cases where – as here – the information involves the sexual behavior or predisposition of minors. *United States v. Ogden*, 685 F.3d 600, 606 (6th Cir. 2012) (affirming the trial court's exclusion of online

chat logs indicating that the child victim sent explicit images of herself to other men where offered by defendant to show that one of those men might have originally persuaded the victim to take the explicit pictures, because such evidence was barred by Rule 412, and finding Rule 412's protections "especially important" for underage victims.) *see also United States v. Jackson*, 627 F. App'x 460 (6th Cir. 2015) (Stating that the interest in excluding evidence under the rape-shield law is particularly high when the victims are minors).

The instant Order did not make such a distinction. In fact, this Court's analysis regarding the application of FRE 412 into Defendant's "persuasive" discovery requests does not once mention the fact the Plaintiffs were minors at the time of the abuse, except for one passing reference in the Background section of the Order. [Doc 188 at 2]. The fact that Plaintiffs were teenagers at the time of the abuse does not negate their minor status; to be clear, they were children. Courts within this district (and the vast majority of federal district courts) now "routinely" and "presumptively" enter protective orders barring discovery of a victim's sexual behavior, especially when it concerns minors. *See Averett v. Hardy*, Civil Action 3:19-CV-00116-BJB, 2021 WL 3159666, *7 (W.D. Ky. July 22, 2021) (Courts should presumptively enter protective orders barring discovery of sexual behavior or predisposition); *see also* Fed. R. Evid. 412, 1994 Advisory Committee Notes ("In order to not undermine the rationale of Rule 412 [to protect the privacy rights of victims and to encourage victims to prosecute claims against perpetrators of sexual violence], courts should enter appropriate protective orders under Rule 26(c) to protect victims against unwarranted inquiries.").

The Court's apparent disregard of the Plaintiffs' status as minors at the time of the abuse, in contrast to the vast majority of federal district courts, is a clear error of law and a manifest injustice to these Plaintiffs and all those similarly situated.

## V. CONCLUSION

Rule 412 of the Federal Rules of Evidence limits the scope of discovery when a Defendant alleged to have engaged in child sex trafficking and child pornography seeks information related to the sexual behavior and sexual predisposition of his minor victims. The information sought by Defendant Ashton in his discovery requests is not relevant to the claims or defenses of the parties because minors cannot legally consent to child sex trafficking and minors cannot legally consent to be the subject of child pornography. Whatever probative value there may be to Defendant's inquiries is certainly not substantially outweighed by the prejudice that will result to Plaintiffs. By setting aside the prescriptions of FRE 412, which were drafted to empower victims in the face of their assailants and to remedy the old tendencies of blaming or shaming victims, this Court has erred as a matter of law and the Order should be reconsidered to prevent manifest injustice; to Plaintiffs and all those similarly situated in this federal district court and the Sixth Circuit at large.

                                              **LAFFEY, BUCCI & KENT, LLP**

                                              Brian D. Kent, Esquire

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system on this 24th day of May, 2023:

Robert Peal
Mark Lenihan
Grace Fox
Sims Funk PLC
322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
rpeal@simsfunk.com
mlenihan@simsfunk.com
gfox@simsfunk.com

Kimberly Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203
(615) 242-4200
(615) 242-8115 (fax)
kim.hodde@hoddelaw.com

Mitchell Schuster (*admitted pro hac vice*)
Stacey Ashby (*admitted pro hac vice*)
Meister Seeling & Fein, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
(212) 655-3535 (fax)
ms@msf-law.com
sma@msf-law.com

*Counsel for Defendant Lorin Ashton*

/s/ Brian D. Kent
Brian D. Kent, Esquire