IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 3:21-cv-00272 |
| ) | |
| v. ) | JUDGE TRAUGER |
| ) | |
| LORIN ASHTON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendant, Lorin Ashton, ("Defendant"), by and through his undersigned counsel, respectfully requests that the Court grant him leave to file documents under seal in support of Defendant's Motion for Summary Judgment, filed concurrently herewith. These materials include confidential, proprietary, or private information concerning the Parties in this action. In support of this Motion, Defendant states as follows:

1. On December 28, 2022, this Court entered a Stipulated Protective Order designating certain information as confidential (Dkt. Nos. 155, 156). Particularly, the Stipulated Protective Order concerned the disclosure of sensitive business or proprietary information, or personal/private material, which was defined as "personal identifying information ('PII'), sexually explicit images (i.e., videos, photographs, etc.) or other information implicating the privacy rights of the Plaintiffs, Defendant and other individuals." (Dkt. No. 156, at 1-2.)

2. It has long been recognized that every Court has supervisory power over its own records and files. *Nixon vs. Warner Communications*, 435 U.S. 589, 598 (1977). It is within its discretion to seal the records "when interests of privacy outweigh the public's right to know." *In*

*Re Knoxville News Sentinel Co.*, 723 F. 2d 470, 474 (6th Cir. 1983) (quoting from *Brown & Williamson Tobacco Corp. vs. FTC*, 710 F. 2d 1165, 1179 (6th Cir. 1983)).

3. On June 10, 2024, the Court entered an Order under seal appointing a repository for this action. (Dkt. No. 232). In support of Defendant's contemporaneously-filed Motion for Summary Judgment, it is necessary for Defendant to file the Declaration of E.C., which contains confidential information related to this Order, under seal. The Declaration of E.C., in accordance with and pursuant to the Order entered on June 10, 2024, should be filed under seal. (*See* Dkt. No. 232).

4. Filing a redacted version of the Declaration of E.C. would be impracticable as the vast majority (if not all) of the text included in the Declaration of E.C. would need to be redacted. *See* L.R. 5.03(c) ("If practicable, the party requesting that some or all of a filing be sealed, shall also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.") *See also* Dkt. No. 232. (Sealed Order entered on June 10, 2024).

5. In support of Defendant's Motion for Summary Judgment, and pursuant to Local Rule 56.01(b), it is necessary for Defendant to file Defendant's LR 56.01 Statement of Undisputed Material Facts. Several portions of Defendant's LR 56.01 Statement of Undisputed Material Facts contain quoted testimony from Plaintiffs' depositions, which contain confidential information of a personal and private nature. As a result, Defendant's LR 56.01 Statement of Undisputed Material Facts should be filed under seal.

6. Furthermore, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01, it is necessary for Defendant to file a memorandum of law in support of Defendant's Motion for Summary Judgment. Several portions of Defendant's memorandum of law contain references to personally

identifiable information related to Plaintiff and other third parties as well as quoted testimony from Plaintiffs' depositions, which contain personal and private confidential information. As a result, Defendant's LR 56.01 Statement of Undisputed Material Facts should be filed under seal.

7. Pursuant to Local Rule 5.03(c), redacted versions of the Defendant's LR 56.01 Statement of Undisputed Material Facts and Memorandum of Law in support of Defendant's Motion for Summary Judgment have been filed contemporaneously herewith.

8. Exhibits 1 through 4 and Exhibit 23 to the Declaration of Kimberly S. Hodde, dated October 3, 2024, and filed in support of Defendant's Motion for Summary Judgment (the "Hodde Declaration"), are transcripts of the depositions of Plaintiffs and other third parties related to this action. Although the entirety of each of these transcripts has not been marked as confidential under the Parties' Stipulated Protective Order, these transcripts contain personal and private information related to Plaintiffs and other third parties that the parties to this action agree should not be made public. (*See* Dkt. Nos. 155, 156). Subject to the agreement of the parties, Exhibits 1 through 4 and Exhibit 23 to the Hodde Declaration should be filed under seal.

9. Exhibits 5, 6, 9, 12, 13, 15, 16, 17, 18, and 19 to the Hodde Declaration are exhibits from the Plaintiffs' depositions, which contain personal and private confidential information. Although these Exhibits have not been marked as confidential under the Stipulated Protective Order, these exhibits contain personally identifiable information related to Plaintiffs and other parties, sexually explicit content, and other private information that the parties to this action agree should not be made public. (*See* Dkt. Nos. 155, 156). Subject to the agreement of the parties and the Court's ruling on the instant motion, Exhibits 5, 6, 9, 12, 13, 15, 16, 17, 18, and 19 to the Hodde Declaration should be filed under seal.

10. Exhibits 20, 21, 22, and 26 to the Hodde Declaration are Plaintiffs' responses and supplemental responses to Defendant's Interrogatories in this action, which contain confidential information. Although these written discovery responses have not been marked as confidential under the Stipulated Protective Order, they contain personally identifiable information related to Plaintiffs and other parties, sexually explicit content, and other private information that the parties to this action agree should not be made public. (*See* Dkt. Nos. 155, 156). Subject to the agreement of the parties and the Court's ruling on the instant motion, Exhibits 20, 21, 22, and 26 to the Hodde Declaration should be filed under seal.

11. Filing redacted versions of Exhibits 1 through 6, 9, 12 through 13, 15 through 23, and 26 to the Hodde Declaration would be impracticable as the vast majority (if not all) of the text included in the Exhibits would need to be redacted. *See* L.R. 5.03(c) ("If practicable, the party requesting that some or all of a filing be sealed, shall also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.")

12. The proposed seal is narrowly tailored and affects only a small portion of the overall record in this case. The Parties have agreed, pursuant to the Stipulated Protective Order, that they have a legitimate interest in maintaining the confidentiality of the information contained in these filings. (*See* Dkt. No. 155).

13. Counsel for Defendant has conferred with Counsel for Plaintiffs, and Counsel for Plaintiffs confirmed that the Parties do not oppose the relief sought in the instant motion.

For the foregoing reasons, Defendant respectfully requests that the Court grant him leave to file the above-referenced documents under seal.

Dated: October 3, 2024

Respectfully Submitted,

*s/ Robert A. Peal*
Robert A. Peal (#025629)
SIMS|FUNK, PLC.
3102 West End Ave., Suite 1100
Nashville, TN 37203
(615) 292-9335
rpeal@simsfunk.com

and

Kimberly S. Hodde
HODDE & ASSOCIATES
40 Music Square East
Nashville, TN 37203
(615) 242-4200
kim.hodde@hoddelaw.com

Mitchell Schuster (admitted *pro hac vice*)
Stacey M. Ashby (admitted *pro hac vice*)
Richard J. Jancasz (admitted *pro hac vice*)
MEISTER, SEELIG & FEIN, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
sma@msf-law.com
rj@msf-law.com

*Attorneys for Defendant Lorin Ashton*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system and/or electronic mail on this 3rd day of October, 2024:

James Gerard Stranch, IV
Robert Bruce Grayson K Wells
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
jstranch@stranchlaw.com

M. Stewart Ryan
Alexandria MacMaster
LAFFEY, BUCCI D'ANDREA REICH & RYAN
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
sryan@laffeybucci.com
amacmaster@laffeybucci.com

*Attorneys for Plaintiffs*

                                                         *s/ Robert A. Peal*