IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Civil No. 3:21-cv-00272 |
| ) | |
| v. ) | JUDGE TRAUGER |
| ) | |
| LORIN ASHTON, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Defendant, Lorin Ashton, ("Defendant"), by and through his undersigned counsel, respectfully requests that the Court grant him leave to file documents under seal in support of Defendant Lorin Ashton's Reply Memorandum of Law in Further Support of his Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.01 ("Defendant's Reply Memorandum of Law"), filed concurrently herewith. These materials include confidential, proprietary, or private information concerning the Parties in this action. In support of Defendant's Reply Memorandum of Law, Defendant states as follows:

1. On December 28, 2022, this Court entered a Stipulated Protective Order designating certain information as confidential (Dkt. Nos. 155, 156). Particularly, the Stipulated Protective Order concerned the disclosure of sensitive business or proprietary information, or personal/private material, which was defined as "personal identifying information ('PII'), sexually explicit images (i.e., videos, photographs, etc.) or other information implicating the privacy rights of the Plaintiffs, Defendant and other individuals." (Dkt. No. 156, at 1-2.)

2. It has long been recognized that every Court has supervisory power over its own records and files. *Nixon vs. Warner Communications*, 435 U.S. 589, 598 (1977). It is within its discretion to seal the records "when interests of privacy outweigh the public's right to know." *In Re Knoxville News Sentinel Co.*, 723 F. 2d 470, 474 (6th Cir. 1983) (quoting from *Brown & Williamson Tobacco Corp. vs. FTC*, 710 F. 2d 1165, 1179 (6th Cir. 1983)).

3. In support of Defendant's Motion for Summary Judgment, filed on October 3, 2024, it is necessary for Defendant to file Defendant's Reply Memorandum of Law. Several portions of Defendant's Reply Memorandum of Law contain confidential information of a personal and private nature, some of which has been designated confidential by the Parties' Stipulated Protective Order. (*See* Dkt. Nos. 155, 156). As a result, Defendant's Reply Memorandum of Law should be filed under seal.

4. In support of Defendant's Reply Memorandum of Law and pursuant to Local Rule 56.01(b), it is necessary for Defendant to file Defendant Lorin Ashton's Response to Plaintiffs' Additional Statement of Undisputed Material Facts. Several portions of Defendant Lorin Ashton's Response to Plaintiffs' Additional Statement of Undisputed Material Facts contain quoted testimony from Plaintiffs' depositions, which contain confidential information of a personal and private nature. As a result, Defendant Lorin Ashton's Response to Plaintiffs' Additional Statement of Undisputed Material Facts should be filed under seal.

5. Pursuant to Local Rule 5.03(c), redacted versions of the Defendant's Reply Memorandum of Law and Defendant Lorin Ashton's Response to Plaintiffs' Additional Statement of Undisputed Material Facts have been publicly filed contemporaneously herewith.

6. On June 10, 2024, the Court entered an Order under seal appointing a repository for this action. (Dkt. No. 232). In support of Defendant's contemporaneously-filed Defendant's

Reply Memorandum of Law, it is necessary for Defendant to file the Declaration of E.C., dated October 31, 2024 (the "Reply Declaration of E.C."), which contains confidential information related to this Order, under seal. The Reply Declaration of E.C., in accordance with and pursuant to the Order entered on June 10, 2024, should be filed under seal. (*See* Dkt. No. 232).

7. Filing a redacted version of the Reply Declaration of E.C. would be impracticable as the vast majority (if not all) of the text included in the Reply Declaration of E.C. would need to be redacted. *See* L.R. 5.03(c) ("If practicable, the party requesting that some or all of a filing be sealed, shall also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect."). *See also* Dkt. No. 232. (Sealed Order entered on June 10, 2024).

8. In support of the Reply Declaration of E.C., it is necessary for Defendant to file Exhibits A and B, which contain confidential information related to this Order, under seal. Exhibits A and B, in accordance with and pursuant to the Order entered on June 10, 2024, should be filed under seal. (*See* Dkt. No. 232).

9. Filing redacted versions of Exhibits A and B would be impracticable as the vast majority (if not all) of the text included in the Exhibits would need to be redacted. *See* L.R. 5.03(c) ("If practicable, the party requesting that some or all of a filing be sealed, shall also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.") *See also* Dkt. No. 232. (Sealed Order entered on June 10, 2024).

10. In support of Defendant's Reply Memorandum of Law, it is necessary for Defendant to file the Reply Declaration of Kimberly S. Hodde in Further Support of Defendant Lorin Ashton's Motion for Summary Judgment, dated November 4, 2024 (the "Hodde Reply

Declaration"), along with its corresponding Exhibits. Exhibits A through C to the Hodde Reply declaration are Plaintiff Rachel Ramsbottom's First Supplemental Responses to Defendant Lorin Ashton's First Set of Requests for Admission, Plaintiff Alexis Bowling's First Supplemental Responses to Defendant Lorin Ashton's Request for Admission, and Plaintiff Jenna Houston's First Supplemental Responses to Defendant Lorin Ashton's First Set of Requests for Admission ("Plaintiffs' Supplemental Responses to Defendant's First Set of Requests for Admission"). These discovery responses contain personal and private information related to Plaintiffs and other third parties, sexually explicit content, and personally identifiable information that the parties to this action agree should not be made public and have been marked as confidential pursuant to the parties' Stipulated Protective Order. (*See* Dkt. Nos. 155, 156). Subject to the agreement of the parties and the Stipulated Protective Order entered on December 28, 2022, Exhibits A through C to the Hodde Reply Declaration should be filed under seal.

11. Filing redacted versions of Exhibits A through C to the Hodde Reply Declaration would be impracticable as the vast majority (if not all) of the text included in the Plaintiffs' Supplemental Responses to Defendant's First Set of Requests for Admission would need to be redacted. *See* L.R. 5.03(c) ("If practicable, the party requesting that some or all of a filing be sealed, shall also separately file a redacted version. If the filing of a redacted version is impracticable, the motion to seal must include an affirmative statement to that effect.") *See also* Dkt. Nos. 155, 156.

12. The proposed seal is narrowly tailored and affects only a small portion of the overall record in this case. The Parties have agreed, pursuant to the Stipulated Protective Order, that they have a legitimate interest in maintaining the confidentiality of the information contained in these filings. (*See* Dkt. No. 155).

13. Counsel for Defendant has conferred with Counsel for Plaintiffs, and Counsel for Plaintiffs confirmed that the Parties do not oppose the relief sought in the instant motion.

For the foregoing reasons, Defendant respectfully requests that the Court grant him leave to file the above-referenced documents under seal.

Dated: November 4, 2024

Respectfully Submitted,

*s/ Robert A. Peal*
Robert A. Peal (#025629)
SIMS|FUNK, PLC.
3102 West End Ave., Suite 1100
Nashville, TN 37203
(615) 292-9335
rpeal@simsfunk.com

and

Kimberly S. Hodde
HODDE & ASSOCIATES
40 Music Square East
Nashville, TN 37203
(615) 242-4200
kim.hodde@hoddelaw.com

Mitchell Schuster (admitted *pro hac vice*)
Stacey M. Ashby (admitted *pro hac vice*)
Richard J. Jancasz (admitted *pro hac vice*)
MEISTER, SEELIG & FEIN, LLP
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
ms@msf-law.com
sma@msf-law.com
rj@msf-law.com

*Attorneys for Defendant Lorin Ashton*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served on the following counsel via the Court's CM/ECF system and/or electronic mail on this 4th day of November, 2024:

James Gerard Stranch, IV
Robert Bruce Grayson K Wells
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
jstranch@stranchlaw.com

M. Stewart Ryan
Alexandria MacMaster
LAFFEY, BUCCI D'ANDREA REICH & RYAN
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
sryan@laffeybucci.com
amacmaster@laffeybucci.com

*Attorneys for Plaintiffs*

                                                  *s/ Robert A. Peal*