# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RACHEL RAMSBOTTOM, ALEXIS BOWLING, JENNA HOUSTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:21-cv-00272 ) Judge Aleta A. Trauger |
| LORIN ASHTON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Before the court are (1) defendant Lorin Ashton's Motion for Review of Magistrate Judge's Nondispositive Order and supporting Memorandum of Law (Doc. Nos. 356, 357) and (2) Ashton's Motion for Leave to File Reply in Support of Motion for Review (Doc. No. 395), filed even before the plaintiffs filed their Response in opposition to the Motion for Review. The plaintiffs have filed Responses in Opposition to both motions. (Doc. Nos. 411, 412.)

The latter motion will be denied as moot. The first motion, construed as Rule 72 objections to the Magistrate Judge's Order (Doc. No. 302) granting in part the plaintiffs' Motion to Compel (Doc. No. 236), will be overruled, and the Magistrate Judge's Order will be affirmed.

## I. STANDARD OF REVIEW

Within fourteen days after being served with a copy of an order issued by a magistrate judge concerning a "pretrial matter not dispositive of a party's claim or defense," any "party may serve and file objections to the order within 14 days." Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may

reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

As pertains to the "clearly erroneous or contrary to law" standard, "[a] finding [of fact] is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

Review under this standard "provides considerable deference to the determinations of magistrates." *Bonasera v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-3817, 2021 WL 1785618, at *1 (S.D. Ohio May 5, 2021) (quoting *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014)) (internal quotation marks omitted). Magistrate judges "have broad discretion to regulate nondispositive matters." *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-CV-36, 2014 WL 309948, at *2 (S.D. Ohio Jan. 28, 2014) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)). Reversal is typically warranted only if that discretion is abused. *Id.*; *see also* 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II. DISCUSSION

This Memorandum and Order presumes familiarity with the underlying facts and procedural history and will not relay them here.

The standard set forth above places a substantial burden on the defendant as the moving party to show that the Magistrate Judge abused his discretion. And the court finds that defendant Ashton has simply failed to carry that burden.

First, he makes no effort to address the Magistrate Judge's finding that, by including documents on his privilege log(s), he effectively conceded that the documents were relevant, responsive to discovery requests, and otherwise discoverable. (*See* Doc. No. 302 at 5–7.) The court, therefore, has no call to revisit that determination, and all of the defndant's objections based on the responsiveness of the subject documents are **OVERRULED**.

As to communications that included employees of Redlight Management ("Redlight"), the Magistrate Judge held that the defendant did not establish that the joint-defense privilege applied because he failed to (1) provide evidence of the existence of a joint-defense agreement between himself and Redlight Management "to share information arising out of their common legal interest in litigation," (2) identify Redlight's counsel who was supposedly involved in the subject communications, or (3) "show[] (or even allege[]) that such communications [between Ashton and Redlight] were made pursuant to specific instructions from counsel." (Doc. No. 302 at 10.) Ashton responds only that "[a]n oral joint defense agreement may be valid," but he fails to point to any evidence in the record of the existence of an oral agreement, nor has he responded to the Magistrate Judge's other findings. (Doc. No. 357 at 16 (quoting *John B. v. Goetz*, 879 F. Supp. 2d 787, 898 (M.D. Tenn. 2010)).) The defendant's objection to producing documents identified as including Redlight is **OVERRULED**.

As for communications that included personnel or employees of PS Business Management ("PSBM"), Edendale Strategies ("Edendale"), and/or iClipse Global ("iClipse"),[1] the Magistrate Judge found that communications with third parties other than attorneys are not protected by any privilege and that attorney communications that are made in the presence of third parties are not protected by attorney-client privilege. (Doc. No. 302 at 14.) The Magistrate Judge construed Ashton's Response to the plaintiffs' Motion to Compel, in part, as arguing that communications involving employees of PSBM, Edendale, and iClipse were privileged because these individuals are non-testifying experts, under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. However, the Magistrate Judge noted that, in addition to the fact that the discovery at issue was not the "interrogatories or depositions" that are the topic of Rule 26(b)(4)(D), Ashton failed to make any effort to show that the individual employees "fit the description of a . . . non-testifying expert" under Rule 26, specifically because he provided no information about any individual's expertise (in any area) and does not declare that they will not be called as witnesses at trial. (Doc. No. 302 at 14–15.) Ashton does not appear to challenge that conclusion.

The Magistrate Judge also held that, insofar as the defendant contended that these companies were his agents or the agents of his attorneys, Ashton had failed to establish the elements of agency with regard to any of the companies or their employees. (Doc. No. 302 at 15–16.) In his Motion for Review, Ashton continues to argue that these entities were retained by his attorneys, but he makes no effort to show that they actually functioned as his agents or his attorneys' agents for purposes of his legal defense. His objections to the Magistrate Judge's ruling regarding communications involving PSBM, iClipse, and Edendale are therefore **OVERRULED**.

---

[1] Ashton does not challenge the Magistrate Judge's findings involving communications with Reach Collective and Biz 3. (Doc. No. 357 at 7 n.2.)

Finally, with respect to the attorney communications with third-party investigators, and specifically the factual materials gathered by investigators and turned over to defense counsel, the defendant has again failed to establish a clear error of law or breach of discretion on the part of the Magistrate Judge. The work-product doctrine pertains to material that was *prepared* or created by attorneys or their agents in anticipation of litigation, not simply documents that turned up in the attorneys' (or their agents') investigation. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).").

As the Magistrate Judge found, the documents obtained by investigators and turned over to attorneys do not fit this definition of work product. In order for the documents at issue to mutate into attorney work-product, the attorneys would need to have engaged in a process of "selection and compilation" that "reveal[ed] [counsel's] thought processes and theories regarding this litigation." *Schuh v. HCA Holdings, Inc.*, No. 3-11-1033, 2014 WL 12768360, at *10 (M.D. Tenn. Sept. 16, 2014). Thus, for example, in a situation involving a document that contained "pages of selected employment records concerning Donna Willis" that were not protected by the attorney-client privilege, the Fourth Circuit found that the records were protected by the work-product doctrine because the attorney "chose and arranged these records in anticipation of litigation." *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). The court stated: "This choice and arrangement constitutes opinion work product because Allen's selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation." *Id.* (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often

more crucial than legal research. . . . We believe [counsel's] selective review of [her clients'] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case.").

Here, there is no suggestion that the attorneys had compiled and organized the documents provided to them by investigators. The raw documents themselves, not having been subject to such review and selection, do not qualify as work product. The Magistrate Judge, therefore, did not err in concluding that the documents were not protected by any privilege. The objection to the production of these records is likewise **OVERRULED**.

Because the Magistrate Judge properly found that the documents the defendant sought to claw back were not privileged, having been disclosed to third parties, his objection to the ruling that the defendant would not be allowed to claw back documents Bates stamped LA-00002663-00002669 and LA-00000749-00000752 is **OVERRULED**.

### III. CONCLUSION AND ORDER

The defendant's objections (Doc. No. 356) (styled, pursuant to this court's Local Rules, as a Motion for Review) are **OVERRULED**, and the Magistrate Judge's Order is **AFFIRMED** in its entirety.

In addition, the defendant's Motion for Leave to File Reply in Support of Motion for Review (Doc. No. 395) is **DENIED AS MOOT**. First, the plaintiffs' Motion to Compel was exhaustively briefed before the Magistrate Judge. Second, the court finds it unlikely that a Reply brief would affect its consideration of the Motion for Review, particularly given that the court's

focus herein has been on the defendant's failure to establish that the Magistrate Judge erred as a matter of law or reached clearly erroneous factual conclusions.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge