**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RACHEL RAMSBOTTOM et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00272** |
| | ) | **Judge Aleta A. Trauger** |
| **LORIN ASHTON et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM and ORDER**</u>

Before the court are (1) the plaintiffs' Motion in Limine No. 2 to Introduce Audio Recordings of Defendant Lorin Ashton (Doc. No. 307 at 3); and (2) the defendant's Motion in Limine No. 7, which seeks to "exclude illegally recorded telephone calls and in-person conversations" (Doc. No. 328). Each party has filed a Response in opposition to the other's motion (Doc. Nos. 370, 379), and both have filed a Reply in further support of their respective motions (Doc. Nos. 440, 426). For the reasons set forth herein, the plaintiffs' motion will be granted, and the defendant's motion will be denied.

**I.     BACKGROUND**

This is case is set for trial on February 18, 2025. The plaintiffs have identified as potential trial exhibits five audio recordings of four telephone calls and one in-person conversation involving the defendant. These include (1) a "surreptitious recording of a private telephone call" between plaintiff Ramsbottom and Ashton made by Ramsbottom in July 2020, when the defendant was in California and Ramsbottom was in Tennessee; (2) a recording of a private telephone conversation between the defendant and non-party Rebecca Polk, recorded by Polk in July 2020 when the defendant was in California; (3) a recording made by plaintiff Alexis Bowling of an in-

person conversation between her and Ashton on February 13, 2016, when they were both in California; and (4) two separate recordings made by Bowling of telephone calls between her and Ashton when Ashton was in California.[1] It is undisputed that all five of these recordings were made without the defendant's knowledge or consent while he was in the State of California.

In support of his Motion in Limine No. 7 and in opposition to the plaintiffs' Motion in Limine No. 2, Ashton asserts that California law controls the admissibility of the "illegal recordings." (Doc. No. 328 at 6; Doc. No. 370 at 3.) Under California law, it is illegal to record a "confidential communication," whether an in-person conversation or a telephone call, unless all parties to the communication consent. Cal. Penal Code § 632(a). California law also provides that "evidence obtained as a result of . . . recording a confidential communication in violation of this section is not admissible in any judicial, administrative, legislative, or other proceeding." *Id.* § 632(d).[2]

To reach the conclusion that California law governs the admissibility of the recordings, Ashton argues that, because the case involves federal and state claims and the court's jurisdiction is premised both upon the existence of a federal question and diversity, the court must first determine whether the admissibility of the recordings is a procedural or substantive question. He concedes that, if the question is procedural, then the recordings are admissible under federal law.

---

[1] Although the plaintiffs state that Polk resides in Colorado, there is no evidence in the record regarding where she was when she made the recording, or where Bowling was during the two telephone calls that she recorded. Given the court's ruling herein, this information is not relevant.

[2] The plaintiffs assert that the law also provides an exception for recordings made "for the purpose of obtaining evidence reasonably believed to relate to the commission by another party to the communication of . . . any felony involving violence against the person, including, but not limited to, human trafficking[.]'" (Doc. No. 307 at 8–9 (quoting Cal. Penal Code § 633.5).) The California courts, however, have held that "section 633.5's express language narrowly permits use" in criminal prosecutions, not civil actions. *Geragos v. Abelyan*, 305 Cal. Rptr. 3d 303, 322 (Cal. Ct. App. 2023), *review denied* (June 14, 2023). Thus, the exception would not apply here.

(Doc. No. 328 at 4.) However, citing *Feldman v. Allstate Insurance Co.*, 322 F.3d 660 (9th Cir. 2003), he maintains that the question is substantive. He contends that, once the court concludes that the admissibility of the recordings is a substantive question, then it must engage in a choice of law analysis to determine whether state or federal substantive law applies to the case. Citing authority of dubious relevance, he asserts that a court having both diversity and federal question jurisdiction should treat the case as arising under diversity and, therefore, should apply the choice-of-law rules of the forum state. (Doc. No. 328 at 5 (citing *Trinh v. Citibank, N.A.*, 623 F. Supp. 1526, 1530 (E.D. Mich. 1985), *aff'd* 850 F.2d 1164 (6th Cir. 1988)).[3]) Applying Tennessee choice-of-law rules, he comes to the conclusion that California law would govern the admissibility question and that this court should therefore exclude the recordings from evidence.

For their part, the plaintiffs argue that the question of the admissibility of evidence is a procedural one governed, in a federal court proceeding, by federal law, which requires that only one party to a communication consent to its recording. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to

---

[3] In *Trinh*, the court did not affirmatively decide whether, "when a federal court has both diversity and federal question jurisdiction," federal or state common law choice-of-law rules applied. *Trinh*, 623 F. Supp. at 1530. In a case involving complex international law, it found no case on point but referenced one Ninth Circuit case it construed as "suggest[ing] that, where diversity jurisdiction exists in addition to federal question jurisdiction, the forum state's choice of law rules can be used." *Id.* (citing *Stud v. Trans Int'l Airlines*, 727 F.3d 880 (9th Cir. 1984)). However, the court also noted that the question of whether to apply the forum state's or federal common law choice-of-law rules "only matters if they would lead to a different result in this case." *Id.* at 1531. And it concluded that it did not matter there, because both state law and federal law required the application of Vietnam law. *Id.* On appeal, the parties apparently conceded that Vietnam law applied irrespective of the choice-of-law determination. *See Trinh v. Citibank, N.A.*, 850 F.2d 1164, 1173 (6th Cir. 1988) (Brown, S.J., dissenting). This case clearly does not support the proposition that forum state choice of law rules apply every time a court's jurisdiction is premised upon both diversity and federal question jurisdiction.

the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act . . . ."). Alternatively, they argue that, under Tennessee choice-of-law rules, Tennessee substantive law applies and, under Tenn. Code Ann. § 39-13-601(b)(5) (which is essentially identical to 18 U.S.C. § 2511(2)(d)), the communications would still be admissible.

The court finds, in short, that federal law governs the admissibility of the recordings, as discussed below.

## II.    DISCUSSION

In the Sixth Circuit, the general rule is that "[e]vidence lawfully obtained under federal law is admissible in federal courts even though it may be a violation of state law." *United States v. Votteller*, 544 F.2d 1355, 1362 (6th Cir. 1976); *see also United States v. Johnson*, No. 1:06-CR-31, 2007 WL 2220409, at *2 (E.D. Tenn. July 27, 2007) ("It has long been established that federal law, not state law, applies in determining the admissibility of evidence in federal court." (citing *Elkins v. United States*, 364 U.S. 206, 223–24 (1960); *Preston v. United States*, 376 U.S. 364, 366 (1964); *United States v. Bennett*, 170 F.3d 632, 635 (6th Cir. 1999)).

In the case on which the defendant relies, *Feldman v. Allstate Insurance Co.*, 322 F.3d 660 (9th Cir. 2003), the Ninth Circuit recognized the same general rule: "evidence obtained in contravention of state law is admissible in federal court, so long as no federal law is thereby violated." *Id.* at 666 (citations omitted). In particular, the court observed that it had previously held that "[e]vidence obtained from a consensual wiretap conforming to 18 U.S.C. § 2511(2)(c) is admissible in federal court proceedings without regard to state law." *Id.* (quoting *United States v. Adams*, 694 F.2d 200, 201 (9th Cir. 1982)).

In *Feldman*, however, jurisdiction was premised entirely upon diversity. In that situation, as the court stated, "federal courts sitting in diversity apply state substantive law and federal

procedural law." *Id.* at 666 (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). While recognizing that "[m]ost evidentiary rules are procedural in nature" and that "the Federal Rules of Evidence 'ordinarily govern in diversity cases,'" the court also noted that "state evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity." *Id.* (quoting *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)). In addition, "some state law rules of evidence 'in fact serve substantive state policies and are more properly rules of substantive law within the meaning of *Erie*.'" *Id.* (quoting *Wray*, 61 F.3d at 1417, and citing 19 Wright, Miller, Miller & Cooper, *Federal Practice and Procedure* § 4512 (1984)). The court concluded that Cal. Penal Code § 632 was such a substantive law and that the recordings made in violation of § 632(a) were inadmissible under § 632(d). *Id.* at 667.

*Feldman* has been uniformly construed, both inside and outside California, to "stand for the proposition that where . . . the court has federal jurisdiction, recordings made in violation of section 632 are admissible." *Boston v. ClubCorp USA, Inc.*, No. CV 18-3746 PSG (SS), 2019 WL 1873293, at *6 (C.D. Cal. Mar. 11, 2019); *see also Asia Econ. Inst. v. Xcentric Ventures, LLC*, No. CV 10–1360 SVW (PJWx), 2010 WL 4977054, at *11 (C.D. Cal. July 19, 2010) ("The present action is based on federal law (as well as state law) and is proceeding in federal court. In such cases, 'the Ninth Circuit has consistently held that [recordings of conversations] [are] admissible in federal court proceedings when obtained in conformance with federal law and without regard to state law.'" (citations omitted) (brackets in original)); *Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1204 (D. Kan. 2003) ("[In *Feldman*,] [t]he Ninth Circuit noted that in non-diversity cases, . . . evidence obtained in contravention of state law is admissible in federal court, so long as no federal law is thereby violated. Accordingly, in this case[,] which is based on a federal question, the tape recording of the telephone conversation on December 20 is admissible [despite Cal. Penal

Code § 632(a)]." (internal citations omitted) (alterations added)). Other California district courts have similarly relied on *United States v. Adams*, 694 F.2d 200 (9th Cir. 1982)—also cited approvingly in *Feldman*—to hold that § 632 does not apply to federal claims in federal court. *See Roberts v. Americable Int'l Inc.*, 883 F. Supp. 499, 503 (E.D. Cal. 1995) (holding that tapes of conversations recorded in violation of California state law were admissible, as "the Ninth Circuit has consistently held that such evidence is admissible in federal court proceedings when obtained in conformance with federal law and without regard to state law" (citing *Adams*, 694 F.2d at 201–02, and *United States v. Hall*, 543 F.2d 1229, 1232 (9th Cir. 1976)); *Gonzalez v. City of McFarland*, No. 1:13-CV-00086-JLT, 2014 WL 3940295, at *6 (E.D. Cal. Aug. 12, 2014) (same, citing *Roberts* and *Adams*).

The defendant here makes a feeble stab at arguing that, where the court's jurisdiction is premised upon *both* federal question and diversity, the court should apply the forum state's choice-of-law rules, but the case he cites does not actually stand for that proposition. *See* Note 3, *supra*. Every other federal court to consider the relevance of § 632 when the court has both federal question jurisdiction and diversity (or supplemental) jurisdiction over state law questions has concluded that *Erie* does not enter the picture. This court likewise holds that federal law governs the admissibility of the recordings in this case. Ashton does not argue that the recordings were illegal under federal law and, in fact, concedes that the recordings are admissible if federal law applies. (Doc. No. 328 at 4.) Consequently, his efforts to exclude the recordings from evidence cannot succeed. In sum, because the recordings at issue comply with federal law, they may be admitted as evidence without regard to California Penal Code § 632.

**III.    CONCLUSION AND ORDER**

For the reasons set forth herein, the plaintiffs' Motion in Limine No. 2 to Introduce Audio Recordings of Defendant Lorin Ashton (Doc. No. 307) is **GRANTED**; and (2) the defendant's Motion in Limine No. 7 (Doc. No. 328), seeking to exclude recordings of conversations made without his consent, is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge