IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RACHEL RAMSBOTTOM et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00272 |
| | ) | Judge Aleta A. Trauger |
| LORIN ASHTON et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Before the court is defendant Lorin Ashton's Motion to Reconsider the Court's Order Excluding the Expert Testimony of Dr. Kimberly Mehlman-Orozco. (Doc. No. 503.) The court presumes that the plaintiffs would oppose the motion and would, at a minimum, argue that the court was within its discretion in excluding that testimony. The court nonetheless issues this Order without giving the plaintiffs the opportunity to respond.

The motion is well taken. As the defendant points out, the plaintiffs did not object to Dr. Mehlman-Orozco's testimony in its entirety and did not object to her qualifications as an expert or to the relevance of her testimony. The court previously found Mehlman-Orozco to be "imminently qualified as an expert in the field of sex trafficking." (Doc. No. 469 at 15.) In the exercise of its discretion, the court finds that the original Order (Doc. No. 470) excluding Dr. Mehlman-Orozco's testimony altogether swept too broadly and, therefore, will grant the Motion to Reconsider. Specifically, the Order of exclusion is modified and superseded by this Order, insofar as Dr. Mehlman-Orozco will be permitted to testify within the parameters suggested by the defendant: she may testify as to the common "indicia and contours of modern-day sex trafficking" (*see* Doc.

No. 503 at 5), without comparison of those indicia to the specific facts of this case. She may also explain basic terminology and principles of sex trafficking. The court finds that this testimony would be informative and helpful to the jury, without being unduly prejudicial to the plaintiffs. As the court previously concluded, however, Dr. Mehlman-Orozco's opinions concerning sex trafficking by force, fraud, or coercion and the "beneficiary" theory of sex trafficking liability remain irrelevant in light of the court's ruling on summary judgment, and her rebuttal of Rebecca Bender's testimony remains unnecessary in light of the court's exclusion of Bender's testimony in its entirety. In addition, she will not be permitted to testify regarding the legislative history of the Trafficking Victims Protection Act or the Trafficking Victims Protection Reauthorization Act or regarding her opinions as to the true purpose of either Act.

Accordingly, the defendant's motion is **GRANTED**, and the prior Order excluding Dr. Mehlman-Orozco's testimony in its entirety (Doc. No. 470) is hereby **MODIFIED** to permit this expert to testify within the limits set forth herein.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge